UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK LIU,<br><br>                             Plaintiff,<br><br>          -against-<br><br>THE NIELSON COMPANY (US) LLC, et al.,<br><br>                           Defendants. | 22-CV-9084 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C § 1981(a). He alleges that his former employer discriminated and retaliated against him on the basis of his race.

By order dated November 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the Nielson Company and TNC Holdings, and grants Plaintiff's motion for permission for electronic case filing.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants the Nielson Company and TNC Holdings through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for the Nielson Company and TNC Holdings, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court grants Plaintiff's motion for permission for electronic case filing (ECF 5), but directs the Clerk of Court to terminate his motion for a judge to be assigned to this case (ECF 6).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   November 4, 2022
        New York, New York

                                            LEWIS J. LIMAN
                                      United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. The Nielson Company (US), LLC
   85 Broad Street
   New York, NY 10004

2. TNC (US) Holdings
   85 Broad Street
   New York, NY 10004