UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FRANK LIU**, <br><br> Plaintiff, <br><br> v. <br><br> **THE NIELSON COMPANY (US) ET AL.**, <br><br> Defendants. | Case No.  1:22-cv-09084(JHR) <br><br> Judge Jennifer H. Rearden |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, IL  60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS .............................................................................................. 1
    A. Plaintiff's Employment ....................................................................................... 1
    B. Procedural History .............................................................................................. 1
    C. Plaintiff's underlying Complaint was filed outside the 90-day limitations period. ................................................................................................................. 2
III. APPLICABLE LEGAL STANDARDS .......................................................................... 2
    A. Requirements of Rule 12(b)(6). .......................................................................... 2
    B. In deciding this Motion, the Court may consider Plaintiff's EEOC Charge and filings in a California District Court. .................................................................. 3
IV. Plaintiff's Title VII claim is time-barred because Plaintiff did not file this action within 90 days of receipt of the Right-to-Sue letter. ................................................................. 4
    A. A claimant must file a Title VII claim within 90 days of receipt of a right-to-sue letter. ................................................................................................................... 4
    B. Plaintiff failed to file his Complaint in this action within 90 days of his receipt of a right-to-sue letter. .......................................................................................... 5
V. CONCLUSION ................................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allen v. WestPoint-Pepperell, Inc.*,
   945 F.2d 40 (2d Cir. 1991)................................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................3

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)..............................................................................................3

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010)..............................................................................................3

*Ferring B.V. v. Serenity Pharms., LLC*,
   391 F. Supp. 3d 265 (S.D.N.Y. 2019)...............................................................................3

*Foster v. Walgreen Co.*,
   12 F. Supp. 3d 615 (W.D.N.Y. 2014)............................................................................4, 5

*Johnson v. Al Tech Specialties Steel Corp.*,
   731 F.2d 143 (2d Cir. 1984)...........................................................................................4, 6

*Johnson v. Nyack Hosp.*,
   86 F.3d 8 (2d Cir. 1996)....................................................................................................5

*Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York*,
   2016 WL 6102369 (S.D.N.Y. Oct. 19, 2016)...................................................................6

*Muhammad v. New York City Transit Auth.*,
   450 F. Supp. 2d 198 (E.D.N.Y. 2006) .............................................................................3

*Neitzke v. Williams*,
   490 U.S. 319 (1989)..........................................................................................................3

*Rasmussen v. Sigma Corp.*,
   27 F.Supp.2d 388 (E.D.N.Y. 1998) .................................................................................4

*Sewell v. Bernardin*,
   795 F.3d 337 (2d Cir. 2015)..............................................................................................5

*South v. Saab Cars USA, Inc.*,
    28 F.3d 9 (2d Cir. 1994) ................................................................................................... 4

*Toolan v. Bd. of Educ. of City of New York*,
    2003 WL 22015437 (S.D.N.Y. Aug. 25, 2003) ................................................................. 6

**Statutes**

42 U.S.C. §2000e-5(f)(1) ......................................................................................................... 4

Civil Rights Act of 1964 Title VII ................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12 .................................................................................................................... 3

Fed. R. Civ. P. 12(b)(2) ........................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2, 3, 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants The Nielsen Company (US) LLC and TNC US Holdings ("Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the complaint filed by Plaintiff Frank Liu ("Plaintiff") for failure to state a claim for which relief can be granted.

## I.     INTRODUCTION

Plaintiff's Complaint alleges a single cause of action: "retaliation and wrongful termination" in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. 1 ["Complaint"] ¶¶ 62-66.) Specifically, Plaintiff alleges that he was retaliated against when, among other things, The Nielsen Company (US), LLC ("Nielsen") terminated his employment because Plaintiff opposed allegedly discriminatory practices and informed Defendants that he wanted to file a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id*)

As detailed below, even if Plaintiff's allegations are taken as true, his cause of action for "retaliation and wrongful termination" under Title VII is time-barred because Plaintiff did not file his Complaint within 90 days of receiving a right to sue notice from the EEOC. Plaintiff's Complaint against Defendants must therefore be dismissed, with prejudice.

## II.     STATEMENT OF FACTS

### A.     Plaintiff's Employment

Nielsen hired Plaintiff in January 2016. (Complaint ¶ 10.) Nielsen terminated Plaintiff's employment on April 23, 2019, but paid him until April 26, 2019, so that he could return company property and his rental car. (*Id*. ¶¶ 41-44, Ex. F.)

### B.     Procedural History

On September 25, 2019, Plaintiff filed an EEOC charge of discrimination with the Florida Commission on Human Relations Office alleging he was discriminated against based on his race and disability and retaliated against for complaining about said discrimination, in violation of Title VII. (Declaration of Caitlin W. Tran ["Tran Decl."] Ex. 1.)

