EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2019-03064 |
|---|---|---|

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Frank Liu | (818) 835-0498 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 304 S. Jones Blvd #3416, LAS VEGAS, NV 89107 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| NIELSEN COMPANY (TNC HOLDINGS) | | (646) 654-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 85 Broad St., NEW YORK, NY 10004 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (*Check appropriate box(es).*)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-23-2019  Latest: 04-26-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired by NIELSEN COMPANY (TNC HOLDINGS) hereinafter referred as 'Respondent' in January 11, 2016.

I contacted Respondent's Chief Human Resources Officer Nancy Phillips to complain about racism, retaliation, discrimination, harassment, and coercion. She referred me to Shannon Buggy. I was hesitant of revealing details as did not want the manager to find out and have more retaliation. I was giving them a bit of details at a time, and I had a work injury with a sprained ankle where the manager Tanner Tate told me not to work and not even to do expense reports. Since connecting with HR on a call would be work. Shannon told me in email, 'Thanks for reaching out Frank. I will not forward your email to anyone. Let me know when you return and we can connect.' However they would not let me go to work even though I had a doctor note that said I could return. They wanted a full return to work letter with 'no restrictions' and after I got one, hour(s) later, I was fired.

I was trying to go back to work after a work injury and they would not accept a doctors note saying 'if

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Frank Liu on 09-25-2019 08:57 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2019-03064 |
|---|---|---|
| Florida Commission On Human Relations<br>*State or local Agency, if any* | | and EEOC |

possible please accommodate less walking' and if possible is not a restriction. I contested that fact as they would not allow me to work. After giving them a full release with no 'if possible' I was terminated by Shannon and the reason was she said I was abusive. It was not abuse, it was them retaliation for me bringing a complaint against the manager Tanner Tate.

Tanner Tate Nielsen Manager told me to 'PLEASE STOP TALKING' when I was in the middle of expressing my opinion on secured buildings. He told me not to talk for the entire call. I said it was rude, and at the end of the team conference call, he asked me to stay on after everyone left. I got out my phone and recorded it as the call was on Hangouts on a computer, so I had my work phone free to use. One the hangouts call, he admitted he was trying to interrupt me when I kept talking, so told me to 'STOP TALKING.' He left for another call. Later that day he called back on my work phone, and I again said he was rude for telling me not to talk for the entire call, and I didn't do anything wrong as it was my turn to talk. He told me 'Don't be a chink.' I told him I am not a chink. He said he didn't call me a chink, and was just telling me not to be something. I said that is the same thing, and is RACIST. He then said he never said I was a chink despite admitting he did earlier, and said Human Resources won't look favorably on false accusations. He then asked if I wanted to bring in Chris Gordon on this as he said I didn't have proof, and they can investigate.

I didn't like how this conversation was going, so said no. He then said I never called you that, and he doesn't recommend I ever bring this up. I said OK. This part was not recorded as he called me on the phone directly, and it wasn't on Hangouts for me to use my phone to video record. I decided to no longer talk on conference calls going forth, and to talk the bare minimum. Then on a different day a while later, Tracy Booth texted some things that was racist to Asians. She went into China Town in NYC, and took a picture of Chinese people in front of a pharmacy, and asked in group text if Lisa wanted her to pick up a Chinese translator. I saved the texts. The backstory of this is Lisa had called me some time before, and demanded I take an Asian household from her.

I told her I didn't want the refusal, but could help her translate over phone, or if she took the IBR refusal hit if they refuse, then I can go in person. She did not like my answer. I suspected she complained about me for refusing as the manager Tanner Tate mentioned a complaint. I blocked Lisa on my phone as no call = no complaints if I never speak to her. Because I wasn't answering her she must have told Tracy, and that is the backstory why the group texts were done. I didn't Block Tracy then, so that is why I saw it. I said it was racist in text, and Tanner Tate replied to group to drop it. He did not want me to escalate it. I had to email other managers and his boss about it.

Finally after doing so, he called me and did try to defend Tracy by saying he didn't think she was trying to be racist. This incident, I had proof. I also recorded this call as I got wise to him denying he says things from before, and used my surface pro to record the phone directly. And also I ordered a small audio recorder from Amazon that is a better system, as it can be used directly independently from a monitored work surface pro or a company monitored phone so other recordings were with that. Due to the racism at Nielsen, I wanted to report Tanner Tate. I was emailed Nancy Chief Human Resources officer, and was hesitant with sharing stuff due to fear of retaliation by current manager Tanner Tate. I wanted to focus

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Frank Liu on 09-25-2019 08:57 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2019-03064 |
|---|---|---|
| Florida Commission On Human Relations<br>*State or local Agency, if any* | | and EEOC |

more on work, and ignore things in past. Then I had my annual review. I recorded the first part, then turned off the recorder for a sign appointment to recruit a home, then at the end I drove Tanner back to his hotel, and went back to finish the review. The recorder was off. I had the 5th most signs in the company for the year that the review was for, but was marked as inconsistent contributor.

