1 Frank Liu
2 304 S. Jones Blvd #3416
3 Las Vegas, NV 89107
4 818-835-0498
5 frank.liu.96@gmail.com
6 Pro Se Plaintiff
7                                  Case #1:22-cv-09084-JHR
8                                  Case name: Liu v. The Nielsen Company (US) LLC et al
9
10
11 **Letter to Judge Rearden Requesting the Provisional Unsealing of Docket 6 and 6.1**
12 Dear Honorable Judge Rearden,
13        I am requesting Dockets 6 and 6.1 which were provisionally sealed by the Court on March 28,
14 2023 be provisionally unsealed so I can file an Amended Complaint that would specifically mention
15 and include a significant portion of the things contained in Docket 6 and 6.1.  It is my position that the
16 Court's actions of provisionally sealing Dockets 6 and 6.1 less than two and a half hours after
17 Defendants' attorney Mr. Aubrey Smith emailed a letter motion to Judge Rearden's Chambers violates
18 my First Amendment rights without due process as there was little possibility of me responding to their
19 Letter Motion to Seal within that time frame as usually parties are allowed a number of days to respond
20 to motions.  Since the Court only considered Defendants' letter motion filed privately by email and did
21 not wait until Plaintiff had time to respond to the letter motion before taking action of provisionally
22 sealing Docket 6 and 6.1, Plaintiff believes this violates due process and would greatly hinder
23 arguments Plaintiff intends to make in his Amended Complaint in order to survive Defendants' Motion
24 to Dismiss.
25        Defendants have recently filed a Motion to Dismiss my Complaint, and under the Federal
26 Rules of Civil Procedure, I have a right to file an Amended Complaint within 21 days.  I intend to make

an argument that the conduct of Defendants of the matter(s) contained in Docket 6 and 6.1 constitute a "continuing violation doctrine" claim and that argument would be presented along with other arguments in an attempt to defeat Defendants' claim that my lawsuit is time-barred.

It is my belief that since Dockets 6 and 6.1 are provisionally under seal, if I were to refile things contained in those documents as exhibits for my Amended Complaint, I could potentially be held in contempt of court because I would be specifically referencing to and attaching things that are provisionally under seal in a public filing as Amended Complaints are supposed to be public.

By provisionally sealing Dockets 6 and 6.1, it basically prevents me from fully defending my case against dismissal. I am not a lawyer and it is more difficult for me to draft effective pleadings compared to attorneys. I don't want to have to vaguely reference the things provisionally under seal in my Amended Complaint because the motion to dismiss is a critical and important motion that could end my lawsuit and because of this, I don't want to hold back on making the full arguments I intend to make. Because Dockets 6 and 6.1 are provisionally under seal, I believe it would greatly hinder me so I submit this request that Dockets 6 and 6.1 be provisionally unsealed while the Court considers Defendants' Letter Motion to Seal.

FRCP 15(a)(1) provides that a party may amend a pleading once without the court's or the opposing party's permission. This amendment must occur within 21 days of serving the pleading or—if the pleading at issue requires a responsive pleading—21 days after serving a responsive pleading or an FRCP 12(b), (e), or (f) motion (whichever happens earlier). Working on this letter requesting the Court provisionally unseal Dockets 6 and 6.1 has already taken up a portion of my time which could have been dedicated to working on my Amended Complaint. But since the issue raised in this motion letter is critical to the arguments I intend to make for my Amended Complaint in order to survive Defendants' Motion to Dismiss, I respectfully request the Court make a prompt decision on provisionally unsealing Dockets 6 and 6.1.

I understand Courts take time to issue their rulings, and I'm not trying to speed up the Court's decision on if Docket 6 and 6.1 should be sealed or not. The Court taking all the time they need in order to issue their ruling on Defendants' Letter Motion to Seal is part of due process and the American justice system. What I am asking for is that while the Court considers if Docket 6 and 6.1 be sealed, they lift the provisional sealing of Docket 6 and 6.1 because the provisionally sealing of those documents is prejudicial to Plaintiff when he amends his Complaint.

The First Amendment of the US Constitution includes the right to present requests to the government without punishment or reprisal. The First Amendment has been interpreted by the US Supreme Court as applying to the entire federal government. The US Supreme Court has also interpreted the Due Process Clause of the Fourteenth Amendment as protecting the rights in the First Amendment from interference by state governments.

Because Amended Complaints are generally publicly filed, Plaintiff believes the provisionally sealing of Dockets 6 and 6.1 would violate Plaintiff's First Amendment rights without due process – because it would restrict and/or interfere with Plaintiff's First Amendment rights to fully defend his case against Defendants' motion to dismiss because if Plaintiff were to specifically reference and include things provisionally under seal in his Amended Complaint (a public filing), he could potentially be held in contempt of court. This leaves a lot of uncertainty for Plaintiff when he works on his Amended Complaint before the 21 days set forth by FRCP 15(A)(1) expire, and therefore, Plaintiff requests that Docket 6 and 6.1 be provisionally unsealed as soon as possible so Plaintiff can exercise his First Amendment rights to argue continuing violation doctrine as it relates to Docket 6 and 6.1. Furthermore, Plaintiff believes Defendants' conduct contained in Dockets 6 and 6.1 violate New York State law. By provisionally sealing those documents without due process, it could essentially prevent Plaintiff from bringing up this matter in his Amended Complaint.

Lastly, Plaintiff has started a new inquiry with the EEOC regarding matters contained in Docket 6 and 6.1, but has been unable to schedule a phone interview as there appears to be no current availability for a phone interview with the New York District Office of the EEOC.



Plaintiff strongly believes things contained in Docket 6 and 6.1 are important judicial documents which he intends to use to support his Amended Complaint and hopes the Court agrees to provisionally unseal Docket 6 and 6.1 while they consider Defendants' Letter Motion to Seal.

Respectfully submitted,

*Frank Liu*

Dated 5/25/2023            Frank Liu

Pro Se Plaintiff

4