

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

B. AUBREY SMITH
Of Counsel
(212) 294-4758
BASmith@winston.com

March 28, 2023

**Via Email**
Honorable Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007
ReardenNYSDChambers@nysd.uscourts.gov

**Re:**   Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR

Dear Judge Rearden:

We represent Defendants The Nielsen Company (US) LLC and TNC US Holdings. ("Defendants") in the above-referenced matter. We write to respectfully request that the Plaintiff Frank Liu's ("Plaintiff") public filing, entitled Motion for Judge to be Assigned to Case and Exhibits, dated October 29, 2022 [Dkt. 6, 6.1], be removed from the public docket and instead filed under seal. Plaintiff has filed inadmissible confidential settlement discussions and documents that are prejudicial to Defendants and irrelevant to adjudication of the underlying case. Should Plaintiff's filing be permitted to remain on the public docket, it will continue to harm Defendants by permitting confidential settlement communications to be viewed by the public and by allowing Plaintiff's baseless and improper accusations to be disseminated.

Counsel for Defendants conferred with Plaintiff, who is proceeding in pro se, and Plaintiff refused to take down his filing. Defendants therefore appeal directly to the Court for relief.

On March 6, 2023, Defendants were served by mail with Plaintiff's Complaint in the underlying case. On Friday, March 24, 2023, Defendants mailed the completed Acknowledgement of Receipt of Service by Mail. Defendants have not yet filed a responsive pleading in this matter.

Also on Friday, March 24, 2023, Plaintiff and counsel for Defendants, Cardelle Spangler and Caitlin Tran, met and conferred by phone to discuss the parties' Joint Letter to the Court. The parties previously engaged in settlement discussions with respect to Plaintiff's lawsuit filed in the Northern District of California, which was dismissed on September 23, 2022. The settlement discussions were not successful. During the parties' phone call on March 24, 2023, Plaintiff advised he had filed in this case at Dkt. 6 confidential settlement communications. Defendant's counsel had not previously reviewed the filing at Dkt. 6 but explained that the details of settlement negotiations were not to be made public including by filing them in the public record. Plaintiff disagreed and insisted that Federal Rule of Evidence 408 only



applies to information presented to a jury at trial. Defendants therefore seek immediate relief via letter motion to the Court.

Subject to certain exceptions that are plainly not applicable here, Federal Rule of Evidence 408 provides that compromise offers and negotiations are not admissible evidence. FED. R. EVID. 408. Here, Plaintiff has filed a Motion for Judge to be Assigned to Case that spends four pages describing confidential settlement negotiations related to another case that has since been dismissed, and that attaches a 59-page exhibit that includes various drafts, including redlined versions, of an unexecuted confidential settlement agreement and release. There is no legitimate basis whatsoever for Plaintiff to file evidence of inadmissible settlement offers and negotiations, nor is there any necessity for such a motion to be filed in order for a case to be assigned a judge. Rather, Plaintiff is misusing the Court's public filing system to further disseminate baseless accusations and defamatory statements against Defendants.

This sealing request is supported under the case law. In *Lugosch v. Pyramid Co. of Onondaga*, the Second Circuit set forth a three-step test for assessing sealing requests. 435 F.3d 110, 119-20 (2d Cir. 2006). First, the "common law presumption of access" attaches to "judicial documents"—*i.e.*, filed documents "relevant to the performance of the judicial function and useful in the judicial process." *Id.* Second, the "weight of that presumption" is greatest where the information "directly affect[s] an adjudication." *Id.* Third, any "countervailing factors" assertedly weighing against access, such as "the privacy interests of those resisting disclosure," are balanced against the presumption of access. *Id.*

Here, there is no need to proceed beyond step one, because the presumption of access does not apply to documents (such as those filed by Plaintiff) that are wholly irrelevant to the performance of the judicial function and of no use in the underlying judicial process. As for step two, Plaintiff's filing at Dkt, 6 and 6.1 presents no information that directly affects any adjudication, as settlement negotiations principally related to the dismissal in Defendants' favor of a prior lawsuit have no bearing whatsoever on the merits of this case. Finally, countervailing factors weighing against public access would more than outweigh any such presumption, given the nature of Plaintiff's accusations against Defendants and apparent intention to harm Defendants' reputation, as well as FRE 408's intended purpose to encourage settlement negotiations. *See, e.g., U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'") (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)).

For the same reasons Defendants request that Plaintiff's filing be removed from the public record and filed under seal, this letter motion is submitted to the Court via email rather than public ECF filing, in order to avoid filing an additional public document that may bring attention to Plaintiff's initial public filing, which should not have been filed on the public docket in the first instance.

Based on the above, Defendants submit there is good cause to shield Plaintiff's filing at Dkt. 6 and 6.1 from public disclosure and to file those documents under seal. Defendants further request that any response by Plaintiff to this letter motion immediately be placed under seal if he responds via ECF rather than by email.



March 28, 2023
Page 3

Should Your Honor require any additional information, please feel free to contact me. We appreciate your consideration in this matter.

Dated: New York, New York
       March 28, 2023

Respectfully submitted,

/s/ B. Aubrey Smith
_____
B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Cardelle Spangler (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

Caitlin Tran (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CWTran@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

cc: Plaintiff Frank Liu (by email)