

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 (213) 615-1700
F +1 (213) 615-1750

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

April 14, 2023

**Via Email**
Honorable Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007
ReardenNYSDChambers@nysd.uscourts.gov

**Re:   Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR**

Dear Judge Rearden:

Defendants The Nielsen Company (US) LLC and TNC US Holdings ("Defendants") submit this Reply to Plaintiff Frank Liu's ("Plaintiff") Second Amended Plaintiff's Reply to Defendants' Letter to Judge Rearden Requesting Docket 6 Be Filed Under Seal ("Plaintiff's Opposition").

As an initial matter, Plaintiff's Opposition supports that the filings at issue should be permanently removed from the docket and exemplifies his relentless quest to levy baseless accusations against Defendants in every forum made available to him.

Plaintiff essentially concedes that his filings at Docket 6 and 6.1 were not properly filed. He attempts to evade this obvious conclusion by creating his own rule on this matter – if he believes Defendants somehow violated the law in settlement negotiations, then he has the right to file all confidential settlement communications. Plaintiff cites no authority in support of this purported rule. More importantly, though, Defendants did not violate any laws with respect to Plaintiff in connection with settlement negotiations or otherwise.

First, New York's General Obligations Law § 5-336 does not apply to Plaintiff because it relates to settlement agreements resolving discrimination claims. Here, Plaintiff has asserted a single cause of action for retaliation and wrongful termination. Second, GOL § 5-336 is inapplicable generally because, as described in Defendants' initial Letter Motion, dated March 28, 2023, the parties have never entered into any settlement agreement regarding Plaintiff's past or presently filed claims against Defendants. There is no confidentiality provision at issue because there is no existing agreement between the parties. Third, there is no private right of action pursuant to GOL § 5-336. Plaintiff is therefore threatening to bring claims against Defendants and defense counsel that he could not properly pursue in any court or before any agency, including the EEOC — where he threatens to file a claim against Defendants and/or their counsel. Finally,



April 14, 2023<br>Page 2

Plaintiff's assertion that a Court Order sealing Plaintiff's filing at Docket 6 and 6.1 would somehow violate GOL § 5-336 is similarly off base. Plaintiff's Opposition and his filings at Docket 6 and 6.1 are wholly immaterial, including as to the underlying action.

Plaintiff's behavior in this action is yet another event in a longstanding pattern of abusive and harassing behavior aimed at Nielsen, its employees, and its counsel. After Plaintiff's termination in 2019, he inundated Defendants' employees – including Nielsen's CEO – with emails, until his email address was blocked. Plaintiff then changed his email address and continued to send a barrage of emails to Defendants' employees as well as the counsel it retained to defend against his meritless administrative claims. He further posted to his YouTube account numerous videos disparaging Nielsen or its employees and highlighting surreptitiously recorded conversations with current and former Nielsen employees.

Similarly, from the outset of Defendants' counsel's interactions with Plaintiff, first with respect to his dismissed litigation in California and now in this Court, Plaintiff has repeated his pattern of unnecessary, unprofessional and, at times, harassing emails. Despite defense counsel, Cardelle Spangler, having asked Plaintiff early on to stop emailing her and advising him that she would need to involve the California court if his conduct continued, over the span of a year and half during which time Plaintiff's lawsuits have been largely dormant, Plaintiff has emailed defense counsel more than 400 times.

Plaintiff often sends a series of emails in the same day, sometimes within minutes, at all hours of the day and night. He frequently demands answers to questions to which Defendants cannot or have no obligation to respond, including seeking legal advice on pursuing his claims against Defendants. If he does not receive an immediate response, he continues to email Defendants' counsel and other attorneys at the firm with no connection to his litigation. For example, in one series of emails, Plaintiff continued to email defense counsel about whether she would oppose a motion to transfer his California case, which was incomprehensible given that his case was already dismissed. When defense counsel did not respond, Plaintiff emailed the Chairman and the Co-Executive Chairman of Winston & Strawn, as well as another prominent partner in the firm's Los Angeles office – none of whom have any connection to his case.

At times, Plaintiff's emails are aggressive and border on threatening, such as accusing Defendants' counsel and others of unlawful behavior – most recently, and as noted in Plaintiff's Opposition, he recently has threatened to report Defendants' counsel to the EEOC. On one occasion, he accused a legal secretary of committing perjury. On another, Plaintiff asked Defendants to join in on a filing a Writ of Mandamus against the judge in Plaintiff's California action to withhold his salary because the judge took more than 90 days to rule on Defendants' Second Amended Motion to Dismiss.

"[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Durant v. Trad. Inv., Ltd.*, No. 88-cv-9048 (PKL), 1992 WL 51557, at *13 (S.D.N.Y. Mar. 12, 1992) (citations omitted). Here we have a plaintiff who has expressly stated that harassing Nielsen is his "identity," and has acted accordingly – repeatedly abusing the Court system to impose costs on Nielsen. Defendants have for years unnecessarily incurred attorneys' fees responding to Plaintiff's improper litigation tactics and harassment of defense counsel other members of the firm, and in responding to submissions to this Court, such as the documents filed at Docket 6 and 6.1 – none of which Defendants should have needed to incur in the course of defending this action. If Plaintiff



April 14, 2023
Page 3

continues to harass Defendants and/or abuse this Court's public filing system, Defendants will seek all injunctive and appropriate relief. In the meantime, Defendants welcome any orders the judge might be inclined to issue to constrain Plaintiff's ongoing inappropriate and abusive behavior.

Dated: Chicago, Illinois
April 14, 2023

Respectfully submitted,

/s/ Cardelle Spangler
Cardelle Spangler (*admitted pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Caitlin Tran (*admitted pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CWTran@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

cc: Plaintiff Frank Liu (by email)