UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



FRANK LIU,

                Plaintiff,

-v.-

THE NIELSEN COMPANY (US) LLC, et al.,

                Defendants.

22 Civ. 9084 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Defendants' letter-motion to seal Plaintiff's Motion for a Judge to be Assigned to Case and associated exhibits, ECF Nos. 6 and 6-1 ("Plaintiff's Motion").[1] Plaintiff's Motion describes and attaches draft settlement agreements and confidential settlement negotiations regarding the disputes that gave rise to this litigation. For the reasons stated below, Defendants' motion is GRANTED.[2]

---

[1] Defendants' motion, ECF No. 33 ("Letter Mot."), was submitted to the Court via email, at which point Plaintiff's Motion was provisionally sealed. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *6 (S.D.N.Y. Nov. 25, 2013) (ruling on motion to seal after having "provisionally permitted the parties," at one party's request, "to file certain exhibits in sealed or redacted form, contingent on the parties' satisfaction of the standard announced in *Lugosch*"), *aff'd*, 776 F.3d 126 (2d Cir. 2015).

[2] Plaintiff has asked, via email, whether the Court's earlier provisional sealing of Plaintiff's Motion limits his ability to use that material in a "public YouTube video about the Rule 408 settlement negotiations" that he "plans to create." The Court's decision to seal Plaintiff's Motion did not constitute injunctive relief; it only concerned the accessibility of those items on the Court's docket. In any event, "an Article III court cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) (quotation omitted).

    Plaintiff also has stated that he "would like to file a rule 12(f) motion to strike new accusations contained in Defendants' Reply Letter that were not contained in their original letter." ECF No. 38 ("Plaintiff's Clarification Letter") at 1. He asks whether such a motion "can be filed publicly on [the] docket." *Id.* at 2. Plaintiff is free to file on the public docket, through the Pro Se Intake Unit, any motion to strike that does not refer to confidential settlement materials.

The common law right of public access only attaches to "judicial documents"—those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted). A document is "relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quotation omitted).

As an initial matter, like all new cases in this District, this case was randomly assigned to a judge. Judicial assignment occurs administratively, before a district judge makes any "ruling" or "exercise[s]" any "supervisory powers." *Id*. Thus, a motion to assign a judge does not "reasonably have the tendency to influence a district court's ruling . . . or in the exercise of its supervisory powers." *Id.* (emphasis omitted). Here, assignment of the case mooted Plaintiff's Motion, and the judge terminated it. *See* ECF No. 9 ("Order of Service") at 2.

Moreover, "the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209 (CSH), 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) ("There is no established presumption of public access with respect to confidential settlement discussions and documents."). Drafts and negotiations "exchanged before an agreement has been reached[,]" such as those at issue here, "play a negligible role . . . in the trial judge's exercise of Article III judicial power until they are merged into a tentative final agreement for court action, thereby becoming public." *Glens Falls Newspapers, Inc.*, 160 F.3d at 857 (quotation omitted).

Any presumption of access to "preliminary settlement documents . . . not submitted to a court for ratification" is at its "weakest." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 159 (S.D.N.Y. 2003). Plaintiff attempts to strengthen this presumption by arguing that sealing the parties' settlement negotiations and draft agreements "may undermine New York amended General Obligations Law ('GOL') § 5-336." ECF No. 36 ("Opp.") at 2. Plaintiff's reliance on Section 5-336 is unavailing.

Section 5-336 limits an employer's "authority to include or agree to include in any settlement, agreement or other resolution of any claim, the factual foundation for which involves discrimination, . . . any term or condition that would prevent the disclosure of the underlying facts and circumstances to the claim or action." N.Y. Gen. Oblig. Law § 5-336(1)(a). The employer may exercise such authority where the nondisclosure provision is "the complainant's preference." *Id*. Section 5-336 also establishes a procedure for including a proposed nondisclosure provision in an offer of settlement. *See id.* § 5-336(1)(b).[3] It does not address making settlement offers or settlement-related communications public. Accordingly, section 5-336 does not enhance the "negligible to nonexistent" presumption of access to the parties' draft settlement agreements and negotiations, which is outweighed by the interest in "fair and efficient resolution through settlement." *Glens Falls Newspapers, Inc.*, 160 F.3d at 858; *see also id.* at 857-58 ("fostering settlement of any case or controversy is an Article III function, and . . .

---

[3] Section 5-336(1)(b) requires an employer to provide "such term or condition . . . in writing . . . in plain English." *Id*. It then grants a complainant 21 days to "consider such term or condition" and an additional "period of at least seven days," during which "the complainant may revoke the agreement." *Id*. To the extent Plaintiff now argues that Defendants failed to comply with Section 5-336(1)(b), and therefore that the settlement-related materials in Plaintiff's Motion should be unsealed, Defendants' alleged violation of that provision is—as Plaintiff recognizes— not at issue in this case. *See* Opp. 9 ("Plaintiff is *considering suing* Defendants for violating New York amended General Obligations Law ('GOL') § 5-336 during their settlement negotiations." (emphasis added)). Thus, the presumption of access to the parties' settlement materials remains unchanged. *Brown*, 929 F.3d at 49 (emphasis omitted).

settlement negotiations . . . would be chilled to the point of ineffectiveness if draft materials were to be made public").

For the foregoing reasons, Defendants' letter motion is GRANTED. The Clerk of Court is directed to terminate ECF No. 33 and to unseal Defendants' letter motion, reply, and Plaintiff's Clarification Letter, ECF Nos. 33, 37, and 38. Plaintiff's opposition, ECF Nos. 34-36, however, should remain sealed, as it describes in detail and attaches "settlement negotiations, draft agreements, and conference statements." *Glens Falls Newspapers, Inc.*, 160 F.3d at 858.

Should Plaintiff wish to file his opposition publicly, he must redact all references to and descriptions of "settlement negotiations, draft agreements, and conference statements." *Id.* Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York. NYLAG is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. The clinic is run by a private organization; it is not part of the Court. NYLAG cannot accept filings on behalf of the Court. Filings must continue to be made by the self-represented party through the Pro Se Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have questions regarding the form, or if they are unable to complete it, they may leave a voicemail at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of a flyer with additional details is attached to this Order.

SO ORDERED.

Dated: June 1, 2023
       New York, New York

                                                                          _____
                                                                          JENNIFER H. REARDEN
                                                                          United States District Judge