Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

Plaintiff's application has been addressed by the Court's Order on Defendants' motion to seal, ECF No. 39.

The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

*Jennifer H. Rearden*

Jennifer H. Rearden, U.S.D.J.
Date: June 1, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO UNSEAL "DEFENDANTS' LETTER MOTION TO SEAL"** |

## NOTICE OF "MOTION TO UNSEAL DEFENDANTS' LETTER MOTION TO SEAL" AND MOTION

To Defendants:

Plaintiff is moving the Court to unseal Defendants' letter motion to seal Dockets 6 and 6.1 which was emailed privately by Defendants to Judge Rearden's Chambers. The motion is made in good faith because Plaintiff believes Courts are public and sealing motions should be filed publicly instead of privately to Judge Chambers. More details of Plaintiff's position is in the "Memorandum of Points and Authorities." Defendants are welcome to respond to this motion by the deadlines set forth by the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Frank Liu*

Dated 5/24/2023        Frank Liu

Pro Se Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. Introduction

Plaintiff requests Defendants' letter motion to seal Dockets 6 and 6.1 be filed publicly with the Court because Plaintiff believes the original letter motion should qualify as a public record. It is Plaintiff's belief that filing a letter motion to seal in private with Judge Chambers is improper and instead if Defendants wanted to file the letter motion to seal, they should have filed it publicly and just addressed the applicable standard for sealing Dockets 6 and 6.1 without specific reference to information they allege to be confidential. Or if Defendants believe it would be impossible to address the applicable standard without making specific reference to information they want sealed, then they could have publicly filed a motion asking the Court for leave in order to file such a motion privately through Chambers email. Since the letter motion was filed privately via email to Judge Chambers, it resulted in no public record of such a request, so Plaintiff believes not only is it prejudicial to the Public from access to information, it also prevented any member of the Public from potentially filing an amicus curiae brief. As an example, Defendant *The Nielsen Company (US) LLC* has filed an amicus curiae brief when it came to a Supreme Court case about the Census (see https://www.supremecourt.gov/DocketPDF/18/18-966/94898/20190401125849208_18-966%20bsac%20The%20Nielsen%20Co.pdf). Ultimately, Plaintiff believes the Public should have the right to public access and the ability to file amicus curiae briefs in support or in opposition to any court proceedings if they choose to do so.

### 2. Background Information

On March 28, 2023 at 4:00 PM Eastern, Defendants' attorney Mr. Aubrey Smith emailed ReardenNYSDChambers@nysd.uscourts.gov with a letter motion requesting Docket 6 and 6.1 be sealed. Plaintiff was directed by ReardenNYSDChambers@nysd.uscourts.gov that Docket 6 and 6.1

would be provisionally filed under seal, and should Plaintiff wish to respond, to email the response by April 7, 2023.  It appears Plaintiff was granted just 10 days to respond (not counting the date the email was first sent by Defendants) instead of the usual 14 days to respond to motions.  It is Plaintiff's belief the date a motion is filed electronically doesn't count as a day.  In this case, the letter motion was only emailed to Plaintiff and was not filed in ECF/Pacer system to made available to the Public.

Plaintiff emailed his original response and exhibits on April 7, 2023.  On April 8, 2023, Plaintiff submitted his First Amended and Second Amended response and exhibits in response to Defendants' letter motion to seal.  Plaintiff was a bit rushed to meet the deadline set by the Court, and that played a factor in why Plaintiff ultimately submitted three versions.  He needed to get the first version in on April 7 because that was all the time the Court gave him.  The First Amended and Second Amended response briefs were sent the following day and included minor changes and fixing of mistakes.  The amended versions were completed in a rush as well.  Because Plaintiff was directed to email his response to Defendants' motion to seal to the Court, he interpreted it as not filing it with the Court to be made public and instead just emailing Judge Rearden's Chambers with Defendants' attorneys on copy. On April 14, Mr. Smith emailed Defendants' reply brief to Judge Rearden's Chambers and it appears they were following the formal process of being allowed a reply brief after a response.

### 3. Potential Special Consideration to Attorneys

The "INDIVIDUAL RULES AND PRACTICES IN CIVIL PRO SE CASES" document states 'Pro se parties may not contact the Court directly. All communications with the Court by a pro se party (including written, electronic, and telephone communications) should be addressed to the Pro Se Office."  Defendants are represented by attorneys at a big law firm and their attorneys would know if they are allowed to email Judge Chambers in private.  The "Nielsen" Defendants appears to believe they were entitled to do so.  Plaintiff is not a lawyer and is thinking it could be possible the Court gives

attorneys special consideration to contact the Court directly in which they do not allow Pro Se litigants to do. Plaintiff isn't sure if this is the case or not, but believes if attorneys are allowed to initiate emails with Judge Chambers when a Pro Se party is not, this could be potentially prejudicial against Pro Se parties.

