Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

Case #1:22-cv-09084-JHR-OTW

Case: Liu v. The Nielsen Company (US) LLC et al

# Motion Letter to Judge Rearden and Judge Wang Requesting Clarification to Order Docket #39, and Request for Extension of date to Answer Defendants' Motion to Dismiss or Amend Plaintiff's Complaint

Dear Honorable Judge Rearden and Honorable Judge Wang,

    I am addressing this letter to the both honorable judges because I understand the case has been assigned to Honorable Magistrate Judge Wang for general pretrial, but since issue #1 relates to Honorable Judge Rearden's Order in Docket #39, I am addressing this letter to the both honorable judges in good faith.  Although, this letter is addressed to both honorable judges, I am only requesting the Court to have one judge clarify issue #1 and consider issue #2 which is my request for an extension. Since I am not sure which Judge I should write to, I am addressing this motion letter to both honorable judges and apologize in advance for any inconvenience this may cause.

**Issue #1 requesting clarification:**

    On Thursday June 1, 2023 which was 9 days after Defendants filed their motion to dismiss based on their argument of time-barred (dkt 28), the Court issued their order (dkt 39) on Defendants' motion to seal.

    The Court stated, "To the extent Plaintiff now argues that Defendants failed to comply with Section 5-336(1)(b), and therefore that the settlement-related materials in Plaintiff's Motion should be unsealed, Defendants' alleged violation of that provision is—as Plaintiff recognizes— not at issue in this case. See Opp. 9."

1

Plaintiff does not believe the Court addressed that Plaintiff also has issue with how the Defendants conducted **Section 5-336(1)(A).** Perhaps it was not clear to the Court that Plaintiff was referring to **Section 5-336(1)(A)** when he wrote Docket 32 letter to the Court, but this is because he wanted to keep things ambiguous for fear of disclosing something that Defendants would want sealed. While I would like to go more into details of this aspect in this letter, it's difficult for me to do so. I don't want to write anything that would cause Defendants to want to seal this motion letter, or result in disclosing something that the Court would object to based on their order in Docket 39.

Since Defendants is motioning the Court to dismiss for time-barred, Plaintiff believes the Court ruling is hindering him from arguing his case as it pertains to time-barred. The Court saw some of the stuff Defendants did in Docket 6 and 6.1. They saw some of the communications to me from Defendants' lawyer during _____ (*redacted*). They did not see everything and the stuff I want to show in an amended complaint or an answer to Defendants' motion to dismiss for time-barred as I would like to be able to use the stuff in docket 6 and docket 6.1 and emails the Court hasn't seen from Defendants' attorney Cardelle Spangler to prove that Defendants' actions during _____ *(redacted)* was done so in a manner that induced me not to appeal the judgement issued by the Northern District of California thus further preserving my claims.

I had planned to appeal the decision within 30 days because the Northern District of California Court dismissed my Complaint without prejudice for lack of personal jurisdiction instead of transferring it to a Court that has personal jurisdiction under 28 U.S. Code § 1631. However after the case was dismissed, Defendants' attorney and I were doing something which I won't name here and during that something, I believe Defendants actions induced me not to file an appeal. I intend to prove this in either an Amended Complaint or a response to Defendants' motion to dismiss if I am allowed to show emails the Court has not yet seen during _____ (*redacted*) in combination with Dockets 6 and 6.1, and factoring in Defendants' conduct towards me during that process.

Title VII's timely-filing requirements are not jurisdictional, and as such, are subject to equitable tolling. I believe Defendants' conduct during _____ (redacted) and other factors when seen as a whole will show extraordinary circumstances where this Court should grant equitable tolling based on extraordinary circumstances and estoppel. Furthermore, I plan to show Defendants actions in _____ (redacted) resulted in a promissory estoppel that I relied upon to not file an appeal of the judgment from the Northern District of California Court, and Defendants did stuff as it relates to **5-336(1)(A)** and (redacted) me which I believe resulted in (redacted). I did not appeal to the 9th Circuit

because of (redacted).  **5-336(1)(B)** has a timing element where (redacted) and it appears the Court ordered was "not at issue in this case."  However, I believe when A and B is seen together, in addition to emails sent to me and other factors, then I can show (redacted) and be used to argue against Defendants' time-barred argument for their motion to dismiss.

      This letter is intended to be a bit ambiguous as I do not wish to violate Docket 39 order in any way.  I hope the Court can give me clarification on the matter because right now the Court order is in essence prohibiting me from fully and properly arguing my case against time-barred to survive Defendants' motion to dismiss.  I hope the Court will grant me clarification as it relates to this matter.

**Issue #2 requesting extension of time to file Amended Complaint or answer Defendants' Motion to Dismiss**

According to "Individual Rules And Practices in Civil Pro Se Cases - January 9th, 2023," it states:

> 11. **Filing and Service.**   Unless otherwise ordered by the Court, oppositions to motions shall be served and filed **within four weeks** of receipt of the motion papers, and reply papers, if any, shall be served and filed **within two weeks** of receipt of opposition papers.  Motion papers are deemed filed and served pursuant to this Rule in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, the Federal Rules of Civil Procedure, and the S.D.N.Y. Local Rules.  Pursuant to Sections 3 and 9 of the Electronic Case Filing Rules and Instructions:

It appears the 4 weeks is for "oppositions for motions" and does not appear to specifically address FRCP 15(a)(1) which "provides that a party may amend a pleading once without the court's or the opposing party's permission. This amendment must occur within 21 days of serving the pleading or—if the pleading at issue requires a responsive pleading—21 days after serving a responsive pleading or an FRCP 12(b), (e), or (f) motion (whichever happens earlier)."

Given the situation described in #1, and given that it is generally difficult for a pro se party to respond to motions to dismiss (by amending their Complaint or answering the Motion to Dismiss) and may need more time, I would like an extension to be able to submit an Amended Complaint *or* a response to Defendants' motion to dismiss by Monday, June 26, 2023.

My request appears to be either 1 week extension to file an amended complaint (based off of Individual Rules And Practices in Civil Pro Se Cases if that applies to amending complaints) or a 2 week extension going off of FRCP 15(a)(1).

**Conclusion**

I thank the Court for their time in reading both issue #1 and issue #2. I hope the Court will clarify issue #1 and grant the extension for issue #2 (an extension to be able to submit an Amended Complaint *or* a response to Defendants' motion to dismiss by Monday, June 26, 2023).

                                                    Respectfully submitted

Dated 6/12/2023                 */s/ Frank Liu*

                                                    Frank Liu

                                                    Pro Se Plaintiff