```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   FRANK LIU,

 4                  Plaintiff,

 5            v.                               22 CV 9084 (JHR)(OTW)

 6   THE NIELSEN COMPANY (US) LLC
     and TNC (US) HOLDINGS,
 7
                    Defendants.                Conference
 8                                             (via Telephone)
     ------------------------------x
 9                                             New York, N.Y.
                                               December 20, 2023
10                                             11:30 a.m.

11   Before:

12                          HON. ONA T. WANG,

13                                             U.S. Magistrate Judge

14                              APPEARANCES

15   FRANK LIU, Plaintiff *Pro Se*

16   WINSTON & STRAWN LLP
          Attorneys for Defendants
17   BY:  B. AUBREY SMITH

18

19

20

21

22

23

24

25
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

1        (Case called)

2        MR. LIU:  My name is Frank Liu, the plaintiff.

3        MR. SMITH:  This is Aubrey Smith from Winston & Strawn

4   for the defendants.

5        THE COURT:  Good morning, everyone.  I am Judge Wang

6   on the line.

7        Mr. Liu, it is good to hear from you again.

8        We are here now for a public status conference.  We

9   are proceeding by telephone.  This is a public line.  It should

10  be treated like my virtual courtroom.  I expect the same

11  decorum and manners on the line that I expect in my courtroom.

12  And because this is a public line, we should all expect the

13  members of the press or public may be on the line on a

14  listen-only basis.

15       I wanted to make very clear to everyone that this is a

16  public status conference and it is not like the confidential

17  calls that we had earlier in the year.  We do have a court

18  reporter on the line, and nobody else should be recording or

19  rebroadcasting this conference.

20       In order for us to have a clear transcript, I am going

21  to ask the parties to stay on mute when you are not talking, to

22  please say your name when you start speaking.  Please do not

23  interrupt each other.  Please make sure to speak slowly and

24  clearly because if you speak too quickly and the court reporter

25  can't get your words down, we are going to have to ask you to

1     stop and say things more slowly.

2            A failure to follow these ground rules may result in
3     muting or expulsion from the conference and, in egregious
4     cases, sanctions.

5            As I just said, we did have a number of calls to try
6     to settle the case earlier this year, and we were not able to
7     resolve the case.  I may go off the record with you both after
8     we are done with the public part of the conference, but I think
9     right now what we need to do is get some understanding of what
10    we are going to be doing if you are going to be going forward
11    with litigation.  In other words, if we are not able to settle
12    the case, we need to set some deadlines.

13           Has there been an answer filed yet?

14           Let me ask Mr. Smith first.  Procedurally, are we
15    still waiting on defendants' motion or answer?  Where are we
16    procedurally with the case?

17           MR. SMITH:  Thank you, your Honor.

18           Following the first complaint, we filed a motion to
19    dismiss.  Mr. Liu then filed an amended complaint that we
20    understand to be submitted untimely.  If the Court accepts that
21    complaint, we do intend to file a motion to dismiss, so we
22    would need just a briefing schedule on that.  But that would be
23    defendants' intention, will be to file a motion to dismiss the
24    amended complaint.

25           THE COURT:  Talk to me very briefly.  I just want to

1  say, Mr. Liu, this is also not -- this is not oral argument.  I
2  just want to understand what the nature -- what the defendants
3  are saying about whether the amended complaint was untimely or
4  not.
5            MR. LIU:  Thank you, your Honor.
6            My understanding is, in the New York district court
7  *pro se*s have four weeks, or something like that, longer period
8  than 21 days, to file the answer for the motion to dismiss.
9  And due to some sort of Federal Rules of Civil Procedure, when
10 there is a pending motion to dismiss, the plaintiff has the
11 right to file an amended complaint, which I did.  I believe
12 it's on time because, according to the local rules of New York,
13 which I believe defendant even mentioned in their motion to
14 dismiss, I had like four weeks to file my thing, so I did file
15 within four weeks, but I file an amended complaint.
16           THE COURT:  Mr. Liu, you're saying you believe you
17 have four weeks to file an amended complaint and you filed your
18 amended complaint within that four weeks?
19           MR. LIU:  Correct.  I believe -- I don't recall off
20 the top of my head right now, but I believe in their motion to
21 dismiss, in their header, or whatever the first paragraphs or
22 the notice of motion, they said something about four weeks.
23           THE COURT:  OK.  Regardless, let me hear from defense
24 counsel why you believe that the amended complaint was
25 untimely.

1            MR. SMITH:  Your Honor, it is not my understanding
2   that he had a month to file the amended complaint.  I do
3   believe it took him about four weeks to put it in.  When we
4   calculated what the deadline was for him to submit an amended
5   complaint under those rules, we understood it to be several
6   days prior to when it was filed.
7            I don't believe that we filed any sort of a motion to
8   strike it, but it was our understanding that for it to be the
9   operative complaint, it would require the Court granting leave
10  since it was untimely and we had not received that yet.  That
11  was why we had not moved forward with briefing a motion to
12  dismiss the amended complaint, which added several claims
13  there.
14           The first complaint was, I believe, limited to the
15  Title VII claim.  The new complaint has several additional
16  claims, which we do believe the substantive claims to be
17  untimely.
