**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FRANK LIU**, | Case No.  1:22-cv-09084-JHR-OTW |
| Plaintiff, | Judge Jennifer H. Rearden |
| v. | |
| **THE NIELSEN COMPANY (US) ET AL.**, | |
| Defendants. | |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED**
**COMPLAINT**

WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND AND STATEMENT OF FACTS .......................................... 1

    A.    Plaintiff's Employment History and Allegations................................... 1

    B.    Procedural History .......................................................................... 3

III.    APPLICABLE LEGAL STANDARDS ......................................................... 4

    A.    Requirements of Rule 12(b)(6) ......................................................... 4

    B.    In deciding this Motion, the Court may consider Plaintiff's EEOC Charge
        and filings in a California District Court ............................................. 5

IV.     PLAINTIFF'S TITLE VII CLAIMS FAIL BECAUSE THEY ARE TIME-
    BARRED AND BECAUSE PLAINTIFF FAILED TO ADEQUATELY
    ALLEGE DISCRIMINATION OR RETALIATION ......................................... 6

    A.    A claimant must file a Title VII claim within 90 days of receipt of a right-
        to-sue letter, and Plaintiff failed to do so .......................................... 6

    B.    Plaintiff has failed to adequately allege discrimination under Title VII ................ 8

    C.    Plaintiff has failed to adequately allege retaliation under Title VII..................... 10

V.      PLAINTIFF'S ADA CLAIMS FAIL BECAUSE THEY ARE TIME-BARRED,
    BECAUSE HIS INJURY DID NOT QUALIFY AS A DISABILITY UNDER
    THE ACT, AND BECAUSE NIELSEN DID NOT COMMIT ANY
    DISCRIMINATION ................................................................................. 11

    A.    The same legal standards as set forth above regarding the timeliness of
        Title VII claims apply to ADA claims, and thus Plaintiff's ADA claims
        are time-barred ............................................................................... 11

    B.    Plaintiff's sprained ankle was a temporary, mild injury that does not
        qualify as a disability for purposes of the ADA ................................... 12

    C.    Nielsen's practice of requiring an adequate return-to-work letter does not
        qualify as discrimination under the Act.............................................. 14

VI.     PLAINTIFF'S NYSHRL CLAIMS FAIL BECAUSE THEY ARE TIME-
    BARRED AND BECAUSE PLAINTIFF FAILED TO ADEQUATELY
    ALLEGE DISCRIMINATION OR RETALIATION ...................................... 15

i

A.    A claimant must file a NYSHRL claim within three years, and Plaintiff failed to do so .................................................................................................... 15

B.    Plaintiff has failed to adequately allege race discrimination or retaliation under the NYSHRL ................................................................................................ 16

C.    Plaintiff has failed to adequately allege disability discrimination or retaliation under the NYSHRL ..................................................................... 16

VII.    PLAINTIFF'S FLSA WAGE VIOLATION CLAIM IS TIME-BARRED AND FAILS TO STATE A CLAIM WITH SPECIFICITY ..................................... 16

A.    Plaintiff's FLSA claim is also time-barred under either the statute's two- or three-year statute of limitations ...................................................... 16

B.    Plaintiff fails to meet the pleading standard under Rule 12(b)(6) ...................... 17

VIII.    CONCLUSION ................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. WestPoint-Pepperell, Inc.*,
   945 F.2d 40 (2d Cir. 1991)..................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................4

*Barbosa v. Continuum Health Partners, Inc.*,
   716 F. Supp. 2d 210 (S.D.N.Y. 2010).............................................................................6

*Beachum v. AWISCO N.Y.*,
   785 F. Supp. 2d 84 (S.D.N.Y. 2011)...............................................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................4

*Brady v. Wal–Mart Stores, Inc.*,
   531 F.3d 127 (2d Cir.2008).............................................................................................12

*Chalasani v. Fran*,
   No. 13-cv-06535, 2015 WL 2129773 (S.D.N.Y. Feb. 13, 2015), *report and
   recommendation adopted*, No. 13-cv-6535, 2015 WL 2137707 (S.D.N.Y. May
   6, 2015) ............................................................................................................................6

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002).............................................................................................5

*Copeland v. Rosen*,
   25 F. App'x 17 (2d Cir. 2001) .........................................................................................7

*Cornetta v. Town of Highlands*,
   434 F. Supp. 3d 171 (S.D.N.Y. 2020).............................................................................13

*Deering v. City of N.Y.*,
   No. 21-cv-3601, 2023 WL 3997261 (E.D.N.Y. June 14, 2023).....................................13

*Dejesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013)..............................................................................................17

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010).............................................................................................5

*In re Ditech Holding Corp.*,
   No. 19-10412, 2021 WL 3439430 (Bankr. S.D.N.Y. Aug. 4, 2021)...............................17

*Duplan v. City of New York*,
    888 F.3d 612 (2d Cir. 2018)..................................................................................................10

*Elgendy v. City of N.Y.*,
    No. 99-civ-5196, 2000 WL 1119080 (S.D.N.Y. Aug. 7, 2000) ...............................................7

*Elliot-Leach v. N.Y.C. Dep't of Educ.*,
    201 F. Supp. 3d 238 (E.D.N.Y. 2016) ...................................................................................17

*Elmore v. Henderson*,
    227 F.3d 1009 (7th Cir. 2000) .................................................................................................7

*Farina v. Branford Bd. of Educ.*,
    458 Fed. Appx. 13 (2d Cir.2011)............................................................................................9

*Ferring B.V. v. Serenity Pharms., LLC*,
    391 F. Supp. 3d 265 (S.D.N.Y. 2019)......................................................................................5

*Foster v. Walgreen Co.*,
    12 F. Supp. 3d 615 (W.D.N.Y. 2014) ................................................................................6, 11

*Gentile v. Potter*,
    509 F. Supp. 2d 221 (E.D.N.Y. 2007) ..................................................................................14

*Harris v. U.S. Secret Serv.*,
    605 F. Supp.3d 410 (N.D.N.Y. 2022) ...................................................................................17

*Hill v. Rayboy-Brauestein*,
    467 F. Supp. 3d 336 (S.D.N.Y. 2006).....................................................................................9

