| | | | |
|---|---|---|---|
| FROM: | Frank Liu<br>304 S. Jones BLVD #3416<br>Las Vegas, NV 89107<br>818-835-0498<br>frank.liu.96@gmail.com<br>Pro Se Plaintiff | TO: | (VIA CM/ECF)<br>Honorable Ona T. Wang<br>United States Magistrate Judge<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 |

**CASE:** Liu vs. The Nielsen Company (US), LLC, et al.
**Case No.:** 1:22-cv-09084-JHR-OTW

## SUBJECT: Plaintiff's Letter to Judge Wang Regarding Regarding Defendants' Letter (ECF 58)

Dear Judge Wang,

    I filed my proposed briefing schedule on February 5, 2024. I didn't believe that it would be proper for a briefing schedule proposal to be argumentative as I believe the Court was just asking for proposed deadlines. However, Defendants' letter sent to the Court (ECF 58) on February 6, 2024 was argumentative because it <u>argued</u> that I <u>shouldn't</u> be allowed to submit a motion to strike nor a motion to compel. Defendants' motion letter went beyond what the Court requested in a briefing schedule by trying to prohibit me from submitting both a motion to strike and a motion to compel. Even pro se plaintiffs have the right to motion to strike an untimely pleading or motion to compel release of discovery. Until the Court rules on the motion to stay discovery, defendants are still required to comply with discovery.

    It would appear Ms. Spangler, through her letter to Judge Wang, is asking the Court to restrict me from submitting a motion to strike and a motion to compel in order to gain an unfair advantage on what was supposed to be Defendants' proposed briefing schedule. Plaintiff believes Spangler's letter went beyond what the court asked (which would make it a motion letter), and this is why Plaintiff is forced to respond to Defendants' letter (ECF 58).

Here is an excerpt of Defendants' letter:

> Plaintiff's proposed motion to strike will serve only to needlessly multiply these proceedings since Defendants filed the Motion to Dismiss Amended Complaint on the date ordered by the Court. In the interests of judicial economy, Plaintiff should proceed with submitting an opposition to the Motion to Dismiss Amended Complaint. Likewise, Plaintiff should submit a response to the Letter Motion to Stay Discovery, not a motion to compel.

    Perhaps being argumentative in a proposed briefing schedule is a good strategy because that appears to be what Defendants' licensed attorneys have submitted. This way, instead of just proposing a briefing schedule, Defendants' briefing schedule can suggest or ask the Court to unfairly limit a pro se plaintiff.

    Not only does Spangler's letter try to ask the Court to restrict Plaintiff, it also tries to mislead the Court. Here is another expert from Spangler's letter:

> On January 30, 2024, the Court issued an Order instructing counsel for Defendants to meet and conferred with Plaintiff regarding full briefing schedules for both motions. On that same date, counsel for Defendants met and conferred with Plaintiff. Defendants' counsel proposed that the parties follow the briefing schedule set by the Court during the prior status conference for the Motion to Dismiss Amended Complaint, and that the parties follow the same schedule for the Letter Motion to Stay Discovery. Plaintiff did not agree to this proposed briefing schedule. Instead, Plaintiff informed Defendants' counsel of his intention to file a motion to strike Defendants' Motion to Dismiss Amended Complaint, stating that he believes that motion to have been untimely. Plaintiff also informed

**Firstly**, Spangler's wording appears to suggest that the meet and confer call was immediately set to discuss the briefing schedule ordered by the court. This is inaccurate as the confer call was requested by Plaintiff to discuss his motion to strike back on January 27, 2024, which was one day after Defendants submitted their motion to dismiss (ECF 54).

The reason why Plaintiff waited until the following day to email Defendants' attorneys was because he did not want to email Spangler after 5 PM Chicago time because he feared she would make a big deal that Plaintiff emailed her after close of business in her time zone, so Plaintiff waited until the next business day in order not to upset Ms. Spangler. *(Time indicated in email screenshots are in PST)*

> Request to confer about motion to strike   Inbox
>
> F L <frank.liu.96@gmail.com>                                              Sat, Jan 27, 8:26 AM (10 days ago)
> to Cardelle, Aubrey, Caitlin
>
> Ms. Spangler, Mr. Smith or Ms. McCann,
>
> When are you available to confer regarding my motion to strike?
>
> I think it is best to confer with each other before filing motions. It is disappointing Defendants did not bother to confer with me before filing their motion to stay discovery.
>
> Thank you.

