Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Motion To Extend Time to file Response to Motion to Dismiss (ECF 54)** |

1

## Introduction

On February 16, 2024, Hon. Judge Wang set a deadline for Plaintiff's response to Defendants' motion to dismiss (ECF 54) to be due by February 26, 2024. Plaintiff is a pro se plaintiff and is not a lawyer. Plaintiff respectfully asks the Court to extend the deadline because a non-lawyer needs more time to respond to something as important as a motion to dismiss. Plaintiff believes he will be prejudiced if the Court does not give him more time.

<u>Plaintiff motions the Court to set the deadline for Plaintiff's Response to Defendants Motion to Dismiss (ECF 54) to be due by March 11, 2024</u>. This would ensure Plaintiff has enough time to complete Plaintiff's response (including doing research, drafting his response, proofreading, etc.). If the Court does not rule on this motion to extend time, or does not grant Plaintiff an extension, then Plaintiff will be forced to submit a very rushed response to Defendants' motion to dismiss which will prejudice Plaintiff. Therefore, Plaintiff respectfully asks the Court to promptly grant him this extension.

## Background

On Jan. 30, 2024, The Court ordered parties to confer to set a briefing schedule for both Defendants' motion to dismiss and Defendants' motion to stay discovery. Parties conferred on the matter, but did not come to a consensus.

Plaintiff originally requested the Court (in ECF 57), for his answer to Defendants' motion to dismiss be due 28 days after the Court rules on his yet-to-be-filed motion to strike (should his yet-to-be-filed motion to strike fail to dispose of Defendants' motion to dismiss). Plaintiff has been busy working on his motion to strike. Plaintiff needs more time to respond to Defendants motion to dismiss (ECF 54) because Plaintiff is not a lawyer and needs time to adequately respond to Defendants' motion to dismiss. Plaintiff believes it is common for courts to grant pro se parties extensions.

The right to proceed pro se is an important right under the constitutions and laws as per:

> Elmore v. McCammon (1986) 640 F. Supp. 905
> "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

Source: https://caught.net/prose/proserulings.htm

Plaintiff is already disadvantaged because he is not a lawyer, while on the other hand, Defendants have 3 licensed attorneys.  Plaintiff need more time to draft his response and for research purposes.  Had the Court not asked parties to confer and submit briefing schedule, plaintiff would have already submitted a motion to extend time by now.

Furthermore, in ECF 59, Plaintiff explained to the Court that he might not file a motion to compel as originally planned because he had to dedicate time to respond to Defendants letter (ECF 58) because Defendants filed an argumentative letter to the Court.  Plaintiff believes if the Court makes both Plaintiff's response to Defendants' motion to dismiss and Plaintiff's motion to strike be due on Feb. 26, 2024, without giving Plaintiff an extension, then both of Plaintiff's pleadings would suffer.  Furthermore, keep in mind, Plaintiff also has a response to Defendants' motion to stay discovery due by March 4, 2024.  If the Court does not grant pro se litigants an extension, then highly-paid lawyers representing billion dollar companies just need to time their motions to be due on the same date, in order to overwhelm a pro se party.  This would not be fair and would not be justice, especially given Nielsen's support of racist managers like Tanner Tate.  Below are some of Tate's tweets:



**Analysis**

Rule 6 allows the court to extend deadlines. If the deadline has not expired, Rule 6 allows the court, in its discretion, to extend the period with or without a motion or notice.

In ECF 59 (filed on Feb. 13, 2024), Plaintiff informed the Court that he might not submit a motion to compel by Feb. 26, 2024 because he needed time to finish his motion to strike. Here is a screenshot of what Plaintiff wrote on page 5:

> the close of business the next day which was the deadline. I did not anticipate Spangler to write the letter she wrote when all the Court asked was for a briefing schedule. Due to this unforeseen circumstance, it's possible I might not submit a motion to compel by Feburary 26, 2024 (as I had planned in my proposed briefing schedule - ECF 57) because I will need to play catch up to work on my motion to strike after submitting this response letter.

On Feb. 16, 2024, shortly after Ms. Spangler wrote an additional letter to Hon. Judge Wang (ECF 60), the Court set the deadline for Plaintiff's response to Defendants' motion to dismiss to be due on Feb. 26, 2024. This is unfortunate because Plaintiff would like more time to to work on his response to Defendants' motion to dismiss.

**Plaintiff Hopes the Court Will Grant him an Extension**

Plaintiff hopes this Court understands the difficulties pro se parties who are not lawyers face when litigating their cases and fighting for their civil rights. On June 12, 2023, Plaintiff submitted ECF 43 asking for an extension of time to file his amended complaint. It is unfortunate the Court never got back to Plaintiff in time, and that forced Plaintiff to finish and submit his Amended Complaint in a rush. Unfortunately, Plaintiff would have liked more time to work on his Amended Complaint but the Court failed to rule on Plaintiff's request. Had the Court given Plaintiff more time, then Plaintiff's Amended Complaint would have been a lot stronger.

**Plaintiff Reached Out to Defendants about the 14 day Extension**

Plaintiff reached out to Defendants' attorneys (Ms. Spangler, Mr. Smith and Ms. McCaan about an extension. However, at the time of this filing, Plaintiff has not heard back.

**Conclusion**

Plaintiff respectfully requests the Court grant the extension. The Court ordered Plaintiff's response to Defendants' motion to dismiss be due by Feb. 26, 2024. Plaintiff needs more time, especially considering Defendants filed their motion to dismiss over 6 months after Plaintiff had filed his Amended Compalint, meaning Defendants had a lot of time to work on their motion. Having to motion for an extension also takes away valuable time from Plaintiff that could have been spent on his motion to strike or his response to Defendants' motion to dismiss. Plaintiff motions the Court to set the deadline for Plaintiff's Response to Defendants Motion to Dismiss (ECF 54) to be due by March 11, 2024.

Respectfully submitted,

*Frank Liu*

Dated 2/20/2024        Frank Liu

Pro Se Plaintiff