1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7

8

9       **IN THE UNITED STATES DISTRICT COURT**

10      **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
| Plaintiff, | |
| | **Motion to Strike Defendants' Motion to Dismiss (ECF 54)** |
| vs. | |
| | |
| The Nielsen Company (US) LLC | |
| and | |
| TNC US HOLDINGS | |
| Defendants. | |

12

13

14

15              **MOTION AND NOTICE OF MOTION**

16      Plaintiff believes Defendants' entire motion to dismiss should be stricken due to their

17  unnecessary delay in filing it. Plaintiff moves to strike the entirety of Defendants' motion to dismiss

18  (ECF 54) because it was filed over 7 months after Plaintiff filed his Amended Complaint.  Plaintiff

19  believes Defendants misled the Court with their reason why they haven't filed a response to Plaintiff's

20  amended motion, and should not be allowed to file a motion to dismiss over 7 months after Plaintiff

21  filed his amended complaint.  After striking the untimely motion to dismiss (ECF 54), the Court should

22  order Defendants to file an answer within 21 days.

1

**Table of Authorities**

2    **FRCP rule 15(B)**………………………………………………**13**

3    **FRCP 6(a)**………………………………………………..**14**

4    **10 Del. C. § 8118(a)**………………………………………**12**

5    **NY General Obligations Law, Section 5-336**…………………………...**9, 10, 17**

6

7

8

9

**Table of Contents**

10    **INTRODUCTION**……………………………………………...**3**

11    **BACKGROUND**……………………………………………..**3**

12    **ANALYSIS**…………………………………………………**5**

13    **Defendants' Delay Has Prejudiced Plaintiff**……………………...**6**

14    **Plaintiff Believes his Amended Complaint was Filed on Time**…………**13**

15    **Defendants Trickery**………………………………………**14**

16    **Defendants' Purposeful Neglect**…………………………………...**16**

17    **Defendants Filed to Preserve Their Record**…………………………**16**

18    **Conclusion**……………………………………………**17**

19

20

21

22

23

24

25

26

27

28

29

1    **INTRODUCTION**

2    Defendants failed to raise any concern in regards to Plaintiff's Amended Complaint

3    being untimely to the Court prior to the December 20, 2023 status conference, and in ECF

4    60, Cardelle Spangler even admitted "Defendants have never opposed the Court accepting

5    Plaintiff's Amended Complaint."  Since Defendants have never opposed Plaintiff's

6    Amended Complaint, Defendants should have filed their motion to dismiss back in July of

7    2023 (within 21 days of Plaintiff's Amended Compliant filed on, or sought an extension

8    before the expiration date passed.  Instead, Defendants gamed the system and waited until

9    December 20, 2023 to raise the question to the Court after they were asked by Judge Wang

10    why they had not filed a responsive pleading.

11

12    **BACKGROUND**

13    On the December 20, 2023 status conference, Honorable Judge Wang asked

14    Defendants why they haven't filed an answer or motion to dismiss yet.  Mr. Smith alleged

15    Defendants did not file a motion to dismiss because Plaintiff's amended complaint was

16    untimely and they were waiting for the Court to decide on if they would accept it.

17    Below is an excerpt of the transcript Mr. Smith sent me of the status conference call,

18    and Plaintiff understands those to be Mr. Smith's words.  (Plaintiff added the red

19    underlining for emphasis):

20
21
22
23

```
18        Following the first complaint, we filed a motion to
19   dismiss.  Mr. Liu then filed an amended complaint that we
20   understand to be submitted untimely.  If the Court accepts that
21   complaint, we do intend to file a motion to dismiss, so we
22   would need just a briefing schedule on that.  But that would be
```

24

25    Prior to the status conference, Defendants never informed Plaintiff they believe

26    Plaintiff's amended complaint was untimely.  Furthermore, prior to the status conference, it

27    does not appear Defendants ever informed the Court that Plaintiff's amended complaint was

28    untimely because there is no public record of such.

1    **In ECF 60**, Spangler wrote a letter to the Court saying admitting "Defendants have

2    never opposed the Court accepting Plaintiff's Amended Complaint."

