Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>　　Plaintiff,<br><br>　　vs.<br><br>The Nielsen Company (US) LLC<br>　　and<br>TNC US HOLDINGS<br><br>　　Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Plaintiff's Motion To Extend Time to file Response in Opposition to Defendants' Motion to Dismiss (ECF 54)** |

**MOTION AND NOTICE OF MOTION**

Plaintiff is moving to extend his deadline to file his response in opposition to Defendants Motion to Dismiss (ECF 54) to be due by May 31, 2024. Furthermore, Plaintiff proposes Defendants' Reply Brief be due by July 1, 2024.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is seeking an extension to file his response in opposition to Defendants' motion to dismiss. He respectfully motions the Court to extend his deadline to submit his response brief in opposition to Defendants' Motion to Dismiss (currently set for March 11) **to be due by May 31, 2024**. The reasoning for this extension is contained in this motion. Furthermore, Plaintiff proposes **Defendants' reply brief be due by July 1, 2024**.

## BACKGROUND

Under Rule 6 of the Federal Rules, parties can extend deadlines before the deadline has passed by requesting a Court order. Plaintiff does not believe Defendants will grant him an extension. It is clear that Defendants believe they can file a motion to dismiss 7 months after Plaintiff's Amended Complaint and get all the time they need even after their deadline passed. Plaintiff motioned to strike Defendants' Motion to Dismiss (ECF 66). Plaintiff needs more time to argue his opposition to Defendants' motion to dismiss.

Working on the opening brief for Plaintiff's motion to strike took up a lot of Plaintiff's time. Furthermore, Defendants also gamed the system by refusing to release Plaintiff's Sedgwick New Jersey Workers Compensation files, and Defendants waited months to file their motion to stay discovery (ECF 55). Plaintiff has spent a lot of time responding to Defendants' motion to stay discovery. Plaintiff made sure his opposition to Defendants' motion letter to stay discovery was submitted to the Court on time (ECF 67) and Exhibits (ECF 67-1). Plaintiff wished he had more time to work on them. Plaintiff submitted the Response in Opposition to Defendants' Motion Letter to Stay Discovery on March 4, 2024 at 11:14 EST which was less than an hour from the deadline. Plaintiff was very rushed. Rushing to complete briefs is prejudicial to Plaintiff because rushing may cause mistakes or not having enough time to make all arguments that Plaintiff would have liked to make.

1    One example of a mistake in ECF 67 and 67-1 is Plaintiff identified the website
2 where Nielsen employees talk online about layoffs as "layoffs.com" where the actual
3 website is "**thelayoff.com**."  Had Plaintiff had more time to work on his opposition
4 response to Defendants motion letter to stay discovery, Plaintiff would have likely caught
5 the mistake before the deadline elapsed as he would have had more time to finish and check
6 for mistakes.
7    "**TheLayoff.com**" is the website identified in docket 67 on page 16, and in docket
8 67-1 on page 22.  As an example, https://www.thelayoff.com/t/1re2oju3 is where Nielsen
9 racists have gone online mocking the intelligence of India's population.
10
11
12 
13
14
15 As you can see, there have been 49 upvotes to the racist thread meaning many Nielsen
16 employees agree with the poster's racist perspective.
17
18 There are also other replies Nielsen employees have posted that could be considered
19 racially charged.  Here are two examples:
20
21
22 
23
24
25
26
27

