

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

March 6, 2024

<u>**VIA CM/ECF**</u>

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR-OTW**

Dear Judge Wang:

On behalf of defendants The Nielsen Company (US), LLC and TNC US Holdings (collectively, "Defendants"), we write in response to Plaintiff Frank Liu's Motion to Extend Time to file Response in Opposition to Defendants' Motion to Dismiss, filed March 6, 2024. (ECF No. 68.)

Defendants oppose Plaintiff's requested extension. Despite filing a 10-page motion for an extension, Plaintiff intentionally omits his articulated reason for requiring more time to file his opposition to Defendants' Motion to Dismiss – he intends to file a Motion to Unseal draft settlement documents at Docket 6 and 6.1 ***that the Court has already ordered to be sealed***. (Dkt. 39.)

On February 22, 2024, Plaintiff emailed defense counsel requesting a meet and confer call. That same afternoon, Plaintiff and my colleague, Caitlin McCann, met and conferred by phone during which time Plaintiff stated he intended to file a Motion to Unseal the settlement documents that he previously filed. In a follow-up email later that afternoon, Plaintiff emailed defense counsel stating:

> As discussed on our call, I am requesting an extension till April 30, 2024 to respond to Defendants' motion to dismiss. ***This is a tentative date because I intend to file a motion to unseal dockets 5 and 5.1 [sic] so I can argue estoppel and promissory estoppel in my response to Defendants' motion to dismiss as I do not believe my claims are time barred. I don't know how long the Court will take to rule on the yet-to-be-filed motion to unseal*** so April 30, 2024 for the response date is just a tentative date and might have to be pushed back more should it take much longer for a ruling on the yet-to-be-filed motion to unseal.

Email correspondence between Plaintiff and defense counsel, dated February 22, 2024, attached as Exhibit A (emphasis added).

**WINSTON & STRAWN LLP**

March 6, 2024
Page 2

    Defense counsel advised Plaintiff that the Court has already ruled on this issue and that they therefore could not agree to his requested extension because we believed his stated purpose to be non-meritorious. Additionally, Plaintiff has already requested an extension from February 26 to March 11, 2024, that Defendants did not oppose, and which this Court granted. (Dkt. 64.) A second, longer extension will only provide Plaintiff with additional time to file more frivolous motions containing improper and baseless content and accusations, as he has done here, and time and time again.

    As previously noted, the rules set forth in the Individual Practices in Civil Cases provide, in part, that all requests for extensions of time must include whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. Plaintiff's intentional omission of information regarding his meet and confer with Defendants is not in good faith.

    For the reasons stated above, Defendants oppose Plaintiff's requested extension. Defendants also strenuously deny Plaintiff's inflammatory allegations and request that his future filings be limited to the subject matter at issue.

    Thank you for your consideration of the foregoing.

Dated: Chicago, Illinois

March 6, 2024

Respectfully submitted,

*Cardelle B. Spangler*
_____
Cardelle Spangler (*admitted pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

*Attorneys for Defendants*

cc: Plaintiff Frank Liu