1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7

8

9              **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
| Plaintiff, | |
| | **Reply in Support of Plaintiff's Motion To Extend Time (ECF 68)** |
| vs. | |
| The Nielsen Company (US) LLC | |
| and | |
| TNC US HOLDINGS | |
| Defendants. | |

12

13

14

15

16

17

18

19

1

1          **EXTENSION REQUEST WAS DONE IN A RUSH**

2          Plaintiff has already provided a number of reasons of why Plaintiff needs more time.

3  Plaintiff was trying to get his motion for extension (ECF 68) in as soon as possible after

4  spending up so much of his time on ECF 66 and 67.  Furthermore, drafting up the motion

5  for extension (ECF 68) took up hours of Plaintiff's time.  If Plaintiff had gone over 10

6  pages, then he would probably need to add a table of contents, which Plaintiff didn't want

7  to do for such a filing.  Furthermore, Plaintiff finished as soon as he could and submitted it

8  because it was important to get it in as soon as possible.  The motion for extension (ECF

9  68) was completed in such a rush that there was one major mistake.



17         As indicated in the screenshot above, Plaintiff had to submit it a second time due to

18  the mistake.  Rushing a pro se non-lawyer leads to mistakes.  Does Defendants want to win

19  by rushing a pro se non-lawyer so a pro se can't make any effective arguments, or would

20  Ms. Spangler rather win based on merit?  Plaintiff simply needs more time based to file his

21  opposition to Defendants' motion to dismiss (ECF 54) based on a variety of reasons.

23  **Plaintiff Never Conferred With Defendants about the May 31, 2024 Extension Request**

24         Although Plaintiff did confer with Caitlin McCaan <u>on February 22, 2024 about an</u>

25  <u>extension till April 30, 2024</u> to file his Response to Defendants' Motion to Dismiss (ECF

26  54), Liu believed his motion for extension (ECF 68) is unrelated to the meet and confer that

27  occurred on Feb 22, 2024 because his motion for extension (ECF 68) <u>requested until May</u>

28  <u>31, 2024</u> to file his response to Defendants' motion to dismiss.  Hypothetically, had

Defendants agreed to the April 30, 2024 extension (which they did not), Plaintiff did not have Defendants' consent for May 31, 2024 because he did not confer with McCaan about a May 31, 2024 extension, therefore Plaintiff can not rely on the Feb 22 meet and confer anyway regardless of Defendants' willingness or unwillingness to grant Plaintiff more time.

As stated, Plaintiff **did not** confer with Defendants about the **May 31, 2024** extension.  Plaintiff conferred with Defendants' attorney Caitlin McCaan about an April 30, 2024 extension, but ended up not filing it because Plaintiff was busy on other filings. Plaintiff had spent so much time on Plaintiff's motion to strike (ECF 66), then working on Plaintiff's opposition to Defendants' motion letter to stay discovery (ECF 67), that on March 5, 2024, Plaintiff realized he needed a lot more time to work on his response to Defendants motion to dismiss (ECF 54), so Plaintiff started writing a motion for an extension for his response to be due by May 31, 2024.

Plaintiff believed he needed to get his extension motion (ECF 68) in as soon as possible before the deadline for his response elapsed, and to give the Court enough time to decide on it, that he did not meet and confer with Defendants about the May 31, 2024 extension request.  Furthermore, Plaintiff assumed Defendants would deny his request (because they denied his previous requests for April 30, 2024), and did not want to delay filing for the extension.  Had Plaintiff filed his motion for extension too late, the Court wouldn't have enough time to consider it.


**Defendants Failed to Confer with Plaintiff in Regards to Defendants' Motions to Stay Discovery**

It is undisputed that Defendants **never** conferred with Plaintiff before filing their motion letter to stay discovery (ECF 55).  Furthermore, Defendants also **failed to confer** with Plaintiff when they filed their motion to stay discovery when the lawsuit was in the Northern District of California.  Defendants' motion to stay discovery was filed as ECF #32 in Case #4:21-cv-07313-JSW.  Based on Defendants' actions, it appear they believe they don't have to confer with Plaintiff to file their motions.  So why should Plaintiff be bound

1  by the same rules if Defendants are blatantly disregarding them when the lawsuit was in ND

2  California and here in SDNY?  Since Defendants didn't bother conferring with Plaintiff

3  before filing **both** of their motions to stay discovery, it appears Defendants think they don't

4  need to follow the rules of civil procedure when a lawsuit is brought by a pro se non-lawyer.

