**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FRANK LIU**, | Case No.  1:22-cv-09084-JHR-OTW |
| Plaintiff, | Judge Jennifer H. Rearden |
| v. | |
| **THE NIELSEN COMPANY (US) ET AL.**, | |
| Defendants. | |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS**

WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Clinton v. Perez*,
    No. 3:19-cv-02010, 2021 WL 2515732 (D. Conn. June 19, 2021) ..........................................2

*Dolenec v. Pressler & Pressler L.L.P.*,
    No. 12-cv-5500, 2014 WL 663942 (S.D.N.Y. Nov. 24, 2014)................................................1

*Granger v. Gill Abstract Corp.*,
    566 F. Supp. 2d 323 (S.D.N.Y. 2008)......................................................................................2

*Honig v. Hansen*,
    No. 20-civ-5872, 2021 WL 4651475 (S.D.N.Y. Oct. 6, 2021)................................................2

*Nelson v. Wells Fargo Bank, N.A.*,
    No. 17-cv-4045, 2019 WL 2514229 (S.D.N.Y. June 18, 2019) ..............................................2

*Pakter v. N.Y.C. Dept. of Educ.*,
    No. 08-civ-7673, 2010 WL 1141128 (S.D.N.Y. Mar. 22, 2010)............................................2

*Sierra v. U.S.*,
    No. 97-civ-9329, 1998 WL 599715 (S.D.N.Y. Sept. 10, 1998) ............................................2

*Syracuse Univ. v. Otis Elevator Co.*,
    No. 5:09-cv-0172, 2010 WL 2680230 (N.D.N.Y. July 1, 2010).............................................1

**Other Authorities**

Federal Rule of Civil Procedure 7(a) .............................................................................................2

Federal Rule of Civil Procedure 12(f) .......................................................................................1, 2

## I.    INTRODUCTION

Defendants The Nielsen Company (US) LLC and TNC US Holdings (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Frank Liu's ("Plaintiff") Motion to Strike Defendants' Motion to Dismiss.

Plaintiff argues the Court should strike Defendants' Motion to Dismiss because it was not timely filed.  This is incorrect.  Defendants' Motion to Dismiss was timely, having been filed when the Court ordered Defendants to do so, on January 26, 2024. (ECF No. 53.)  Further, Plaintiff's motion to strike is improper, as Federal Rule of Civil Procedure 12(f) only allows courts to strike "pleadings," and a motion to dismiss is not a pleading. Therefore, as detailed below, Plaintiff's Motion to Strike should be denied because it is both factually incorrect and an improper vehicle with which to challenge the timeliness of Defendants' Motion to Dismiss.

## II.    DEFENDANTS' MOTION TO DISMISS IS TIMELY

Defendants' motion to dismiss was filed in compliance with a briefing schedule set by the Court and, therefore, was timely.  At the parties' December 20, 2023 status conference, the Court ordered Defendants to file their Motion to Dismiss by January 26, 2024 (Status Conference Tr. 50, 6:4-18), which Defendants did.  (ECF No. 53.)  "Deadlines imposed under a [Federal Rule of Civil Procedure] 16 scheduling order are . . . meaningful deadlines established by the court," with which parties must comply.  *Syracuse Univ. v. Otis Elevator Co.*, No. 5:09-cv-0172, 2010 WL 2680230, at *2 (N.D.N.Y. July 1, 2010); *see also Dolenec v. Pressler & Pressler L.L.P.*, No. 12-cv-5500, 2014 WL 663942, at *4 (S.D.N.Y. Nov. 24, 2014) (finding plaintiff's motion to be "timely because it was made in compliance with the scheduling order").  Therefore, the timeliness of Defendants' Motion to Dismiss, which is the impetus behind Plaintiff's Motion to Strike, is an issue that already has been decided by the Court.[1]

---

[1] Plaintiff devotes a substantial portion of his Motion to Strike arguing that his Amended Complaint is timely. It is undisputed that Plaintiff's Amended Complaint is untimely, and also that it is a moot issue given the Court's acceptance of his filing.  Defendants filed their Motion to Dismiss Plaintiff's initial Complaint on May 23, 2023. (ECF No. 28.)  Plaintiff had twenty-one days from service of Defendants' Motion to Dismiss—until June 13, 2023— to file his Amended Complaint.  Plaintiff did not file his Amended Complaint until June 20, 2023, seven days late.

### III.    A RULE 12(F) MOTION TO STRIKE IS NOT APPLICABLE HERE

Defendants' Motion to Dismiss was not a "pleading" under the meaning of Federal Rule of Civil Procedure 7(a) and therefore cannot be challenged with a motion to strike.  "Rule 12(f) allows a court to strike pleadings only," and "motions . . . are not pleadings."  *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 335 (S.D.N.Y. 2008) (finding "all of Plaintiff's motions to strike [] improper" pursuant to Rule 12(f)); *see also* Fed R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added); Fed. R. Civ. P. 7(a) (defining pleadings as a complaint, answer to a complaint, answer to a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, or reply to an answer if ordered by the court).  Therefore, the "filing of a motion to strike . . . is not a proper way to challenge a motion to dismiss."  *Sierra v. U.S.*, No. 97-civ-9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying plaintiffs' motion to strike defendants' motions to dismiss); *see also Nelson v. Wells Fargo Bank, N.A.*, No. 17-cv-4045, 2019 WL 2514229, at *5 (S.D.N.Y. June 18, 2019) (denying plaintiff's motion to strike defendant's motion to dismiss and finding it "improper under Federal Rule of Civil Procedure 12(f)"); *Honig v. Hansen*, No. 20-civ-5872, 2021 WL 4651475, at *3 (S.D.N.Y. Oct. 6, 2021) (finding plaintiffs' "motions to strike the contents of [a] motion to dismiss [] improper" because "courts in this district have held that Rule 12(f) does not authorize this court to strike documents other than pleadings"); *Pakter v. N.Y.C. Dept. of Educ.*, No. 08-civ-7673, 2010 WL 1141128, at *5 (S.D.N.Y. Mar. 22, 2010) (denying plaintiff's motion to strike defendants' memorandum of law in support of its motion to dismiss because "a memorandum of law is not a 'pleading'"); *Clinton v. Perez*, No. 3:19-cv-02010, 2021 WL 2515732, at *5 (D. Conn. June 19, 2021) (denying plaintiff's motion to strike defendants' motion to dismiss because such a motion is not "appropriate" under Rule 12(f)).

Plaintiff's motion to strike is therefore improper and must be denied.

---

At the parties' December 20, 2023 status conference, the Court acknowledged that Plaintiff had filed his Amended Complaint late, noting Plaintiff was "off" by a few days because he "believed that he had four weeks to file." (Status Conference Tr. 5:22-25.)  However, at this conference, the Court exercised its authority to accept the filing of Plaintiff's Amended Complaint, and Defendants have never opposed this acceptance.  Therefore, the timeliness of Plaintiff's Amended Complaint is a moot issue.

## IV.    DEFENDANTS WILL NOT ADDRESS PLAINTIFF'S ARGUMENTS THAT ARE IRRELEVANT TO THE CONSIDERATION OF A MOTION TO STRIKE

Plaintiff raises a variety of arguments and issues that are unrelated to the determination of a motion to strike, such as personal stress, discovery, and settlement discussions, among others. Because they are not relevant considerations, Defendants will not address these arguments.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

Dated: Chicago, Illinois                    Respectfully submitted,
       March 18, 2024


                                      */s/ Cardelle Spangler*

Cardelle Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Caitlin McCann (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*