

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

March 18, 2024

**VIA CM/ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *Frank Liu v. The Nielsen Company (US), LLC, et al.*; Case No. 1:22-cv-09084-JHR-OTW

Dear Judge Wang:

Defendants The Nielsen Company (US), LLC and TNC US Holdings (collectively, "Defendants") respectfully submit this reply in support of their Letter Motion to Stay Discovery. Defendants' pending Motion to Dismiss constitutes good cause for purposes of staying discovery, and Plaintiff cannot demonstrate that a brief stay would result in any meaningful prejudice to him.

A pending motion to dismiss may, in some circumstances such as those in the instant case, "constitute good cause for a protective order staying discovery." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023); *see also Richardson v. City of N.Y.*, No. 21-cv-5080, 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (granting motion to stay discovery because defendants had a pending motion to dismiss); *Altimeo Asset Mgmt. v. Qihoo 36 Tech. Co. Ltd.*, No. 19-civ-10067, 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022) (same); *Cota v. Art Brand Studios, LLC*, No. 21-cv-1519, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (same); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572, 2021 WL 1893316, at *2 (S.D.N.Y. Mar. 10, 2021) (same); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 83 (S.D.N.Y. 2020) (same). To determine whether a pending motion to dismiss warrants a stay of discovery, courts consider the following factors: "(1) the breadth of discovery sought,[1] (2) any prejudice that would result, and (3) the strength of the motion." *Press v. Primavera*, No. 1:21-cv-10971, 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2022) (citing *Hong v. Leong Fin. Ltd. (Singapore) v. Pinnacle Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)) (internal quotation marks omitted). These factors strongly favor staying discovery pending resolution of Defendants' motion to dismiss.

---

[1] Plaintiff has not served Defendants with any written discovery, so the breadth of discovery sought cannot be addressed. However, Plaintiff's unusually high volume of activity in this case that is in a very early stage of litigation would almost certainly be mirrored if he were given unfettered freedom to serve discovery on Defendants.



March 18, 2024<br>Page 2

"The 'strength of the motion' factor contemplates whether the party seeking the stay has 'substantial arguments for dismissal,'" and as "to that factor, courts [] consider whether the resolution of the pending motion to dismiss may dispose of the entire action." *Id.* at *1 (finding that because "Defendant's success on the motion would dispose of the entire action, this factor weighs in favor of granting the requested stay"); *see also Alapaha View Ltd.*, 2021 WL 1893316 at *2 (granting motion to stay discovery because defendant had a "potentially dispositive" motion to dismiss pending); *Richardson*, 2022 WL 2003340 at *2 (granting motion to stay discovery because defendants' pending motion to dismiss was potentially "dispositive of some or all of the case"); *Broccoli v. Ashworth*, No. 21-cv-6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (granting motion to stay discovery because defendants' pending motion to dismiss sought "to dismiss the [complaint] in its entirety"); *Afua v. Mediterranean Shipping Co. (USA) Inc.*, No. 22-cv-2111, 2022 WL 2181432, at *3 (E.D.N.Y. June 16, 2022) (finding "good cause exist[ed]" and a stay of discovery was warranted when defendant had a pending motion to dismiss that, if granted, would dismiss all of plaintiff's claims). If granted, Defendants' pending Motion to Dismiss would dispose of all of Plaintiff's claims. For that reason alone, and in the interests of judicial economy and preventing costly and time-consuming discovery, a motion to stay should be granted pending resolution of the Motion to Dismiss.

A brief stay of discovery also will not result in any prejudice to Plaintiff. Should the litigation proceed according to the current scheduling orders issued by the Court, Plaintiff will file his response to Defendants' Motion to Dismiss by March 29, and Defendants will file their reply by April 19. (ECF No. 17.) This means a decision may be rendered in just over a month.[2] Such a brief stay does not constitute meaningful prejudice. *See Palladino v. JPMorgan Chase & Co.*, No. 23-cv-1215, 2024 WL 312522, at *3 (E.D.N.Y. Jan. 26, 2024) (granting a stay of discovery and finding plaintiffs had not established prejudice because "under the parties' proposed briefing schedule . . . the parties' briefing will be complete in two months"); *Elnenaey v. JP Morgan Chase Bank, N.A.*, No. 20-cv-5430, 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021) (granting a stay of discovery because the Court had "not yet held a discovery conference or entered a schedule in th[e] matter," and therefore "a limited stay will not prejudice plaintiff"). In this case, Plaintiff's employment was terminated nearly five years ago and his spoliation arguments are wholly unpersuasive. A discovery conference has not been held, discovery requests have not been served, and a trial date has not been set. There is no evidence that Plaintiff will suffer any harm whatsoever if the Court briefly stays discovery for approximately six weeks until after it rules on Defendants' pending Motion to Dismiss.

For the foregoing reasons, as well as the reasons set forth in Defendants' initial letter motion, Defendants request a stay of all discovery pending resolution of their Motion to Dismiss.

---

[2] It is worth noting that *Plaintiff* has requested two extensions of time to file his response to Defendants' Motion to Dismiss (ECF Nos. 62 and 68) and filed a Motion to Strike in lieu of responding to Defendants' Motion to Dismiss (ECF No. 66), prolonging the Court's decision on Defendants' pending motion and possible disposition of the case.



March 18, 2024
Page 3

Dated: Chicago, Illinois
      March 18, 2024

Respectfully submitted,

*/s/ Cardelle B. Spangler*

Cardelle Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Caitlin McCann (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

cc: Plaintiff Frank Liu (by ECF)