1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7

8

9             **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
| Plaintiff, | |
| | **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF 54)** |
| vs. | |
| | **\*\*\*TELEPHONE OR ZOOM HEARING REQUESTED FOR ORAL ARGUMENTS\*\*\*** |
| The Nielsen Company (US) LLC and TNC US HOLDINGS | |
| Defendants. | |

12

13

14

15

16

17

18   **\*\*\*PLAINTIFF REQUESTS TELEPHONE OR ZOOM HEARING FOR ORAL**

19   **ARGUMENTS.  THE COURT CAN SET THE DATE AND TIME.  THANK YOU.\*\*\***

# TABLE OF AUTHORITIES

Scott v. Gino Morena Enterprises, LLC, No. 16-56200 (9th Cir. 2018)…………...…..…9

Fort Bend Cnty., Tex., v. Davis, 139 S. Ct. 1843 (2019)……………………………....10, 18

*2011 Connecticut Code - Title 52 Civil Actions - Chapter 926 - Statute of Limitations Sec. 52-592. Accidental failure of suit; allowance of new action*………………………14

*Johnson v. Henderson (9th Cir. 1997)*………………………………………………..…16

Roth v. United Airlines, Inc. (7th Cir. 2002)
……………………………………………..16

Zerilli-Edelglass v. New York City Transit Authority (2nd Cir. 1999)
………………...17

*28 U.S. Code § 1406(a)*………………………………………………………….....12, 16

NYSHR…………………………………………………………..………....11, 21, 22

McLaughlin v. 16 Snowlift, Inc., 2021-05769, A.D.3d [2d Dep't Mar. 8, 2023]…..21

*Governor Cuomos's Executive Order 202.67*………………………………………..21

*NY GOL 5-336*……………………………………………………………......6, 7, 8, 9, 21, 23

# TABLE OF CONTENTS

Introduction……………………………………………………………………...4

EQUITABLE TOLLING, ESTOPPEL AND PROMISSORY ESTOPPEL…………..4

CASE LAW……………………………………………………………………….9

Defendants Tricked the EEOC from Transferring Liu's EEOC Complaint to NY….10

Instead of Dismissal The Court Should Transfer the Lawsuit to District of Connecticut...12

EEOC's Procedures Were Followed…………………………………………….14

MORE BACKGROUND INFO………………………………………………...15

1  Purpose of Statute of Limitations…………………………………………………16

2  EQUITABLE TOLLING CASE LAW……………………………………………16

3  FORT BEND ANALYSIS…………………………………………………………17

4  Defendants Gamed the System in Liu's First Lawsuit…………………………………17

5  More About Defendants' Estoppel and Promissory Estoppel……………………………...19

6  Defendants Waited too Long to Contest Statute of Limitations………………………...20

7  Plaintiff's Original Lawsuit Had Several Claims……………………………………21

8  Other Arguments Against Defendants' Allegation Liu's Lawsuit is Time Barred……...21

9  DEFENDANTS DIRTY TACTICS WITH EEOC……………………………………...22

10  Plaintiff's EEOC Charge is Multiple Claims……………………………………23

11  ORAL ARGUMENTS REQUESTED……………………………………………...24

12  CONCLUSION……………………………………………………………………...24

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

2    **INTRODUCTION**

3        Plaintiff asserts his lawsuit is not time-barred due to equitable tolling, estoppel,

4    promissory estoppel, and COVID-19 extensions as outlined in this brief and Plaintiff's

5    Amended Complaint. Plaintiff believes Defendants motion to dismiss is untimely filed and

6    they have waived their defenses of time barred as it was filed over 7 months after Plaintiff's

7    Amended Complaint. Furthermore, in the event the Court decides that the lawsuit is time-

8    barred in SDNY, Liu asks the Court to instead transfer the lawsuit to District of Connecticut

9    where venue is more proper. The District of Connecticut has special savings law that would

10   save Liu's lawsuit. Furthermore, Plaintiff asks the Court for telephonic or zoom oral

11   arguments for Defendants' motion to dismiss. This response to Defendants motion to

12   dismiss was rushed. This response is focused mainly on showing the Court why Plaintiff's

13   lawsuit is not time-barred and should be allowed to proceed. For matters not associated

14   with the time barred argument, Plaintiff asks the Court to grant him leave to amend his

15   complaint to cure any defects outside of Defendants' argument of time barred or allow

16   Plaintiff to amend his response to Defendants' motion to dismiss, or make those arguments

17   during oral arguments. Plaintiff was physically attacked last week in a parking lot. Plaintiff

18   has been unable to focus on his motion to dismiss response due to the attack. Plaintiff has

19   been rushing to finish this brief to get it in on time because the Court has not yet ruled on

20   the motion to extend time at the time of submitting this brief and this response is due on

21   March 29, 2024.

22

23   **EQUITABLE TOLLING, ESTOPPEL AND PROMISSORY ESTOPPEL**

24       This Court has the power to grant equitable tolling for Liu's lawsuit, and Plaintiff

25   believes the circumstances of this lawsuit satisfy the three requirements of a) timely notice

26   to Defendants, b) a lack of prejudice to the Defendants, and c) reasonable and good faith

27   conduct on the part of Plaintiff.

1  Firstly, Plaintiff sued Defendants within the 90 day right to sue letter in the Northern

2  District of California under case number 4:21-cv-07313-JSW.  Plaintiff believed his lawsuit

3  was brought in the correct forum because he also experienced discrimination in the

4  Northern District of California when he was sent by Nielsen to work in the San Francisco

5  Local People Meter Market.

6  Liu filed his EEOC complaint within 180 days of the last instance of illegal act by

7  Nielsen (Liu's termination in retaliation for contacting Nielsen Human Resources and

8  Nielsen CEO David Kenny about discrimination at Nielsen).  Liu was terminated in April of

9  2019 and Liu's EEOC complaint was filed on September 25, 2019 while Liu was in China.

