Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>　　Plaintiff,<br><br>vs.<br><br><br>The Nielsen Company (US) LLC<br>　　and<br>TNC US HOLDINGS<br>　　Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Plaintiff's Reply in Support of Motion to Strike Defendants' Motion to Dismiss (ECF 54)** |

# REPLY ARGUMENT

As outlined in Plaintiff's Motion to Strike (ECF 66), Defendants misled the Court and tricked the Court to allow Defendants to file a 6 month late motion to dismiss (ECF 54). The Court allowed Plaintiff to proceed with his Motion to Strike Defendants' Motion to Dismiss based on Court Order Docket 61 with a deadline of the motion to strike be due by Feb. 26, 2024. Plaintiff's "Motion to Strike" contained in ECF 66 has a file date of Feb. 26, 2024 and was timely filed.

In ECF 72, Defendants argue Plaintiff's Motion to Strike is not a proper way to challenge Defendants' Motion to Dismiss. Plaintiff is not a lawyer. Plaintiff hopes the message or request is clear that Plaintiff asserts Defendants should not be allowed to file a motion to dismiss 7 months after Plaintiff's Amended Complaint was filed, especially when Defendants made no attempts to get an extension until months after their responsive pleading (either answer or motion to dismiss Plaintiff's Amended Complaint) was past due.

Plaintiff believes a Pro Se non-lawyer might not know what the legal term for things are called. However, Pro Se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers (Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233). Plaintiff hopes the purpose of ECF 66 is clear to the Court because he is asking for the Court not to consider Defendants' untimely arguments contained in their Motion to Dismiss (ECF 54).

Plaintiff's Amended Complaint (ECF 44) was filed on June 20, 2023 which by default moots Defendants Motion to Dismiss (ECF 28). Defendants waited until December 20, 2023 to discuss why they haven't filed a responsive pleading to Plaintiff's Amended Complaint after they were asked about it on the December 20 status conference. In ECF 60, Cardelle Spangler even admitted "Defendants have never opposed the Court accepting Plaintiff's Amended Complaint." Defendants waited until Jan. 26, 2024 to file their Motion to Dismiss Plaintiff's Amended Complaint.

1    It is undisputed, by the time Defendants requested a briefing schedule for their
2 motion to dismiss during the December 20, 2023 status conference, the deadline for
3 Defendants to file a responsive pleading to Plaintiff's Amended Complaint (within 21 days
4 of Plaintiff's Amended Complaint) had already long elapsed.
5    Plaintiff does not believe Defendants have sufficiently provided a good faith reason
6 explaining why they waited till the December 20, 2023 status conference to ask for the
7 Court to set a briefing schedule for them to file their motion to dismiss Plaintiff's Amended
8 Complaint.  Defendants could have raised the issue before their 21 days elapsed.
9 Defendants chose not to.  Defendants intentionally delayed things, and refused to allow
10 discovery to proceed during their over 6 month delay.  Defendants' actions has prejudiced
11 Plaintiff.
12    If Defendants' gamesmanship should be allowed to proceed, then parties can just not
13 file anything and let deadlines elapse until a "briefing schedule" is set by the Court.  The
14 reason why Defendants refused to file a responsive pleading was because Defendants
15 alleged Plaintiff's Amended Complaint was untimely even though Defendants took no steps
16 to raise the issue to the Court prior to the status conference.  Plaintiff believes his Amended
17 Complaint was timely filed.  Furthermore, Plaintiff believes the Court should not consider
18 Defendants' untimely raised defenses contained in their untimely motion to dismiss (ECF
19 54).
20
21                    **Defendants' Gamesmanship and Untimely Defenses**
22    Plaintiff believes Defendants misled the Court to set a briefing schedule after their
23 deadline to respond had long elapsed in order to allow Defendants to file a motion to
24 dismiss months after their motion to dismiss plaintiff's amended complaint was already past
25 due.  Defendants have stalled this case from proceeding.  To date Defendants have not filed
26 an answer, and Defendants are refusing to allow discovery from proceeding.
27    Plaintiff believes the Court should not consider the untimely defenses and arguments
28 contained in Defendants' motion to dismiss (ECF 54) due to it being untimely raised.

Although the Court allowed Defendants to file a motion to dismiss plaintiff's amended complaint, it does not mean the Court authorized untimely defenses and arguments to be accepted. Untimely defenses are waived when not raised promptly. Defendants waiting seven (7) months to file their motion dismiss is inexcusable. Defendants have provided no good faith arguments that could explain their neglect and inaction for so long.

## Timeliness of Filings

Plaintiff believes his Amended Complaint was <u>timely</u> filed because **1)** Defendants "Notice of Motion" stated Plaintiff had 4 weeks for "answering papers" and the day prior to it being filed was Juneteenth so he had an additional day to submit it and **2)** Defendants never raised any issue about the timeliness of Plaintiff's Amended Complaint prior to the December 20, 2023 status conference.

Plaintiff believes Defendants' Motion to Dismiss was <u>untimely</u>, and objected to their timeliness within 14 days of the status conference via email to Hon. Judge Wang and Defendants' attorneys informing them he intended to strike Defendants' motion to dismiss because he disagreed that Defendants should be allowed to file a motion to dismiss when the original deadline had long elapsed.

