UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FRANK LIU**, | Case No. 1:22-cv-09084-JHR-OTW |
| Plaintiff, | Judge Jennifer H. Rearden |
| v. | |
| **THE NIELSEN COMPANY (US) ET AL.**, | |
| Defendants. | |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

AmericasActive:19751764.10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adkins v. Warden*,
　585 F. Supp. 2d 286 (D. Conn. 2008) ................................................................................... 3

*Aguilar v. New Dairydel, Inc.*,
　No. 22-civ-3700, 2023 WL 5835829 (S.D.N.Y. Sept. 8, 2023) .............................................. 5

*Blue Angel Realty, Inc. v. U.S.*,
　645 F. Supp. 3d 303 (S.D.N.Y. 2022) ................................................................................ 3, 4

*Brandon v. City of N.Y.*,
　705 F. Supp. 2d 261 (S.D.N.Y. 2010) ................................................................................... 2

*A.Q.C. ex rel. Castillo v. U.S.*,
　656 F.3d 135 (2d Cir. 2011) ................................................................................................... 2

*Dos Santos v. Assurant, Inc.*,
　625 F. Supp. 3d 121 (S.D.N.Y. 2022) ................................................................................... 3

*Elgendy v. City of N.Y.*,
　No. 99-civ-5196, 2000 WL 1119080 (S.D.N.Y. Aug. 7, 2022) ............................................. 5

*Goodman v. Bouzy*,
　No. 21-cv-10878, 2023 WL 3296203 (S.D.N.Y. May 8, 2023) ............................................. 4

*Knox v. John Varvatos Enters. Inc.*,
　282 F. Supp. 3d 644 (S.D.N.Y. 2017) ................................................................................... 2

*Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*,
　607 F. Supp. 2d 324 (D. Conn. 2009) ................................................................................... 4

*McGee v. McGready*,
　No. 16-cv-4187, 2019 WL 6341290 (S.D.N.Y. Nov. 26, 2019) ............................................ 2

*Megna v. Biocomp Labs. Inc.*,
　220 F. Supp. 3d 496 (S.D.N.Y. 2016) ................................................................................... 6

*Matter of Roach v. Cornell Univ.*,
　207 A.D.3d 931 (N.Y. App. Div. 3d Dep't 2022) .............................................................. 5, 6

*S. v. Saab Cars USA, Inc.*,
　28 F.3d 9 (2d Cir. 1994) ........................................................................................................ 5

*Whyte v. N.Y. State Police*,
  No. 20-cv-05633, 2023 WL 7413087 (E.D.N.Y. Nov. 9, 2023) ............................................... 2

*Zerilli-Edelglass v. N.Y.C. Transit Auth.* ........................................................................................ 2
  333 F.3d 74, 81 (2d Cir. 2003) .............................................................................................. 2

**Statutes**

42 U.S.C. § 2000e-5(f)(1) ............................................................................................................... 5

ADA ............................................................................................................................................ 1, 5

FLSA ....................................................................................................................................... 1, 5, 6

N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.8 ............................................................................. 5

**I.      INTRODUCTION**

Defendants' Motion to Dismiss demonstrates that Plaintiff's Amended Complaint should be dismissed in its entirety. Plaintiff's Opposition does not challenge Defendants' arguments regarding the substantive deficiencies in his claims and therefore concedes those arguments. Instead, in an effort to resuscitate his time-barred claims, he cites to the wrong equitable tolling standard and relies on Covid-19 Executive Orders that do not apply to federal claims and do not sufficiently toll the time to file his state claims. Neither of Plaintiff's arguments can save his untimely claims. For these reasons, as well as those set forth in Defendants' Motion and detailed below, Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be granted in full.

