Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Plaintiff's Motion to Compel Release of Sedgwick New Jersey Workers Compensation Files** |

# INTRODUCTION

The purpose of this motion to compel is to obtain Liu's complete Sedgwick NJ Workers Compensation files which is owned by Defendants. Liu is forced to file this motion to compel because Defendants refuse to provide the documents and have acted in bad faith.

For years, Plaintiff has tried to get his Sedgwick New Jersey Workers Compensation case files. Years ago, Sedgwick informed Plaintiff the files belong to Nielsen and the files will not be released to Plaintiff without a court order. Because the files belong to Nielsen and Nielsen pays Sedgwick to manage Nielsen's workers compensation program, Nielsen has easy access to Liu's Sedgwick New Jersey Workers Compensation files. Not only does Defendants have the ability to release the files to Plaintiff, it would also be very easy for Nielsen to do so. Despite how easy it would be to email Liu the Sedgwick NJ Workers Compensation files, Nielsen has continually refused to do so. To this day, Defendants have failed to provide a good reason preventing its release.

# BACKGROUND

Plaintiff and Defendants had the Rule 26 meet and confer call back in March of **2023**. According to Rule 26(C), it states:

> (C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Not only have Defendants failed to provide initial disclosures during the course of this lawsuit, Defendants have acted in bad faith. On October 3, 2023, Defendants ignored Liu's request for the Sedgwick NJ Workers Compensation files. On October 16, 2023. Liu emailed Cardelle Spangler with a request to confer about a motion to compel.

Plaintiff reminded Spangler that **1)** the Rule 26 meet and confer already took place several months ago, **2)** Defendants have not filed a motion to stay discovery and **3)** to let him know when they can confer.

1
2
3

> F L <frank.liu.96@gmail.com>    Oct 16, 2023, 4:42 PM
> to Caitlin, Cardelle, Aubrey
>
> Ms. Spangler,
>
> Laura was added to the email by mistake. I have removed her and added Caitlin Tran who was supposed to be on the original email instead.
>
> We had our Rule 26 meet and confer several months ago. Defendants have not filed a motion to stay discovery. Therefore, please let me know when we can confer, or if you are refusing to confer.
>
> Thank you.

4   Despite the fact that parties should make good faith effort to resolve discovery
5 disputes, Cardelle Spangler refused to confer with Liu.

6

> Spangler, Cardelle <CSpangler@winston.com>    Mon, Oct 16, 2023, 4:34 PM
> to me, Laura, Aubrey
>
> Mr. Liu,
>
> The Court has not yet set approved your filing of your amended complaint or set a date for Defendants' renewed motion to dismiss. Your request is, among other things, premature. Thank you.
>
> Sincerely,
>
> Cardelle
>
> **Cardelle Spangler**
> Winston & Strawn LLP
> D: +1 312-558-7541
> winston.com

11   Defendants and their lawyers have denied Liu's request for his Sedgwick NJ Workers
12 Compensation files. The files in question are not something that would be burdensome for
13 Nielsen defendants to release. Furthermore, the files would not contain other people's
14 confidential information because the files in question are **only** about Liu. Despite refusing
15 to release the files, Defendants held off on filing a motion to stay discovery until Jan. 26,
16 2024. Defendants have provided no legitimate reason why the files could not be released.
17   Liu's Amended Complaint because it was timely filed. Defendants chose not to file a
18 responsive pleading to Liu's Amended for over 7 months. Defendants purposely and
19 unnecessary delayed the lawsuit from proceeding, all while significant layoffs were going
20 on at Nielsen. Plaintiff knows this because https://www.thelayoff.com/nielsen is a website
21 that Nielsen employees go to to post about layoffs.
22
23                              **LEGAL ANALYSIS**
24   In re Application of the Republic of Ecuador (2d Cir. 2015) establishes that a party
25 seeking discovery must demonstrate a strong need for the information that cannot be
26 obtained through other means and that the potential benefits of the discovery outweigh any
27 burden it may impose on the opposing party or the court.
28

1    Because Plaintiff was injured on the job at Nielsen and Nielsen uses *Sedgwick*
2    *Claims Management Services* to handle workers compensation claims, <u>the complete</u>
3    <u>Sedgwick NJ files are only in the possession of Nielsen and Sedgwick</u>.  There is no other
4    way for Liu to obtain the files without Nielsen's cooperation in agreeing to the release of
5    the files, or for the Court to compel its release.

6    Because these files have been already created and stored by Sedgwick on their
7    servers, <u>there is no burden</u> for Nielsen to access the files they own and release them
8    electronically to Liu via email.  Although the files are electronically stored on Sedgwick's
9    servers on behalf of Nielsen, it is Plaintiff's understanding Sedgwick does not own the files
10   because years ago he was told by a Sedgwick employee that the files belong to Nielsen.

