

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

April 25, 2024

**VIA CM/ECF**

Honorable Jennifer H. Rearden
United State District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR-OTW

Dear Judge Rearden:

On behalf of defendants The Nielsen Company (US), LLC and TNC US Holdings (collectively, "Defendants"), we write in response to Plaintiff Frank Liu's Motion to Compel Release of Sedgwick New Jersey Workers Compensation Files, filed April 23, 2024 ("Motion to Compel"). (ECF No. 80.)

Plaintiff seeks documents relating to a prior workers' compensation claim that he filed with Sedgwick, which he alleges are "owned by Defendants." (Motion to Compel 2:2-3.) Plaintiff's request is improper and premature and, therefore, should be denied.

Defendants should not be required to respond to the merits of Plaintiff's Motion, not only because it is procedurally improper, but also because ***there is no pending discovery in this matter.*** Plaintiff has not served Defendants with any requests for production of documents under the Federal Rules of Civil Procedure ("FRCP"). Moreover, despite Plaintiff's assertions to the contrary, the parties have not participated in a FRCP 26(f) conference, as the Court has not yet set a Scheduling Conference triggering the deadline to do so, or to serve initial disclosures.

Defendants' motion to dismiss this action in its entirety is fully briefed and pending before this Court (ECF No. 54), as is Defendants' letter-motion to stay discovery pending resolution of Defendants' motion to dismiss (ECF No. 55). As noted in Defendants' motion to stay, Plaintiff seeks his New Jersey workers' compensation claim file, which he claims are held by Sedgwick, a nonparty claims management company. But, as briefed in Defendants' motion to dismiss, Plaintiff's disability claim is time-barred on account of Plaintiff's failure to bring this claim until more than one year after his 90-day limitations period expired. Plaintiff has also failed to allege any discriminatory conduct based on disability. Therefore, these documents will become irrelevant should Defendants' motion to dismiss be granted. It is in neither party's best interest to expend resources on discovery that has a strong chance of being irrelevant. *See Hong Leong*, 297 F.R.D. at 75 (granting defendants' motion to stay discovery pending resolution of motion to dismiss);



April 25, 2024
Page 2

*Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (granting the defendant's motion to stay discovery pending resolution of motion to dismiss and for summary judgment).[1]

Finally, Plaintiff's Motion to Compel is procedurally improper and should be denied on that basis. Pursuant to Local Civil Rule 37.2, no motion regarding a discovery dispute may be heard unless the moving party "has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." (Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ["Local Civil Rules"].) Plaintiff's Motion blatantly disregards the requirements under the Local Civil Rules and therefore should be denied.

Additionally, pursuant to Judge Wang's Individual Practices in Civil Cases, Section II.b, discovery disputes may be submitted to the Court via an ECF letter-motion, "no longer than 3 single-spaced pages," explaining the nature of the dispute and requesting a conference. (Judge Wang's Individual Practices in Civil Cases ["Individual Practices"].) Therefore, even if Plaintiff's Motion was procedurally proper (and it is not), his 11 page, double-spaced motion fails to comply with Judge Wang's Individual Practices and should not be considered beyond the permissible three page limit.

Although he is proceeding *pro se*, Plaintiff is not exempt from the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or Judge Rearden and Judge Wang's Individual Rules and Practices, and he must comply with all applicable rules and practices. This is yet another example of Plaintiff's abuse of his unfettered access to the Court's public filing system. Plaintiff has time and time again demonstrated his willingness and desire to file frivolous, inflammatory, and baseless documents on the public docket, imposing a significant burden on Defendants and what are already very limited judicial resources.

For the reasons set forth above, Plaintiff's Motion to Compel should be denied.

---

[1] Plaintiff takes umbrage at the fact that Defendants did not submit courtesy copies of their motion to stay discovery to Judge Rearden. But Defendants are not obligated to do so. Pursuant to Judge Wang's Individual Practices, courtesy copies are only required when the filing exceeds 75 pages. (Judge Wang's Individual Practices, Section VIII.a.) Defendants' motion to stay discovery is three pages (ECF No. 55), and their reply in support of same is also three pages (ECF No. 73). Therefore, no courtesy copies are required.



April 25, 2024
Page 3

Thank you for your consideration of the foregoing.

Dated: Chicago, Illinois

April 25, 2024

Respectfully submitted,

_____
Cardelle Spangler (*admitted pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

*Attorneys for Defendants*

cc: Plaintiff Frank Liu