Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Frank Liu<br><br>       Plaintiff,<br><br>       vs.<br><br>The Nielsen Company (US) LLC<br><br>       and<br><br>TNC US HOLDINGS<br><br>       Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Letter to Judge Wang in Support of Plaintiff's Motion to Compel Release of Sedgwick New Jersey Workers Compensation Files** |

Dear Judge Wang,

**<u>Firstly</u>**, for an unknown reason, Cardelle Spangler addressed her letter (ECF 82) to Judge Rearden instead of you.  On page 2 of ECF 82, Spangler admits that discovery disputes are under Judge Wang because she references Judge Wang's "Individual Practices in Civil Cases" regarding discovery disputes as seen below:

> Additionally, pursuant to Judge Wang's Individual Practices in Civil Cases, Section II.b, discovery disputes may be submitted to the Court via an ECF letter-motion, "no longer than 3 single-spaced pages," explaining the nature of the dispute and requesting a conference. (Judge Wang's Individual Practices in Civil Cases ["Individual Practices"].) Therefore, even if Plaintiff's Motion was procedurally proper (and it is not), his 11 page, double-spaced motion fails to comply with Judge Wang's Individual Practices and should not be considered beyond the permissible three page limit.

Plaintiff is doing the best he can and filed his motion to compel in good faith.  He was not aware that it should be filed as a motion letter because Liu has never filed a motion to compel before.  Plaintiff is structuring this reply as a <u>reply letter</u> in order to satisfy Spangler.  However, <u>Plaintiff's letter is addressed to Judge Wang</u> because Plaintiff believes it is for a magistrate judge to decide on discovery disputes.  Plaintiff sees no purpose in sidestepping the chain of command for discovery disputes, and is unsure why Defendants chose to address their letter to the District Court Judge instead of Judge Wang.

**<u>Secondly</u>**, the <u>Rule 26 meet and confer took place on March 24, 2023</u>.  Here is a screenshot of a calendar invite sent from Cardelle Spangler to Liu.



1

On October 16, 2023, Plaintiff attempted to confer with Spangler about a motion to compel. <u>Liu even reminded Spangler of the Rule 26 meet and confer call</u> that took place several months prior (which was the March 24, 2023 confer call).  Please refer to the part underlined in red:



Spangler replied back only stating the request to confer was premature.  Spangler **did not** dispute that the Rule 26 meet and confer call already took place.

<u>It wasn't until ECF 82</u> that Spangler alleges no Rule 26 call has taken place:

> Procedure ("FRCP"). Moreover, despite Plaintiff's assertions to the contrary, the parties have not participated in a FRCP 26(f) conference, as the Court has not yet set a Scheduling Conference triggering the deadline to do so, or to serve initial disclosures.

Spangler alleges that no scheduling conference was scheduled by the Court.  However, on page 1 of **Docket 18** "Notice of Reassignment," it is clear that <u>Judge Rearden ordered the parties to confer</u>.

> Within three weeks of the filing of this Order, the parties are hereby ORDERED to file a joint letter updating the Court on the status of the case.  The joint letter shall not exceed five (5) double-spaced pages, and shall provide the following information, to the extent it is relevant, in separate paragraphs:

Furthermore, on page 2 of <u>Docket 18</u>, it specifically mentions the joint letter should talk about discovery deadlines under item #8:

> 8. A detailed statement of all discovery to date, including the number of depositions taken by each party and any remaining discovery that is essential in order for the parties to engage in meaningful settlement negotiations;

    **Thirdly**, when the <u>original lawsuit</u> 4:21-cv-07313-JSW was before the Northern District of California, Spangler agreed to service by email for both parties back on <u>January 21, 2022</u>:



On the <u>March 24, 2023</u> confer call, Liu asked Spangler about continuing to allow service through email for this lawsuit just like they had agreed to for the previous lawsuit, and <u>Spangler agreed</u>.

As a reminder, on March 28, 2023, Brian Aubrey Smith emailed Judge Rearden's Chambers a "Letter Motion to Seal" because Defendants wanted to seal Dkts. 6 and 6-1.  At the time, Defendants' Letter motion was not filed in ECF/Pacer because the motion was conducted through email. Defendants have **never** mailed Plaintiff a copy of their motion letter to seal.  Defendants simply served Plaintiff by including Liu's email address as a CC because parties have an agreement for email service. In addition, Spangler would not have realized that the settlement drafts were included in Docket 6-1 had Liu not specifically informed her about it during the March 24, 2023 confer call.

