Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Frank Liu<br><br>        Plaintiff,<br><br>        vs.<br><br>The Nielsen Company (US) LLC<br><br>          and<br><br>TNC US HOLDINGS<br><br>     Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br><br>**Motion Letter to Judge Wang Seeking Clarification to Court Order ECF 84** |

Dear Hon. Judge Wang,

I am writing to seek clarification on Court Order ECF 84 which granted Defendants' motion letter to stay discovery until June 28, 2024 because the Court Order did not go into details on the reason(s) why Defendants' motion letter (ECF 55) was granted in part.  I believe I spent somewhere between 30 to 50 hours on my response in opposition to Defendants motion letter to stay discovery (ECF 67).  I even went over balancing test and other arguments to oppose the stay.

I believe had the Court <u>denied</u> Defendants' motion letter to stay discovery (ECF 55), Defendants would probably have wanted to read about the decision making process behind the Court's decision, and perhaps appeal the decision if they believed the Court erred in their reasoning and decision.

Without knowing if the Court considered the balancing test, or how they weighed the test for a stay in discovery, it leaves little room for appeal.  Furthermore, based on my research, I believe many court orders in regards to staying discovery comes with details about the court's decision making process.  As an example, in the case "Seibert et al v. Federal Deposit Insurance Corporation" filed under 1:24-cv-00427-JGLC (SDNY), on page 4 of Docket 25, Judge Clarke explained the decision making process in her Court Order.  Judge Clarke noted Defendants' prejudice and "substantial costs" argument if discovery is not stayed.

For Liu's lawsuit, Nielsen Defendants filed their motion letter to stay discovery because Liu wanted his Sedgwick NJ Workers Compensation case files.  Defendants failed to show that providing

the workers compensation files to Liu would result in substantial costs or prejudice to Defendants.  Liu hasn't asked Defendants for other discovery besides the Sedgwick NJ Workers Compensation files.  Plaintiff's Response in Opposition to Defendants' Motion Letter to Stay Discovery is over 20 pages, and contains various arguments against a stay.  Plaintiff's respectfully asks the Court to go over the decision making process behind granting in part Defendants' Motion Letter to Stay Discovery.

Respectfully submitted,

*Frank Liu*

Dated 4/30/2024                  Frank Liu
                                 Pro Se Plaintiff