Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Frank Liu<br><br>   Plaintiff,<br><br>   vs.<br><br>The Nielsen Company (US) LLC<br><br>   and<br><br>TNC US HOLDINGS<br><br>   Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Motion Letter to Judge Wang Seeking Clarification to Mediator's Proposal, or to Restart Mediation Negotiations** |

Dear Hon. Judge Wang,

   On January 5, 2024, Hon. Judge Wang (acting as mediator) sent Plaintiff and Defendants' attorneys an email outlining a proposal for settlement.  In good faith, Plaintiff will be vague in regards to the settlement proposal in this motion letter because he does not want to specifically reveal the exact details in this public filing.

   Plaintiff believes the terms of the mediator's proposal would be in essence an injunction limiting Plaintiff from speaking out about the racism, discrimination and retaliation experienced at Nielsen.  Language contained in the mediator's settlement proposal is the primary factor why Plaintiff was forced to decline the proposal.  Plaintiff is not a lawyer, and does not know if his assumptions about the mediator's proposal are correct, or what the ramifications would be for accepting such a proposal.

   In good faith, Plaintiff has attempted to settle the lawsuit with Defendants by emailing settlement proposals in which he would give Defendants a <u>release of all claims</u> and <u>stipulation for dismissal with prejudice</u> in order to settle.

Defendants have made it clear that they will only agree to settle "(1) on the terms set forth in the court's proposal, and (2) with the court's oversight."



Plaintiff replied back asking what Caitlin McCaan meant by #1 and #2 because he was fearful that if he agreed to the mediator's proposal and if he further spoke out about the racism, discrimination and retaliation experienced at Nielsen, he would be violating the agreement and could be held in contempt of court or sent to prison.

McCaan replied back suggesting if Liu had questions about the court's proposal, he should "reach out directly to the court."

Later that day, Plaintiff took McCaan's advice and emailed Judge Wang's Chambers about his concerns regarding the Jan 5, 2024 proposal.  In the March 18, 2024 email, Liu attached three screenshots of the conversation between him and Ms. McCaan.  The second screenshot included some of Liu's concerns.  As of this filing, Plaintiff has not received a reply from the Court regarding his concerns about the mediator's proposal.  Perhaps emailing Judge Wang's chambers with his concerns was improper.  However, Plaintiff only did so because of McCaan's suggestion he reach out directly to the court.  Plaintiff isn't sure how else he could "reach out directly to the court" as McCaan suggested.  For example, if Plaintiff called the clerk's office directly, Plaintiff believes he would not be provided with answers because it would be considered asking the clerk for legal advice.  So without any other ideas how he could "reach out directly

to the court" like Caitlin McCaan suggested, Liu is filing this motion letter in good faith seeking clarification about the mediator's proposal.

Plaintiff wants to resolve the lawsuit. At one point, Plaintiff was even willing to accept an amount that was <u>below</u> the amount the mediator proposed back on Jan. 5.

On April 30, 2024, Spangler emailed Liu the following:

> **Spangler, Cardelle**  4:48 PM (1 hour ago)
> to me, Aubrey, Caitlin
>
> Mr. Liu,
>
> My clients decline your offer. We have informed you of the terms under which they are willing to resolve this case. My clients will not entertain any further settlement demands from you, outside of the terms set forth in the court's mediator's proposal and under the court's supervision. My clients further view your continued demands to settle on terms you are well aware they will not accept to be unproductive and wasteful of their resources. Accordingly, we will no longer engage with you on this subject or respond to further demands without court involvement and your agreement to accept the terms set forth in the mediator's proposal.
>
> Sincerely,
>
> Cardelle
>
> **Cardelle Spangler**
> Winston & Strawn LLP
> D: +1 312-558-7541

**In conclusion**, Liu has questions about the Jan 5, 2024 mediator's proposal. Liu wants to resolve the lawsuit, and Defendants are aware of this. Liu believes he is willing to accept an amount lower than what Judge Wang proposed, but the thing preventing Liu from accepting the mediator's proposal is the fear of being sent to prison if he were to speak out online about the racism, discrimination and retaliation he experienced at Nielsen after accepting the proposal. Without going too in-depth here in this public filing about Liu's questions and concerns about the Jan 5, 2024 mediator's proposal, <u>Plaintiff respectfully asks the Court to consider scheduling another settlement call with Liu, or perhaps restarting mediation negotiations.</u>

                                       Respectfully submitted,

                                       */s/ Frank Liu*

Dated 4/30/2024                   Frank Liu
                                             Pro Se Plaintiff