```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FRANK LIU,                                                  :
                                                            :
                        Plaintiff,                          :
                                                            :     22-CV-9084 (JHR) (OTW)
              -against-                                     :
                                                            :     ORDER
THE NIELSEN COMPANY (US) LLC, et al.,                       :
                                                            :
                        Defendants.                         :
                                                            :
                                                            :
------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court has been the unfortunate recipient of more than seven emails between *pro se* Plaintiff and defense counsel in the last week. (See Ex. A, redacted emails). These emails largely relate to a dispute over redactions or sealing or striking of Plaintiff's sur-reply. (ECF 89.) Defendant's motion to seal (ECF 91), which was evidently entered in error, and Plaintiff's sur-reply (ECF 89) are now both under provisional seal.

Parties are reminded that under my Individual Practices, Section I, counseled parties are only permitted to email Chambers in limited circumstances. *Pro se* parties are even more constrained: communications with the Court are to be filed on the docket.

The parties in this case are **hereby directed** to stop copying the Court on their email correspondence. Future emails will be discarded without review, and future failure to abide by this directive may result in sanctions.

As to Defendants' motion to seal, Plaintiff is directed to file, under seal and visible to parties only, a proposed redacted sur-reply by **June 14, 2024**. In considering potential or proposed redactions, Plaintiff should be guided by Fed. R. Civ. P. 5.2, "Privacy Protection For

Filings Made With the Court," and should strongly consider using initials rather than the full name of Nielsen's former employee. By **June 21, 2024**, Defendants are directed to file, also under seal but visible to the Court and parties only, a "reply" in which they may propose further, additional, or different redactions, or agree to the redactions proposed by Plaintiff. No more "meeting and conferring" regarding this issue, particularly over email, is necessary as it has been shown to be unproductive.

After each side has had an opportunity to propose redactions, the Court will consider and decide Defendant's motion to seal by accepting or rejecting the parties' proposed redactions and possibly making its own. The Court may assess sanctions if it finds that either party's proposed redactions were over- or under-inclusive, or not made in good faith.

Only after a properly redacted sur-reply is entered will the Court consider the merits of any arguments made in the sur-reply as part of its Report and Recommendation on the Defendants' Motion to Dismiss.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

Dated: June 10, 2024  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| **From:** | F L |
| **To:** | Spangler, Cardelle |
| **Cc:** | McCann, Caitlin; Smith, Aubrey; Wang NYSD Chambers |
| **Subject:** | Re: Reactions Proposal (Liu v. The Nielsen Company (US) LLC, et al) |
| **Date:** | Thursday, June 6, 2024 6:59:19 PM |

**CAUTION - EXTERNAL:**

Ms. Spangler,

Thanks for the response that nobody is available to confer until Monday.  It is highly disappointing you didn't bother conferring with me before filing your motion to seal yesterday.  I even responded to Ms. McCaan's email that same day she sent it asking for specific examples of her accusations.  I didn't deny her request, but disagreed with her accusations such as accusing me of writing false statements, or putting any current or former employees' home addresses in my sur-reply.

My email reply back to Ms. McCaan was about clarification of her accusations.  After sending the reply email to her, you and Mr. Smith, you still chose to file your motion to seal about 2 hours later on the public docket even though I hadn't refused her request, but sought clarification on Ms. McCaan's accusations.

Your motion to seal certainly goes beyond a simple motion because parts of it is replying to the points made in my sur-reply (such as about arbitration which is unrelated to your motion to seal).  Judge Wang denied your motion letter to be able to file a reply to my sur-reply, but it appears bringing up your arguments in the motion to seal is a good way of circumventing the restriction.

I think Judge Wang should be informed about the 5 days that sets me back due to being unable to confer until Monday because in the event we can't find a compromise such as Defendants agreeing to do redactions and sending me a copy, then I will be forced to officially respond to your motion to seal.  Therefore, I am adding Judge Wang on this email chain to keep her in the loop about this matter.

Ms. McCaan, how about Monday at 2 PM PST?  Can we confer then?

On Thu, Jun 6, 2024, 3:39 PM Spangler, Cardelle <​@winston.com> wrote:
> Neither of us is available tomorrow.  Thank you.
>
> Cardelle
>
> **From:** F L <​@gmail.com>
> **Sent:** Thursday, June 6, 2024 5:37:33 PM
> **To:** McCann, Caitlin <​@winston.com>
> **Cc:** Spangler, Cardelle <​@winston.com>; Smith, Aubrey <​@winston.com>
> **Subject:** Re: Reactions Proposal (Liu v. The Nielsen Company (US) LLC, et al)
>
> Mr. Smith and/or Ms. Spangler,

Is there a time tomorrow that works for you to confer? Please let me know. Thank you.

On Thu, Jun 6, 2024, 12:21 PM F L <███████@gmail.com> wrote:
> The reason for wanting to confer sooner than later is because:
>
> 1) i was emailed about the request to seal on June 5. That same day, I responded back asking for specific examples. Defendants did not respond to my email, nor did they confer before filing their mention to seal on Wednesday June 5 (the very same day).
> 2) I proposed a compromise and also asked to confer after discovering defendants filed their motion to seal without bothering to first confer.
> 3) You want me to wait till Monday to confer even though Mr. Smith or Ms. Spangler are also on the case. By delaying the confer date, you cut into the time I have to respond to Defendants' motion to seal should parties fail to reach a compromise on the confer call that should have taken place before any motion to seal was files.
