| | |
|---|---|
| **From:** | F L |
| **To:** | McCann, Caitlin |
| **Cc:** | Wang NYSD Chambers; Spangler, Cardelle; Smith, Aubrey |
| **Subject:** | Re: Frank Liu vs. The Nielsen Company (US), LLC, et al.; Case No.: 1:22-cv-09084-JHR - Letter Motion to Seal Sur-Reply |
| **Date:** | Monday, June 10, 2024 6:31:56 PM |
| **Attachments:** | image.png |

**CAUTION - EXTERNAL:**

Dear Judge Wang,

Today, I had my confer call with Ms. McCaan regarding Defendants' motion to seal (ECF 91), but I am disappointed that Defendants hadn't bothered to ask their client about my redactions proposal, so I could file a redacted sur-reply and exhibits for the public record. I informed Ms. McCaan that I have no problem doing redactions and removing the reference to the NY Post article about Nielsen Executive's affair with the company lawyer. I was also agreeable to doing other redactions (such as removing work phone numbers).

Furthermore, I inquired about ECF 91 where Defendants accused me of defamatory statements, and also accused me of including "private information, including home addresses, and names, cell phone numbers, and email addresses of current and former Nielsen employees."

> On behalf of defendants The Nielsen Company (US), LLC and TNC US Holdings (collectively, "Defendants"), we write to respectfully request that Plaintiff Frank Liu's ("Plaintiff") public filing, entitled Sur-Reply Opposition to Defendants' Motion to Dismiss, dated May 24, 2024 [Dkt. 89, 89-1], be removed from the public docket and instead filed under seal. Plaintiff has filed defamatory statements about [REDACTED], Nielsen's [REDACTED], in addition to confidential and private information, including home addresses, and names, cell phone numbers, and email addresses of current and former Nielsen employees. Should Plaintiff's filing be permitted to remain on the public docket, it will continue to harm Defendants by permitting patently false information and private confidential contact information to be viewed by the public, and by allowing Plaintiff's baseless and improper accusations to be further disseminated to the public.

Ms. McCaan could not reference anywhere in my Sur-Reply or Exhibits where I put any former or current Nielsen employee's home addresses. She said that the "home addresses" part does not relate to the "current and former Nielsen employees" part later in the sentence. Ms. McCaan referenced Dkt. 89 page 3 which was just a soliciting list to help explain what the difference between a basic and alternate was. The addresses don't have anyone's names on it, but I have no issue with redacting the addresses in a redacted version of the sur-reply in order to appease Defendants.

I inquired if Ms. McCaan could give me one example of "names" that should be redacted, and she refused to give me any examples. I followed-up by asking Ms. McCaan if Tanner Tate (the manager who called me a chink) or Shannon Buggy (Vice President Human Resources who fired me) should have their names redacted in my sur-reply or future filings, so I could better understand Defendants' position about "private information" and "names" but Ms. McCaan refused to elaborate and said the filing speaks for itself.

It is disappointing how Ms. McCaan refused to elaborate on specific examples so I could have a better understanding of what I should redact. Furthermore, Ms. McCaan raised her voice at me during the call even though I was trying to confer in good faith to 1) understand Defendants' position and 2) find a resolution where there would be a redacted version of the sur-reply and exhibits for the public record that Defendants wouldn't have an issue with.

Ms. McCaan did not even bother asking her client about my redactions proposal emailed to her back on June 5, which was shortly after Defendants filed their motion to seal (ECF 91). Part of the confer call was intended to discuss my redactions proposal. Ms. McCaan's behavior on the call was hostile to me, and it wasn't surprising due to how she has acted previously on confer calls. At one point, Ms. McCaan even said that there was no reason to confer about their motion to seal because the Court already sealed my Sur-Reply and Exhibits. My response back was that I thought I had an opportunity to respond to it.

Ms. McCaan, said she will ask her clients about if they agree to redactions proposal but refused to state when she will get back to me. Ms. McCaan, I hope you can at least get back to me by the end of the week.

Thank you.

On Wed, Jun 5, 2024 at 8:50 PM F L <​@gmail.com> wrote:
> Ms. Wang,
>
> Ms. Spangler made slanderous remarks against me in the public filing. I emailed Defendants a compromise proposal for them to do reactions and send me a copy with explanations for each redaction.
>
> I hope Defendants will reply back to me by tomorrow morning. They never attempted to confer in good faith about their motion letter to seal.
>
> On Wed, Jun 5, 2024, 8:14 PM McCann, Caitlin <​@winston.com> wrote:
>> Dear Judge Wang,
>>
>>
>> Please see the attached letter motion to seal Plaintiff's sur-reply. Rather than being emailed to your chambers as intended, the attached letter motion was filed on the docket by mistake. Defendants respectfully request that the filing at Docket 91 be removed. Thank you.
>>
>>
>> Best,
>>
>>
>> **Caitlin McCann**
>> **Associate Attorney**
>> Winston & Strawn LLP
>> 333 S. Grand Avenue
>> Los Angeles, CA 90071-1543
>> D:
>> F:
>> Bio | VCard | Email | winston.com
>> *Admitted to practice in California*



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.