On June 25, 2021, the EEOC issued a Dismissal and Notice of Rights, specifically advising Plaintiff that he had 90 days from his receipt of the notice to file a claim under Title

VII. (Complaint, pgs. 32-35.) In his Complaint, Plaintiff acknowledges he was aware of this deadline, specifically stating that he returned to the United States to file a lawsuit against Defendants before the expiration of his 90 days right to sue notice. (Complaint ¶ 72 ("[Plaintiff] recently returned to the USA in order to beat the statute of limitations for the 90 day right to sue letter issued by the EEOC.").)

On September 20, 2021, Plaintiff filed a complaint against Defendants in the United States District Court for the Northern District of California, Case No. C21-07313-JSW alleging a single cause of action for "retaliation and wrongful termination" in violation of Title VII (the "California Action"). (Tran Decl., Ex. 2.) On September 23, 2022, the Northern District of California issued an Order granting Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Complaint, pgs. 36-42), and issued a Judgment dismissing Plaintiff's California Action, without prejudice. (Tran Decl., Ex. 3.). Plaintiff chose not to appeal the judgement issued by the Northern District of California.

### C. Plaintiff's underlying Complaint was filed outside the 90-day limitations period.

On October 22, 2022, Plaintiff filed the instant suit, again alleging a single cause of action for "retaliation and wrongful termination" in violation of Title VII.[1] (Complaint.) Because Plaintiff's 90-day limitations period expired on September 26, 2021, more than a year before filing a Complaint in this Court, his claim is time-barred and must be dismissed.

## III. APPLICABLE LEGAL STANDARDS

### A. Requirements of Rule 12(b)(6).

Rule 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. A plaintiff must plead facts that make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain

---

[1] Plaintiff's Complaint is almost identical to the complaint filed in the California Action, except that he added a caption page and a 1.5 page cover letter at the beginning of his Complaint, and he added the Order granting Defendants' Motion to Dismiss in the California Action to the end of his Complaint. (Tran Decl., Ex. 2; Complaint.)

sufficient factual matter . . . to state a claim for relief that is plausible on its face.") (Quotation and citation omitted). A claim is not plausible unless the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12 operates to "streamline[] litigation by dispensing with needless discovery and factfinding" and eliminate claims based on dispositive issues of law. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). Accordingly, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007) (quotation and citation omitted).

### B. In deciding this Motion, the Court may consider Plaintiff's EEOC Charge and filings in a California District Court.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may consider "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002). Where a document is not incorporated by reference, it may nevertheless be considered by the court where the document is 'integral" to the complaint and "no dispute exists regarding the authenticity or accuracy of the document." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quotation and citation omitted).

In ruling on a 12(b)(6) motion, courts may properly consider filings in another action and EEOC filings (including charges and right-to-sue letters) because such documents are public documents of which judicial notice may be taken and because they are integral to a complaint alleging discrimination. *Ferring B.V. v. Serenity Pharms., LLC*, 391 F. Supp. 3d 265, 287 n. 9 (S.D.N.Y. 2019) ("On a motion under Fed. R. Civ. P. 12(b), the Court can take judicial notice of filings in another action."); *Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 204–05 (E.D.N.Y. 2006) (considering the plaintiff's EEOC charge and the agency's

3

determination, which are public records that were expressly referred to in the pleading, in deciding the defendant's motion to dismiss the plaintiff's Title VII claims).

As such, Defendants respectfully request that this Court consider and take judicial notice of Plaintiff's Charge of Discrimination, Plaintiff's Complaint filed in the California Action, and the Judgment dismissing the California Action, which are attached as Exhibits 1 through 3 to the Declaration of Caitlin W. Tran submitted herewith.

**IV.  PLAINTIFF'S TITLE VII CLAIM IS TIME-BARRED BECAUSE PLAINTIFF DID NOT FILE THIS ACTION WITHIN 90 DAYS OF RECEIPT OF THE RIGHT-TO-SUE LETTER.**

**A.  A claimant must file a Title VII claim within 90 days of receipt of a right-to-sue letter.**

Plaintiff's claim under Title VII must be dismissed as untimely because it was filed after the expiration of the applicable filing period. A complaint asserting claims under Title VII must be filed within 90 days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. §2000e-5(f)(1); *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11 (2d Cir. 1994). "The 90-day limit is strictly construed." *Foster v. Walgreen Co.*, 12 F. Supp. 3d 615, 617 (W.D.N.Y. 2014) (*citing Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where plaintiff filed complaint 91 days after right-to-sue letter received). "The requirement that a lawsuit be brought within 90 days of receiving a right to sue letter from the EEOC is treated like a statute of limitations." *Rasmussen v. Sigma Corp.,* 27 F.Supp.2d 388, 391 (E.D.N.Y. 1998). "[T]his is a basic element of federal civil procedure to which a pro se plaintiff must adhere." *Chalasani v. Fran*, No. 13-CV-06535 LAK SN, 2015 WL 2129773, at *4 (S.D.N.Y. Feb. 13, 2015), *report and recommendation adopted*, No. 13-CV-6535 LAK, 2015 WL 2137707 (S.D.N.Y. May 6, 2015). Failure to comply with the 90-day time requirement will result in dismissal of the complaint. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) ("[w]hile the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day") (quotation and citation omitted).