I excused myself and said I didn't have a break, and needed to go to the bathroom, and turned on the recorder. The annual review I was marked down for not talking on conference calls, but he was the reason why I stopped talking due to being told to STOP TALKING and being humiliated in front of everyone by not being allowed to talk for remainder of call. I decided that I did want to peruse case against Tanner with Human Resources again, but was still hesitant if they will take my concerns and not retaliate against me. Due to injuring my ankle when working weeks ago, I then later wanted to see a doctor Then after a note from a doctor of less walking if possible, I was told my Tanner Tate not to work. I was even forbidden from doing admin things like expense reports. Since talking to Human Resources would be considered work, I couldn't talk to them, and one Human Resources person even said we would talk after I return to work. However since they did not like a 'if possible less walking' clause which was not a work restriction, I finally got a letter from a doctor of a complete go back to work, then hour or so later was fired by Shannon and Tracy S. who are VPs in Human Resources. There was one part where they tried to coerce me to go back to Las Vegas, and if I didn't there would be repercussions or something before finally telling me I am fired in the next call. Since Tanner Tate was a racist who used the CHINK word against me, and his retaliation, I thought if I searched for him online, I would find maybe some proof he was a racist. I found it. I posted it to my website ratingstruth.com. Please check out some of Tanner Tate's racist tweets on the website. I contacted top Nielsen managers, and got one person to have Anita the General Council call me. I told her about the racist tweets, and though it was enough. I had the CHINK incident but did not tell her that as I thought those racist tweets is enough, and they had solid proof.

However after using an email validator to check if he was still with Nielsen, that was not the case, and he was still working there. I emailed HR/management multiple times about being called a CHINK, and they choose to ignore it. There is a whole lot more going on like how they file Workers Comp cases in states they choose. I think audio files and emails I backed up speak for themselves. It wasn't until after I was able to get in touch with David Kenny through LinkedIn and brought this issue up again that an attorney Nielsen hired tried to get in touch with me on Sept. 3rd 2019.

Prior to that they were ignoring me. I even texted and tried to spread the info about my website to other Nielsen managers and employees as I wanted to get the word out about racism at Nielsen. The charges that Nielsen and Tanner Tate need to be held accountable for are: 1) Discrimination on Race/Ethnicity because Tanner Tate implied I was a chink by telling me 'don't be a chink' 2) Retaliation from Nielsen for trying to bring up discrimination and retaliation to Nancy Phillips to complain about the manager Tanner Tate about racism and retaliation and other matters. 3) Wrongful termination for fighting for my rights after a work injury 4) I also brought up how I disagreed with Nielsen TV Ratings paying survey participants depending on the race in one email to Chris Gordon the HRBP at Nielsen. I think that needs to be looked at as how can Nielsen be allowed to pay Nielsen Panelists by race.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Frank Liu on 09-25-2019 08:57 AM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2019-03064 |
|---|---|---|
| Florida Commission On Human Relations<br>*State or local Agency, if any* | | and EEOC |

To clarify this point to the EEOC, this pay by race could mean the difference between being paid $425 (e.g.. Native American, Pacific Islander, Samoan) over 2 years for TV and PC research compared to over $2000+ (Hispanic homes that Speak more Spanish than English). Why are Hispanic Homes that speak more English than Spanish at home or only English paid one of the lowest compensation compared to other races? It also does not matter on balance of homes in the sample (underrepresented or over-represented in sample), if the head of household is that race, they qualify for the racial compensation gift chart for LPM markets (e.g.. Seattle, NY, LA, SF, DC, Atlanta, Baltimore, Houston, Orlando, etc.).

I believe that I have been discriminated against because of my Race (Asian) and discharged in retaliation for complaining in violation of Title VII of the Civil Rights Act of 1964 as amended. I also believe that I was discriminated against because of my disability in violation of the ADA Amendments Act of 2008, as amended, because Respondent failed to provided me with a reasonable accommodation and also failed to engage in the interactive process of identifying a reasonable accommodation.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Frank Liu on 09-25-2019 08:57 AM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.