### 4. Legal Argument

Courts within this Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access. McGill v. Univ. of Rochester, No. 10-CV-6697, 2013 WL 5951930, at (W.D.N.Y. Nov. 6, 2013), aff'd, 600 F. App'x 789 (2d Cir. 2015) (summary order); see also SEC v. Ahmed, No. 3:15-CV-0675, 2020 WL 8812199, at *3-4 (D. Conn. July 10, 2020) (denying request to seal unredacted version of motion to seal); Vineyard Vines LLC v. MacBeth Collection, L.L.C., No. 3:14-CV-1096, 2019 WL 12024583, at n.6 (D. Conn. Apr. 1, 2019) (Merriam, M.J.) ("The motion to seal itself should be filed on the public docket and not under seal.") (emphasis in original); cf. Doe v. Public Citizen, 749 F.3d 246, 272 (4th Cir. 2014) (noting Fourth Circuit's requirement of "provid[ing] public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion"); Allegiant Travel Co. v. Kinzer, No. 2:21-CV-1649, 2022 WL 2819734, at (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information.") (Koppe, M.J.); United States v. Savage, No. 16-CR-0484-34, 2020 WL 7770982, at (D. Md. Dec. 30, 2020) ("By filing the motion to seal itself under seal, Petitioner has prevented [the] public notice function that filing on the public docket normally provides. The motion and exhibits will be unsealed."); Szany v. City of Hammond, No. 2:17-CV-0074, 2019 WL 3812492, at (N.D. Ind. Aug. 14, 2019) ("The motion to seal itself … is presumptively public because it is a motion that the Court considered and ruled upon.").

Because Plaintiff was directed to file his response by email, he was not directed to only address the applicable standard without specific reference to the information being disputed as confidential. Had the Court mandated Defendants' letter motion to be publicly filed and directed Plaintiff to only address the applicable standard without specific reference, Plaintiff would have tried his best to do so.

Plaintiff believes that perhaps Defendants should have publicly filed their motion to seal without specifically making reference to the confidential information, or if they are unable to do so, they could have publicly filed a motion asking the Court permission to privately email the Chambers their letter motion because this way there is at least a public record of such a request. Plaintiff believes that motions to seal should be publicly filed. It appears the Court made its decision that Plaintiff's response to the letter motion to seal should be emailed to the Court and not filed publicly even before Plaintiff started to work on his response.

**5. Why this "Motion to Unseal Defendants' Motion to Seal" Should be Filed Publicly**

Plaintiff is submitting this motion to publicly to Temporary_Pro_Se_Filing@nysd.uscourts.gov for the Pro Se Clerk to file publicly because in this letter motion, Plaintiff has avoided stating what the specific information being disputed as confidential is (other than that it is contained in Docket 6 and 6.1 which Plaintiff understands is provisionally under seal). Furthermore, for this motion, Plaintiff is trying to follow "INDIVIDUAL RULES AND PRACTICES IN CIVIL PRO SE CASES" where under item #1, it states: "Pro se parties may not contact the Court directly."

Plaintiff is filing this document in good faith as he believes the public has the right to know that there was a seal request filed by Defendants (even if they don't know what specific information is alleged by Defendants to be confidential) and requested to be sealed. Plaintiff does not believe this motion contains any specific confidential information that Defendants want provisionally sealed.

## 6. Defendants' Reasoning for emailing their Motion to Seal to Judge Chambers

Defendants reasoning for emailing Judge Rearden's Chambers their motion to seal was that they didn't want to bring public attention to the documents in question they wanted sealed.  In this case, only Defendants wanted documents sealed.  The Plaintiff opposes.  Marking documents "confidential" or "private" does not make them so. Eusini v. Pioneer Elecs. (USA), Inc., 29 A.D.3d 623, 626 (2d Dept. 2006). In fact, courts routinely hold that an agreement by the parties to seal is not a substitute for establishing "good cause." MBIA Ins. Corp. v. Countrywide Home Loans, Inc., 2012 N.Y. Slip Op. 33147(U), at * 9 (Sup. Ct., N.Y. County 2012. For this reason, the moving party must demonstrate good cause for a confidentiality request. Grande Prairie Energy LLC v. Alstom Power, Inc., 2004 N.Y. Slip Op. 51156 [U], at *2 (Sup. Ct., N.Y. County 2004). And, because "[c]onfidentiality is … the exception, not the rule" (Matter of Hofmann, 284 A.D.2d at 93-94), courts are reluctant to seal court records (Mosallem, 76 A.D.3d at 349), even where both sides to the litigation have asked for such relief. Gryphon Dom., 28 A.D.3d at 324.

Here in this lawsuit, only one side is requesting documents to be sealed, and the Plaintiff side opposes.  Furthermore, Plaintiff does not believe there is good cause to have a "motion to seal" by itself be filed under seal as it is detrimental to Public Access.  Defendants should have instead addressed the applicable standard for their motion to seal without specific reference to information they allege to be confidential and filed their motion publicly with the Court instead of emailing it privately to Judge Rearden's Chambers.  If Defendants were unable to address the applicable standard without making reference to information they alleged to be confidential, perhaps Defendants should have filed a public motion asking the Court leave to file their motion in private.

### 7. Conclusion

Plaintiff respectfully asks the Court to make public Defendants' letter motion to seal and any other filings or briefs that relates to Defendants' letter motion to seal (eg. Plaintiff's response, Defendant's Reply, etc.) that the Court deems appropriate for public release.

Respectfully submitted,

*Frank Liu*

Dated 5/24/2023          Frank Liu

Pro Se Plaintiff