18           So if the Court moves forward with accepting this
19  amended complaint, then we would ask that the Court provide us
20  with a briefing schedule to submit a motion to dismiss.
21           THE COURT:  Why don't we set the briefing schedule.
22  To hear that Mr. Liu believed that he had four weeks to file
23  and he thought he was complying with the deadline, and it
24  sounds like even if he was wrong about four weeks, he would
25  have been off by only a few days.  So given that Mr. Liu is

1  representing himself, I am inclined to just let this go
2  forward, and let's get to resolution on the merits of his new
3  claim.
4           Why don't we set the briefing schedule then.  How much
5  time do you think you would need to file your motion to
6  dismiss?
7           MR. SMITH:  Your Honor, I would usually ask for
8  probably three weeks.  Given that it's the holidays, I'm
9  anticipating that the client may be away for part of it, I
10 would ask for a month.
11          THE COURT:  Let's take a look.
12          I tend to agree with you that the next couple of weeks
13 are going to be hard.  Why don't we give you January 26.
14          How much time would you need to file your opposition,
15 Mr. Liu?
16          MR. LIU:  Did you say January 26 for their deadlines
17 for the motion to dismiss, your Honor?
18          THE COURT:  Yup.
19          MR. LIU:  If possible, four weeks would be fine, 28
20 days.
21          THE COURT:  OK.  That would be February 23.
22          MR. LIU:  That sounds good.
23          I have a question, if you don't mind.
24          THE COURT:  Mr. Liu, can we get the briefing schedule
25 set first?

1           MR. LIU:  Yes.
2           THE COURT:  Because they get a reply.  After that, you
3    can ask your question.
4           MR. LIU:  OK.
5           THE COURT:  Is two weeks enough for a reply?  That
6    would put you at March 8.
7           MR. SMITH:  That's fine, your Honor.
8           THE COURT:  That's for defendants, Mr. Liu.  March 8,
9    2024 reply.
10          Go ahead, Mr. Liu.
11          MR. LIU:  Yes, your Honor.  Thank you so much.
12          Back on October 16, defendants' attorney,
13   Ms. Spangler, said:  The Court has not yet approved your filing
14   of your amended complaint or set a date for defendants to renew
15   the motion to dismiss.  Your request, among other things, is
16   premature.  Thank you.
17          I was asking her if we could start discovery, because
18   I wanted the New Jersey workers compensation case files, but
19   her email back to me was:  The Court has not approved the
20   filing of your amended complaint.  She didn't say it was
21   untimely or anything like that.  And they refused to give me my
22   New Jersey workers compensation case files.
23          So my question is, can we start discovery?
24          THE COURT:  This is a pretty long time out for the
25   briefing.

1                Mr. Smith, would defendants be amenable to providing
2    the New Jersey workers comp case file to Mr. Liu either during
3    or -- during the pendency of the motion to dismiss, or are you
4    intending to file a request to stay discovery?
5                MR. SMITH:  It's something I would like to talk with
6    my client about, your Honor.  I am not sure if they have any
7    concerns around providing those documents.  Frankly, I am not
8    sure that they have them, just because I had not.  Regarding a
9    request for workers comp, I think, as a general matter, they
10   would prefer to stay discovery until there is a ruling on the
11   motion to dismiss because I think that it may significantly
12   affect what the scope of appropriate discovery is in this case.
13               THE COURT:  I hear you.
14               Why don't you reach out to your client, discuss that,
15   and in a separate letter, and it can be a letter brief or
16   letter motion to stay discovery, if you want to, we will make
17   that due January 26 as well.
18               What I'm asking you to do is to talk to your client
19   and see whether they can agree or would agree to provide the
20   New Jersey workers comp file that Mr. Liu just identified.  I
21   am not inclined and this should not be taken -- even if they
22   agree to provide the workers comp file, this should not be
23   construed to be wholesale starting discovery full-bore
24   discovery on every single claim in the amended complaint.  It's
25   just this one thing that Mr. Liu has asked for, whether you can

1   provide it or are willing to provide it, and let me know by
2   January 26, either by a letter saying we have spoken and we are
3   going to provide it or we have provided it to Mr. Liu already,
4   or if you intend to move to stay discovery pending the motion
5   to dismiss, you will file that letter brief on the 26th.  And
6   then if Mr. Liu wants to oppose it, it will be the same
7   briefing schedule as the motion to dismiss.
8           MR. SMITH:  Yes, your Honor.  That sounds good.
9           MR. LIU:  Your Honor, that sounds great.
10          Back in October I think I believe I reminded
11  Ms. Spangler that she could do a motion to stay discovery,
12  which she did not choose to do at that time.
13          THE COURT:  We were talking settlement back then or we
14  were at the close of that.  Now that's what we are doing moving
15  forward.  OK?
16          MR. LIU:  Correct.  Thank you.
17          THE COURT:  Anything else we need to do on the record
18  at this time?
19          MR. SMITH:  Nothing from defendants, your Honor.
20          MR. LIU:  Nothing that I can I think of right now,
21  your Honor.
22          THE COURT:  Why don't we let our court reporter go.
23          I am going to request that defendants order a copy of
24  the transcript and provide a copy to Mr. Liu.  Then we will go
25  off the record.       (Adjourned)