*Holmes v. N.Y.C. Dep't of City Wide Admin. Servs.*,
    No. 14-cv-8289, 2015 WL 1958941 (S.D.N.Y. Apr. 30, 2015) ............................................12

*Howley v. Town of Stratford*,
    217 F.3d 141 (2d Cir. 2000).................................................................................................10

*Hughes v. Elmira Coll.*,
    584 F. Supp. 2d 588 (W.D.N.Y. 2008) ..................................................................................6

*Inclan v. N.Y. Hosp. Grp., Inc.*,
    95 F. Supp. 3d 490 (S.D.N.Y. 2015).....................................................................................16

*Jackson v. N.Y.C. Transit Auth.*,
    No. 19-cv-5351, 2022 WL 137686 (S.D.N.Y. Jan. 14, 2022) ...............................................11

*Jantz v. Emblem Health*,
    2012 WL 370297 (S.D.N.Y. Feb. 6, 2012).............................................................................10

*Johnson v. Al Tech Specialties Steel Corp.*,
   731 F.2d 143 (2d Cir. 1984)..................................................................6, 8

*Johnson v. Nyack Hosp.*,
   86 F.3d 8 (2d Cir. 1996)..........................................................................7

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007)..................................................................15

*Kilgannon v. Social Sec. Admin.*,
   No. 1:20-cv-01891, 2021 WL 4523505 (S.D.N.Y. Sept. 30, 2021) ......................................10

*Kruger v. Hamilton Manor Nursing Home*,
   10 F. Supp. 3d 385 (W.D.N.Y. 2014)..........................................................12, 13

*Laface v. E. Suffolk BOCES*,
   No. 2:18-cv-1314, 2020 WL 2489774 (E.D.N.Y. May 14, 2020).........................................14

*Legrá v. Bd. of Educ. of the City Sch. Dist. of N.Y.*,
   No. 14-cv-9245, 2016 WL 6102369 (S.D.N.Y. Oct. 19, 2016)...........................................12

*Lopez v. Advantage Plumbing & Mech. Corp.*,
   No. 15-cv-4507, 2016 WL 1268274 (S.D.N.Y. Mar. 31, 2016)...........................................9

*Love v. Premier Utility Servs., LLC*,
   186 F. Supp. 2d 248 (E.D.N.Y. 2016) ........................................................10

*Maiurano v. Cantor Fitzgerald Secs.*,
   No. 19-civ-10042, 2021 WL 76410 (S.D.N.Y. Jan. 8, 2021)...........................................16

*Mazur v. N.Y.C. Dep't of Educ.*,
   53 F. Supp. 3d 618 (S.D.N.Y. 2014)..........................................................13

*McCarrick v. Corning, Inc.*,
   No. 18-cv-6435, 2019 WL 5618422 (W.D.N.Y. Oct. 31, 2019) ........................................13

*Moore v. City of N.Y.*,
   No. 15-civ-4578, 2016 WL 3963120 (S.D.N.Y. July 21, 2016)..........................................12

*Motta v. Global Contract Servs. Inc.*,
   No. 15-civ-8555, 2016 WL 2642229 (S.D.N.Y. May 4, 2016)............................................9

*Muhammad v. N.Y.C. Transit Auth.*,
   450 F. Supp. 2d 198 (E.D.N.Y. 2006) ........................................................5

*Neitzke v. Williams*,
   490 U.S. 319 (1989)..........................................................................4

*Nieblas-Love v. N.Y.C. Housing Auth.*,
   165 F. Supp. 3d 51 (S.D.N.Y. 2016) ..........................................................................9

*O'Hara v. Bd. of Coop. Ed. Servs., S. Westchester*,
   No. 18-cv-8502, 2020 WL 1244474 (S.D.N.Y. Mar. 16, 2020) ..............................12

*Parsons v. JP Morgan Chase Bank*,
   No. 16-cv-0408, 2018 WL 4861379 (E.D.N.Y. Sept. 30, 2018) ..............................8

*Payne v. Cornell Univ.*,
   No. 18-cv-1442, 2021 WL 39684 (N.D.N.Y. Jan. 5, 2021) ...........................14, 15

*Pender v. Potter*,
   2005 WL 1074961 (E.D.N.Y. May 4, 2004) ..........................................................11

*Perard v. Jamaica Hosp. Med. Ctr.*,
   No. 18-cv-6661, 2020 WL 5633153 (E.D.N.Y. Sept. 20, 2020) ..............................11

*Rasmussen v. Sigma Corp.*,
   27 F. Supp. 2d 388 (E.D.N.Y. 1998) ..............................................................6, 11

*Ricci v. DeStefano*,
   557 U.S. 557 (2009) ................................................................................................9

*Richardson v. N.Y. State Dep't of Corr. Serv.*,
   180 F.3d 426 (2d Cir. 1999) ..................................................................................10

*Rodriguez v. Verizon Telecom*,
   No. 13-CV-6969 PKC DCF, 2014 WL 6807834 (S.D.N.Y. Dec. 3, 2014) ...............12

*S. v. Saab Cars USA, Inc.*,
   28 F.3d 9 (2d Cir. 1994) ..........................................................................................6

*Schaper v. Bronx Lebanon Hosp. Ctr.*,
   408 S. Supp. 3d 379 (S.D.N.Y. Sept. 30, 2019) ......................................................10

*Shaughnessy v. Xerox Corp.*,
   No. 12-cv-6158, 2015 WL 1431687 (W.D.N.Y. Mar. 27, 2015) .....................13, 14

*Tenecora v. Ba-Kal Rest. Grp.*,
   No. 2:18-cv-7311, 2021 WL 424364 (E.D.N.Y. Feb. 8, 2021) ..............................16

*Tiberio v. Allergy Asthma Immunology of Rochester*,
   664 F.3d 35 (2d Cir. 2011) ......................................................................................6

*Tolbert v. Smith*,
   790 F.3d 427 (2d Cir. 2015) ..................................................................................16

vi

*Toolan v. Bd. of Educ. of City of N.Y.*,
    No. 02-civ-6989, 2003 WL 22015437 (S.D.N.Y. Aug. 25, 2003) ...........................................8