Below you will see the confer call regarding "Request to confer about motion to strike" was agreed to on Monday, Jan. 29th to take place the following day. It wasn't until Tuesday, January 30, 2024 did the Court issue their order for parties to confer about setting a briefing schedule.

> Smith, Aubrey                                                             Mon, Jan 29, 8:51 AM (8 days ago)
> to me, Cardelle
>
> Thank you. Tomorrow at 2:00 Eastern works. Please let me know the number to call.
>
> From: F L <frank.liu.96@gmail.com>
> Sent: Monday, January 29, 2024 11:49 AM
> To: Smith, Aubrey <BASmith@winston.com>
> Cc: Spangler, Cardelle <CSpangler@winston.com>
> Subject: Re: Request to confer about motion to strike

**Secondly**, the only person representing Defendants who showed up at the call was Mr. Brian Aubrey Smith. Mr. Smith tried to divert the call to discuss the briefing schedule at the beginning of the call. Plaintiff had to remind Mr. Smith that the reason Plaintiff scheduled the call to confer with Defendants in the first place was because of the motion to strike. After Plaintiff reminded Mr. Smith about the purpose of the call and why the call was scheduled by Plaintiff, Mr. Smith agreed to discuss what Plaintiff wanted to discuss first.

Plaintiff believes Spangler's letter is misleading. Here is an except:

> Discovery. **Plaintiff did not agree to this proposed briefing schedule. Instead, Plaintiff informed Defendants' counsel of his intention to file a motion to strike Defendants' Motion to Dismiss Amended Complaint,** stating that he believes that motion to have been untimely. Plaintiff also informed

It is disappointing that Spangler's letter to the court misrepresents the facts by trying to allege that Plaintiff first disagreed with the scheduling order, then brought up motion to strike and motion to compel when in reality, the primary purpose of setting the call was to discuss Plaintiff's motion to strike.

Plaintiff also discussed motion to compel because that was on his agenda due to Defendants refusing to release to Plaintiff the Sedgwick New Jersey case files. Defendants have long been aware that Plaintiff wanted the Sedgwick New Jersey case files. It wasn't until after discussing the motion to strike and motion to compel, did we move on to focus on conferring about the briefing schedule.

Furthermore, not only was the primary purpose of the call to confer about Plaintiff's yet-to-be-filed motion to strike, Defendants knew about the motion to strike back in early January.  Here is an email Plaintiff sent to Judge Wang on January 2, 2024 with Defendants' attorneys Ms. Spangler and Mr. Smith on copy that indicated Plaintiff plans to file a motion to strike.

> **F L** <frank.liu.96@gmail.com>   Tue, Jan 2, 1:19 PM
> to Cardelle, Wang, Aubrey, Laura
>
> Dear Judge Wang,
>
> I will be seeking to strike Defendants' motion to dismiss when they file it because I believe it will be untimely.  Their argument presented by Mr. Smith on the last call was they held off because they believe my Amended Complaint was late and was waiting for the Court to decide on it.  Yet, they made no attempt to write to the Court about the issue nor strike my amended complaint until the question of why they didn't file a responsive pleading to my amended complaint was raised by Hon. Judge Wang.  I do not believe Defendants should have months to procrastinate on their motion to dismiss, therefore I will motion to strike their motion to dismiss when they file it.
>
> Thank you.

Since Plaintiff could not strike a non-existing pleading, he needed to wait for Defendants to file their motion to dismiss (ECF 54) before he could confer with Defendants about the motion to strike.

**Thirdly**, on the December 20, 2023 status conference, Honorable Judge Wang asked Defendants why they haven't filed an answer or motion to dismiss yet.  Mr. Smith alleged Defendants did not file a motion to dismiss because Plaintiff's amended complaint was untimely and they were waiting for the Court to decide on if they would accept it.

Below is an excerpt of the transcript Mr. Smith sent me of the status conference call, and Plaintiff understands those to be Mr. Smith's words.  (Plaintiff added the red underlining for emphasis):

```
18            Following the first complaint, we filed a motion to
19    dismiss.  Mr. Liu then filed an amended complaint that we
20    understand to be submitted untimely.  If the Court accepts that
21    complaint, we do intend to file a motion to dismiss, so we
22    would need just a briefing schedule on that.  But that would be
```

Prior to the status conference, Defendants never informed Plaintiff they believe Plaintiff's amended complaint was untimely.  Furthermore, prior to the status conference, it does not appear Defendants ever informed the Court that Plaintiff's amended complaint was untimely because there is no public record of such.