3    Although his Amended Complaint was untimely, Defendants have never opposed the Court accepting

    Plaintiff's Amended Complaint, including at the parties' December 20, 2023 status conference with the

4    Court. During that conference, the Court accepted Plaintiff's Amended Complaint and set a briefing

    schedule for Defendants' renewed motion to dismiss, which required Defendants to file their motion by

    January 26, 2024. Defendants followed this schedule and submitted their Motion to Dismiss the Amended

5    Complaint on that date. (ECF No. 53.)

6    Since Defendants never opposed Plaintiff's amended complaint, then Defendants should

7    have filed their responsive pleading (motion to dismiss or an answer to amended complaint)

8    within 21 days of Plaintiff's Amended Complaint. Defendants' failure to raise an issue and

9    Spangler's admission Defendants "have never opposed the Court accepting Plaintiff's

10   Amended Complaint" is proof positive of why Defendants' over 6 month late motion to

11   dismiss should be stricken in its entirety. Plaintiff asks the Court to consider these

12   circumstances, and immediately strike Defendants' ECF 54 and order Defendants file an

13   answer within 21 days of the Court's ruling on this motion to strike.

14       Furthermore, the Court did not appear to know they had to rule on Plaintiff's

15   Amended Complaint because:

16       **1.** Judge Wang had to ask Defendants why they haven't filed an answer or motion to

17   dismiss Plaintiff's Amended Complaint on the December 20, 2023 status conference call.

18       **2.** Defendants failed to raise an issue with the Court that Plaintiff's Amended

19   Complaint was untimely until one of Defendants' attorneys (Mr. Smith) was asked by Judge

20   Wang why Defendants haven't filed a responsive pleading in response to Liu's Amended

21   Complaint. It was only at that time, did Mr. Smith bring up the subject for the first time

22   that alleged Plaintiff's amended compliant was untimely.

23       **3.** Due to Defendants' lack of action and never raising the issue before the December

24   20, 2023 status conference, Defendants objections that Liu's Amended Complaint was

25   untimely is an unfounded reason why Defendants had not filed a responsive pleading to

26   Liu's Amended Complaint.

27   **4.** If Defendants had an issue with the timeliness of Plaintiff's amended complaint, they

28   should have wrote a letter to the Judge, or perhaps motioned to strike Plaintiff's amended

29   complaint, or perhaps filed something to make the issue known. Defendants did not make

1  the issue known, and only presented that excuse when Judge Wang asked Defendants why

2  they hadn't filed an answer or motion to dismiss.

3

4  **ANALYSIS**

5      If the Court reviews the record, they will see that Plaintiff's amended complaint was

6  **NOT untimely**.  Once that is established, Plaintiff believes the Court should immediately

7  strike Defendants' (over 6 month late) motion to dismiss because Defendants' conduct not

8  only has prejudiced plaintiff but attempts to game the legal system.

9      Furthermore, even if the Court decides Plaintiff's Amended Complaint was untimely,

10  Defendants' motion to dismiss should still be stricken.  Throughout litigation, attorneys are

11  supposed to anticipate objectionable issues and call them to the other party and the court's

12  attention, so that the opposing party can respond and the court can course-correct before the

13  final judgment.  Because Defendants failed to call the issue to the Court's attention,

14  Defendants don't magically get over 6 months to file a motion to dismiss because that

15  would be an abuse of the justice system and gamesmanship.  If Defendants' tactics were

16  allowed, this would allow parties to refuse filing responsive pleadings if they somehow

17  believed or claimed to believe the opposition parties' pleading was late.

18

19  **Plaintiff Objected to Defendants being allowed to file a late motion to dismiss within**

20  **14 Days of the December 20, 2023 Status Conference**

21      Plaintiff **timely** objected to the December 20, 2023 status conference decision when

22  Judge Wang gave Defendants until January 26, 2024 to file their motion to dismiss.

23  Plaintiff objected to this by emailing Judge Wang's chambers, and Defendants' attorneys -

24  Cardelle Spangler and Aubrey Smith as see below:

25

26  

27

28

29

1    The email was sent on Jan. 2, 2024, which was within 13 days from the December

2    20, 2023 status conference.  Furthermore, this motion to strike is filed on time because it

3    has a <u>file date</u> of February 26, 2024 as ordered by the Court, and the deadline has not

4    passed.  While on the other hand, Defendants gave a false reason or excuse and had the

5    Court grant them an extension several months after their responsive pleading was past due.

6    It is undisputed that Defendants have three (3) lawyers attached to the lawsuit while

7    Plaintiff has zero lawyers.  Defendants should have filed their motion to dismiss within 21

8    days after Plaintiff's Amended Complaint.  Defendants chose not to file anything in order to

9    unnecessary delay the lawsuit from proceeding to discovery which has prejudiced Plaintiff.