1  Had Plaintiff had more time to work on his response in opposition to Defendants' motion
2  letter to stay discovery, it is likely that Plaintiff would have caught the mistake that the
3  website is actually "**TheLayoff.com**" instead of "layoffs.com" (which is incorrect).
4  Plaintiff **does not** want to be rushed on his response to Defendants motion to dismiss (ECF
5  54) because he needs more time to work on it.  Plaintiff believes he would be prejudiced if
6  he is rushed to complete the response considering he is a pro se party and is not a lawyer.
7
8                          **REASONS IN FAVOR FOR GRANTING EXTENSION**
9       For Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF 54),
10 Plaintiff wants to ensure he has enough time to make as best an argument as he can and to
11 minimize mistakes.  This is one reason why Plaintiff is asking in good faith for the Court to
12 grant him an extension to make his response to Defendants' Motion to Dismiss be due by
13 May 31, 2024.
14      Another reason why Plaintiff needs more time is Defendants had over 7 months to
15 consider Plaintiff's Amended Complaint (ECF 44) before filing their motion to dismiss
16 (ECF 54).  Defendants submitted a lengthy motion to dismiss, and Plaintiff hasn't yet had
17 the willpower to read everything contained in their motion to dismiss.  It is hard for Plaintiff
18 to read Defendants' motion to dismiss all at once because it creates psychological harm as it
19 is very upsetting at how Defendants misrepresent facts just by briefly glancing over their
20 motion to dismiss.
21      Not only will rushing Plaintiff to complete his opposition to Defendants' motion to
22 dismiss be prejudicial to Plaintiff (considering how much time Defendants had to file their
23 motion to dismiss), being forced to work hours and hours on end straight in a rush will be
24 detrimental to Plaintiff's mental health.  Opposing Defendants' motion to dismiss is very
25 uncomfortable because it forces Plaintiff to deep dive into what happened and reliving the
26 trauma and hurt of Nielsen's actions.  Plaintiff believes a longer deadline for his opposition
27 response will benefit Plaintiff's mental health.  Lawyers who are not a party to the lawsuit
28 don't relive trauma because it isn't personal to them because the illegal acts were not done

to them.  In this case, Nielsen has violated employment law numerous times, and has greatly affected Plaintiff already.

Plaintiff has not worked in the US since Nielsen.  The last job Liu had after Nielsen was as a teacher overseas.  Liu left the US in 2019 shortly after his termination because of the psychological harm Nielsen inflicted on him.  Since returning to the US in 2021, Liu has not had a job.  Liu was homeless for over a year.  What Nielsen did to Liu has greatly impacted Liu's mental health and the damage still affects Liu today.

I hope the Court will understand I need more time to oppose Defendants' motion to dismiss for the following reasons:

**1)** Plaintiff is not a lawyer and needs more time for research on case law, writing, and ensuring his finalized response is as best as he can make it despite not being a lawyer.  This lawsuit matters a lot to Plaintiff.  Plaintiff wishes he never worked for Nielsen in the first place because Nielsen's actions has been greatly detrimental to Plaintiff's life.  Plaintiff seeks justice and will fight hard for it, and he needs more time to oppose Defendants' motion to dismiss.

**2)** Defendants filed an untimely motion to dismiss over 7 months after Plaintiff filed his Amended Complaint (ECF 44).  Defendants' actions granted them to have a lot more time to work on their motion to dismiss (ECF 54) despite not asking for an extension before there 21 days were up.  Although Plaintiff did motion to strike Defendants untimely motion to dismiss, that still needs to be fully briefed by parties.  Plaintiff also needs to work on a Reply Brief after Defendants submit their Opposition Brief to Plaintiff's Motion to Strike, which will also take up more of Plaintiff's time in the future.

**3)** Working hours and hours straight to rush finishing a brief prejudices Plaintiff because being rushed can lead to unintentional mistakes, especially for a non-lawyer.  Being rushed can also lead to not making as effective of an argument as intended to oppose Defendants' motion to Dismiss.  Defendants have paid legal subscriptions which Plaintiff does not.  Defendants probably have access to paid WestLaw, LexisNexis and/or other legal

1  databases.  Plaintiff does not have those paid subscriptions so research can be more difficult
2  and/or time consuming for Plaintiff.  Plaintiff is not a lawyer.
3  **4)** What Nielsen did to Plaintiff has already psychologically traumatized Plaintiff.  It
4  would benefit Plaintiff's mental health to not have to rush and focus on what happened
5  hours and hours on end for days upon days at a time.  Instead, doing it peacemeal and over
6  a longer period of time will help minimize the very uncomfortable nature of reliving what
7  happened.
8  **5)** Defendants' lead attorney Ms. Spangler will not be prejudiced by giving Plaintiff
9  more time to respond to Defendants' motion to dismiss.  Spangler is also representing
10 Nielsen on a different lawsuit which is "Justin Franks v. The Nielsen Company et al."  Mr.
11 Franks has posted online about his lawsuit on Linkedin here:
12 https://www.linkedin.com/pulse/i-filed-federal-lawsuit-against-nielsen-my-former-
13 employer-franks-3uezc/
14 Plaintiff is not a party to Justin Franks' lawsuit, but was not surprised to hear Nielsen
15 has been sued again as they have a culture of racism, discrimination and retaliation.  Here is
16 a screenshot of Justin Franks' Linkedin post:

> I have decided to file a discrimination and retaliation lawsuit against my former employer, Nielsen, in the Federal U.S. District Court for the Western District of Washington State because I believe they discriminated and retaliated against me The filed case document is public record. Initial Case number 2:23-cv-01907, revised case number 3:23-cv-06150-TMC. I have also filed a complaint with the Equal Employment Opportunity Commission (EEOC).
>
> Filing a case against an employer, past or present, requires a great deal of certainty, courage, and self-sacrifice. This is why only a small fraction of people that suffer workplace discrimination and retaliation actually file. Filing helps hold employers accountable and it also helps improve conditions for all employees. I am hopeful my courage and sacrifice will enable both to happen. My purpose of letting people know is to bring awareness to the issues just as any other media outlet would if they picked up the story by monitoring Federal court case filings.
>
> If you want to read the public record of what was filed, here is the link: Federal Court Public Record.

1    It appears Justin Franks' circumstances is similar to those of Cheryl Grace who sued
2 Nielsen for what appears to be similar reasons and/or circumstances.  The point Plaintiff is
3 trying to make is that Winston & Strawn attorneys attached to this lawsuit have other cases
4 (either with Nielsen and/or other clients) to bill.  Thus, giving Plaintiff more time will not
5 prejudice Defendants' well-paid attorneys as Plaintiff believes many employer defense
6 attorneys have at least several cases running at once.  Furthermore, Defendants will not be
7 prejudiced by the extension especially when they purposefully waited 7 months to file their
8 motion to dismiss.  If Nielsen would be prejudiced by delay, then they should have filed
9 their motion to dismiss within 21 days after Plaintiff's Amended Complaint.  Due to
10 Nielsen's actions of unnecessary delay, Plaintiff had to file a motion to strike.  Due to
11 Nielsen's actions of refusing to provide Sedgwick NJ Workers Compensation files to
12 Plaintiff, Plaintiff also had to oppose that.  Those took up a lot of Plaintiff's time.
13    **6)** Defendants ignored Plaintiff's request for discovery for months.  Defendants could
14 have filed a motion to stay discovery back in October of 2023 (but they didn't).  Plaintiff
15 even mentioned Defendants had not filed a motion to stay discovery in an email sent to
16 Defendants' attorneys back in October 2023:

17
18       F L <frank.liu.96@gmail.com>                                                   Mon, Oct 16, 2023, 4:42 PM
         to Caitlin, Cardelle, Aubrey
         Ms. Spangler,
         Laura was added to the email by mistake.  I have removed her and added Caitlin Tran who was supposed to be on the original email instead.
19       We had our Rule 26 meet and confer several months ago.  Defendants have not filed a motion to stay discovery.  Therefore, please let me know when we can confer, or if you are refusing to confer.
         Thank you.
20

21    Not only did Ms. Spangler refuse to confer with Plaintiff, Defendants refused
22 discovery and waited months until January 26, 2024 to file their motion letter to stay
23 discovery.

24
         Spangler, Cardelle <CSpangler@winston.com>                                    Oct 16, 2023, 4:45 PM
         to Aubrey, me, Caitlin
25       Your request is premature.  In addition, a request by email is not appropriate.  Accordingly, there is no need for a meet and confer.
         Thank you,
26       Cardelle

         **Cardelle Spangler**
         Winston & Strawn LLP
27       D: +1 312-558-7541
         winston.com
28

7

Furthermore, Plaintiff believes he will win against Defendants' motion to stay discovery. Defendants should have willingly provided Plaintiff his New Jersey Workers Compensation Case Files years ago. Defendants choose to block its release. Plaintiff believes being provided with the Sedgwick New Jersey Case Files will help Plaintiff make the full argument he intends to make in his opposition motion to Defendants' motion to dismiss.