5         The fact is, Plaintiff never conferred with Defendants about the May 31, 2024

6  extension date due to the urgency of getting his motion in after spending so much time on

7  ECF 66 and 67.  Plaintiff wasn't trying to hide anything because the Feb 22, 2024 confer

8  call was not about the May 31, 2024 extension.  Plaintiff is fine that Defendants brought up

9  old emails, however Plaintiff is disappointed that Defendants' didn't bring up all the emails

10  regarding the Feb. 22, 2024 confer call.

11

12

13  **Defendants Should Have Attached the Entire Email Chain Between Liu and Caitlin**

14  **McCaan Regarding the Feburary 22, 2024 Meet and Confer about the April 30, 2024**

15  **Extension.**

16

17         Please See **Exhibit A** and **Exhibit B** for the chain of emails regarding the Feb 22

18  confer call. Defendants convienantely left some emails out.

19         **Here** are some screenshots of emails Defendants did not include:

20



21

22

23

24

25

26

27

28

**This Motion Extension Reply took SEVERAL HOURS to Draft**

The time spent on this reply was time that could have been dedicated towards Liu's response to Defendants' motion to Dismiss. Plaintiff simply needs more time due work on his response to Defendants' motion to dismiss due to all the games Defendants are playing. Defendants should have filed their motion to stay discovery back in October of 2023. Defendants should have filed their motion to dismiss 21 days after Plaintiff's Amended Complaint. Defendants should have conferred with Plaintiff before filing their motion to stay discovery (both times). There are more examples of Defendants' gamesmanship, but Plaintiff needs to get this reply brief in as soon as he is able to.


**The Court Should Allow Plaintiff to Argue Estopel and Promissory Estoppel**

The filing time limit imposed by Title VII, 42 U.S.C. § 2000e-16(c), "is not a jurisdictional requirement but rather is similar to a statute of limitations." In re James, 444 F.3d 643, 647 (D.C. Cir. 2006) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (recognizing that Title VII's jurisdictional statutes do not limit jurisdiction to timely filed complaints). Therefore, "like a statute of limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393.

Although the Court sealed Docket 5 and 5.1, Plaintiff isn't sure if the Court intended for just 5 and 5.1 to be sealed, or if the Court is also forbidding Liu to argue estoppel and promissory estoppel in response to Defendants' assertion that Liu's lawsuit is time-barred. To err on the safe side, Liu isn't going in depth here about what is in 5 and 5.1, and just ambiguously referencing it. Plaintiff believes the Court should offer clarification if they are also intentionally preventing Liu from arguing estoppel and promissory estoppel based on their sealing of 5 and 5.1. Perhaps the Court was only sealing dockets 5 and 5.1 and the Court's order does not go beyond that, but Plaintiff is not a lawyer and needs clarification because Defendants' illegal actions as described in dockets 5 and 5.1 violated violated NY GOL 5-336 and Plaintiff believes Defendants actions was estoppel and promissory estoppel.

1   There is more evidence of estoppel and promissory estoppel beyond what was contained in
2   Dockets 5 and 5.1 which Plaintiff has been unable to present to the Court due to Plaintiff's
3   uncertainty of what the Court's ruling means.

4       Defendants want to interpret the Court's ruling as prohibiting Plaintiff from arguing
5   estoppel and promissory estoppel.  Plaintiff does not know if the Court intended to prohibit
6   him from making those arguments when the Court sealed 5 and 5.1.  Defendants have an
7   issue with Plaintiff bringing up this issue.  Does the Court?

8

9                                    **CONCLUSION**

10      Plaintiff respectfully asks the Court grant Plaintiff an extension to file his response to
11  Defendants' motion to Dismiss (ECF 54) so it is due by May 31, 2024.  Plaintiff needs more
12  time and he hopes the Court consider his reasons presented in ECF 68.