10  Liu was terminated while he was in the US, but left the US shortly after his termination at

11  Nielsen and the EEOC was aware of the trouble Liu had getting the EEOC phone interview

12  due to China's blocking of Google services.  Liu tried to get a phone interview from the

13  New York Field Office but during the scheduled phone interview, Liu's phone did not ring.

14  Liu ended up scheduling the phone interview with the EEOC Tampa Field Office.  Tampa

15  Field Office spoke about transferring Liu's EEOC complaint to the New York Field Office,

16  but Cathy Beveridge who Nielsen hired to oversee the EEOC process lied to the Tampa

17  Field Office saying the EEOC complaint should stay in the Tampa Field Office because

18  Liu's employment records were stored in Oldamar Florida thus preventing Liu's EEOC case

19  from transferring over.

20  Liu's EEOC complaint was filed within 180 days of Liu's retaliatory termination.  It

21  would have been filed sooner had there not been technical difficulties.  The EEOC issued

22  the 90 day right to sue letter to Plaintiff electronically on June 25, 2021 even though the

23  EEOC knew Plaintiff was still abroad.  Despite the EEOC electronically issuing the right to

24  sue letter when Liu was still abroad, Liu returned to the US on or around September 7, 2021

25  and was able to file his lawsuit in the Northern District of California on September 20, 2021

26  which was 87 days from the issuance of the EEOC's 90 day right to sue letter.

27  Liu's lawsuit was dismissed without prejudice on September 23, 2022 due to lack of

28  personal jurisdiction.  Senior District Judge Jeffrey S. White recommended that the lawsuit

could be refiled in SDNY as per page 6 of docket 55 of his "Order Granting Motion to

Dismiss."  Here is a screenshot of the order:

> 24   action.  However, the Court DISMISSES this action without prejudice to Plaintiff filing suit in
>
> 25   another venue.  The Court suggests that the Southern District of New York or the District of New
>
> 26   Jersey may be the proper venue for Plaintiff's claims regarding his termination of employment.

On October 22, 2022, which was within 30 days of the termination of the Northern

California action, Plaintiff refiled his lawsuit in the Southern District of New York.

Defendants.  Between the time Liu's lawsuit filed in N.D. California was dismissed and it

was refiled in SDNY, Defendants conducted actions that consisted of estoppel and

promissory estoppel to prevent Liu from appealing the dismissal because Liu wanted the

Court to transfer the case to SDNY instead of dismissal.  The Northern District of California

had the authority to transfer Liu's lawsuit to SDNY.

Defendants pretended to offer the equivalent of 6 months of Liu's pay (with the exact

amount not being disclosed in this filing) but Defendants came back with three different

drafts and tried to force Liu into confidentiality.  Some of Defendants' actions can be seen

in Docket 5 and 5.1, but Defendants' actions went beyond estoppel and promissory estoppel

because they kept wanting to amend the terms to make it worse and worse for Plaintiff and

then adding per-conditions like deleting YouTube videos outlining discrimination while

knowing full well they were violating NY GOL Section 5-336 because employers can not

require confidentiality for settlement agreements when it came to discrimination cases.

On October 22, 2022 because Cardelle Spangler told Liu they were going to send

over another draft of the settlement agreement once the clients approved, Liu waited for it,

However, Spangler refused to send it over early so Liu could see what the new terms

Defendants were going to add to it was.  Due to Spangler's intentional delay in keeping Liu

in the dark about what new conditions Defendants wanted, Liu was forced to refile his

lawsuit by email to the SDNY Court because Liu calculated that day as the 30th day since

the lawsuit was dismissed in the Northern District of California and wanted to ensure it was

1  refiled.  Liu discovered on that day the SDNY court had a pro se email address for filing.

2  Had Liu not discovered it on that day, Liu would not have been able to refile it in time.

3      However, Defendants actions of sending different drafts with more restrictive

4  provisions and straining Liu along estopped Liu from appealing the dismissal to the Ninth

5  Circuit.  Before engaging in discussions about settlement, Defendants knew Liu wanted to

6  appeal to the Ninth Circuit.  Spangler wouldn't even speak to Liu on the phone about

7  settlement and kept revising the drafts on Liu.  Liu believes Defendants either never wanted

8  to go through with the settlement amount, or the various drafts and refusing to speak to Liu

9  on the phone was intentionally sabotaging the settlement to force Liu not to settle because

10  they knew Liu couldn't accept forced confidentiality.  Defendants waited until there was no

11  possibility of appealing to the Ninth Circuit by running out the 30 days for appeal in order

12  to finally send Liu the latest version of the settlement agreement after the post office was

13  already closed so there was no possibility Liu could have sent in an appeal by mail to the

14  Ninth Circuit.

15      Defendants actions estopped Liu from appealing the dismissal to the Ninth Circuit

16  even though they knew Liu wanted to appeal it.  Defendants did not want Liu appealing to

17  the Ninth Circuit so engaged in pretend settlement negotiations.  They didn't follow the

18  rules of NY GOL 5-336 at all and gave Liu a few days to consider their last offer before it

19  expired.  They kept making the terms worse and worse and even wanted Liu to sign an

20  affidavit requiring Liu to sign the affidavit in a city Liu was not located in.  During this

21  back and forth, Liu was homeless living in his car and Defendants' tactics took a toll on

22  Plaintiff's mental health.  There are many emails back and forth between Spangler and Liu

23  and it is Liu's understanding he can't share it.  On a meet and confer call with Defendants

24  attorney Caitlin McCaan she advised Liu that the sealing of Docket 5 and 5.1 meant that

25  Liu could not argue estoppel and promissory estoppel at all because the Court made its

26  decision already.  Liu disagrees with Caitlin McCaan's assertion, so is arguing estoppel and

27  promissory estoppel without revealing exact details of the sum offered by Defendants.