Although on December 20, 2023, the Court allowed Defendants' the opportunity to file a motion to dismiss months after Defendants' deadline had already elapsed, <u>it does not mean</u> the Court had predetermined Defendants' untimely arguments and defenses contained in a yet-to-be filed motion to dismiss should be considered timely. On the December 20 status conference, Defendants did not go into detail about what specific arguments they were going to present in their motion to dismiss. The Court <u>did not</u> rule in regards to if untimely defenses should be considered timely. The Court stated Defendants could file a motion to dismiss, and made no determination about the merits of Defendants' arguments that would be contained in their yet-to-be-filed motion to dismiss. Plaintiff does not believe the Court made any ruling in regards to the contents of what Defendants were going to file and if their arguments contained in their motion to dismiss would be considered timely or

1  waived.  The purpose of Plaintiff's motion to strike is to contest the timeliness of
2  Defendants' defenses and arguments contained in their motion to dismiss, and Plaintiff
3  believes untimely defenses should be waived.  Plaintiff believes 7 months is far too long of
4  a delay.  Not only did the 7 months allow Defendants an unfair advantage to perfect their
5  motion to dismiss, Defendants used the delay to prevent discovery from proceeding.
6
7                                    **LEGAL ANALYSIS**
8        Courts have recognized if a party fails to raise a defense, such as a motion to dismiss,
9  in a timely manner, they may be deemed to have waived that defense. This principle is often
10 applied to encourage parties to raise all available defenses promptly and to avoid undue
11 delay in the litigation process.  In this case, Plaintiff believes a statue of limitations defense
12 is something that needs to be promptly raised and Defendants have failed to raise it in time
13 because their ECF 54 was filed 7 months after Plaintiff's Amended Complaint.  Defendants
14 are lawyers and should know an Amended Complaint moots a prior motion to dismiss.
15       While there are some defenses that can not be waived, such as lack of subject matter
16 jurisdiction, Defendants are not contesting subject matter jurisdiction in their motion to
17 dismiss (ECF 54).  The court telling Defendants they can file a motion to dismiss is **not** the
18 same as the Court saying untimely waived defenses should be considered.  Plaintiff asks the
19 to Court not consider Defendants' untimely defenses and arguments contained in their
20 motion to dismiss (ECF 54) because they were not timely raised.
21
22                  **Defendants Do Not Deny Nielsen is going through Layoffs**
23       Defendants do not deny Nielsen is going through layoffs.  Defendants do not contest
24 the fact that Defendants' waited 7 months to file their motion to dismiss.  Defendants do not
25 deny they have prevented discovery from proceeding.  Defendants' excessive delay in filing
26 their motion to dismiss Plaintiff's Amended Complaint has prejudiced Plaintiff because of
27 the loss of witnesses who have already left the company during Nielsen's continuing
28 layoffs.

**Important to Ask for Extensions Before Deadlines Elapse**

Plaintiff believes deadlines are important, and parties should ask for extensions before deadlines elapse. As an example, Plaintiff was physically attacked at a parking lot, and he needed more time to work on his response to Defendants' motion to dismiss because of the attack.

On March 27, 2024, Plaintiff emailed a motion to extend time to file his response in opposition to defendants' motion to dismiss to Temporary_Pro_Se_Filing@nysd.uscourts.gov email address. Plaintiff's motion contained in ECF 74 even indicated that Plaintiff reached out to Defendants and was told they "will not oppose the motion" so it can be presented as "unopposed but not agreed." Because the Court did not issue a ruling to Plaintiff's unopposed motion for extension (ECF 74) before his deadline would have elapsed, Plaintiff rushed to finish his response to Defendants' Motion to Dismiss and emailed it to Temporary_Pro_Se_Filing@nysd.uscourts.go at 11:33 PM EST on March 29, 2024 so Plaintiff's response to Defendants' motion to dismiss would be considered on time.

The reason for bringing this up is Defendants failed to ask for an extension to file their motion to dismiss (ECF 54) before their deadline had already elapsed. It wasn't until months after Defendants' deadline had already elapsed, did they request a briefing schedule. Defendants' actions allowed them to have over 7 months to work on their Motion to Dismiss Plaintiff's Amended Complaint. On the other hand, Plaintiff <u>did not</u> have 7 months to oppose Defendants' motion (ECF 54).

**Defendants' Motion to Dismiss Should be Converted to Motion for Judgment**

Untimely motions to dismiss are sometimes treated as a motion for judgment on the pleadings. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); Elvig, 375 F.3d at 954. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011) (quoting Dunlap v. Credit Prot. Ass'n, L.P., 419 F.3d 1011, 1012 n.1 (9th Cir. 2005); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).

**CONCLUSION**

Although the Court allowed Defendants to file a motion to dismiss Plaintiff's Amended Complaint on the December 20, 2023 status conference, the Court **did not** order that untimely defenses and arguments presented by Defendants contained in a motion to dismiss should be counted as timely. Plaintiff argues that even though Defendants gamed the system to allow a motion to dismiss to be filed long after their deadline had elapsed, Defendants' defenses and arguments that were untimely raised in their Motion to Dismiss (ECF 54) should NOT be considered as a matter of principle, and to minimize the prejudice that Defendants' delay has already caused Plaintiff.

Furthermore, untimely motions to dismiss are sometimes treated as a motion for judgment on the pleadings, and Plaintiff asks the Court to consider this, as well. Plaintiff requests the Court not consider the untimely arguments contained in Defendants' Motion to Dismiss, or convert the motion to dismiss into a motion for summary judgment. Furthermore, Plaintiff requests the Court order Defendants to file an answer in response to Plaintiff's Amended Complaint.

Respectfully submitted,

*Frank Liu*

Dated 4/1/2024

Frank Liu
Pro Se Plaintiff