**II.     ARGUMENT**

**A.     The Court should grant Defendants' Motion because Plaintiff concedes the substantive deficiencies in his claims.**

Plaintiff *admits* that his Opposition does not address Defendants' substantive arguments as to why each of his claims should be dismissed. Opp. at 4. Specifically, Defendants' moving papers establish that:

- Plaintiff's claims for retaliation and discrimination under Title VII and the NYSHRL fail because: (i) stray remarks are insufficient to establish either discrimination or a hostile work environment, and a lukewarm performance review, which Plaintiff admits he deserved, does not constitute an adverse employment action; (ii) there can be no retaliation, both because Plaintiff cannot and did not allege that anyone at Nielsen actually knew of his intent to file an EEOC charge and because requiring an adequate return-to-work letter is not an unlawful employment practice; and (iii) there is no disparate treatment because Plaintiff's inclusion in Nielsen's language pay incentive program was based on him having a skill set the company needed.

- Plaintiff's claims under the ADA fail because his sprained ankle is not a qualifying disability under the Act, and, just as requiring an adequate return-to-work letter is not an unlawful employment practice, a decision not to grant leave for a non-qualifying disability is also neither a discriminatory act nor a failure to accommodate.

- Plaintiff failed to meet the pleading standard for his FLSA claim, as he only makes two vague allegations with no time frame and does not reference any specific provision of, or cause of action under, the FLSA.

Plaintiff addressed none of these arguments.

It "is well-settled that the failure to oppose an argument raised in a motion to dismiss is

1

deemed a concession of the argument." *McGee v. McGready*, No. 16-cv-4187, 2019 WL 6341290, at *3 n.4 (S.D.N.Y. Nov. 26, 2019) (dismissing *pro se* plaintiff's claim for this reason); *see also Whyte v. N.Y. State Police*, No. 20-cv-05633, 2023 WL 7413087, at *20 (E.D.N.Y. Nov. 9, 2023) (granting defendants' motion to dismiss and holding that when "a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded"); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (deeming two of plaintiff's claims abandoned because he "did not raise any arguments opposing Defendants' motion regarding these two claims," and collecting cases where other courts did the same). Because Plaintiff failed to address any of Defendants' substantive arguments, Defendants' Motion should be granted on the bases of those arguments alone.

> **B.  Plaintiff's untimely claims are not saved by equitable tolling under New York law.**

Plaintiff filed his claims late. He does not (and cannot) establish the elements required under New York's equitable tolling doctrine, nor does he cite to any authority to support his argument that equitable tolling should apply.[1] In the Second Circuit, "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011). A plaintiff seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The second prong of this test "'is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control, such as when a medical or mental impairment prevents a plaintiff from efficiently pursuing its rights or a defendant purposefully prevents a

---

[1] Plaintiff relies on the wrong (California) equitable tolling standard in his Opposition and cannot meet the stricter New York standard (or any other standard). In fact, in the only Second Circuit case Plaintiff cites in his Opposition, *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, the Court applied the stricter New York standard and affirmed the District Court's finding that equitable tolling was unwarranted, as the *pro se* plaintiff had failed to act with reasonable diligence. 333 F.3d 74, 81 (2d Cir. 2003).

plaintiff from efficiently pursuing its rights." *Blue Angel Realty, Inc. v. U.S.*, 645 F. Supp. 3d 303, 309 (S.D.N.Y. 2022) (citing *Menominee Indian Tribe of Wis. v. U.S.*, 577 U.S. 250, 257 (2016)). "*Pro se* filings, although held to more lenient standards, are not excused from establishing these elements." *Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 134 (S.D.N.Y. 2022). Plaintiff can establish neither of these elements, as he admits he was aware of his ability to file suit and no extraordinary circumstances prevented him from doing so – as evidenced by the fact that he asserts he returned to the United States for the sole purpose of suing Defendants. Am. Compl. ¶ 68.

*First*, Plaintiff was aware of his ability to file suit, but chose to sit on that right following dismissal of the California Action. Plaintiff admits in his Opposition that an EEOC investigator informed him "he could file his lawsuit in any federal court" months in advance of any filing deadline. Opp. at 11 (emphasis removed). Additionally, on September 23, 2022, the Northern District of California issued an Order granting Defendants' motion to dismiss that stated the dismissal was "without prejudice to Plaintiff filing suit in another venue." Compl. at 41. In that Order, the Court even suggested the Southern District of New York as a venue. *Id.* Plaintiff failed to act with reasonable diligence to timely file his suit in this Court, and equitable tolling should therefore be denied. *See Adkins v. Warden*, 585 F. Supp. 2d 286, 300 (D. Conn. 2008) (denying equitable tolling in part because the *pro se* plaintiff had "testified more than once that he became aware of his [] rights and ability to file" before the deadline).