11   In 2020, Plaintiff tried to get his Sedgwick NJ Workers Compensation files.  Here is
12   proof that Sedgwick refuses to release the files to Liu.  The email was sent by a Sedgwick
13   Claims Team Lead named William Reeder.  Reeder stated that they are not legally obligated
14   to provide any part of the files without a court order.



21   Furthermore, William Reeder admitted Liu's NJ claim was "accepted" which means
22   the claim was approved.  Below is another email from Reeder making it clear that no part of
23   the file will be released without a court order.



1 **Defendants' Continued Refusal to Release Liu's Sedgwick NJ Files**

2 Plaintiff has reached out to Defendants' attorneys several times to get the Sedgwick
3 New Jersey Workers Compensation files, and Spangler has refused Liu's requests.  Plaintiff
4 hasn't asked Spangler for any other discovery besides the Sedgwick New Jersey case files.
5 Providing the files would not be burdensome to Defendants.

6 On the December 20, 2023 status conference, Plaintiff inquired about the Sedgwick
7 NJ Workers Compensation files.  Hon. Judge Wang asked Nielsen's Attorney Brian Smith
8 about Defendants' position.

9 Here is an expert of what Mr. Smith said in regards to the documents in question:

```
 5      MR. SMITH:  It's something I would like to talk with
 6   my client about, your Honor.  I am not sure if they have any
 7   concerns around providing those documents.  Frankly, I am not
 8   sure that they have them, just because I had not.  Regarding a
 9   request for workers comp, I think, as a general matter, they
10   would prefer to stay discovery until there is a ruling on the
11   motion to dismiss because I think that it may significantly
12   affect what the scope of appropriate discovery is in this case.
```

16 On the December 20, 2023 status conference, Brian Smith made no compelling
17 reason why Defendants could not provide the files to Liu.  Mr. Smith has been aware that
18 Liu wanted his Sedgwick NJ documents for months because he was copied on the emails
19 sent to Cardelle Spangler.  Instead of providing the Sedgwick NJ documents to Liu (which
20 was all Liu wanted), it wasn't until Jan 26, 2024 when Defendants finally filed their motion
21 to stay discovery (Dkt. 55).

22 **Defendants Refusal to Confer about Motion to Compel**

23 On October 16, 2023, Plaintiff reached out to Ms. Spangler asking to confer about a
24 motion to compel because Defendants ignored Plaintiff's discovery request.



Cardelle Spangler replied back informing Plaintiff of the following:

> Spangler, Cardelle <CSpangler@winston.com>  Mon, Oct 16, 2023, 4:34 PM
> to me, Laura, Aubrey
>
> Mr. Liu,
>
> The Court has not yet set approved your filing of your amended complaint or set a date for Defendants' renewed motion to dismiss. Your request is, among other things, premature. Thank you.
>
> Sincerely,
> Cardelle
>
> **Cardelle Spangler**
> Winston & Strawn LLP
> D: +1 312-558-7541
> winston.com

Nowhere in Spangler's email did Spangler state Plaintiff's amended complaint was untimely. In a subsequent email, Spangler also stated there was no need to meet and confer:

> Spangler, Cardelle <CSpangler@winston.com>  Oct 16, 2023, 4:45 PM
> to Aubrey, me, Caitlin
>
> Your request is premature. In addition, a request by email is not appropriate. Accordingly, there is no need for a meet and confer.
>
> Thank you,
> Cardelle
>
> **Cardelle Spangler**
> Winston & Strawn LLP
> D: +1 312-558-7541
> winston.com

Spangler appears to have been waiting for the Court to "approve" my amended complaint and <u>did not</u> even petition or update the Court about what she was waiting on, and just assumed Defendants didn't have to file anything so Defendants could stop discovery from happening. It wasn't until the December 20, 2023 status conference did Mr. Smith allege my Amended Complaint was untimely and that was the reason why Defendants failed to file a responsive pleading. Defendants have purposely and willfully prevented any discovery from taking place.

**Plaintiff's Good Faith Effort to Find Resolution**

On Jan. 26, 2024, Defendants filed their motion to stay discovery without first conferring with Plaintiff. On January 30, 2024, Plaintiff spoke with Brian Smith and proposed a solution where he would agree to to Defendants' motion to stay discovery if Defendants would just release Liu's Sedgwick NJ workers compensation files to him because that was all he wanted. Defendants rejected Liu's good faith offer at compromise, and which led to Plaintiff needing to oppose Defendants' motion to stay discovery because

Defendants' motion to stay discovery was designed to prevent all discovery from taking place pending their motion to dismiss.