Spangler alleges Defendants were never served discovery requests.  This is false because parties agreed to email service, and Liu has emailed all 3 of Defendants' attorneys multiple times about the Sedgwick NJ Workers Compensation files.  To this day, Defendants have continued to act in bad faith by failing to provide those files.

On the December 20, 2023 status conference, Plaintiff brought up the Sedgwick NJ Workers Compensation files to Judge Wang.  The Sedgwick NJ Workers Compensation files were discussed in front of Judge Wang as per the Court transcript (Dkt. 50), so there is a court record of that.

**Fourthly**, the Sedgwick NJ Workers Compensation files belong to Nielsen.  Nielsen pays Sedgwick to handle their workers compensation claims.  Nielsen owns those files and has access to them.  Spangler wants to play word games by calling Sedgwick a "nonparty" but the purpose of the motion to compel was to get Nielsen to hand over the files which Nielsen has access to.  Defendants have **never** stated that the files do not belong to them, **nor** have they stated they don't have access.

**Fifthly**, the Sedgwick NJ Workers Compensation files are important to Liu's lawsuit because they relate to Liu's retaliation claim.  On March 14, 2019, Liu sprained his ankle while recruiting homes in Newark, NJ.  Liu informed his manager, Tanner Tate, and was allowed to continue working.  However, after Liu emailed Nielsen HR informing them there was racism, discrimination and retaliation at Nielsen, Liu was prevented from working on April 1, 2019.  Nielsen refused to allow Liu to return to work until they had a full return to work letter.

On April 23, 2019 Liu received a full return to work letter and texted it to Tracy Staines after visiting Concentra Urgent Care (See Paragraph 32 of Dkt. 44 - Liu's Amended Complaint).  Liu was terminated over the phone later that day because Shannon Buggy (Senior VP Human Resources) told Liu that they lost faith in Liu's ability to do his work (See Paragraph 35 of Dkt. 44).

In Nielsen's EEOC Position Statement dated Jan 27, 2020 (**See page 9 of Dkt. 67-1**), Nielsen alleges that Liu was terminated for failing to provide a full return to work letter:

> Liu refused to provide updated medical information or documentation to return to work, although he continued to request to do so.  Ultimately, Liu was terminated for his repeated refusal to cooperate in a professional manner with routine requests for additional medical information.

The Sedgwick NJ Workers Compensation files will prove Nielsen lied to the EEOC in their position statement. Nielsen did not terminate Liu because he failed to provide a return to work letter. Instead, Nielsen terminated Liu in retaliation because he emailed Nielsen human resources and Nielsen CEO David Kenny wanting to report discrimination, racism and retaliation. One of the last emails Liu sent to Nielsen CEO Kenny before his termination was on April 20, 2019, which was titled "Formal complaint against Tanner Tate." Liu went to Concentra Urgent Care and got a full return to work letter on April 23, 2019. Hours after texting Tracy Staines the full return to work letter, Shannon Buggy terminated Liu over the phone. The Sedgwick NJ Workers Compensation files will prove Nielsen's retaliation. The termination call was recorded. It was uploaded to YouTube almost two years after Liu's termination. Please see https://www.youtube.com/watch?v=J26u_Poxnkk to listen to what really happened. Liu asserts the files are important and critical to proving how Nielsen retaliated against Liu.

**To sum up**, Defendants are purposely misleading the Court, and have provided no legitimate reasons why they can't provide Liu the Sedgwick NJ Workers Compensation files. Defendants are not arguing burden. Defendants are not claiming they don't have access to the files. Defendants are arguing technicality, and have misrepresented the facts in bad faith.

Defendants have lied to the Court stating no Rule 26 call took place, and claim they weren't served with discovery requests. The Rule 26(f) call took place on March 24, 2023 after the Court issued Dkt. 18 which triggered parties to meet and confer. Parties have an agreement for service through email. Plaintiff has already served Defendants his discovery request by emailing Spangler, McCaan and Smith with Liu's request for the Sedgwick NJ Workers Compensation files back on October 3, 2023 in an email titled "Requesting my New Jersey Sedgwick Case Files (case 1:22-cv-09084)." Furthermore, on the December 20, 2023 status conference, Liu brought up the subject of the Sedgwick NJ Workers Compensation files to Judge Wang (see Dkt. 50 – Transcript).

The files are important and relevant to Liu's lawsuit. Plaintiff hopes the Court sees through Defendants' misrepresentation of facts. Plaintiff requests the Court grant this motion to compel, and to order Defendants to email Liu the Sedgwick NJ Workers Compensation files as soon as possible.

Respectfully submitted,

*Frank Liu*

Dated 4/26/2024

Frank Liu
Pro Se Plaintiff