> 4) The difference between Wednesday (date motion was filed) and next Monday (when Defendants want to confer) is 5 days so it cuts into the time I have to work on a response to Defendants' motion should parties fail to reach a compromise solution.
>
> On Thu, Jun 6, 2024, 12:04 PM F L <███████@gmail.com> wrote:
>> Ms. McCaan,
>>
>> Can Mr. Smith or Ms. Spangler confer tomorrow? Or can you let me know if Defendants accept the compromise? Defendants failed to confer before filing their motion.
>>
>> On Thu, Jun 6, 2024, 11:59 AM McCann, Caitlin <███████@winston.com> wrote:
>>> Mr. Liu,
>>>
>>> I have removed chambers from this correspondence, as it is not appropriate to copy them. I am traveling today and tomorrow and I am not available for a call. What is your availability Monday? Thank you.
>>>
>>> Best,
>>> Caitlin
>>>
>>> ---
>>>
>>> **From:** F L <███████@gmail.com>
>>> **Sent:** Thursday, June 6, 2024 11:06:07 AM
>>> **To:** Spangler, Cardelle <███████@winston.com>; McCann, Caitlin <███████@winston.com>; Smith, Aubrey <███████@winston.com>; Wang NYSD Chambers <███████@nysd.uscourts.gov>; Rearden NYSD Chambers <███████@nysd.uscourts.gov>
>>> **Subject:** Re: Reactions Proposal (Liu v. The Nielsen Company (US) LLC, et al)
>>>
>>> Ms. Spangler,
>>>
>>> Does Defendants agree to the redactions proposal as a compromise solution? Furthermore, we never conferred before you filed your motion letter to seal. Is there a good time to discuss?

Please let me know.

Thank you.

On Wed, Jun 5, 2024, 8:37 PM F L <■■■■■■■@gmail.com> wrote:
Ms. Spangler,

Had we properly conferred, I would have proposed the idea for you or any of Defendants' attorneys to use some sort of PDF editor that attorneys have access to in order to put small black boxes over things you want redacted and also separately explain each redaction so they are specific in nature and not overbroad, and then email me a copy of the redacted 89 and 89-1 for me to look over.

I really don't understand your tactic of having Ms. McCaan emailing me on short notice. I emailed her back with you, Mr. Smith and the Judges on copy asking for specific examples. I waited for a reply, but instead of replying back so we could have a proper discussion, you went ahead and filed a motion to seal without properly conferring with me. This is disappointing.

As stated, one of the PDF exhibits included my response to Defendant's position statement that was submitted to the EEOC to look over. I believe it was created back in 2020. There was a need to include that in my sur-reply because you have previously asserted a number of times my original lawsuit was "single cause of action" which is untrue.

I stand by my sur-reply and exhibits, but am willing to allow you or Defendants' attorney(s) to do reactions and submit a copy to me for replacement as long as the reactions are not overbroad.

Furthermore, I believe the definition of an "affair" is for a married person to cheat on their spouse. Karthik Rao (Nielsen's current CEO) had an affair with a company lawyer as per https://nypost.com/2021/12/07/nielsen-tv-ratings-exec-faced-ethics-probe-over-affair-with-company-lawyer/ I did not write the article and only learned of Karthik Rao's affair from it back in 2021. I also discussed it with one of the NY Post's journalists (after the article was already published) because after reading the article back in 2021, I reached out to the journalists about seeing if they wanted to write about me and my experiences with racism while working at Nielsen. At that time, I had a lawsuit against Nielsen filed in the Northern District of California.

Furthermore, if ■■■■■■■ is unmarried at the time, then technically speaking, she didn't have an affair because Karthik Rao did. The article mentioned despite the lawyer being promoted during the affair, it did not violate Nielsen's code of conduct. Karthik Rao was Nielsen's C.O.O. but was promoted and is the current C.E.O. It is relevant because it gives a glimpse at Nielsen's patterns and practices when it comes to internal complaints. I submitted a "Formal complaint against Tanner Tate" email to Nielsen's executive human resources (with David Kenny on copy), and was terminated days later. Nielsen alleges to have "investigated" my complaint some time after they already terminated me. Karthik Rao's affair with the company lawyer was mentioned in good faith to show Nielsen's internal patterns

and practices regarding ethics violations.

I stand by my filings.  However, I am okay if you or Defendants' lawyers want to use a PDF editor to redact things to save face for your clients as long as the redactions are specific and not overbroad, and also providing the reasons behind each redaction.

Will you agree to this compromise?  Please let me know.  Thank you.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | McCann, Caitlin |
| **To:** | Wang NYSD Chambers |
| **Cc:** | Spangler, Cardelle; Smith, Aubrey; F L |
| **Subject:** | Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR - Letter Motion to Seal Sur-Reply |
| **Date:** | Wednesday, June 5, 2024 11:14:30 PM |
| **Attachments:** | Liu v. Nielsen - Letter Motion to Seal Dkt. 89.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Wang,

Please see the attached letter motion to seal Plaintiff's sur-reply. Rather than being emailed to your chambers as intended, the attached letter motion was filed on the docket by mistake. Defendants respectfully request that the filing at Docket 91 be removed. Thank you.

Best,

**Caitlin McCann**
**Associate Attorney**

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

D: 
F: 

Bio | VCard | Email | winston.com

Admitted to practice in California

**WINSTON & STRAWN LLP**

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.