"[A] court may assume that a right-to-sue letter was mailed on the date shown on the document . . . [and] that a mailed document was received three days after mailing." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 216 (S.D.N.Y. 2010); *see also Foster*, 12 F. Supp. 3d at 618 n.3 (*citing Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) ("There is a . . . presumption that a mailed document is received three days after its mailing.")).

If, as here, a claim is dismissed without prejudice, it is treated as if it was never filed. *Elgendy v. City of New York*, No. 99 CIV. 5196 (JGK), 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2000); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("The filing of a suit stops the running of the statute of limitations, though only contingently. . . . if the suit is dismissed without prejudice . . . the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."). The refiled claim is therefore time-barred for failure to file within the 90-day period. *Copeland v. Rosen*, 25 F. App'x 17, 19–20 (2d Cir. 2001) (Title VII) ("a Title VII action pursuant to 42 U.S.C. § 2000e–5(f) must be brought within 90 days of receipt of an EEOC right-to-sue letter, and the timely filing of a complaint does not suspend the limitations period. . . . a refiled action would now be time-barred"); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996) ("where the action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar because the dismissal in and of itself does not halt the running of the limitations period").

**B.  Plaintiff failed to file his Complaint in this action within 90 days of his receipt of a right-to-sue letter.**

"Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law. *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quotation and citation omitted).

The relevant dates are as follows:

- September 25, 2019: Plaintiff filed his administrative charge with the EEOC (Tran Decl., Ex. 1);

- June 25, 2021: The EEOC mailed a Notice of Right-to-Sue letter to Plaintiff (Complaint, pgs. 32-35);

- September 20, 2021: Plaintiff filed the California Action (Tran Decl., Ex. 2);

- September 26, 2021: Plaintiff's 90-day deadline to file his Title VII claim;

- September 23, 2022: Plaintiff's California Action was dismissed, without prejudice (Complaint, pgs. 36-42; Tran Decl., Ex. 3); and

- October 20, 2022: Plaintiff filed the underlying action. (Complaint.)

The right-to-sue letter states that it was mailed on June 25, 2021, and Plaintiff is presumed to have received it three days later, on June 28, 2021. Therefore, Plaintiff was required to bring suit under Title VII on or before September 26, 2021.

Plaintiff filed the California Action on September 20, 2021. His 90-day deadline expired on September 26, 2021. Plaintiff's California Action was dismissed on September 23, 2022, without prejudice. Plaintiff then filed his Complaint in this action on October 22, 2022 – ***more than one year after his 90-day statute of limitations period expired***.

Because Plaintiff's Complaint was filed beyond the limitations period provided for in Title VII claim, Plaintiff's Complaint must be dismissed in its entirety. *See Johnson*, 731 F.2d at 146 (affirming summary judgment for defendant on the plaintiff's Title VII claim, where plaintiff filed his pro se complaint 97 days after receiving a right-to-sue letter); *see also Toolan v. Bd. of Educ. of City of New York*, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) (granting motion to dismiss Title VII claim as untimely, where lawsuit was filed 91 days after receipt of right-to-sue letter) *(citing, inter alia, Zerilli-Edelglass v. N.Y.C. Transit Authority*, 333 F.3d 74, 78 (2d Cir. 2003) (affirming dismissal of complaint received by pro se office 92 days after receipt of right to sue notice)); *Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 2016 WL 6102369, at *2 (S.D.N.Y. Oct. 19, 2016) (granting motion to dismiss Title

VII claims as untimely where they were filed 95 days after plaintiff's receipt of right-to-sue letter).

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the entire action, with prejudice, for failure to state a claim upon which relief can be granted.

| | |
|---|---|
| Dated:  May 23, 2023 | **WINSTON & STRAWN LLP** |
| | By /*s*/ *Caitlin W. Tran* |
| | Caitlin W. Tran (admitted *pro hac vice*)<br>333 S. Grand Ave., 38th Fl.<br>Los Angeles, CA 90071<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br>Email: cwtran@winston.com |
| | Cardelle Spangler (admitted *pro hac vice*)<br>35 W. Wacker Drive<br>Chicago, IL  60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>e-mail: cspangler@winston.com |
| | Brian Aubrey Smith<br>200 Park Avenue<br>New York, NY 10166<br>T: (212) 294-4758<br>basmith@winston.com |
| | *Attorneys for Defendants*<br>*THE NIELSON COMPANY US LLC*<br>*and TNC US Holdings* |