*Urli v. Town of Hempstead Sanitary Dist. No. 7*,
    2021 WL 4311141 (E.D.N.Y. Sept. 22, 2021) .......................................................................16

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015).................................................................................................8, 11

*Zerilli-Edelglass v. N.Y.C. Transit Auth.*,
    333 F.3d 74 (2d Cir. 2003)......................................................................................................8

*Zheng-Smith v. Nassau Health Care Corp.*,
    486 F. Supp. 3d 611 (E.D.N.Y. 2020) ....................................................................................8

**Statutes**

42 U.S.C.A. § 12102(1) ...............................................................................................................12

42 U.S.C. § 2000e-5(f).................................................................................................................7

42 U.S.C. § 2000e-5(f)(1)........................................................................................................6, 11

42 U.S.C. § 12102(3)(B)........................................................................................................13, 14

42 U.S.C. § 12103(3) ..................................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)................................................................................................................3

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 4, 5, 17

N.Y. Senate Bill S6594/A8424 ...................................................................................................16

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants The Nielsen Company (US) LLC and TNC US Holdings (collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss the Amended Complaint filed by Plaintiff Frank Liu ("Plaintiff") with prejudice for failure to state a claim for which relief can be granted.

In his Amended Complaint, Plaintiff alleges claims against Defendants for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); disability discrimination under The Americans with Disabilities Act of 1990 ("ADA"); a claim for failure to pay wages under the Fair Labor Standards Act ("FLSA"); and claims for race discrimination, disability discrimination, and retaliation under the New York State Human Rights Law ("NYSHRL"). Am. Compl. ¶¶ 52-62 (ECF No. 44).  As detailed below, even if Plaintiff's allegations are taken as true, Plaintiff's claims should be dismissed in their entirety.  Both the Title VII and ADA claims are time-barred for failure to bring those claims in this action within 90 days of Plaintiff's receipt of a right to sue notice from the Equal Employment Opportunity Commission ("EEOC").  Likewise, Plaintiff's claims under the NYSHRL are time-barred for failure to assert those claims within the three-year statute of limitations.  Plaintiff also fails to allege any discriminatory conduct or protected activity that resulted in an adverse action for any of his discrimination claims.  As to his FLSA wage claim, Plaintiff's Amended Complaint does not meet the notice-pleading threshold and is time-barred on account of his failure to bring that claim within the statute of limitations.

## II.    BACKGROUND AND STATEMENT OF FACTS[1]

### A.    Plaintiff's Employment History and Allegations

The Nielsen Company ("Nielsen") hired Plaintiff in January 2016.  Compl. ¶ 10 (ECF No. 1).  Nielsen terminated Plaintiff's employment on April 23, 2019, but paid him until April 26,

---

[1] For purposes of this Motion, Defendants take the factual allegations set forth in the Complaint and Amended Complaint as true.  Defendants reserve all rights to contest those allegations.

2019, so that he could return company property and his rental car. *Id.*, Ex. F. Plaintiff's allegations of race discrimination stem from two incidents in early 2019. First, he alleges that during a February 20, 2019 phone call, a manager used a racial term with Plaintiff. Am. Compl. ¶ 10. Second, Plaintiff alleges that a coworker sent "offensive and racist" photos and texts to a work group chat that included Plaintiff on March 4, 2019. *Id.* ¶ 12. Due to these alleged incidents, Plaintiff states he ceased to participate on team conference calls. *Id.* ¶ 54. Plaintiff alleges this led to him suffering an adverse employment action when a manager graded him an "inconsistent contributor" on an annual performance review on March 20, 2019. *Id.* ¶ 55. Plaintiff also alleges he suffered discrimination via his designation as a bilingual employee receiving a pay incentive for his ability to speak Mandarin, which he claims led to Nielsen managers assigning him recruitment areas with largely Asian-American demographics and reassigning non-English speaking households of Asian descent from other membership representatives to Plaintiff. *Id.* ¶¶ 52-53. Plaintiff claims that this language pay incentive program affected his monthly bonus payments and performance metrics. *Id.* ¶ 52. Plaintiff claims that he informed Nielsen human resources that he planned to file a charge with the EEOC on March 20, 2019, regarding the above incidents, for which Nielsen allegedly retaliated by terminating his employment on April 23, 2019. *Id.* ¶¶ 15, 35.

Plaintiff also alleges disability discrimination. Plaintiff states he sprained his ankle on March 14, 2019. *Id.* ¶ 14. On April 1, 2019, Plaintiff alleges he was asked to cease working until he received a return-to-work letter. *Id.* ¶ 17. Plaintiff claims Nielsen Human Resources informed him on April 18, 2019, that he would be placed on unpaid leave unless Nielsen received an adequate return-to-work letter by April 22, 2019. *Id.* ¶ 27. Plaintiff claims he did not receive a return-to-work letter until April 23, 2019, due to issues with finding providers that accepted Nevada workers' compensation insurance and his initial doctor refusing to provide necessary information. *Id.* ¶¶ 17-32. Plaintiff claims that Nielsen discriminated against him in violation of the ADA by treating him as if he had a disability and refusing to allow him to work until he provided a return-to-work letter. *Id.* ¶ 58.

Finally, Plaintiff vaguely alleges "wage issues in violation" of the FLSA, due to a manager telling him to "roll back" his timecard in May 2016, and a manager telling him not to clock work done in 2019.  *Id.* ¶ 62.  He also alleges broad and conclusory "timecard issues" and "syncing issues" without providing any explanation as to how these affected his hours and compensation.  *Id.* ¶¶ 48, 62.  None of Plaintiff's allegations contain any reference to specific dates or time frames, numbers, or details about hours worked for which he did not receive compensation, or references to particular provisions of the FLSA.