If Defendants had an issue with the timeliness of Plaintiff's amended complaint, they should have wrote a letter to the Judge, or perhaps motioned to strike Plaintiff's amended complaint, or perhaps filed something to make the issue known.  Defendants did not make the issue known, and only presented that excuse when Judge Wang asked Defendants why they hadn't filed an answer or motion to dismiss.  If the Court reviews the record, they will see that Plaintiff's amended complaint was NOT untimely.  Once that is established, Plaintiff believes the Court should immediately strike Defendants' (over 6 month late) motion to dismiss because Defendants' conduct not only has prejudiced plaintiff but attempts to game the legal system.

In Plaintiff's motion to strike, he will show the Amended Compliant (ECF 44) was **not** untimely.  Furthermore, Plaintiff believes had Defendants not misled the Court, the Court might not have allowed Defendants to file a motion to dismiss more than 6 months late.

It is undisputed that Defendants have three (3) lawyers attached to the lawsuit while Plaintiff has zero lawyers.  Defendants should have filed their motion to dismiss within 21 days after Plaintiff's Amended Complaint.  Defendants chose not to file anything in order to unnecessary delay the lawsuit from proceeding to discovery.

On October 16, 2023, Plaintiff reached out to Ms. Spangler asking to confer about a motion to compel because Defendants ignored Plaintiff's discovery request.



Cardelle Spangler replied back informing Plaintiff of the following:



Nowhere in Spangler's email did Spangler state Plaintiff's amended complaint was untimely.  In a later email, Spangler also stated there was no need to meet and confer:



     Spangler appears to have been waiting for the Court to "approve" my amended complaint and didn't even petition or update the Court about what she was waiting on, and just assumed Defendants didn't have to file anything so Defendants could stop discovery from happening.  It wasn't until the December 20, 2023 status conference did Mr. Smith say my Amended Complaint was untimely and that was the reason why Defendants failed to file a responsive pleading.

     If Plaintiff proves his Amended Complaint was timely, then that defeats Defendants' excuse for not filing a timely motion to dismiss, and thus Plaintiff believes the Court will need to strike Defendants' over six (6) month late motion to dismiss (ECF 54) because the delay would not only be unwarranted but has greatly prejudiced plaintiff.

     **Fourthly**, on the motion to strike confer call, Mr. Smith suggested Judge Wang already set a briefing schedule during the status conference, and must have forgot about it.  My response to Mr. Smith speculated that perhaps Judge Wang took into account my Jan 2 email sent to her and Defendants' lawyers about my intent to file a motion to strike and this was why Judge Wang wanted us to come together for a briefing schedule.

My argument in my motion to strike will show that Defendants' wrongfully accused me of being untimely in submitting my Amended Complaint (when in reality, it was on time), and the Court relied on Defendants' <u>false narrative</u> when the Court granted Defendants leave to file their motion to dismiss over 6 months late.

**Fifthly**, In Spangler's letter to the court (ECF 58), she is arguing I should be prevented from filing a motion to strike "in the interest of judicial economy."

> Plaintiff's proposed motion to strike will serve only to needlessly multiply these proceedings since Defendants filed the Motion to Dismiss Amended Complaint on the date ordered by the Court. In the interests of judicial economy, Plaintiff should proceed with submitting an opposition to the Motion to Dismiss Amended Complaint. Likewise, Plaintiff should submit a response to the Letter Motion to Stay Discovery, not a motion to compel.

I believe if my motion to strike is successful, there would be no need to respond to Defendants' motion to dismiss (ECF 54). I don't believe a motion to strike hinders "judicial economy" when it is filed in good faith. I have a good faith reason to file my motion to strike because I believe Defendants unjustly delayed filing their motion to dismiss, and misled the Court in order to be allowed to file their motion to dismiss over 6 months late.

**Sixthly**, because Spangler filed an argumentative letter to the Court which suggests the Court prevent me from submitting a motion to strike and a motion to compel, I needed to respond to her letter filed in ECF 58. I believe Spangler's letter could be considered a motion letter and I would be prejudiced if I didn't respond to her letter because it's possible the Court could take her arguments into account and bar me from submitting a motion to strike and/or a motion to compel if I didn't respond. Due to having to respond to Spangler's letter, I had to use up a lot of my time writing this response which is time I could have dedicated to my motion to strike and motion to compel. I submitted my briefing schedule early and in good faith because I wanted to ensure the pro se clerk docketed it before the close of business the next day which was the deadline. I did not anticipate Spangler to write the letter she wrote when all the Court asked was for a briefing schedule. Due to this unforeseen circumstance, it's possible I might not submit a motion to compel by Feburary 26, 2024 (as I had planned in my proposed briefing schedule - ECF 57) because I will need to play catch up to work on my motion to strike after submitting this response letter.