10    Furthermore, although the Court set the date of January 26, 2024 for Defendants to

11    file their Amended Complaint based on the misleading information presented to the Court

12    by Defendants, there might not be an official order filed on the docket to object to.  Plaintiff

13    believes the Court was misled by Defendants and did not have enough time to fact-check,

14    and therefore Plaintiff's motion to strike is filed in good faith in an attempt to correct things

15    based on Defendants' gamesmanship.  Because the January 26, 2024 was done on the status

16    conference call, within 14 days, Plaintiff emailed Judge Wang about his objection to

17    Defendants being allowed to file an untimely motion to dismiss, and made his intention

18    clear that he planned to strike it.

19

20                    **Defendants' Delay Has Prejudiced Plaintiff**

21    On October 16, 2023, Plaintiff reached out to Ms. Spangler asking to confer about a

22    motion to compel because Defendants ignored Plaintiff's discovery request.

23

24    

25

26

27

28    Cardelle Spangler replied back informing Plaintiff of the following:

29



Nowhere in Spangler's email did Spangler state Plaintiff's amended complaint was untimely.  In a later email, Spangler also stated there was no need to meet and confer:

Spangler appears to have been waiting for the Court to "approve" my amended complaint and <u>did not</u> even petition or update the Court about what she was waiting on, and just assumed Defendants didn't have to file anything so Defendants could stop discovery from happening.  It wasn't until the December 20, 2023 status conference did Mr. Smith allege my Amended Complaint was untimely and that was the reason why Defendants failed to file a responsive pleading.

If Plaintiff proves his Amended Complaint was timely, then that defeats Defendants' excuse for not filing a timely motion to dismiss, and thus Plaintiff believes the Court will need to strike Defendants' over six (6) month late motion to dismiss (ECF 54) because the delay would not only be unwarranted but has greatly prejudiced plaintiff.  Alternatively, even if the Court believes Plaintiff's Amended Complaint was untimely, Defendants never raised an objection to Plaintiff's Amended Complaint, and their opportunity to do so has long elapsed.  Defendants should have filed a responsive pleading within 21 days due to Defendants' lack of objection.

Defendants takes a position of refusing to allow discovery to proceed so Plaintiff can fight for justice.  Defendants refused to allow discovery from proceeding when the lawsuit was filed in Northern District of California.  After the lawsuit was refiled in Southern

1   District of New York, Defendants refused to allow discovery from proceeding.  Defendants

2   delayed discovery from proceeding by waiting over 7 months to file their motion to dismiss

3   and their motion to stay discovery.

4        Delaying discovery from beginning prejudices Plaintiff.  Key witnesses such as

5   Shannon Buggy (Senior Vice President Human Resources) and Tracy Staines (Vice

6   President Human Resources) have already left Nielsen.  Those two key witnesses were on

7   the termination call.  Ms. Buggy was the person who terminated Liu.  Here is a video

8   featuring the termination call: https://www.youtube.com/watch?v=J26u_Poxnkk

9        Furthermore, although Nielsen was valued at over 16 billion dollars in 2022, and

10  claims to be the leader in audience measurement, they are still going through layoffs even

11  today.  Plaintiff believes Nielsen plans to recruit alternate homes by phone and basic homes

12  in-person which would result in layoffs of more witnesses.  Due to Nielsen's persistent

13  layoffs, every week discovery is delayed, the less and less witnesses both Plaintiff and

14  Defendants will have access to.  Therefore, Defendants' filing their Motion to Dismiss (ECF

15  54) over 6 months late has prejudiced the court proceeding already.  Plaintiff believes his

16  claims are not time-barred and his Amended Complaint addresses the issue of why his

17  lawsuit is not time-barred.