**7)** Plaintiff has over 100 pages of rebuttal he submitted to the EEOC when his case was with them. His case was with the EEOC for over 1.5 years. Plaintiff needs time to go over the documents and possibly redact personal information before attaching some or all of his rebuttal documents as an exhibit. Looking through the hundred+ pages will take time and won't be pleasant because it causes Plaintiff to further relive what happened at Nielsen.

**8)** Plaintiff is not a lawyer and might need time to seek free legal advice from lawyers from Avvo.com (or maybe even from NYLAG Legal Clinic for Pro Se Litigants) if he gets stuck on something and runs into difficulty with his response to Defendants' motion to dismiss.

**9)** Plaintiff originally wanted his response to Defendants' motion to dismiss be due 28 days after the Court rules on Plaintiff's motion to strike Defendants' motion to dismiss (see Plaintiff's Proposed Scheduling Order contained in ECF 57). The Court did not grant him that timeline. In Docekt 62, Plaintiff only motioned for 14 additional days because he was erring on the safe side by only asking for 14 days, even though it was not enough time. Plaintiff had proposed for more time in ECF 57, but the Court refused that request.

Plaintiff is now asking for the time he needs to oppose Defendants motion which is longer than the 14 days contained in ECF 62. Plaintiff hopes the Court understands pro se parties need more time to make legal arguments. Plaintiff has barely started his response to Defendants' motion to dismiss because both Plaintiff's Motion to Strike (ECF 66) and Plaintiff's Opposition to Defendants' Motion Letter to Stay Discovery (ECF 67) took up a lot of Plaintiff's time. Despite spending so much time on the briefs, Plaintiff was still rushed to finish, and the deadline was very near so Plaintiff had to finish and submit them to get them in on time. Because Plaintiff had to work on those two briefs, those took up a lot

of Plaintiff's time.  I hope the Court understands the difficulties for pro se parties who are determined to fight for their civil rights in court.  Plaintiff hopes the Court will grant him the extension.

Defendants have a team of lawyers and support staff.  Plaintiff is pro se and Plaintiff's ECF 66 was submitted on Feb 26. 2024 at 10:30 PM EST, and Plaintiff's ECF 67 and 67-1 was submitted on March 4, 2024 at 11:14 PM EST.  Plaintiff's briefs were already rushed and being in such a rush is prejudicial to Plaintiff.  Plaintiff has worked very hard on both ECF 66 and 67 and that already took away a lot of time away from Plaintiff from working on Plaintiff's opposition to Defendants' motion to dismiss.  Plaintiff believes it would be in the interest of justice to grant Plaintiff's extension request.

## DISCLAIMER

Plaintiff has submitted a motion to strike Defendants' motion to dismiss in it's entirety and does not believe the Court should allow Defendants more than 6 month late motion to dismiss (ECF 54) to proceed.  However, because it takes time for the Court to make their decision on the motion to strike (especially when the motion has not been fully briefed by both parties), Plaintiff will still prepare for the worst outcome and work hard on his Response in Opposition to Defendants' Motion to Dismiss in the meantime because working on the response will take up a lot of Plaintiff's time and he wants his opposition to to be successful should his motion to strike fail.  This Motion for Extension to file Plaintiff's response in Opposition to Defendants' Motion to Dismiss <u>should not be viewed as Plaintiff's acceptance that Defendants' motion to dismiss is timely</u>.  That decision rests on the Court to decide after the motion to strike has been fully briefed by both Plaintiff and Defendants.

## CONCLUSION

Plaintiff asks the Court to grant this extension request for his Response to Defendants' Motion to Dismiss be due by <u>May, 31, 2024</u> based on the reasoning contained

in this motion.  Furthermore, Plaintiff proposes <u>Defendants reply brief be due by July 1, 2024</u>, which Plaintiff believes is more than enough time for Defendants because Plaintiff believes Defendants have 3 lawyers, support staff, pretty much unlimited resources and their lawyers have access to paid subscriptions like LexisNexis and/or WestLaw, etc.

                                                              Respectfully submitted,

                                                              */s/ Frank Liu*

Dated 3/5/2024                       Frank Liu

                                                       Pro Se Plaintiff