13

14

15                                  Respectfully submitted,

16

17                                  *Frank Liu*

18

19  Dated 3/7/2024                  Frank Liu

20                                  Pro Se Plaintiff

21

22

23

24

25

26

27

28

Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**EXHIBITS IN SUPPORT**<br>**Of Plaintiff's Reply in Support of**<br>**Plaintiff's Motion To Extend Time (ECF 68)** |

# EXHIBIT A

**I wanted more time to confer with Defendants'
attorney Caitlin McCaan on Feb. 22, 2024.**

**Caitlin McCaan refused to set aside more time.
If Caitlin McCaan allowed more time to confer,
I could have better explained more of the
reasons why I needed more time to respond to
Defendants' Motion to Dismiss (ECF 54).**

**There were <u>many</u> reasons for needing more time
to work on my response.  McCaan only allocated
30 minutes for the confer, and refused to allocate
more time.**



**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

**F L <frank.liu.96@gmail.com>**                                          Thu, Feb 22, 2024 at 8:19 AM
To: "Spangler, Cardelle" <cspangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>, "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler, Mr. Smith and Ms. Tran,

I am reaching out at about 8:19 AM PST (Caitlin McCaan's time zone; Caitlin Tran was her name before she changed it to McCaan), 10:19 AM Chicago (Spangler's time zone) and 11:19 EST to confer about extension of my deadline to be due March 31, 2024.

The reason for the change from March 11 to now requested March 31, is your ECF 63 has now reminded me of a matter that needs to be addressed by the Court as it affects my response to Defendants' motion to dismiss. I will go in-depth on our confer call.

Please get back to me today immediately about when we can confer by telephone. I need to request the change as soon as possible.

Thank you.

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

McCann, Caitlin <CMcCann@winston.com>                    Thu, Feb 22, 2024 at 10:12 AM
To: F L <frank.liu.96@gmail.com>, "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey"
<BASmith@winston.com>

Hi Frank,

I'm happy to set up a call to discuss the below. I'm available today between 1-2 pm or after 3 pm PT. I'm also available
tomorrow between 10 am and 1 pm PT. Let me know what works for you and I will circulate a calendar invite.

Best,

**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*

WINSTON
& STRAWN
LLP

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, February 22, 2024 8:19 AM
**To:** Spangler, Cardelle <CSpangler@winston.com>; Smith, Aubrey <BASmith@winston.com>; McCann, Caitlin
<CMcCann@winston.com>
**Subject:** Request to confer about extension

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image003.png**
1K

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

---

**F L <frank.liu.96@gmail.com>**                                    Thu, Feb 22, 2024 at 10:16 AM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>

    3 PM or later pacific works.  What time do you propose?  Do I call you or do you call me?  Thank you.
    [Quoted text hidden]

---

**2 attachments**

WINSTON
& STRAWN
LLP
**image001.jpg**
2K

WINSTON
& STRAWN
LLP
**image001.jpg**
2K

 Gmail

**F L <frank.liu.96@gmail.com>**

## Request to confer about extension

McCann, Caitlin <CMcCann@winston.com>                    Thu, Feb 22, 2024 at 10:34 AM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>

Let's plan to speak at 3:30 pm PT. I do have a hard stop at 4 pm PT.

Please call me at my direct line in my signature block, highlighted below. Thank you.

**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*



**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, February 22, 2024 10:17 AM
**To:** McCann, Caitlin <CMcCann@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>; Smith, Aubrey <BASmith@winston.com>
**Subject:** Re: Request to confer about extension

3 PM or later pacific works. What time do you propose? Do I call you or do you call me? Thank you.

On Thu, Feb 22, 2024, 10:12 AM McCann, Caitlin <CMcCann@winston.com> wrote:

Hi Frank,

I'm happy to set up a call to discuss the below. I'm available today between 1-2 pm or after 3 pm PT. I'm also available tomorrow between 10 am and 1 pm PT. Let me know what works for you and I will circulate a calendar invite.


Best,



**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com


*Admitted to practice in California*

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, February 22, 2024 8:19 AM
**To:** Spangler, Cardelle <CSpangler@winston.com>; Smith, Aubrey <BASmith@winston.com>; McCann, Caitlin <CMcCann@winston.com>
**Subject:** Request to confer about extension


-----------------------------------



Ms. Spangler, Mr. Smith and Ms. Tran,


I am reaching out at about 8:19 AM PST (Caitlin McCaan's time zone; Caitlin Tran was her name before she changed it to McCaan), 10:19 AM Chicago (Spangler's time zone) and 11:19 EST to confer about extension of my deadline to be due March 31, 2024.