On October 28, 2022, Defendants' attorney Cardelle Spangler wrote Liu an email stating that Defendants knew about Liu's lawsuit. Because the email is labeled as "Confidential Rule 408 Communication," and since Liu is not a lawyer, and the Court previously sealed Docket 5 and 5.1, and based on what McCaan told Liu on a confer call, Liu is erring on the safe side by not including its contents to show the Court. However, Plaintiff believes it is undisputed that Defendants knew about the refiled lawsuit on October 27, 2022 or earlier. Although Defendants refused to provide Liu with the correct address for service which delayed having Defendants served and resulting in Liu needing to write a letter to Judge Linman so the SDNY Court could reissue the summons, Defendants were eventually properly served and enjoined to the lawsuit.

Plaintiff believes he has satisfied "timely notice to Defendants" for equitable tolling to occur. Liu has diligently been perusing his claims against Defendants throughout the EEOC process that took over 1.5 years, and when the lawsuit was filed in good faith in the Northern District of California and when the lawsuit has been pending with the Southern District of New York. There will be no prejudice to Defendants if the Court were to grant equitable tolling because Plaintiff never slept on his rights. He has been perusing his claims for years.

Defendants can not show there is prejudice to Defendants if the Court allows equitable tolling of Plaintiff's lawsuit. Plaintiff's lawsuit in Northern District of California and Southern District of New York have been filed in good faith. Plaintiff even made good faith efforts to resolve the claims. As an example, Plaintiff reached out to Defendants and would have agreed to settle for just 34.31% of the promissory estoppel amount contained in Docket 5.1 (exact amount not disclosed in this filing) and would have given Defendants a release of all claims and stipulation of dismissal with prejudice and to never file a lawsuit against Defendants again, but Plaintiff was unable to agree to be silenced about what happened at Nielsen because Plaintiff believes in the first amendment and NY GOL 5-336 prevents Defendants from forcing condidentiality on Plaintiff. There have never been any offers from Defendants that did not have forced confidentiality provisions and to silence

1  Plaintiff from speaking out about the discrimination he experienced which is in violation of

2  NY GOL 5-336.

3       Defendants tried to estopp Plaintiff through their settlement negotiations that was

4  meant to estop prevent Plaintiff from appealing the dismissal to the Ninth Circuit.

5  Defendants' conduct violated NY GOL 5-336 and their goal was to run out the appeal time.

6  In fact, after Defendants found out Liu refiled his lawsuit, Cardelle Spangler demanded

7  Plaintiff file a notice of dismissal right away.  Usually stipulated dismissals are filed after a

8  sum of money has been paid, but Spangler wanted the refiled lawsuit dismissed first.  If Liu

9  followed Spangler's command of dismissing the SDNY action, Spangler would most likely

10  had come back with more revisions and more demands because she had sent Liu 3 different

11  drafts even though she knew Liu did not want to be silenced.

12       Spangler kept changing the terms over and over and adding more violations to NY

13  GOL 5-336.  Plaintiff had no choice but to refile his lawsuit on October 22, 2022 because

14  Plaintiff believed he needed to refile it within 30 days of dismissal of the ND California

15  lawsuit.  By the time Liu realized what was going on and how Defendants were purposely

16  sabotaging the negotiations by adding new demands for confidentiality and intentionally

17  running out the clock with their delays and new drafts while refusing to speak to Plaintiff on

18  the phone, it was too late to appeal the dismissal to the Ninth Circuit.  Defendants' actions

19  succeed in estopping Liu from appealing the dismissal instead of transfer to the Ninth

20  Circuit.   Plaintiff discovered that Defendants was purposely running out the clock, and

21  there was no chance they would pay Plaintiff the sum of money because they were

22  demanding things Plaintiff could not do.  Defendants wanted Liu to delete everything online

23  knowing full well, some things can't be deleted online due to not having access.

24

25                                    **CASE LAW**

26  In _Scott v. Gino Morena Enterprises, LLC_, the US Court of Appeals for the Ninth Circuit

27  noted that there are two limitations periods for Title VII claims:

1      **1)** a claimant must exhaust administrative remedies by filing a charge with the

2      EEOC or an equivalent state agency within 180 days after the allegedly

3      unlawful employment practice occurred, and receiving a right-to-sue letter ([42](https://)

4      [U.S.C. § 2000e-5(e)(1)](https://); *[Jasch v. Potter](https://)*, 302 F.3d 1092, 1094 (9th Cir. 2002));

5      and

6      **2)** after exhausting administrative remedies, a claimant has 90 days to file a

7      civil action ([42 U.S.C. § 2000e-5(f)(1)](https://)).

8    Plaintiff has satisfied both of these requirements.  Defendants are not contesting, nor has

9    ever contested Liu's N.D. California lawsuit was untimely filed.  Defendants simply

10   motioned to dismiss the N.D. California lawsuit based on general jurisdictional grounds.

11       In *Fort Bend County, Texas v. Davis*, the United States Supreme Court made it clear

12   the TITLE 7 statute of limitations are based on procedural grounds and are not

13   jurisdictional.  Therefore, since Liu has satisfied the procedural hurdle of filing with the

14   EEOC within 180 days of the last instance of discrimination, retaliation, etc. and filing a

15   lawsuit within 90 days of the EEOC right to sue letter, Liu is within statute even though he

16   had to refile his lawsuit in the Southern District of New York within 30 days of the N.D.

17   California lawsuit being dismissed without prejudice.

18

19    **Defendants Tricked the EEOC from Transferring Liu's EEOC Complaint to NY**

20       While Liu would have preferred the EEOC complaint filed in the Middle District of

21   Florida be transferred to the New York District Office, the Tampa Field Office refused

22   based on believing that Liu's employment files were stored in Oldsmar, Florida.  It was later

23   discovered after Liu filed his lawsuit in N.D. California that Nielsen's attorney Cathy

24   Beveridge misrepresented where Liu's employment files were located because they were

25   actually stored electronically in The Netherlands.  However, the EEOC blocked the transfer

26   to the New York District Office because of Cathy Beveridge told them Liu's employment

27   files were stored in Oldsmar Florida.