*Second*, Plaintiff cannot show that his delay in filing was caused by circumstances that were both extraordinary and beyond his control. Plaintiff alleges only that equitable tolling is warranted due to alleged personal hardships, the parties' failed settlement negotiations, and his claim that he erroneously believed that he timely filed his lawsuit in this Court after his California Action was dismissed.

As an initial matter, the hardships Plaintiff alleges, which may be sympathetic, are not sufficient to warrant equitable tolling. Plaintiff's decision to "sacrific[e] his livelihood to peruse [sic] justice", and any impact that has had on his personal life, is not the type of extraordinary circumstance beyond his control contemplated under New York law. *See, e.g., Dos Santos*, 625

3

F. Supp. 3d at 134-35 (finding that "[e]ven if [the *pro se* plaintiff's alleged 'grief, sadness, despair, and disorientation' amounted to a 'clinical condition'], more would be needed to warrant equitable tolling" and collecting cases where courts denied equitable tolling to *pro se* plaintiffs facing similar or more egregious hardships).

Further, the parties' settlement discussions do not amount to misleading conduct, nor do they warrant equitable tolling. Equitable tolling may apply where an employer's misleading conduct is "responsible for the employee's unawareness of [his] cause of action." *Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*, 607 F. Supp. 2d 324, 328 (D. Conn. 2009) (citing *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60 (2d Cir. 1986)). Defendants engaged in good faith settlement negotiations and vehemently reject Plaintiff's assertions to the contrary.[2] Moreover, it is undisputed that Plaintiff was aware of his claims and that he had the ability to file suit in any federal court. *See* Opp. at 11. And, *even if* Plaintiff believes Defendants somehow misled him (which they did not), these settlement discussions would nonetheless be insufficient to warrant equitable tolling as a matter of law. *See Blue Angel Realty*, 645 F. Supp. 3d at 309 ("Settlement discussions are not the sort of extraordinary circumstances that would trigger the application of equitable tolling.").[3]

---

[2] Defendants note that, while they have never engaged in any misleading or improper conduct, Plaintiff himself has exhibited a pattern of abusive behavior, both in the California Action and now in this Action. In both Actions, neither of which has made it beyond the pleadings phase, Plaintiff has emailed defense counsel hundreds of times, often sending a series of emails in the same day, sometimes within minutes of each other and at all hours of the day and night. He frequently demands answers to questions to which Defendants cannot or have no obligation to respond, and if he does not receive an immediate response, he has continued to email Defendants' counsel and other attorneys at the firm with no connection to this litigation. At times, Plaintiff's emails are aggressive and border on threatening, and he has accused, and continues to accuse, Defendants' counsel and others of unlawful behavior. In this Action alone, Plaintiff has filed twenty-one separate letters and motions on the public docket since its inception – the majority of which are frivolous and contain improper, baseless, and inflammatory content and accusations about Nielsen and its employees. "[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Goodman v. Bouzy*, No. 21-cv-10878, 2023 WL 3296203, at *16 (S.D.N.Y. May 8, 2023).

[3] Plaintiff's claim that Defendants somehow engaged in bad faith settlement negotiations is particularly galling. Negotiations in the Fall of 2022 failed when Plaintiff, at the last minute,

4

Plaintiff fails to meet his burden to establish that equitable tolling applies, and his claims must be dismissed as untimely.

C.     **Plaintiff's claims are indisputably time-barred.**

Plaintiff spends much of his Opposition arguing that his California Action and EEOC Charge were timely, but the timeliness of those filings is both undisputed and irrelevant to the timeliness of his Amended Complaint before this Court. Plaintiff's Amended Complaint was filed after the expiration of all applicable statute of limitations. "When an action is dismissed without prejudice, [] it is treated as if it had never been filed." *Elgendy v. City of N.Y.*, No. 99-civ-5196, 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2022) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 at 321 (2d ed. 2005)). Plaintiff had to file his SDNY Complaint within 90 days of receiving his right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *S. v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994). He failed to do so, and thus his Amended Complaint, filed on June 20, 2023—nearly twenty-one months after his September 26, 2021 filing deadline—is untimely.