**Defendants Failed to Provide a Courtesy Copy of their "fully submitted" Motion**

As of <u>March 18, 2024</u>, Defendants' motion to stay discovery has already been "fully submitted." To this day, Defendants have not provided a courtesy copy of their motion to stay discovery to Judge Rearden's Chambers.

In contrast, on April 19, 2024, Ann Newman who works for *Winston & Strawn* emailed Judge Rearden's chambers with courtesy copies of Defendants' fully submitted Motion to Dismiss. Newman's email included (as attachments), Dkt. 54, Dkt. 75 and Dkt. 77. Defendants acted quickly to provide courtesy copies of the motion to dismiss briefs.

> Liu v. The Nielsen Company (US) LLC et al (S.D.N.Y. 1:22-cv-09084-JHR-OTW)    Inbox
>
> Newman, Ann    Fri, Apr 19, 11:54 AM (13 hours ago)
> to reardennysdchambers@nysd.uscourts.gov, me, Cardelle, Aubrey, Caitlin
>
> Dear Hon. Jennifer H. Rearden,
>
> Pursuant to Individual Rules and Practices in Civil Cases 5(E), Defendants The Nielsen Company US LLC and TNC US Holdings hereby submit the following courtesy copies for the above-referenced matter.
>
> - Defendants' Motion to Dismiss the Amended Complaint (Dkt. 54);
> - Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Dkt. 75);
> - Defendants' Reply ISO of Motion to Dismiss the Amended Complaint (Dkt. 77).
>
> Respectfully submitted,
>
> Ann Newman
> Practice Coordinator
> Winston & Strawn LLP

This causes concern to Plaintiff because Defendants **<u>NEVER</u>** submitted courtesy copies of their motion to stay discovery to Judge Rearden's Chambers even though it was "fully submitted" back on <u>March 18, 2024</u>. It would appear Defendants are in no rush for the Court to decide on their motion.

According to "Individual Rules and Practices in Civil Cases" under 5(E), it requires "the movant" to email "a courtesy copy of all motion papers, including any oppositions, replies, declarations, and exhibits" to Judge Rearden's Chambers.

Defendants filed both their motion to stay discovery and their monition to dismiss Liu's Amended Complaint back on Jan. 26, 2024. Liu spend a lot of time on his response in opposition to Defendants motion to stay discovery. That was time Plaintiff could have spent on his response to Defendants' motion to dismiss. Liu believed he needed to work

1  hard to oppose Defendants' motion to stay discovery because the Sedgwick NJ Workers
2  Compensation is critical to Liu's lawsuit.
3      Prior to April 19, 2024, Plaintiff wasn't aware that "fully submitted" motions should
4  be emailed to Judge Rearden's Chambers by the movant.  Perhaps Defendants is in no hurry
5  for the Court to decide on their motion to stay discovery because they have so far ignored
6  Liu's request for the Sedgwick NJ files, and will continue to do so, unless compelled to do
7  so.
8
9                    **Defendants False Claim for "judicial economy"**
10     On Feb. 6, 2024, Cardelle Spangler wrote a letter to Judge Wang.  On Page 2 of
11 Docket 58, Spangler suggested that "in the interest of judicial economy," Plaintiff should
12 only respond to Defendants' motion to stay and should **not** file a motion to compel.
13
> Plaintiff's proposed motion to strike will serve only to needlessly multiply these proceedings since Defendants filed the Motion to Dismiss Amended Complaint on the date ordered by the Court.  In the interests of judicial economy, Plaintiff should proceed with submitting an opposition to the Motion to Dismiss Amended Complaint.  Likewise, Plaintiff should submit a response to the Letter Motion to Stay Discovery, not a motion to compel.
14
15
16     Spangler's narrative of "judicial economy" is false and misleading.  If Defendants
17 cared about judicial economy, then they should have accepted Liu's proposal that he would
18 agree to staying discovery in exchange for the release of the Sedgwick NJ Workers
19 Compensation files.  Liu made the proposal to Brian Smith back on Jan 30, 2024.
20     If Defendants had agreed to Liu's proposal, there would be no need for parties to
21 submit reply briefs to Defendants' motion to stay discovery, and there would be no need for
22 the Court to decide on the motion at all.  Liu's proposal would have simplified things for
23 Plaintiff, Defendants and the Court.
24     Spangler did not want Liu to submit a motion to compel and tried to suggest that Liu
25 should only respond to Defendants' motion to stay discovery.  Defendants' motion to stay
26 discovery was fully submitted on March 18, 2024, and Defendants failed to submit courtesy
27 copies to the Court for their motion to be decided upon.  It has now become clear to
28 Plaintiff that the only way he will ever get his Sedgwick NJ Workers Compensation files is

to file this motion to compel. Not only do Defendants believe they don't have to give Plaintiff initial disclosures, Nielsen believes they don't have to comply with discovery requests. Defendants' actions are in bad faith especially when the Court has not granted their motion to stay discovery.