### B.    Procedural History

On September 25, 2019, Plaintiff filed a charge of discrimination with the EEOC, alleging he was discriminated against based on his race and disability, and retaliated against for complaining about race discrimination.  Declaration of Caitlin W. Tran ("Tran Decl."), Ex. 1 (ECF No. 30).[2]

On June 25, 2021, the EEOC issued a Dismissal and Notice of Rights, specifically advising Plaintiff that he had 90 days from his receipt of the notice to file a claim under Title VII.  Am. Compl. ¶ 68.  In his initial Complaint, Plaintiff acknowledged he was aware of this deadline, specifically stating that he returned to the United States to file a lawsuit against Defendants before the expiration of his 90 days right-to-sue notice.  Compl. ¶ 8 ("[Plaintiff] recently returned to the USA in order to beat the statute of limitations for the 90 day right to sue letter issued by the EEOC.").

On September 20, 2021, Plaintiff filed a complaint against Defendants in the United States District Court for the Northern District of California, Case No. C21-07313-JSW, alleging a single cause of action for "retaliation and wrongful termination" in violation of Title VII (the "California Action").  Tran Decl., Ex. 2.  On September 23, 2022, the Northern District of California issued an Order granting Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Compl. at 36-42) and issued a Judgment dismissing

---

[2] The Declaration of Caitlin W. Tran was submitted with Defendants' earlier Motion to Dismiss Complaint and is incorporated herein.  (ECF No. 30.)

Plaintiff's California Action without prejudice (Tran Decl., Ex. 3.). Plaintiff chose not to appeal the judgment issued by the Northern District of California.

On October 22, 2022, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York virtually identical to his initial Complaint in the Northern District of California (the "SDNY Complaint").[3] Defendants filed a motion to dismiss Plaintiff's SDNY Complaint on May 23, 2023. (ECF Nos. 28-29.) Before the Court ruled on that motion, Plaintiff filed an Amended Complaint on June 20, 2023, in which he asserted additional claims under the NYSHRL, the ADA, and the FLSA, invoking these statutes for the first time, as well as his claims from the SDNY Complaint under Title VII. (ECF No. 44.)

## III.    APPLICABLE LEGAL STANDARDS

### A.    Requirements of Rule 12(b)(6)

Rule 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. A plaintiff must plead facts that make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face.") (internal citations omitted). A claim is not plausible unless the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12 operates to "streamline[] litigation by dispensing with needless discovery and factfinding" and eliminate claims based on dispositive issues of law. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Accordingly, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citations omitted).

---

[3] The only difference between the two complaints is that Plaintiff added a caption page and a 1.5-page cover letter at the beginning of the SDNY Complaint. He also added the Order granting Defendants' Motion to Dismiss in the California Action to the end of his SDNY Complaint. Tran Decl., Ex. 2; (ECF No. 1).

**B.** **In deciding this Motion, the Court may consider Plaintiff's EEOC Charge and filings in a California District Court**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may consider "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002). Where a document is not incorporated by reference, it may nevertheless be considered by the court where the document is "integral" to the complaint and "no dispute exists regarding the authenticity or accuracy of the document." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quotation and citation omitted).

In ruling on a 12(b)(6) motion, courts may properly consider filings in another action and EEOC filings (including charges and right-to-sue letters) because such documents are public documents of which judicial notice may be taken and because they are integral to a complaint alleging discrimination. *Ferring B.V. v. Serenity Pharms., LLC*, 391 F. Supp. 3d 265, 287 n.9 (S.D.N.Y. 2019) ("On a motion under Fed. R. Civ. P. 12(b), the Court can take judicial notice of filings in another action."); *Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (E.D.N.Y. 2006) (considering the plaintiff's EEOC charge and the agency's determination, which are public records that were expressly referred to in the pleading, in deciding the defendant's motion to dismiss the plaintiff's Title VII claims).

As such, Defendants respectfully request that this Court consider and take judicial notice of Plaintiff's charge, Plaintiff's initial Complaint filed in the California Action, and the Judgment dismissing the California Action, which are attached as Exhibits 1 through 3 to the Declaration of Caitlin W. Tran submitted with Defendants' first Motion to Dismiss. (ECF No. 30.)

IV.   **PLAINTIFF'S TITLE VII CLAIMS FAIL BECAUSE THEY ARE TIME-BARRED AND BECAUSE PLAINTIFF FAILED TO ADEQUATELY ALLEGE DISCRIMINATION OR RETALIATION**

A.   **A claimant must file a Title VII claim within 90 days of receipt of a right-to-sue letter, and Plaintiff failed to do so**

Plaintiff's claims under Title VII must be dismissed because they were filed after the expiration of the applicable filing period. A complaint asserting claims under Title VII must be filed within 90 days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *S. v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994). "The 90-day limit is strictly construed." *Foster v. Walgreen Co.*, 12 F. Supp. 3d 615, 617 (W.D.N.Y. 2014) (citing *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where plaintiff filed complaint 90 days after right-to-sue letter received). "The requirement that a lawsuit be brought within 90 days of receiving a right to sue letter from the EEOC is treated like a statute of limitations." *Rasmussen v. Sigma Corp.*, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998). "[T]his is a basic element of federal civil procedure to which a pro se plaintiff must adhere." *Chalasani v. Fran*, No. 13-cv-06535, 2015 WL 2129773, at *4 (S.D.N.Y. Feb. 13, 2015), *report and recommendation adopted*, No. 13-cv-6535, 2015 WL 2137707 (S.D.N.Y. May 6, 2015). Failure to comply with the 90-day time requirement will result in dismissal of the complaint. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) ("While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.") (internal citation omitted).

"[A] court may assume that a right-to-sue letter was mailed on the date shown on the document . . . [and] that a mailed document was received three days after mailing." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 216 (S.D.N.Y. 2010); *see also Foster*, 12 F. Supp. 3d at 618 n.3 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) ("There is a . . . presumption that a mailed document is received three days after its mailing.")).

If, as here, a claim is dismissed without prejudice, it is treated as if it was never filed.

*Elgendy v. City of N.Y.*, No. 99-civ-5196, 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2000); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("The filing of a suit stops the running of the statute of limitations, though only contingently. . . . [I]f the suit is dismissed without prejudice . . . the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."). The refiled claims are therefore time-barred for failure to file within the 90-day period. *Copeland v. Rosen*, 25 F. App'x 17, 19-20 (2d Cir. 2001) ("[A] Title VII action pursuant to 42 U.S.C. § 2000e-5(f) must be brought within 90 days of receipt of an EEOC right-to-sue letter, and the timely filing of a complaint does not suspend the limitations period. . . . [A] refiled action would now be time-barred."); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996) ("[W]here the action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar because the dismissal in and of itself does not halt the running of the limitations period.").