**Seventhly**, I want to show the Court I have a legitimate reason to file my motion to strike, so I will include my basis for the motion to strike in this letter:

**Basis for Motion to Strike**

It was only on the December 20, 2023 status conference that Defendants, through their attorney, Mr. Smith, let Plaintiff know that Plaintiff's amended complaint was untimely. Plaintiff was caught off guard with the argument because Defendants never brought this up before (neither to Plaintiff or to the Court). Plaintiff did not believe his amended complaint was untimely. Plaintiff believes Defendants' reason is false and it was used to game the legal system in order to prejudice plaintiff and delay discovery. It is undisputed Defendants failed to file a responsive pleading (answer or motion to

dismiss) within 21 days after Plaintiff filed his Amended Complaint. Furthermore, December 20, 2023 was the first time Defendants brought up their allegations that Plaintiff's Amended Complaint was untimely with the Court.

      If the Court looks at the file date of Defendants' Motion to Dismiss (ECF 29) it has a file date of May 23, 2023. In Defendants' notice of motion to dismiss (ECF 28), they informed Plaintiff he had 4 weeks to file an answering paper:

> PLEASE TAKE FURTHER NOTICE that pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Pro Se Cases, answering papers are due to be served within four (4) weeks of service of this motion.

Although FRCP rule 15(B) allows Plaintiff to amend a complaint by right within 21 days after being served with a motion to dismiss, Defendants' notice of motion (ECF 28) states, "answering papers are due to be served within four (4) weeks of service of this motion."

      Because an amended complaint moots a motion to dismiss, Plaintiff believes amended complaints are considered "answering papers." Defendants specifically used the term "answering papers" which Plaintiff believes is implied consent that he could file an amended complaint within the 4 week deadline.

      Furthermore, to be on the safe side, Plaintiff even emailed a motion letter on June 12, 2023 to temporary_pro_se_filing@nysd.uscourts.gov asking for an extension (ECF 43) because Plaintiff believed he needed more time.



      Since the Court did not rule on the request for an extension promptly, Liu rushed to finish his amended complaint and got it in on time on June 20 which was on the 29th day. The reason for the extra day is because the day prior (the 28th day) was Juneteenth (a federal holiday) and per FRCP 6(a), weekends and holidays are excluded as the final day.

      Here is proof Plaintiff's Amended Complaint (ECF 44) was filed on June 20, 2023:

**Notice of Electronic Filing**

The following transaction was entered on 06/21/2023 at 11:36:21 AM EDT and filed on 06/20/2023
Case Name: Liu v. The Nielsen Company (US) LLC et al
Case Number: 1:22-cv-09084-JHR-OTW
Filer: Frank Liu
Document Number: 44

**Defendants Tricked Plaintiff**

On the January 30, 2024 motion to strike confer call, Plaintiff inquired about the 4 weeks Defendants put in their notice of motion.  Mr. Smith said they were only quoting the Court's own rules.  After the call, Plaintiff pulled up the Court's rules that Mr. Smith claims they quoted, and it is different than what Defendants wrote because Defendants used the key words: "answering papers" while the Court used the key words: "oppositions to motions."

Here is a comparison:

**Exhibit A** (Defendants' ECF 28 "notice of motion"):

> PLEASE TAKE FURTHER NOTICE that pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Pro Se Cases, answering papers are due to be served within four (4) weeks of service of this motion.

**Exhibit B** (What the Court actually wrote):

> 11. **Filing and Service.**  Unless otherwise ordered by the Court, oppositions to motions shall be served and filed **within four weeks** of receipt of the motion papers, and reply papers, if any, shall be served and filed **within two weeks** of receipt of opposition papers.  Motion papers are deemed filed and served pursuant to this Rule in accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, the Federal Rules of Civil Procedure, and the S.D.N.Y. Local Rules.  Pursuant to Sections 3 and 9 of the Electronic Case Filing Rules and Instructions:

Plaintiff believes there might be a big difference between "answering papers" and "oppositions to motions" for a non-lawyer.  A non-lawyer like Liu assumed that "answering papers" also covers amended complaints.  It is clear that Defendants intentionally put in the word "answering papers" instead of the "oppositions to motions" wording contained in the Court's Individual Rules and Practices for Pro Se Cases document which can be found at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JHR%20Rearden%20Individual%20Rules%20and%20Practices%20in%20Civil%20Pro%20Se%20Cases.pdf

If Defendants claim Plaintiff has 4 weeks to submit "answering papers," Plaintiff did so via his Amended Complaint.  Defendants should not be allowed to trick a pro se plaintiff to make him think he has 4 weeks to submit an amended complaint, and then go back and say the amended complaint was untimely when submitted within those 4 weeks.  Because Defendants stated Plaintiff has 4 weeks for "answering papers" then that should be implied consent from Defendants that Plaintiff had 4 weeks to submit his amended complaint.  Otherwise, the Court would be rewarding attorneys who intentionally deceive pro se opponents.