18

19                    **Defendants' Delay has caused Stress to Plaintiff**

20       A person who sues their former employer is put through a lot of stress.  Here,

21  Plaintiff, he is suing as a pro se party, and is not a lawyer.  Being pro se puts me at an even

22  higher level of stress.  The longer the lawsuit is unnecessarily delayed, the longer I have to

23  suffer through the process.  Defendants should have filed their answer within 21 days, and

24  should not have had 7 months to think and draft their motion to dismiss (ECF 54).  If

25  Defendants had a shorter time-frame of 21 days instead of 7 months, they might not have

26  submitted a well-crafted **26 page** motion to dismiss.  I don't think I can even respond to

27  everything Defendants wrote in their Motion to Dismiss by the deadline of March 11, 2024,

28  even though an extension was sought.  It is overwhelming.  I didn't ask for 7 months to

29  respond to their amended motion to dismiss because I only asked for 14 days even though I

1    didn't think it was enough time because previously I had requested in my proposed briefing

2    schedule (ECF 57) to set my response to Defendants' motion to dismiss (ECF 54) to be due

3    28 days after the Court rules on the motion to strike because I think my motion to strike

4    could dispose of Defendants' motion to dismiss in its entirety.  Since the Court did not grant

5    that proposal in their order contained in Docket 61, I erred on the safe side and only

6    requested 14 additional days in my motion to extend time (ECF 62) as I was not bold

7    enough to ask for more time which I need.  Obviously, Defendants believe they don't even

8    need to ask for time until months after their deadline expired.  Usually pro se parties are

9    granted more leeway because they usually aren't lawyers, but in this case, Defendants with

10   3 licensed attorneys believe they should be able to file a motion to dismiss (ECF 54) 7

11   months after the Amended Complaint.  This doesn't seem like justice and this is why

12   Plaintiff is motioning to strike.

13        Plaintiff hasn't worked in the US since Nielsen.  He has only had one job after

14   Nielsen which was as a teacher.   Plaintiff was so psychologically affected by the racism,

15   discrimination and retaliation that happened that he left the US to teach in China.  Plaintiff

16   only taught for the 2019 to 2020 school year.  After returning to the US to sue Nielsen back

17   in 2021 (lawsuit first filed in Northern District of California before being refiled in

18   Southern District of New York), Plaintiff has not had a job.  The stress of litigation affects

19   Plaintiff's livelihood, puts stress on Plaintiff and at times is very hard to bear.

20        Defendants' delay prejudices plaintiff because the unnecessary more than 6 month

21   delay further delays Plaintiff from seeking justice, resolution and closure to try to move on

22   with his life.  Defendants have NEVER offered Plaintiff an offer that did not violate New

23   York General Obligations Law Section 5-336.  Plaintiff refuses to agree to any settlement

24   that violates his first amendment rights which he holds to be important.  Although Plaintiff

25   desperately wants closure and to move on, Plaintiff will never agree to be forbidden from

26   talking about the racism, discrimination and retaliation he experienced at Nielsen.

27        Plaintiff does not believe Defendants participated in the settlement mediation

28   overseen by Hon. Judge Wang in good faith.  The amount that was proposed (without

29   revealing the number) is just 23.5% of the amount (without revealing the number) of what

1   Defendants offered back in 2022 which although Plaintiff would have gladly accepted the

2   amount, Defendants tried to add conditions and force Plaintiff into confidentiality in

3   violation of NY GOL 5-336.  Plaintiff believes Defendants used settlement back in 2022 as

4   a means of estoppel and promissory estoppel to prevent Plaintiff from filing an appeal to the

5   Ninth Circuit within 30 days after the Northern District of California lawsuit was dismissed

6   for lack of personal jurisdiction <u>without prejudice</u> instead of being transferred directly to

7   S.D.N.Y.

8        Furthermore, the 23.5% amount proposed during the settlement mediation with Hon.

9   Judge Wang still put restrictions on Plaintiff's first amendment rights.  NY GOL 5-336

10  makes it clear:

11       § 5-336. Nondisclosure agreements. 1. (a) Notwithstanding any other

12       law to the contrary, no employer, its officers or employees shall have

13       the authority to include or agree to include in any settlement,

14       agreement or other resolution of any claim, the factual foundation for

15       which involves discrimination, harassment, or retaliation, in violation

16       of laws prohibiting discrimination, including discriminatory harassment

17       or retaliation, including but not limited to, article fifteen of the

18       executive law, any term or condition that would prevent the disclosure

         of the underlying facts and circumstances to the claim or action unless

         the condition of confidentiality is the complainant's preference.