The reason for the change from March 11 to now requested March 31, is your ECF 63 has now reminded me of a matter that needs to be addressed by the Court as it affects my response to Defendants' motion to dismiss.  I will go in-depth on our confer call.


Please get back to me today immediately about when we can confer by telephone.  I need to request the change as soon as possible.


Thank you.

[Quoted text hidden]

**image003.png**
1K

 **Gmail**

**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

---

**F L** <frank.liu.96@gmail.com>                                    Thu, Feb 22, 2024 at 10:47 AM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>

Ms. McCaan,

Can we speak at 3:10 PM because of the hard stop at 4 PM?  I want to make sure we have enough time to confer.  I will
call you at 3:10 PM PST.

Thank you.
[Quoted text hidden]

---

**2 attachments**

 **image001.jpg**
2K

 **image001.jpg**
2K

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

---

**McCann, Caitlin** <CMcCann@winston.com>                         Thu, Feb 22, 2024 at 10:50 AM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>


Hi Frank,


30 minutes should be more than sufficient to confer about an extension request. I am available at 3:30 pm and will speak with you then.


Best,


**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*




---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, February 22, 2024 10:48 AM
**To:** McCann, Caitlin <CMcCann@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>; Smith, Aubrey <BASmith@winston.com>
**Subject:** Re: Request to confer about extension


---


Ms. McCaan,

Can we speak at 3:10 PM because of the hard stop at 4 PM? I want to make sure we have enough time to confer. I will call you at 3:10 PM PST.

Thank you.

On Thu, Feb 22, 2024, 10:34 AM McCann, Caitlin <CMcCann@winston.com> wrote:

Let's plan to speak at 3:30 pm PT. I do have a hard stop at 4 pm PT.

Please call me at my direct line in my signature block, highlighted below. Thank you.

**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*

**From:** F L <frank.liu.96@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

**image003.png**
1K

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Request to confer about extension

---

**F L <frank.liu.96@gmail.com>**                                    Thu, Feb 22, 2024 at 10:56 AM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>, "Smith, Aubrey" <BASmith@winston.com>

Ms. McCaan,

I will use the time to also talk to you about another future motion.  I guess we can see about fitting both confers in on the call because you refuse to allocate more time.

Thank you.
[Quoted text hidden]

---

**2 attachments**

 **image001.jpg**
2K

 **image001.jpg**
2K

# EXHIBIT B

**Plaintiff is including all of the emails under the *"Confer Call Follow UP - Request for Extension to April 30, 2024"* chain of emails.**

**While some emails are already provided by Defendants, some emails in this exhibits are emails that Defendants <u>left out</u> in their ECF 69-1 exhibit filing.**

**Plaintiff believes Defendants <u>should have</u> included all the emails sent to Caitlin McCaan in the email chain.  If Defendants are going to rely on those emails, they should include all the emails under that email chain.**

 Gmail

**F L <frank.liu.96@gmail.com>**

---

# Confer Call Follow UP - Request for Extension to April 30, 2024

---

**F L <frank.liu.96@gmail.com>**             Thu, Feb 22, 2024 at 4:07 PM
To: "McCann, Caitlin" <CMcCann@winston.com>, "Smith, Aubrey" <BASmith@winston.com>, "Spangler, Cardelle"
<cspangler@winston.com>

Ms. McCaan,

As discussed on our call, I am requesting an extension till April 30, 2024 to respond to Defendants' motion to dismiss.
This is a tentative date because I intend to file a motion to unseal dockets 5 and 5.1 so I can argue estoppel and
promissory estoppel in my response to Defendants' motion to dismiss as I do not believe my claims are time barred. I
don't know how long the Court will take to rule on the yet-to-be-filed motion to unseal so April 30, 2024 for the response
date is just a tentative date and might have to be pushed back more should it take much longer for a ruling on the yet-to-
be-filed motion to unseal.

Ms. McCaan, you stated Defendants would want the same extension for their reply brief to the motion to dismiss. I asked
you to give me the proposed reply date from your own calculation which you said you would do after you spoke to
Defendants.

However, I still intend to file my motion to strike Defendant's Motion to Dismiss because they waited over 6 months to file
that and it is extremely untimely and should be stricken in its entirety.

Thank you.