When a EEOC Complaint is filed in the New York office, it is cross-filed with the New York Department of Human Rights.  Plaintiff also filed a complaint with the EEOC New York field office, but they dismissed Plaintiff's Complaint because it was already pending with the Florida EEOC because you can't have the same EEOC case open. Plaintiff was unable to have the EEOC transferred to New York Field Office because Nielsen's attorney Cathy Beveridge lied to the EEOC stating Liu's employment records were stored in the Tampa Field Office Jurisdiction when it was untrue.

Before the EEOC issued the right to sue letter, Liu spoke to an EEOC investigator who informed him that he could file his lawsuit in **any** federal court.  Liu also informed the investigator that he was still abroad, but the EEOC investigator told Liu they were going to issue the Right to Sue letter electronically to Liu even though he was still abroad.

Furthermore, The EEOC website states, "You may file a charge of employment discrimination at the EEOC office closest to where you live, or at any one of the EEOC's 53 field offices. Your charge, however, may be investigated at the EEOC office closest to where the discrimination occurred."  Source: https://www.eeoc.gov/how-file-charge-employment-discrimination  Liu was discriminated upon when he was sent to work in the NY LPM.  Due to Cathy Beveridge's lie of where Liu's employment records were located, the Tampa Field Office kept Liu's EEOC complaint and refused to transfer it to the New York District Office.

Furthermore, according to the EEOC website, "Once you receive a Notice of Right to Sue, you must file your lawsuit within 90 days. This deadline is set by law. If you don't file in time, you may be prevented from going forward with your lawsuit."  The EEOC's website does not clarify on which court to file a lawsuit in.  Liu spoke to EEOC investigator back in 2022 and was told that he could file it in any federal court.

## You Have 90 Days to File A Lawsuit in Court

Once you receive a Notice of Right to Sue, you must file your lawsuit within 90 days. This deadline is set by law. If you don't file in time, you may be prevented from going forward with your lawsuit.

1    Liu believed because he was sent twice to work in the Northern District of California (SFO

2    LPM TV Ratings market) during his tenure at Nielsen, and he experienced discrimination in

3    the SFO LPM TV Ratings market, that he could file his lawsuit in the US District Court for

4    the Northern District of California.  Liu filed his original lawsuit in the N.D. California in

5    good faith because he believed N.D. California did have personal jurisdiction.

6         The Title 7 and the EEOC procedural rules are not jurisdictional and are procedural

7    only.  Liu has satisfied their procedural hurdles,

8

9    **Instead of Dismissal The Court Should Transfer the Lawsuit to District of Connecticut**

10        _28 U.S. Code § 1406(a)_ states "The district court of a district in which is filed a case

11   laying venue in the wrong division or district shall dismiss, or if it be in the interest of

12   justice, transfer such case to any district or division in which it could have been brought."

13   Defendants' actions contained in Docket 5 and 5.1 qualified as estoppel and promissory

14   estoppel preventing Plaintiff from appealing the dismissal without prejudice to the Ninth

15   Circuit.  Had Defendants not have estopped Liu, he would have appealed the dismissal to

16   the Ninth Circuit and argued that the N.D. California Court should have transferred his

17   lawsuit to SDNY instead of dismissal as allowed by 28 USC 1406(a).

18        Based on equitable tolling and Defendants' bad faith actions, Plaintiff believes that

19   the SDNY Court should not dismiss Liu's lawsuit based on statute of limitations.  However,

20   if the SDNY Court rules against Plaintiff, Plaintiff asks the Court to **instead** transfer the

21   lawsuit to the District of Connecticut because the lawsuit would not be time-barred there

22   and venue would be more proper there based on Title VII's special venue provisions.

23        (1) in any federal district court in the state in which the unlawful employment

24   practice is alleged to have been committed, (2) "in the judicial district in which the

25   employment records relevant to such practice are maintained and administered," or (3) "in

26   the judicial district in which the aggrieved person would have worked but for the alleged

27   unlawful employment practice. And finally (4) if the employer "is not found" in any of the

1    districts identified in the first three provisions, venue will lie "within the judicial district in

2    which the respondent has his principal office.

3          Plaintiff was sent to work for the NY LPM market which includes parts of NY, NJ

4    and parts of CT.  Plaintiff remembers driving to CT to work on recheck refusal homes

5    where plaintiff would try to recruit homes that previously refused Nielsen.  Nielsen's

6    unlawful discrimination took place when Plaintiff was working in the NY LPM market, and

7    the market includes CT as well.

8          The person who terminated Liu was Shannon Buggy and Plaintiff believes she

9    worked for Nielsen in Connecticut.  Shannon Buggy terminated Liu over the phone and she

10   was most likely in Connecticut when she terminated Liu.  That would be the only

11   explanation of why Liu's 2019 W-2 listed CT as Nielsen's address.



18         Prior to 2019, Liu's W-2 for 2016, 2017 and

19   2018 all listed a New York address for Nielsen.

21         Furthermore, the *2011 Connecticut Code - Title 52 Civil Actions - Chapter 926*

22   *Statute of Limitations - Sec. 52-592. Accidental failure of suit; allowance of new action*

23   allows Plaintiff's lawsuit to still be within the statute of limitations because Plaintiff's first

24   lawsuit filed in N.D. California was on time.  Plaintiff believed his original lawsuit filed in

1   N.D. was proper and the Northern District of California did have personal jurisdiction over

2   Defendants because Liu was previously sent to the SFO LPM and discrimination did occur

3   there too.  Even though Liu's lawsuit was dismissed for lack of personal jurisdiction, the

4   Connecticut savings law allows lawsuits to be re-brought in the District of Connecticut if

5   the original lawsuit was "dismissed for want of jurisdiction."  Therefore, if the SDNY Court

6   transfer Liu's lawsuit to the District of Connecticut (instead of dismissing Liu's lawsuit),

7   then Liu's lawsuit would be saved from being outside the statue of limitations.