The New York Covid-19 Executive Orders, which tolled certain state statutes of limitation, do not save any of Plaintiff's claims under Title VII, the ADA, the FLSA, or the NYSHRL. Executive Order No. 202.8, signed March 20, 2020, tolled the statute of limitations until April 19, 2020. N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.8. Subsequent Executive Orders extended the tolling period through November 3, 2020. *Matter of Roach v. Cornell Univ.*, 207 A.D.3d 931, 932 (N.Y. App. Div. 3d Dep't 2022). **But these Orders did not toll federal statutes of limitations**, and they therefore do not apply to Plaintiff's claims under Title VII, the ADA, and the FLSA. *Aguilar v. New Dairydel, Inc.*, No. 22-civ-3700, 2023 WL 5835829, at *2 n.3 (S.D.N.Y. Sept. 8, 2023)

---

pulled out of a fully drafted and agreed settlement. Plaintiff, in fact, filed the instant lawsuit *while negotiating the settlement agreement*. Defendants learned of the filing through the public docket, not from Plaintiff. Plaintiff then improperly filed those confidential discussions and settlement documents on the public docket, resisted Defendants' motion to seal the improperly filed documents and information, and continues to seek to make those terms public despite this Court ordering Plaintiff's filing to be sealed.

AmericasActive:19751764.10

("For avoidance of doubt, the Court notes that the pandemic did not purport to toll time periods prescribed by federal law, including in FLSA cases."). Additionally, Plaintiff's state law claims under the NYSHRL were brought for the first time on June 20, 2023. Even with tolling under the Orders, his revised filing deadline for these state law claims would have been December 27, 2022.[4] He, therefore, filed his claims nearly six months late.

For the reasons explained above and in Defendants' Motion, all of Plaintiff's claims should be dismissed as untimely.[5]

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims in their entirety, with prejudice, for failure to state a claim upon which relief can be granted.

---

[4] The Orders put in place a toll, and not an extension of the statute of limitations. *See Matter of Roach*, 207 A.D.3d at 932-33 ("As explained by the Court of Appeals, '[a] toll does not extend the statute of limitations indefinitely but merely *suspends* the running of the applicable statute of limitations for a finite time period . . . the period of the toll is excluded from the calculation of the time in which the [petitioner] can commence an action.'") (citing *Chavez v. Occidental Chem. Corp.*, 37 N.Y.3d 495, 505 n.8 (N.Y. 2020)). Prior to the Orders, Plaintiff's filing deadline would have been April 23, 2022, three years after his claims accrued on April 23, 2019. This is a period of 1,096 days. By March 20, 2020, when the first Order became effective, 332 days of this filing period had run, leaving Plaintiff 764 days to file. Plaintiff's statute of limitations continued running on November 3, 2020, and 764 days after November 3, 2020, is December 27, 2022.

[5] Defendants also note that Plaintiff's request to transfer this action to the District of Delaware is improper to include in an opposition to a motion to dismiss. However, even if properly requested, this motion to transfer should be denied. A "motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place. A plaintiff seeking to transfer venue [] must show a change in circumstances since the filing of suit." *Megna v. Biocomp Labs. Inc.*, 220 F. Supp. 3d 496, 498 (S.D.N.Y. 2016) (denying plaintiff's motion to transfer venue because plaintiff had not "provided any reason justifying a transfer aside from curing the jurisdictional deficiencies in the Complaint"). Plaintiff chose to re-file his action before this Court, should not be permitted to forum shop in a last-ditch effort to save his time-barred claims, and cannot establish any requisite change in circumstances to justify such a transfer.

Dated: Chicago, Illinois

April 19, 2024

Respectfully submitted,

*Cardelle B. Spangler*
_____
Cardelle Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

B. Aubrey Smith
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
BASmith@winston.com

Caitlin McCann (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

7