## Why there is a **Strong Need** for the Sedgwick NJ Files

Plaintiff believes the Sedgwick NJ Workers Compensation files contains Sedgwick notes and emails communications between Sedgwick and Nielsen that shows Nielsen retaliated against Liu because he contacted Nielsen Human Resources to try to report racism, discrimination and retaliation. In 2019, shortly after Liu contacted Nielsen's Chief Human Resources Officer, Nancy Phillips, Nielsen prohibited Liu from working. Nielsen required a doctors note for Liu to go back to work even though Liu had been working with a sprained ankle and the racist manager Tanner Tate already knew Liu had a sprained ankle and had previously allowed Liu to continue working.

Liu's actions of emailing Nancy Philips and later Nielsen CEO David Kenny informing Kenny that there was racism, discrimination and retaliation at Nielsen was a primary reason why Nielsen human resources retaliated against Liu and prevented him from working. After Liu got his full return to work letter and texted it to Tracy Staines (VP of Human Resources), a call was set up later that day with Tracy Staines and Shannon Buggy who was Nielsen's Senior Vice President of Human Resources.

Shannon Buggy was the same person Nancy Philips put Liu in contact with after he emailed Philips about racism, discrimination and retaliation at Nielsen. Because Nielsen forbid Liu from working, he couldn't speak to Buggy about his concerns because that would be considered work. Because Nielsen prohibited Liu from working until he got a full return to work letter, he could not follow through with speaking to her to discuss racism, discrimination and retaliation at Nielsen. Hours after Liu texted Tracy Staines a picture of the full return to work letter, instead of allowing Liu to go back to work, Shannon Buggy terminated Liu.

Plaintiff believes the complete Sedgwick NJ Workers Compensation files will include email communication (between Nielsen and Sedgwick), and Sedgwick's notes that would back up Liu's claims.  The files would have been helpful for Liu to use in order to oppose Defendants' motion to dismiss.  Furthermore, the files will show that Liu's NJ Workers Compensation claim was approved, but instead of using the accepted workers compensation claim to compensate Liu for the time Nielsen prevented Liu from working, Nielsen instead used up all of Liu's earned personal, sick and vacation days to cover the time he was prevented from working before terminating Liu.

Liu's lawsuit and claims are correlated to the accepted Sedgwick NJ Workers Compensation claim.  After Liu emailed Nielsen CEO David Kenny about racism, discrimination and retaliation, Nielsen and Sedgwick worked together to prevent Liu from going back to work until he could provide a full return to work letter, and which at that time, Nielsen terminated Liu.

There is no question Liu has attempted to get his Sedgwick NJ Workers Compensation files for years.  If the files were not important to Liu's lawsuit, then he would not have spent all this time trying to get them.

## Conclusion

It would not be burdensome for Nielsen to release the Sedgwick NJ Workers compensation files to Liu.  Nielsen is blocking its release because the files would help Liu's lawsuit, and show Nielsen lied about what happened in their EEOC rebuttal statement.  Furthermore, the Sedgwick NJ Workers Compensation files would have helped Liu oppose Defendants' motion to dismiss.  Plaintiff believes the files are critical to his lawsuit because after he texted Tracy Staines his full return to work letter, Nielsen never allowed Liu to go back to work, but instead immediately terminated Liu over the phone.

Defendants have time and time prevented the release of the Sedgwick NJ workers compensation files.  <u>Plaintiff respectfully requests the Court grant this motion, and order Defendants to release of the full Sedgwick NJ workers compensation files to Liu.</u>

Plaintiff is not asking for any other discovery materials in this motion besides Liu's Sedgwick NJ workers compensation files. The release of the Sedgwick NJ files would **not** be burdensome to Defendants. Defendants have access to them and could have easily emailed the files to Liu back in October of 2023.

A motion to compel is necessary because Defendants have acted in bad faith. Defendants have **refused** to provide the Sedgiwck NJ files for **over 6 months**. The files were requested back in October of 2023. In addition, back on October 16, 2023, Cardelle Spangler refused to confer with Plaintiff. Defendants delayed filing a motion to stay discovery until Jan 26, 2024.

It is established that a party filing a motion to stay discovery does not automatically prevent discovery from taking place. To this day, no discovery has taken place, and no discovery files have been released to Liu. There is likely even if the Court denies Defendants' motion to stay discovery, Defendants will continue to refuse to release Liu's Sedgwick NJ files to him, short of a court order. In light of the circumstances described in this motion, I believe this motion is necessary. I respectfully ask the Court to order Defendants to release the files to me as soon as possible.

Respectfully submitted,

Dated 4/21/2024

Frank Liu

Pro Se Plaintiff