The relevant dates are as follows:

- September 25, 2019: Plaintiff filed his administrative charge with the EEOC (Tran Decl., Ex. 1);
- June 25, 2021: The EEOC mailed a Notice of Right-to-Sue letter to Plaintiff (Compl. at 32-35);
- September 20, 2021: Plaintiff filed the California Action (Tran Decl., Ex. 2);
- September 26, 2021: Plaintiff's 90-day deadline to file his Title VII claim;
- September 23, 2022: Plaintiff's California Action was dismissed without prejudice (Compl. at 36-42; Tran Decl., Ex. 3);
- October 20, 2022: Plaintiff filed his SDNY Complaint; and
- June 20, 2023: Plaintiff filed his Amended Complaint.

The right-to-sue letter states that it was mailed on June 25, 2021, and Plaintiff is presumed to have received it three days later, on June 28, 2021. Therefore, Plaintiff was required to bring suit under Title VII on or before September 26, 2021.

Plaintiff filed the California Action on September 20, 2021. His 90-day deadline expired on September 26, 2021. Plaintiff's California Action was dismissed on September 23, 2022,

without prejudice.  Plaintiff then filed his initial Complaint in this action on October 22, 2022—
***more than one year after his 90-day statute of limitations period expired***.  He then filed the
Amended Complaint that is the subject of this Motion on June 20, 2023— ***nearly twenty-one
months after his 90-day statute of limitations period expired.***

Because Plaintiff's Complaint was filed beyond the limitations period for a Title VII claim,
Plaintiff's Title VII claims must be dismissed.  *See Johnson*, 731 F.2d at 146 (affirming summary
judgment for defendant on plaintiff's Title VII claim, where plaintiff also filed his pro se complaint
97 days after receiving a right-to-sue letter); *see also Toolan v. Bd. of Educ. of City of N.Y.*, No.
02-civ-6989, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) (granting motion to dismiss
Title VII claim as untimely, where lawsuit was filed 91 days after receipt of right-to-sue letter)
(citing, *inter alia*, *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003)
(affirming dismissal of complaint received by pro se office 92 days after receipt of right-to-sue
notice)).

### B.    Plaintiff has failed to adequately allege discrimination under Title VII

As to his claim for raced-based discrimination, Plaintiff's claim also should be dismissed
because he has not alleged any discriminatory conduct or an adverse employment action.  For
claims under Title VII, a plaintiff must "plausibly allege that (1) the employer took adverse action
against him and (2) his race . . . was a motivating factor in the employment decision."  *Vega v.
Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  A plaintiff may do this by
"alleging facts that directly show discrimination or facts that indirectly show discrimination by
giving rise to a plausible inference of discrimination." *Id.*  "'[S]tray remarks, even if made by a
decisionmaker, do not constitute sufficient evidence to make out a case of employment
discrimination without more.'"  *Zheng-Smith v. Nassau Health Care Corp.*, 486 F. Supp. 3d 611,
621 (E.D.N.Y. 2020) (quoting *Parsons v. JP Morgan Chase Bank*, No. 16-cv-0408, 2018 WL
4861379, at *11 (E.D.N.Y. Sept. 30, 2018)).  Additionally, "[n]egative reports or evaluations alone
are generally not adverse employment actions," and only become such "when they give rise to

'material changes in work conditions.'"  *Hill v. Rayboy-Brauestein*, 467 F. Supp. 3d 336, 351 (S.D.N.Y. 2006).

Plaintiff's allegations supporting his race discrimination claim focus on one comment and stray texts in a group chat, neither of which is sufficient to establish a case of discrimination.  Am. Compl. ¶¶ 10, 12.  Plaintiff also alleges that being graded an "inconsistent contributor" by a manager during an annual performance review was the adverse employment action he suffered (*Id.* ¶ 55), but he himself admits that at that point he had stopped speaking during conference calls (*Id.* ¶¶ 11, 54).  He also does not allege that this grading affected his overall evaluation or any material aspect of his job.  As such, Plaintiff has alleged neither discriminatory conduct nor an adverse employment action, and his discrimination claim should be dismissed.

Plaintiff has also failed to state a claim for discrimination in connection with the language pay incentive program.  Plaintiff alleges the language pay incentive program harmed his monthly bonuses and performance metrics, but the language pay incentive program, which rewarded Plaintiff with extra pay for his ability to speak Mandarin, was inherently a benefit to him, not a detriment.  Plaintiff also has not plausibly alleged that his inclusion in the language pay incentive program was because of his race, rather than because he had a skill set that Nielsen needed, namely, the ability to speak Mandarin.  *See Motta v. Global Contract Servs. Inc.*, No. 15-civ-8555, 2016 WL 2642229, at *2 (S.D.N.Y. May 4, 2016) ("'Disparate-treatment cases . . . occur where an employer has treated a particular person less favorably *because of a protected trait.*'") (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)) (emphasis added); *see also Nieblas-Love v. N.Y.C. Housing Auth.*, 165 F. Supp. 3d 51, 69 (S.D.N.Y. 2016) (finding a "language preference policy" did "not discriminate on the basis of any protected classification"); *Lopez v. Advantage Plumbing & Mech. Corp.*, No. 15-cv-4507, 2016 WL 1268274, at *4 (S.D.N.Y. Mar. 31, 2016) ("Workplace language requirements do not necessarily constitute discrimination because language, by itself, does not identify members of a suspect class.") (internal citation omitted).  Further, performance evaluations that do not otherwise affect the terms or conditions of employment cannot constitute an adverse employment action.  *See*, *e.g.*, *Farina v. Branford Bd. of Educ.,* 458 Fed. Appx. 13, 17

(2d Cir.2011) ("'While negative employment evaluation letters[ ] or reprimands may be considered adverse employment actions,' that is not the case where there is 'no proof that [the] evaluation had any effect on the terms and conditions of [the plaintiff's] employment.'") (citations and internal quotation marks omitted); *Jantz v. Emblem Health*, No. 10-civ-6076, 2012 WL 370297, at *9 (S.D.N.Y. Feb. 6, 2012) ("[N]egative evaluations without accompanying adverse results are not sufficient to constitute adverse employment actions.")