Despite Mr. Smith alleging they quoted the Court's rules, they didn't quote the Court because Defendants substituted in "answering papers" instead of "oppositions to motions" which deceived a non-lawyer Plaintiff.

Plaintiff believes this Court needs to decide what "answering papers" are, and if amended complaints are considered "answering papers." Furthermore, this Court needs to decide if Defendants are allowed to give unsolicited legal advice to unrepresented parties by informing them they have 4 weeks to submit "answering papers" when Liu would never have known about the 4 weeks had Defendants not wrote about it in their notice of motion (ECF 28). Why didn't Defendants put in the exact due dates instead? Had Defendants not informed Plaintiff he had 4 weeks, then Plaintiff would probably have submitted an even more rushed version of the amended complaint at 21 days rather than be late on his amended complaint.

**Conclusion**

If Plaintiff's amended complaint was on time, then Defendants' argument used to get the Court to allow Defendants to file a motion to dismiss over 6 month late is unfair gamesmanship, and Defendants are the ones who are untimely and that is why Plaintiff will motion to strike Defendants' motion to dismiss so the Court can review if Defendants' reasoning for why they didn't submit a responsive pleading is valid.

Defendants never struck Plaintiff's amended complaint. Defendants never raised the issue to the Court. Defendants only accused Plaintiff of being untimely on the December 20, 2023 status conference. Defendants should not be allowed to file their responding pleading over 6 months late. Defendants' over 6 month late filing prejudices plaintiff because the company has been (and still is) going through layoffs and as layoffs increase, more and more witnesses have left Nielsen and it would be more difficult to do interrogatories and other discovery.

According to FRCP 12(f)(2), if moving to strikes material from another pleading to which a responsive pleading is allowed, the motion to strike must be filed before the deadline for filing a responsive pleading. Plaintiff intends to file his motion to strike before the deadline. Plaintiff has asked the Court to give him until Feburary 26, 2024 as the deadline for the motion to strike as per Plaintiff's proposed briefing schedule (ECF 57). Furthermore, Plaintiff has proposed his response to Defendants' motion to dismiss (ECF 54) is due 28 days after Court rules on Plaintiff's (yet-to-be-filed) motion to strike. However, if Plaintiff's yet-to-be-filed motion to strike is successful, Plaintiff believes he would not have to file a response to Defendants' motion to dismiss.

Plaintiff believes Defendants should have filed their motion to dismiss on time, or sought leave from the court for an extension before the deadline expired. The mere possibility that the parties might resolve their dispute does not excuse Defendants from following the rules of civil procedure (especially considering Defendants filed their motion to dismiss more than 6 months late). Plaintiff's position has been clear that he is not going to agree to restrictions on his first amendment rights and Plaintiff does not have to as supported by NY General Obligations Law, Section 5-336.

Defendants failed to timely seek an order granting them an extension to file their amended complaint. Instead, they first brought up why they didn't file a responsive pleading to the Court when they were asked by Judge Wang on the December 20, 2023 status conference. Defendants used a false narrative and accused Plaintiff of being untimely on his amended complaint as reason why Defendants held off filing their motion to dismiss.

Defendants' gamesmanship has further prejudiced Plaintiff because their actions caused unnecessary delay to the lawsuit from proceeding to discovery which Plaintiff intends to point out in his motion to strike. Defendants is refusing to release discovery materials in this S.D.N.Y. action, just like they have done so in the N.D. California action before it was refiled in S.D.N.Y. This prejudices plaintiff because Nielsen is doing layoffs and people who were at Nielsen who are witnesses, may have already been laid off during this delay.

Plaintiff believes he should be allowed to file a motion to strike Defendants' motion to dismiss. In light of Defendants' augmentative letter to the court (ECF 58), Plaintiff had to dedicate a bunch of time working on this letter response.

Respectfully submitted,

*Frank Liu*

Dated 2/13/2024

Frank Liu

Pro Se Plaintiff