19       Just because there were settlement mediation, it doesn't excuse Defendants from not

20  filing a timely answer to Plaintiff's Amended Complaint especially when what they wanted

21  was something Plaintiff could never give to Defendants (restrictions to Plaintiff's first

22  amendment rights in violation to NY GOL 5-336).  Just because there were settlement

23  mediation, does not excuse Defendants from not raising the issue of Plaintiff's Amended

24  Complaint or filing for an extension for their motion to dismiss before their 21 days

25  expired.

26       It is no surprise that there is a link between racial discrimination and suicide as per

27  the article here: <u>https://uh.edu/news-events/stories/august-2020/08032020-rheeda-walker-</u>

28  <u>racism-and-suicide-african-americans.php</u>

29

Here is an except from the article:

> "Our findings demonstrate that for Black adults, perceived discrimination serves as a sufficiently painful experience that is directly associated with higher capability to overcome one's inherent fear of death and achieve an increased capacity for self-harm," reports Rheeda Walker, professor of psychology and director of the University of Houston's Culture, Risk and Resilience Lab. As author of the newly released "The Unapologetic Guide to Black Mental Health," Walker is one of the leading researchers in the U.S. specializing in culture, race, mental health and suicide.

Although the topic of suicide is one extreme that may be uncomfortable to write about, the article has merit because it shows the devastation that racial discrimination can cause.

Plaintiff believes that closure and resolution is an important step to starting the healing process when someone experiences discrimination. Closure can come from a settlement, having one's day in court, or ultimately winning at trial. The longer a case is unnecessary delayed, the longer it can prolong the path to closure and healing.

Defendants' actions of filing a motion to dismiss over 6 months late have already prolonged Plaintiff's stress levels and delayed the ability for Plaintiff to move on and find closure. Had Defendants wanted to file their motion to dismiss (ECF 54) within 21 days after Plaintiff's Amended Complaint, they could have easily done so because they have 3 lawyers and if need be, Winston & Strawn (a big law firm) has more lawyers for them to seek assistance from. There is simply no good cause reason why Defendants waited so long, or failed to raise the issue of Plaintiff's Amended Complaint to the Court prior to the December 20, 2023 status conference. Many times, lawyers try to delay and wear out pro se plaintiffs so they will give up on their case. Plaintiff's sole focus is this lawsuit and getting justice. Unnecessary delays cause Plaintiff to grow older with his life being at a stand still at a low and stressful point in his life, and not have the closure he is looking for so he can try to move on with his life and start to climb out of the dark valley he has been stuck in for far too long. Plaintiff isn't paid hourly like Defendants' attorneys are to litigate

1   the lawsuit.  This lawsuit shouldn't be personal to Defendants' attorneys because they are

2   paid to do a job, and delays don't mean much to them personally.  This lawsuit shouldn't be

3   personal to Defendants because companies have no feelings and delays don't mean much to

4   them because companies don't biologically grow older.  However, for Plaintiff this lawsuit

5   matters a lot to him and is personal and there has not been closure for several years and he

6   is getting older.  The larger and larger employment history gap negatively affects Plaintiff.

7   Future employers may be cautious when seeing such a large gap because Plaintiff hasn't

8   worked in years.  Everyday, Plaintiff thinks about what happened at Nielsen and it is

9   painful.  The lawsuit would probably be a lot further along by now without Defendants'

10  unnecessary delay that not only has attributed to witnesses being laid off, but a personal toll

11  on Plaintiff.