**F L <frank.liu.96@gmail.com>**

---

## Confer Call Follow UP - Request for Extension to April 30, 2024

**F L <frank.liu.96@gmail.com>**                Thu, Feb 22, 2024 at 4:10 PM
To: "McCann, Caitlin" <CMcCann@winston.com>

MS. McCaan,

If Ms. Spangler gets mad at me for emailing her after 5 PM CST, please remind her that you asked me to email you the extension request. I worked on the email following our call, and because I did it fast so you will have what you requested (an emailed request), I forgot about it being past 5 PM in Illinois because otherwise I would have intentionally omitted her from the email.

Thank you.

[Quoted text hidden]

 **Gmail**

F L <frank.liu.96@gmail.com>

---

## Confer Call Follow UP - Request for Extension to April 30, 2024

McCann, Caitlin <CMcCann@winston.com>                                         Thu, Feb 22, 2024 at 5:33 PM
To: F L <frank.liu.96@gmail.com>, "Smith, Aubrey" <BASmith@winston.com>, "Spangler, Cardelle"
<CSpangler@winston.com>

Hi Frank,

As noted during our call, Defendants typically do not have an issue with agreeing to extensions of time. However, per the
below, we understand that you are requesting this extension so that you can file a Motion to Unseal draft settlement
documents that the Court has already ordered to be sealed. Because the requested extension is based on this stated
purpose, which we deem to be non-meritorious, Defendants cannot agree to your requested extension.

Best,

**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*

**WINSTON
& STRAWN**
LLP

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, February 22, 2024 4:07 PM
**To:** McCann, Caitlin <CMcCann@winston.com>; Smith, Aubrey <BASmith@winston.com>; Spangler, Cardelle
<CSpangler@winston.com>
**Subject:** Confer Call Follow UP - Request for Extension to April 30, 2024

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image003.png**
1K

 **Gmail**

F L <frank.liu.96@gmail.com>

---

# Confer Call Follow UP - Request for Extension to April 30, 2024

---

**F L <frank.liu.96@gmail.com>**                                                    Thu, Feb 22, 2024 at 5:52 PM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Smith, Aubrey" <BASmith@winston.com>

Ms. McCaan,

The primary purpose is to give me more time to work on the response to Defendants' motion to dismiss as I have been working on the motion to strike.  I can not finish the motion to dismiss response by Feb. 26, 2024, or it will be so rushed I can not make much arguments, and would need to motion for leave to amend.  It wasn't until Feb. 16, that the Court said my response to Defendants' motion to dismiss was due on Feb 26.  If the Court does not grant me enough time to work on my response, I need to appeal the lack of extension to the Second Circuit because such a short deadline will prejudice me.  I also want to make my arguments of estoppel and promissory estoppel which is backed up by the things contained in Dockets 5 and 5.1 to fully argue my case.  Should the Court prevent me from making those arguments because dockets 5 and 5.1 are under seal, then I believe it would be an injustice and the Court will be erring and that may need to be appealed to the Second Circuit.

Thank you for your response.

PS - I am omitting Ms. Spangler in this email because it is after 5 PM CST.  Feel free to forward her a copy.
[Quoted text hidden]

 Gmail

**F L <frank.liu.96@gmail.com>**

---

# Confer Call Follow UP - Request for Extension to April 30, 2024

---

**F L** <frank.liu.96@gmail.com>                                    Thu, Feb 22, 2024 at 6:03 PM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Smith, Aubrey" <BASmith@winston.com>

Ms. McCaan,

Furthermore, you specifically asked me to send you an email about the April 1, 2024 extension.  I did so as soon as I could following the call.  I'm sorry if my position has not been so clearly written due to the rush as there is an urgency to get you the email for the April 1 extension date.  The primary purpose has been that I need more time to work on the response.  A secondary reason is I want to make all the arguments I can for the response.  I now know why you insisted for the email.  You were finding a way not to grant me the extension.

On Thu, Feb 22, 2024 at 5:33 PM McCann, Caitlin <CMcCann@winston.com> wrote:
[Quoted text hidden]

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Confer Call Follow UP - Request for Extension to April 30, 2024

---

**F L <frank.liu.96@gmail.com>**
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Smith, Aubrey" <BASmith@winston.com>

Thu, Feb 22, 2024 at 6:03 PM

I mean the April 30, 2024 extension.

[Quoted text hidden]

Exhibits respectfully submitted,

Dated 3/7/2024

Frank Liu

Pro Se Plaintiff