8       The Connecticut statue can be read here:

9   https://law.justia.com/codes/connecticut/2011/title52/chap926/Sec52-592.html

10       The right-to-sue letter issued by the EEOC grants the charging party the right to file a

11   lawsuit in federal court within 90 days. The letter does not specify the particular court

12   where the lawsuit must be filed. Therefore, if the lawsuit is initially filed in the wrong court

13   but within the 90-day period, the plaintiff could still refile the lawsuit in the correct court.

14

15               **EEOC's Procedures Were Followed**

16       According to 42 U.S.C. 2000e-5(f)(1), once the EEOC issues the right-to-sue notice,

17   the charging party may file a civil action against the employer within 90 days.  Title 7's

18   EEOC procedures in addition to 42 U.S.C. 2000e-5(f)(1) is non-jurisdictional.  Here, Liu

19   did file a lawsuit within 90 days of the right to sue letter.  He filed it in the US District

20   Court for the Northern District of California which has subject matter jurisdiction.

21   However, the N.D. California court found that it did not have personal jurisdiction.  The 90

22   day right to sue is a procedural doctrine.  Plaintiff followed the procedure, and after

23   dismissal, within 30 days, he refiled it in S.D.N.Y.

24

25                 **MORE BACKGROUND INFO**

26       Plaintiff's lawsuit is NOT time barred.  Plaintiff's EEOC complaint officially was

27   filed on September 25, 2019.  Plaintiff left the US shortly after being terminated from

1   Nielsen.  It took months for Plaintiff to successfully get an EEOC interview scheduled
2   because gmail and google voice is blocked in mainland China and Liu needed a working
3   VPN for Google services to work.  Liu was in China because he no longer wanted to be in
4   the US after what happened at Nielsen.  In China, Liu became an English teacher.
5        However, despite the technical issues (China's firewall), Liu's EEOC complaint was
6   filed within the statututory 180 days of the last instance of Nielsen's unlawful acts which
7   was Liu's termination in April of 2019.  The EEOC had the complaint from September 25,
8   2019 (official date of filing) to June 25, 2021 (when the EEOC issued the 90 day right to
9   sue letter).  This means the EEOC had Liu's case for 639 days or 1.75 years.  Despite the
10  EEOC electronically issuing the right to letter when Liu was still abroad, Liu returned to the
11  US on or around September 7, 2021 and was able to file his lawsuit in the Northern District
12  of California on September 20, 2021 which was 87 days from the issuance of the EEOC's
13  90 day right to sue letter.  The US Marshal properly served Defendants and the lawsuit
14  lasted until September 23, 2022 when it was dismissed without prejudice for lack of
15  personal jurisdiction.  The lawsuit was refiled in the Southern District of New York on
16  October 22, 2022 which is within 30 days of the dismissal in Northern District of
17  California.   There is no question Liu diligently pursued his claims.  Liu never abandoned
18  his claims and Liu believes equitable tolling applies.  Furthermore, Defendants' actions
19  after the lawsuit was dismissed in Northern District of California qualifies as estoppel and
20  promissory estoppel to prevent Liu from appealing the dismissal without prejudice to the
21  Ninth Circuit Court of Appeals because Liu believed Judge White should have transferred
22  his lawsuit instead of dismissal as allowed under **28 USC § 1404(a)**.  Nielsen's actions of
23  estoppel and promissory estoppel which is parts are contained in Docket 5 and 5.1
24  prevented Liu from appealing it to the Ninth Circuit within 30 days of dismissal.  However,
25  Liu was able to find a pro se email address to submit his lawsuit to on October 22, 2022 so
26  that was what he did when he realized Defendants were messing with him and Spangler was
27  intentionally sabotaging the settlement by adding new terms at the very last minute to run
28  out the clock so Liu could not appeal.

| | |
|---|---|
| 1 | **Purpose of Statute of Limitations** |
| 2 | The purpose of the statute of limitations is to prevent a plaintiffs from sleeping on |
| 3 | their rights.  Liu did no such thing and has diligently and zealously perused his claim even |
| 4 | to the point of sacrificing his livelihood to peruse justice.  Liu became homeless for over a |
| 5 | year because he was fighting for his rights.  Highly paid lawyers do not understand how |
| 6 | hard it is to be homeless and what racism and discrimination can do to someone's mental |
| 7 | and physical health.  There are times Liu's feet were so cold that he could barely feel them. |
| 8 | There were times Liu felt hopeless.  But he forged forward on the hopes that one day there |
| 9 | will be justice for what happened. |
| 10 | A plaintiff seeking the benefit of equitable tolling must show three elements: |
| 11 | "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith |
| 12 | conduct on the part of the plaintiff.'"  (McDonald, supra, 45 Cal.4th at p. 102.)  Nielsen has |
| 13 | been involved and also given notice of the EEOC filing, first lawsuit and refiled lawsuit. |
| 14 | There is no doubt that Nielsen was provided timely notice of all court actions.  Nielsen even |
| 15 | discovered Liu's S.D.N.Y. lawsuit days after he filed it.  Plaintiff has pursued his lawsuit in |
| 16 | good faith.  He has never abandoned his claims. |
| 17 | |
| 18 | **EQUITABLE TOLLING CASE LAW** |
| 19 | In Johnson v. Henderson (9th Cir. 1997), it was decided that equitable tolling could |
| 20 | apply to Title VII actions in certain circumstances. The court held that equitable tolling |
| 21 | could be appropriate if a plaintiff was prevented from filing a timely lawsuit due to actions |
| 22 | by the defendant that had misled or deceived the plaintiff. |
| 23 | Roth v. United Airlines, Inc. (7th Cir. 2002): In this Seventh Circuit case, the court |
| 24 | addressed the application of equitable tolling to Title VII claims. The court held that |
| 25 | equitable tolling could apply if the defendant's conduct actively misled the plaintiff |
| 26 | regarding his or her rights. |
| 27 | Zerilli-Edelglass v. New York City Transit Authority (2nd Cir. 1999): In this case, the |
| 28 | Second Circuit discussed the application of equitable tolling in Title VII cases. The court |

1  held that equitable tolling could apply if the defendant's conduct amounted to active

2  deception, which prevented the plaintiff from filing a timely lawsuit.