Finally, while Plaintiff does not clearly allege he suffered a hostile work environment, any such claim should also be dismissed because "offhand comments[] and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment," and being graded an "inconsistent contributor" is not sufficient to constitute a discriminatory change in employment. *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 S. Supp. 3d 379, 397 (S.D.N.Y. Sept. 30, 2019); *see also Love v. Premier Utility Servs., LLC*, 186 F. Supp. 2d 248, 255-56 (E.D.N.Y. 2016) (dismissing plaintiffs' claims of hostile work environment based on use of racial slurs because each plaintiff "allege[d] to have witnessed only one discriminatory remark"); *Kilgannon v. Social Sec. Admin.*, No. 1:20-cv-01891, 2021 WL 4523505, at *8 (S.D.N.Y. Sept. 30, 2021) (dismissing plaintiff's hostile work environment claim because "threatening comments," including statements that the speaker knew where the plaintiff lived and had a weapon, were not sufficient absent an "allegation of physical assault"); *cf. Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (finding sufficient a single incident of vile and sexually explicit abuse of a female firefighter that was witnessed by her subordinates and created a justified fear that she would be left in peril at fire scenes); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999) (finding sufficient a single incident of sexual assault).

## C.    Plaintiff has failed to adequately allege retaliation under Title VII

For a retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) because he has opposed any unlawful employment practice." *Duplan v. City of New York*, 888

F.3d 612, 625 (2d Cir. 2018) (quoting *Vega*, 801 F.3d at 90).  Plaintiff has failed to adequately allege the second prong.  Here, he alleges only that Nielsen Human Resources employees were "aware of [his] protected activity" without providing any reason that this is true beyond his own conclusory statement.  Am. Compl. ¶ 57.  Further, he admits that despite asking the alleged recipients of the email in which he stated that he was "thinking about going to the EEOC" to confirm receipt, none of them ever did.  *Id.* ¶¶ 31, 33; *see Perard v. Jamaica Hosp. Med. Ctr.*, No. 18-cv-6661, 2020 WL 5633153, at *17 (E.D.N.Y. Sept. 20, 2020) (agreeing with defendant that plaintiff could not establish retaliation under Title VII or the NYSHRL because she could not "show that . . . defendant was aware of the protected activity"); *Pender v. Potter*, No. 03-cv-1595, 2005 WL 1074961, at *3 (E.D.N.Y. May 4, 2004) (dismissing plaintiff's retaliation claim where there was "no evidence that the defendants had any knowledge of" plaintiff's protected activity). To the extent Plaintiff alleges he was prevented from working after his injury in retaliation for him expressing a desire to report discrimination (Am. Compl. ¶ 59), it is clear that requiring an adequate return-to-work letter for Plaintiff to continue working was not a discriminatory, retaliatory, or otherwise illegal action on Nielsen's part. *See infra* Section V(C).

**V.    PLAINTIFF'S ADA CLAIMS FAIL BECAUSE THEY ARE TIME-BARRED, BECAUSE HIS INJURY DID NOT QUALIFY AS A DISABILITY UNDER THE ACT, AND BECAUSE NIELSEN DID NOT COMMIT ANY DISCRIMINATION**

**A.    The same legal standards as set forth above regarding the timeliness of Title VII claims apply to ADA claims, and thus Plaintiff's ADA claims are time-barred**

A complaint asserting claims under the ADA must be filed within 90 days of the claimant's receipt of a right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1); *Jackson v. N.Y.C. Transit Auth.*, No. 19-cv-5351, 2022 WL 137686, at *5 (S.D.N.Y. Jan. 14, 2022).  This 90-day limit is strictly construed and treated like a statute of limitations.  *Foster*, 12 F. Supp. at 617; *Rasmussen*, 27 F. Supp. 2d at 391.

As established, Plaintiff failed to file his SDNY Complaint within 90 days of his receipt of a right-to-sue letter.  His 90-day deadline expired on September 26, 2021.  His SDNY Complaint

was filed on October 22, 2022, and his Amended Complaint, in which he raised claims under the ADA for the first time, was filed on June 20, 2023.  Therefore, his ADA claims are untimely and must be dismissed.  *See Moore v. City of N.Y.*, No. 15-civ-4578, 2016 WL 3963120, at *7 (S.D.N.Y. July 21, 2016) (dismissing pro se plaintiff's ADA claims that were filed 95 days after plaintiff received right-to-sue letter); *Legrá v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, No. 14-cv-9245, 2016 WL 6102369, at *2 (S.D.N.Y. Oct. 19, 2016) (dismissing pro se plaintiff's ADA claims filed 95 days after plaintiff received right-to-sue letter).

### B.    Plaintiff's sprained ankle was a temporary, mild injury that does not qualify as a disability for purposes of the ADA

In addition to being time-barred, Plaintiff's disability discrimination claim under the ADA should be dismissed because he has not claimed to have had a qualifying disability.  To establish disability discrimination under the ADA, a plaintiff must demonstrate: "(a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." *Rodriguez v. Verizon Telecom*, No. 13-cv-6969, 2014 WL 6807834, at *3 (S.D.N.Y. Dec. 3, 2014) (quoting *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008)).  A qualifying disability under the ADA refers to "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C.A. § 12102(1); *see also O'Hara v. Bd. of Coop. Ed. Servs., S. Westchester*, No. 18-cv-8502, 2020 WL 1244474, at *12 (S.D.N.Y. Mar. 16, 2020) ("a qualifying disability 'must limit a major life activity and the limitation must be substantial'").