12      Had Defendants filed their motion to dismiss (ECF 54), over 6 months ago, it may

13  have already been decided by now.  While Plaintiff believes his lawsuit is not time-barred

14  due to estoppel, promissory estoppel and other arguments and should be allowed to proceed

15  to discovery, even if the Court somehow ruled against Plaintiff and dismissed the lawsuit,

16  Plaintiff would have appealed the decision and/or re-filed his lawsuit in the District of

17  Delaware (where Nielsen is incorporated) and Delaware has an even stronger savings laws

18  than New York because **10 Del. C. § 8118(a)** protects claims from being time-barred where

19  they were timely brought in an incorrect forum.  Plaintiff's first brought his lawsuit in the

20  Northern District of California before the EEOC 90 day right to sue letter expired.  The

21  lawsuit was refiled within 30 days of dismissal without prejudice for lack of personal

22  jurisdiction in the Southern District of New York.  Hon. Judge White even suggested it be

23  refiled in Southern District of New York.  Plaintiff was estopped from appealing Judge

24  White's ruling to the Ninth Circuit by Defendants' actions.  While Plaintiff does not believe

25  his lawsuit is time-barred in the Southern District of New York (some of the arguments are

26  already contained in the Amended Complaint), Defendants' unnecessary delay in filing their

27  motion to dismiss (ECF 54) has prejudiced plaintiff.  The Court need to strike Defendants'

28  Motion to Dismiss (ECF 54) due to the unnecessary delay and the prejudice it has already

29  caused.

**Plaintiff Believes his Amended Complaint was Filed on Time**

It is undisputed Defendants failed to file a responsive pleading (answer or motion to dismiss) within 21 days after Plaintiff filed his Amended Complaint.  Furthermore, December 20, 2023 was the first time Defendants brought up their allegations that Plaintiff's Amended Complaint was untimely with the Court.

If the Court looks at the file date of Defendants' Motion to Dismiss (ECF 29) it has a file date of <u>May 23, 2023</u>.  In Defendants' notice of motion to dismiss (ECF 28), they informed Plaintiff he had 4 weeks to file an answering paper:

> PLEASE TAKE FURTHER NOTICE that pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Pro Se Cases, answering papers are due to be served within four (4) weeks of service of this motion.

Although <u>FRCP rule 15(B)</u> allows Plaintiff to amend a complaint by right within 21 days after being served with a motion to dismiss, <u>Defendants' notice of motion (ECF 28) states, "answering papers are due to be served within four (4) weeks of service of this motion."</u>

Because an amended complaint moots a motion to dismiss, <u>Plaintiff believes amended complaints are considered "answering papers."</u>  Furthermore, Plaintiff's Amended Complaint also argues why Plaintiff's lawsuit is not time-barred.

Defendants specifically used the term "answering papers" which Plaintiff believes is implied consent that he could file an amended complaint within the 4 week deadline.

**In addition,** to be on the safe side, Plaintiff even emailed a motion letter on June 12, 2023 to <u>temporary_pro_se_filing@nysd.uscourts.gov</u> asking for an extension (ECF 43) because Plaintiff believed he needed more time.



Since the Court did not rule on the request for an extension promptly, Liu rushed to finish his amended complaint and <u>got it in on time on June 20</u> which was on the 29th day.

1   The reason for the extra day is because the day prior (the 28th day) was <u>Juneteenth</u> (a federal

2   holiday) and per <u>FRCP 6(a)</u>, weekends and holidays are excluded as the final day.

3          Here is proof Plaintiff's Amended Complaint (ECF 44) was filed on June 20, 2023:

**Notice of Electronic Filing**

The following transaction was entered on 06/21/2023 at 11:36:21 AM EDT and <u>filed on 06/20/2023</u>

**Case Name:**       Liu v. The Nielsen Company (US) LLC et al
**Case Number:**    <u>1:22-cv-09084-JHR-OTW</u>
**Filer:**                Frank Liu
**Document Number:** <u>44</u>

7          Plaintiff would have loved to have some additional days to work on his Amended

8   Complaint because it would give him more time to make his Amended Complaint stronger

9   and clearer, but since the Court never ruled on Plaintiff's request for extension (ECF 43),

10  Plaintiff rushed to get his Amended Complaint in on time.  Plaintiff's actions is strong

11  contrast to Defendants' actions of waiting over 7 months to file their Motion to Dismiss

12  (ECF 54).  Defendants never petitioned the Court for an extension before their deadline

13  elapsed and only used a false excuse of Plaintiff's Amended Complaint being untimely to

14  get the extension by requesting a "briefing schedule" long after their 21 days had already

15  elapsed.