3

4  **FORT BEND ANALYSIS**

5      In _Fort Bend County, Texas v. Davis_, the United States Supreme Court held that while

6  an employee has a mandatory obligation to file a charge with the EEOC prior to bringing a

7  discrimination suit under Title VII, such obligation is a procedural, rather than a

8  jurisdictional requirement.  Based on the Supreme Court's ruling that it is procedural only,

9  Plaintiff **did** file a federal lawsuit within 90 days of the EEOC right to sue letter.  The

10  original lawsuit was filed in the Northern District of California under case no. 4:21-cv-

11  07313-JSW.  The lawsuit was dismissed without prejudice and Judge White recommended

12  it be refiled in SDNY.  Even though Defendants' actions constituted estoppel and

13  promissory estoppel and prevented Plaintiff from appealing the dismissal to the Ninth

14  Circuit (because Plaintiff believed the Court should have transferred his lawsuit it instead of

15  dismissing it), Plaintiff was able to refile the lawsuit in SDNY within 30 days of dismissal.

16  Plaintiff believes he did satisfy the EEOC and TITLE VII's procedural obligations.

17

18  **Defendants Gamed the System in Liu's First Lawsuit**

19      For the N.D. California lawsuit, Defendants never

20  contested statute of limitations.  They filed their first

21  motion to dismiss (ECF 18) on Jan. 4, 2022 based on

22  **improper venue**.

23      Plaintiff's response to Defendants' Motion to

24  Dismiss (ECF 18) was due by Jan. 28, 2022.  However,

25  just one day before Plaintiff's response was due,

26  Defendants filed their First Amended Motion to Dismiss (ECF 24) to add a new reason for

27  dismissal based on **personal jurisdiction**.  Defendants' waited to add the new reason to

28  dismiss, and by filing their amended motion to dismiss, just one day before Plaintiff's

1  response was due prejudiced plaintiff.  Plaintiff filed his response to Defendants original

2  Motion to Dismiss on Jan. 28, 2022 at 11:49 PM PST which is contained in ECF 27.

**Notice of Electronic Filing**

The following transaction was entered on 1/28/2022 at 11:49 PM PST and filed on 1/28/2022
Case Name:       Liu v. TNC US Holdings
Case Number:     4:21-cv-07313-JSW
Filer:           Frank Liu
Document Number: 27

Docket Text:
OPPOSITION/RESPONSE (re [25] MOTION for Leave to File Excess Pages ) *PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE* filed byFrank Liu. (Attachments: # (1) Exhibit EXHIBITS AGAINST MTD, # (2) Declaration, # (3) Proposed Order)(Liu, Frank) (Filed on 1/28/2022)

The following transaction was entered on 1/29/2022 at 0:00 AM PST and filed on 1/28/2022
Case Name:       Liu v. TNC US Holdings
Case Number:     4:21-cv-07313-JSW
Filer:           Frank Liu
Document Number: 28

Docket Text:
OPPOSITION/RESPONSE (re [25] MOTION for Leave to File Excess Pages ) *forgot to add title page for my opposition to motion to dismiss or transfer venue so adding it now on its own. this is title page* filed byFrank Liu. (Liu, Frank) (Filed on 1/28/2022)

4  Plaintiff was so rushed to get it in on time before midnight that he forgot to add a title page.

5  So, he filed a title page in ECF 28 minutes later on Jan 29, 2022.

6      The Court found that Defendants' broke court procedure in filing their motion to

7  dismiss (ECF 18) and then their First Amended Motion to Dismiss (ECF 24) because

8  Defendants asked the Court to consider both motions at the same time.

9      Because Defendants broke

10  the rules, the Court struck

11  Defendants' First Amended Motion

12  to Dismiss as explained in the

13  Court Order in ECF 31.

14      On February 3, 2022,

15  Defendants filed their Second

16  Amended Motion to Dismiss based

17  on improper venue and lack of

18  personal jurisdiction.

| FRANK LIU, | Case No.  21-cv-07313-JSW |
| Plaintiff, | **ORDER RE REQUEST FOR CLARIFICATION** |
| v. | Re: Dkt. No. 31 |
| TNC US HOLDINGS, | |
| Defendant. | |

On January 27, 2022, Defendant filed an amended motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. (Dkt. No. 24.)  On January 28, 2022, the Court issued an order explaining that the amended motion replaced the earlier-filed motion in its entirety and stated that the earlier motion would not be considered. (Dkt. No. 30.)  The Court set the new amended motion to be heard on March 4, 2022, at 9:00 a.m.

On January 31, 2022, the Court received a motion for clarification in which Defendant explained that they intended to incorporate by reference their earlier motion and have the Court address both the original motion and the amended motion together.  This is not proper procedure. Accordingly, the Court STRIKES Defendant's amended motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue and VACATES the hearing date of March 4, 2022.

19      To sum up, **Defendants got**

20  **to file three (3) different motion to dismisses**.  Their original MTD was on Jan 4, 2022.