"Generally, short term, temporary restrictions are not 'substantially limiting' and do not render a person 'disabled' under the ADA." *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014).  Courts in this Circuit have repeatedly held that short-term injuries do not qualify as disabilities for purposes of the ADA, even when they require surgery and medical leave.  *See, e.g.*, *Holmes v. N.Y.C. Dep't of City Wide Admin. Servs.*, No. 14-cv-8289, 2015 WL

1958941, at *4 (S.D.N.Y. Apr. 30, 2015) (dismissing Plaintiff's ADA claim because his "temporary, transitory" knee injury was "treatable with physical therapy and possibly surgery, and [] medical providers repeatedly indicated to [Plaintiff] that he would be capable of returning to work by the end [of the year]"); *Shaughnessy v. Xerox Corp.*, No. 12-cv-6158, 2015 WL 1431687, at *4 (W.D.N.Y. Mar. 27, 2015) (finding the plaintiff failed to establish he was disabled under the ADA because his "ankle sprain was a temporary, non-severe impairment that did not substantially limit plaintiff's ability to perform major life functions"); *Mazur v. N.Y.C. Dep't of Educ.*, 53 F. Supp. 3d 618, 635-36 (S.D.N.Y. 2014) (finding plaintiff's sprained ankle did not qualify as a disability under the ADA because she was able to return to work after six weeks with the use of a cane); *Deering v. City of N.Y.*, No. 21-cv-3601, 2023 WL 3997261, at *5 (E.D.N.Y. June 14, 2023) (dismissing plaintiff's ADA claim because he pleaded no limitations "aside from being placed on restricted duty and given sick leave"); *McCarrick v. Corning, Inc.*, No. 18-cv-6435, 2019 WL 5618422, at *2 (W.D.N.Y. Oct. 31, 2019) (finding plaintiff's dislocated elbow was not a qualifying disability under the ADA because plaintiff simply alleged he "could not use his arm normally or work for two weeks"); *Cornetta v. Town of Highlands*, 434 F. Supp. 3d 171, 186 (S.D.N.Y. 2020) (dismissing plaintiff's claim for ADA disability discrimination because his torn labrum and injured disc in his neck did not qualify as a disability "[a]lthough [they] may have required surgery").

The second prong of an ADA discrimination case can also be satisfied if a plaintiff shows they were "regarded as suffering from a disability within the meaning of the ADA," but this does not apply to short-term injuries. "Pursuant to 42 U.S.C. § 12103(3), the 'being regarded as having such an impairment' category 'shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Kruger,* 10 F. Supp. 3d at 389-90 (citing 42 U.S.C. § 12102(3)(B) (current)).

Here, Plaintiff's alleged injury was far from being severe enough to qualify as a disability under the ADA. He himself referred to his injury as "temporary" (Am. Compl. ¶ 58) and admitted that he desired to "get a return to work letter that had no restrictions" (*Id.* ¶ 60), as he felt able to and "wanted to go back to work" (*Id.* ¶ 27). At most, Plaintiff was limited to walking four hours

a day.  *Id.* ¶ 22.  Another Court in this Circuit has already held an ankle sprain was not a qualifying disability where "within a month of the injury, plaintiff's doctor determined that he could return to work and stand or walk continuously for four hours." *Shaughnessy*, 2015 WL 1431687, at *4. Even though Plaintiff claims Defendants "treated [him] as if he had a disability," (Am. Compl. ¶ 59), his sprained ankle is a "transitory and minor" injury that does not qualify under the "being regarded as having such an impairment" category of protection.  42 U.S.C. § 12102(3)(B).

### C.   Nielsen's practice of requiring an adequate return-to-work letter does not qualify as discrimination under the Act

To establish a claim for retaliation under the ADA, a plaintiff must establish that they engaged in a protected activity, which "refers to action taken to protest or oppose statutorily prohibited [ADA] discrimination."  *Payne v. Cornell Univ.*, No. 18-cv-1442, 2021 WL 39684, at *18 (N.D.N.Y. Jan. 5, 2021).

Requiring an adequate return-to-work letter or doctor's note for an injured employee to resume work does not qualify as a discriminatory act, adverse employment action, or failure to accommodate under the ADA. *Laface v. E. Suffolk BOCES*, No. 2:18-cv-1314, 2020 WL 2489774, at *12 (E.D.N.Y. May 14, 2020) ("Requiring a doctor's note to return from medical leave is not an adverse employment action, even under the more lenient standard applicable to retaliation claims."); *Gentile v. Potter*, 509 F. Supp. 2d 221, 240-41 (E.D.N.Y. 2007) ("Requiring an employee to provide medical documentation is not a materially adverse action."); *see also Beachum v. AWISCO N.Y.*, 785 F. Supp. 2d 84, 97 (S.D.N.Y. 2011) ("An employee's failure to provide medical clearance to return to work is a legitimate, non-discriminatory reason for an adverse job action.").

In an attempt to accommodate his injury, Plaintiff states that Nielsen allowed Plaintiff over a month to produce an adequate return-to-work letter—from March 18, 2019, when Plaintiff first informed a Nielsen manager of his injury, to April 22, 2019.  Am. Compl. ¶¶ 14, 27.  Plaintiff admits his first return-to-work letter was inadequate because he was "unable to find out" how many hours a day he was allowed to walk, and he acknowledged that Nielsen put him on notice that they

14

"had problems" with this letter and allowed him until April 22, 2019, to provide another. *Id.* ¶ 21, 27. He also admits he did not comply with these procedures and did not obtain and submit an adequate return-to-work letter until April 23, 2019. *Id.* ¶ 31. Plaintiff cannot establish that Nielsen committed any discriminatory act under the ADA based on these allegations, which comprise the sole basis for his claim. Rather, he simply establishes that he did not comply with Nielsen's requests for a return-to-work letter. Therefore, because there was no discrimination or failure to accommodate by Nielsen, Plaintiff cannot prove a retaliation claim, as there was no "statutorily prohibited [ADA] discrimination" for him to oppose. *Payne*, 2021 WL 39684 at *18.