16

17                          **Defendants Trickery**

18         On the January 30, 2024 motion to strike confer call, Plaintiff inquired about the 4

19  weeks Defendants put in their notice of motion.  Mr. Smith said they were only quoting the

20  Court's own rules.

21         After the call, Plaintiff pulled up the Court's rules that Mr. Smith claims they quoted,

22  and it is different than what Defendants wrote because Defendants used the key words:

23  "answering papers" while the Court used the key words: "oppositions to motions."

24

25  <u>Here is a comparison:</u>

26  **Exhibit A** (Defendants' ECF 28 "notice of motion"):

27               PLEASE  TAKE  FURTHER  NOTICE  that  pursuant  to  Rule  11  of  the  Court's

28         Individual Rules and Practices in Civil Pro Se Cases, <u>answering papers</u> are due to be served

29         within four (4) weeks of service of this motion.

**Exhibit B** (What the Court actually wrote):

> 11. **Filing and Service.**  Unless otherwise ordered by the Court, <u>oppositions to motions</u> shall be served and filed **within four weeks** of receipt of the motion papers, and reply papers, if any, shall be served and filed **within two weeks** of receipt of opposition papers.  Motion papers are deemed filed and served pursuant to this Rule in accordance with the S.D.N.Y. <u>Electronic Case Filing Rules and Instructions</u>, the Federal Rules of Civil Procedure, and the S.D.N.Y. <u>Local Rules</u>.  Pursuant to Sections 3 and 9 of the Electronic Case Filing Rules and Instructions:

Plaintiff believes there might be a big difference between "answering papers" and "oppositions to motions" for a non-lawyer to interpret.  A non-lawyer like Liu assumed that "answering papers" also covers amended complaints.  It is clear that Defendants intentionally put in the word "answering papers" instead of the "oppositions to motions" wording contained in the Court's Individual Rules and Practices for Pro Se Cases document which can be found at

https://www.nysd.uscourts.gov/sites/default/files/practice_documents/JHR%20Rearden%20Individual%20Rules%20and%20Practices%20in%20Civil%20Pro%20Se%20Cases.pdf

If Defendants claim Plaintiff has 4 weeks to submit "answering papers," Plaintiff did so via his Amended Complaint.  Defendants <u>should not</u> be allowed to trick a pro se plaintiff to make him think he has 4 weeks to submit an Amended Complaint, and then go back on what they wrote, and say the amended complaint was untimely when submitted within those 4 weeks.  Because Defendants stated Plaintiff has 4 weeks for "answering papers" then that should be implied consent from Defendants that Plaintiff had 4 weeks to submit his Amended Complaint.  Otherwise, the Court would be rewarding attorneys who intentionally deceive pro se opponents.  Furthermore, Plaintiff's Amended Complaint also argues that his claims are not time-barred which was the primary basis of Defendants' motion to dismiss (ECF 29).

Despite Mr. Smith alleging they quoted the Court's rules, they didn't quote the Court because Defendants substituted in "<u>answering papers</u>" instead of "<u>oppositions to motions</u>" which deceived a non-lawyer Plaintiff.

Plaintiff believes this Court needs to decide what "answering papers" are, and if amended complaints are considered "answering papers."  Furthermore, this Court needs to

1  decide if Defendants are allowed to give unsolicited legal advice to unrepresented parties by

2  informing them they have 4 weeks to submit "answering papers" when Liu would never

3  have known about the 4 weeks had Defendants not wrote about it in their notice of motion

4  (ECF 28).  Why didn't Defendants put in the exact due dates instead?  Had Defendants not

5  informed Plaintiff he had 4 weeks, then Plaintiff would probably have submitted an even

6  more rushed version of the amended complaint at 21 days rather than be late on his

7  amended complaint.

8

9                           **Defendants' Purposeful Neglect**

10         Defendants actions <u>does not</u> constitute excusable neglect.  Defendants had the

11  attorneys, legal staff and endless resources to meet their 21 day deadline, or file for an

12  extension before the deadline expired.  Defendants' actions have prejudiced Plaintiff's case

13  by unnecessary delaying the start discovery.  This lawsuit has been active in S.D.N.Y. for

14  over a year, and to date, no discovery has occurred due to Defendants actions.  Furthermore,

15  Plaintiff needs the New Jersey Workers Compensation files and have been asking for them

16  for years.  Although Plaintiff's case was ultimately approved by Sedgwick, no payment has

17  ever been issued to Plaintiff.  Instead, Nielsen used up all of Plaintiff's personal, sick and

18  vacation days during the time Nielsen prevented Plaintiff from going back to work before

19  terminating him.