21  Their first amended MTD was on Jan 27, 2022 (just one day before Plaintiff's opposition

1  response was due).  Plaintiff filed his opposition anyway on Jan. 28, 2022 (ECF 27).  The

2  Court struck Defendants' first amended MTD.  Defendants filed their Second Amended

3  MTD on Feb 3, 2022.  Plaintiff filed his response to Defendants' Second Amended Motion

4  to Dismiss, and the ultimate outcome was Plaintiff's lawsuit was dismissed for lack of

5  personal jurisdiction.  Defendants had 3 cracks at the apple because they filed 3 different

6  motion to dismiss.  Plaintiff never amended his complaint because he was fighting

7  Defendants' argument based on venue, then based on both venue and lack of personal

8  jurisdiction.  Plaintiff was saving doing an amendment for later.

9      Ultimately, Judge White dismissed the lawsuit **without prejudice** and suggested that

10 the lawsuit be refiled in SDNY based on page 6 of ECF 55:

> 23  Court finds that it lacks jurisdiction over the Defendant.  Accordingly, the Court must dismiss this
> 24  action.  However, the Court DISMISSES this action without prejudice to Plaintiff filing suit in
> 25  another venue.  The Court suggests that the Southern District of New York or the District of New
> 26  Jersey may be the proper venue for Plaintiff's claims regarding his termination of employment.

14     Plaintiff had originally planned to appeal the dismissal to the Ninth Circuit because

15 he believed ND. California should have transferred Liu's lawsuit, instead of dismissing it

16 without prejudice.  Defendants through Cardelle Spangler used estoppel and promissory

17 estoppel to prevent Liu from filing an appeal to the Ninth Circuit.

18

19             **More About Defendants' Estoppel and Promissory Estoppel**

20     Plaintiff saw through Defendants' actions too late to appeal to the Ninth Circuit.

21 However, Plaintiff was able to refile his lawsuit in Southern District of New York just

22 barely within 30 days since the dismissal without prejudice.  On October 22, 2022 while

23 homeless and living in his car, Plaintiff quickly worked on and submitted his lawsuit to the

24 Southern District of New York's Temporary_Pro_Se_Filing@nysd.uscourts.gov as he didn't

25 have much time to do it due to realizing on October 22, 2022 that Defendants' actions were

26 stringing Plaintiff along so he would miss his appeal deadline and also to prevent him from

27 refiling.  SDNY's Temporary_Pro_Se_Filing@nysd.uscourts.gov was the saving factor

28 because if Liu did not discovery he could email the lawsuit, it would have been nearly

impossible for Liu to have been able to refile his lawsuit within 30 days because he only realized Spangler was playing Liu and doing things to estop and promissory estop Liu on October 22, 2022 (which was a Saturday).

Liu's lawsuit was terminated in the Northern District of California on September 23, 2022.  Liu's lawsuit was refiled in the Southern District of New York on October 22, 2022.  So this was barely within 30 days.

### Defendants Waited too Long to Contest Statute of Limitations

Defendants never contested statue of limitations for Liu's Northern California lawsuit because Liu's lawsuit was filed within 90 days of his right to sue letter.  It was a difficult process because Liu had never filed a lawsuit before, and he was out of the country when the EEOC issued the right to sue letter electronically.  Liu returned to the USA to file his lawsuit.

Furthermore, after the lawsuit was dismissed for lack of personal jurisdiction, Liu refiled his lawsuit in SDNY as Judge White had suggested.  Defendants filed their motion to dismiss (ECF 28), but Liu's Amended Complaint (ECF 44) moots Defendants' ECF 28 as if Defendants had never filed it.  For some reason, Defendants waited over 7 months to file their Motion to Dismiss Liu's Amended Complaint which Plaintiff believes is too long.

Plaintiff believes Defendants waived their right to contest Title VII's statue of limitations because they waited 7 months to do so.  There was no reason why Defendants waited so long.

The Court Should Not Consider Defendants Untimely Arguments. Although the Court allowed Defendants to file a motion to dismiss over 7 months after Plaintiff's Amended Complaint, the rule of untimely defenses not raised in a timely fashion should apply.  Plaintiff did not have 7 months to work on his opposition to Defendants' motion to dismiss.  Plaintiff disagrees with how Defendants had over 7 months to do their motion to dismiss Plaintiff's Amended Complaint.  Just because the Court allows Defendants to file a

1  motion to dismiss doesn't mean their arguments in their motion to dismiss aren't already

2  waived due to untimeliness.

3

4  **Plaintiff's Original Lawsuit Had Several Claims**

5  Plaintiff's Original Lawsuit, the refiled SDNY lawsuit had numerous claims.

6  Defendants keep on gaslighting that it was single cause of action or something like that.

7  That is false.  The Court should compare Liu's ND California lawsuit to the refiled lawsuit

8  in SDNY.  Liu's Amended Complaint just expands on what happened and added on that

9  Defendants violated NY GOL 5-336.  The Court should do due diligence to see that Liu's

10  original lawsuit was not "single cause of action" like Defendants allege.  Liu's ND

11  California lawsuit was the first lawsuit Liu ever filed.  A pro se may not label things like

12  lawyers label things.  It had several elements and claims.

13

14  **Other Arguments Against Defendants' Allegation Liu's Lawsuit is Time Barred**

15  There are numerous factors that show this Complaint is filed within statute of

16  limitations and is not time barred.