## VI. PLAINTIFF'S NYSHRL CLAIMS FAIL BECAUSE THEY ARE TIME-BARRED AND BECAUSE PLAINTIFF FAILED TO ADEQUATELY ALLEGE DISCRIMINATION OR RETALIATION

### A. A claimant must file a NYSHRL claim within three years, and Plaintiff failed to do so

Plaintiff's claims under NYSHRL must be dismissed because they were filed after the expiration of the applicable statute of limitations. "[C]laims under the NYSHRL . . . are time-barred unless filed within three years of the alleged discriminatory acts . . ." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Here, Plaintiff states that he was separated from employment with Nielsen on April 23, 2019. Am. Compl. ¶ 36. Plaintiff first asserted his NYSHRL claims in his Amended Complaint filed on June 20, 2023 (ECF. No 44)—more than four years after the latest date on which any alleged claims under the NYSHRL could have accrued. Even the allegations in his initial Complaint filed on October 22, 2022 would have been untimely by six months under the NYSHRL. Further, Claimant never raised NYSHRL claims in his Charge submitted to the EEOC (Tran Decl.", Ex. 1), his Complaint filed in the California Action (Tran Decl., Ex. 2), or his initial Complaint in this action (ECF No. 1). Since Plaintiff's claims under the NYSHRL are untimely by more than a year, these claims should be dismissed.

15

**B.    Plaintiff has failed to adequately allege race discrimination or retaliation under the NYSHRL**

"Courts apply the same standard in analyzing Title VII [and] the NYSHRL . . . race discrimination claims." *Tenecora v. Ba-Kal Rest. Grp.*, No. 2:18-cv-7311, 2021 WL 424364, at *2 n.3 (E.D.N.Y. Feb. 8, 2021) (citing *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015)). The same is true for retaliation claims. *Urli v. Town of Hempstead Sanitary Dist. No. 7*, No. 20-cv-0960, 2021 WL 4311141, at *2 n.2 (E.D.N.Y. Sept. 22, 2021) ("Both Title VII and NYSHRL retaliation claims are analyzed under the same standard."). [4]

For the reasons set forth in the discussion of Plaintiff's Title VII discrimination and retaliation claims, Plaintiff has failed to adequately allege discrimination or retaliation under the NYSHRL. *See supra* Section IV(B),(C).

**C.    Plaintiff has failed to adequately allege disability discrimination or retaliation under the NYSHRL**

As for Plaintiff's claim for disability discrimination under the NYSHRL, as explained above, Plaintiff has failed to allege that Nielsen committed any discrimination or retaliation. *See supra* Section V(C).

**VII.    PLAINTIFF'S FLSA WAGE VIOLATION CLAIM IS TIME-BARRED AND FAILS TO STATE A CLAIM WITH SPECIFICITY**

**A.    Plaintiff's FLSA claim is also time-barred under either the statute's two- or three-year statute of limitations**

"Under the FLSA, the general statute of limitations for minimum wage and overtime claims is two years. However, if the employee proves that the employer's violation is willful, the limitations period is increased to three years." *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 503 (S.D.N.Y. 2015).

The latest possible date that Plaintiff's FLSA claim could have accrued is April 23, 2019,

---

[4] While the NYSHRL standard for establishing a hostile work environment was amended effective October 11, 2019, "that amendment does not apply retroactively." *Maiurano v. Cantor Fitzgerald Secs.*, No. 19-civ-10042, 2021 WL 76410, at *10 n.2 (S.D.N.Y. Jan. 8, 2021) (holding the amendment did not apply to plaintiff's claims because the claims accrued when she was terminated, in January 2018); N.Y. Senate Bill S6594/A8424 ("Section[] one . . . shall only apply to claims accrued under such sections on or after the effective date of such section[].").

the date of his separation.  This would mean he had until either April 23, 2021 to file his claim under the two-year statute of limitations, or until April 23, 2022 under the three-year statute of limitations.  Plaintiff filed his SDNY Complaint on October 22, 2022 and his Amended Complaint on June 20, 2023, in each case well beyond either potentially applicable statute of limitations.  As such, any potential FLSA claim he has is time-barred.

### B.    Plaintiff fails to meet the pleading standard under Rule 12(b)(6)

In addition to being time-barred, Plaintiff's FLSA wage claim also fails to meet the relevant pleading standard.  Plaintiff does not provide any time frame of ongoing conduct and does not reference any specific provision of or cause of action under the FLSA.  This renders his allegations insufficient on their face, meaning they should be dismissed under Rule 12(b)(6).

To "survive a Rule 12(b)(6) motion to dismiss, a pro se plaintiff must support his claims with specific and detailed factual allegations, not stated in wholly conclusory terms."  *Harris v. U.S. Secret Serv.*, 605 F. Supp.3d 410, 413 (N.D.N.Y. 2022) (internal citation omitted); *see also In re Ditech Holding Corp.*, No. 19-10412, 2021 WL 3439430, at *4 (Bankr. S.D.N.Y. Aug. 4, 2021) (finding pro se plaintiffs must support their claims with "specific and factual detailed allegations that provide a fair explanation for the basis of the Claims and the legal grounds for recovery against [defendant].").

Plaintiff alleges that once, in May 2016, a Nielsen manager told him to roll back his timecard and that once, in 2019, another manager told him not to clock work done.  Am. Compl. ¶ 62.  These are the extent of Plaintiff's allegations, aside from a brief description of his frustration with both upper management discouraging membership representatives from signing up streaming-only homes and with the time-tracking technology Nielsen uses.  *Id.* ¶¶ 46-48.  These allegations clearly do not rise to the level of "specific and detailed factual allegations."  *See, e.g.*, *Elliot-Leach v. N.Y.C. Dep't of Educ.*, 201 F. Supp. 3d 238, 245 (E.D.N.Y. 2016) (granting defendant's motion to dismiss where plaintiff "offer[ed] no additional facts to support [her FLSA] charge, including no reference to any specific provision of the FLSA"); *Dejesus v. HF Mgmt.*

*Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming lower court's dismissal of plaintiff's claims where the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content," and where "her complaint was devoid of any numbers to consider").

## VIII.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety, with prejudice, for failure to state a claim upon which relief can be granted.

Dated: Chicago, Illinois                     Respectfully submitted,
      January 26, 2024

                                        *Cardelle B. Spangler*
                                       Cardelle Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Caitlin Tran (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CWTran@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*