20

21                        **Defendants Filed to Preserve Their Record**

22         Defendants failed to make a timely objection to Plaintiff's Amended Complaint filing

23  date.  Making timely objections is called "preserving your record" and Defendants failed to

24  raise the issue of the timing of Plaintiff's Amended Complaint to the Court until December

25  20, 2023 which is too late.  Defendants only raised the issue because they were asked by

26  Hon. Judge Wang why Defendants haven't filed a responsive pleading to Plaintiff's

27  Amended Complaint.

28

29

**Conclusion**

Defendants never struck Plaintiff's amended complaint.  Defendants never objected to Plaintiff's Amended Complaint.  Defendants only accused Plaintiff of being untimely on the December 20, 2023 status conference after they were asked by Judge Wang why Defendants hasn't filed a responsive pleading in response to Plaintiff's Amended Complaint.  Defendants should not be allowed to file their responding pleading over 6 months late.  Plaintiff objected within 14 days of the December 20, 2023 status conference in an email sent to Judge Wang and Defendants' attorneys.  Defendants' over 6 month late filing prejudices plaintiff because the company has been (and still is) going through layoffs and as layoffs increase, more and more witnesses have left Nielsen and it would be more difficult to do interrogatories and other discovery.  Several key witnesses have already left Nielsen.  The longer Defendants delay discovery, the more it will prejudice Plaintiff's case. Furthermore, litigating an employment discrimination lawsuit as a pro se plaintiff is already stressful.  Defendants' gamesmanship has not only prolonged Plaintiff's stress, it has delayed Plaintiff's journey to find closure and to try to move on with his life.

Plaintiff believes Defendants should have filed their motion to dismiss on time, or sought leave from the court for an extension before the deadline expired.  The mere possibility that the parties might resolve their dispute does not excuse Defendants from following the rules of civil procedure (especially considering Defendants filed their motion to dismiss more than 6 months late).  Plaintiff's position has been clear that he is not going to agree to restrictions on his first amendment rights and Plaintiff does not have to as supported by NY General Obligations Law, Section 5-336.

Defendants failed to timely seek an order granting them an extension to file their amended complaint.  Instead, they first brought up why they didn't file a responsive pleading to the Court when they were asked by Judge Wang on the December 20, 2023 status conference.  Defendants used a false narrative and accused Plaintiff of being untimely on his amended complaint as reason why Defendants held off filing their motion to dismiss.

Defendants is still refusing to release discovery materials and has filed a motion to stay discovery pending resolution of their late filed motion to dismiss (ECF 54).  This

1  prejudices plaintiff because Nielsen is doing layoffs and people who were at Nielsen who

2  are witnesses, may have already been laid off during this delay.

3        Plaintiff believes Defendants' entire motion to dismiss should be stricken due to their

4  unnecessary delay in filing it.  Defendants should NOT have waited 7 months to file their

5  motion to dismiss.  Having 7 months to file a motion to dismiss further prejudices Plaintiff

6  because he is not getting 7 months to respond to Defendants' motion to dismiss.

7  Defendants had 7 months to draft their motion and the more time someone has the stronger

8  they can make their arguments.  Lawyers should not game the system.

9        Plaintiff respectfully requests that the Court strike Defendants' untimely Motion to

10  Dismiss and restore the case to its proper course so that discovery can finally proceed

11  without any further delay because Nielsen is still doing layoffs and more witnesses will be

12  laid off.  Defendant's failure to file their Motion to Dismiss (ECF 54) within 21 days of

13  Plaintiff's complaint warrants the striking of their untimely Motion to Dismiss.  Striking the

14  untimely motion will help preserve the integrity of the justice and ensure that the parties are

15  treated fairly.  Therefore, Plaintiff asks the Court to immediately strike Defendants untimely

16  Motion to Dismiss (ECF) 54 and order them to file an answer within 21 days of the Court's

17  decision.

18                             Respectfully submitted,

19

20                             Frank Liu

21        Dated 2/26/2024        Frank Liu

22                             Pro Se Plaintiff

23

24

25

26

27

28

29

30