17  NYSHR Law and Governor Cuomo's COVID-19 Executive Orders tolling Statute of

18  Limitations.  Under the New York City Human Rights Law, employees have three years to

19  file a claim under the Human Rights Law.  During the COVID-19 pandemic, former

20  Governor Cuomo signed an executive order tolling the statute of limitations for 228 days

21  under Executive Order 202.8. The decision in McLaughlin v. 16 Snowlift, Inc., 2021-

22  05769, ___ A.D.3d ___ [2d Dep't Mar. 8, 2023], held that the Second Department

23  unequivocally stated that its decision in Brash v. Richards conclusively "held that the

24  executive orders 'constitute a toll' of the filing deadlines applicable to litigation in New

25  York Courts."  Statute of limitations was once again tolled again in former Governor

26  Cuomos's Executive Order 202.67 which provided even further tolling.  Three years and

27  228 days equates to 1323 days. This doesn't even factor in Executive Order 202.67 which

28  added more tolling. From when Liu was terminated to from when the original Complaint

was first submitted to Southern District of New York is less than 1323 days therefore Liu can proceed under New York State Human Rights Law and the SDNY federal court is a proper venue.  Liu did work for Nielsen in the New York in 2019 and before then as well. Nielsen assigned Liu a number of homes to recruit in New York City.

The 90 day right to sue letter appears to have been issued on June 25, 2021. I was out of the Country until September of 2021. I left the Country in June of 2019. I returned back to the US in September of 2021. I am sure people remember the Covid pandemic. Before I returned to the USA, I needed to get a covid-19 test as that was a requirement to enter the USA in September of 2021. Covid19 was a real thing that impacted a lot of people.

There is authority in this circuit for the proposition that a plaintiff may defeat a time bar to a Title VII civil suit by asserting subsequent identifiable acts of discrimination related to a time barred incident. Egelston v. State University College at Geneseo, supra, at 755; Noble v. University of Rochester, 535 F.2d 756, 757-58 (2d Cir. 1976); Weise v. Syracuse University, 522 F.2d 397, 410 n. 20 (2d Cir. 1975).  Tolling might be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum. See Burnett v. N.Y. Central R.R. Co., 380 U.S. 424, 429, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). See also Johnson v. Railway Express Agency, 421 U.S. 454, 468 n. 14, 95 S.Ct.

However, the 90-day limit on filing suit after receipt of the right to sue letter is subject to equitable tolling in appropriate circumstances. For equitable tolling to apply, a plaintiff must show (1) excusable ignorance of or non-compliance with the limitations period, with no prejudice to defendant, or (2) affirmative misconduct of defendant that lulled the plaintiff into inaction. Payne v. Cook County Hospital, 719 F. Supp. 730, 732 (N.D. Ill., 1989).

## DEFENDANTS DIRTY TACTICS WITH EEOC

Liu was overseas, and EEOC needed to do a phone interview to be able to file an EEOC complaint.  Liu tried several times to get a phone interview done but due to being in

1    China, he needed a working VPN to use Google Voice.  Liu tried to get New York EEOC

2    interview but his phone wouldn't ring.  It is hard to schedule phone interviews as it is weeks

3    out, and Liu ended up doing it for the EEOC Tampa Field Office under the impression they

4    would transfer it to New York Field Office once it was officially field.  However, Cathy

5    Beveridge misled the Tampa Field Office to thinking that Liu's employment records were

6    stored in Oldsmar, Florida when they weren't so the Tampa EEOC refused to transfer Liu's

7    EEOC case to the New York field office.  It was only found out after Liu filed his lawsuit in

8    the Northern District of California that the records were stored in the Netherlands as per

9    Antia Pancholi's affidavit.  Had Cathy Beveridge (who was Nielsen's lawyer during the

10   EEOC process) not have lied to the EEOC, then the EEOC would have transferred Liu's

11   EEOC case to the New York field office, where the claims would have been cross-filed with

12   the New York State Department of Human Rights.  Due to Nielsen's lies and deception,

13   Plaintiff argues his claims should be allowed to proceed under NYSHR law.  Plaintiff did

14   work for Nielsen in NY where discrimination, retaliation and other illegal conduct by

15   Nielsen took place.

16

17                    **Plaintiff's EEOC Charge is Multiple Claims**

18   Here is a screenshot of Liu's initial EEOC filing which shows the check boxes.

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN
    [X] RETALIATION    [ ] AGE    [X] DISABILITY    [ ] GENETIC INFORMATION
        [ ] OTHER *(Specify)*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

20   Furthermore, Liu did supplement the EEOC complaint with over 100 pages of

21   documents and did allege the other things contained in Liu's lawsuit with the exception of

22   Defendants violating NY GOL 5-336 because that happened after Liu's lawsuit was

23   dismissed in the Northern District of California.

1    Furthermore, see **Docket 67-1 "Exhibit A"** where Cathy Beveridge submitted a

2  rebuttal paper to the EEOC.  It is clear that Liu's EEOC complaint was more than about

3  discrimination.

4

5                              **ORAL ARGUMENTS REQUESTED**

6    Due to the important nature of Defendants' motion to dismiss, Plaintiff does request

7  telephone or zoom hearing for oral arguments.  The Court can set the date and time.

8

9                                      **CONCLUSION**

10    Plaintiff believes this Court needs to consider 1) equitable tolling, 2) estoppel and

11  promissory estoppel 3) COVID-19 pandemic, 4) Liu's diligence of getting justice and other

12  matters.  Furthermore, Plaintiff asks if the Court rules against Plaintiff's arguments, that the

13  lawsuit be transferred to District of Connecticut because venue is more proper there due to

14  Title VII's special venue provisions and because it would save Plaintiff's lawsuit due to

15  Connecticut's savings law.  Defendants lied to the EEOC to prevent Liu from having his

16  EEOC complaint from being transferred to the New York Field Office where it would have

17  been cross-filed with the NY State Division of Human Rights.  Plaintiff requests oral

18  arguments.  Plaintiff was rushed in finishing this brief and would have liked to have more

19  time.  Furthermore, Plaintiff was physically attacked last week as per Dkt. 74.

20

21                                      Respectfully submitted,

22

23                                      *Frank Liu*

24

25    Dated 3/29/2024              Frank Liu

26                                      Pro Se Plaintiff

27

28