

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 (213) 615-1700
F +1 (213) 615-1750

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

July 16, 2024

<u>**VIA CM/ECF**</u>

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re:**    *Frank Liu v. The Nielsen Company (US), LLC, et al.*; Case No. 1:22-cv-09084-JHR-OTW

Dear Judge Wang:

    We represent Defendants The Nielsen Company (US), LLC and TNC US Holdings (collectively, "Defendants") in the above-referenced action. Pursuant to the Court's instructions during the status conference on December 20, 2023, Defendants previously requested a stay of discovery pending resolution of their Motion to Dismiss the Amended Complaint (Dkt. 55), which the Court granted, in part, until June 28, 2024. (Dkt. 84.) Because Defendants' motion is still pending decision, Defendants renew their request to stay discovery pending resolution of their Motion to Dismiss, for the same reasons as previously asserted, and as included below.

    Plaintiff Frank Liu and counsel for Defendants met and conferred by phone on July 15, 2024, prior to Defendants' filing of this letter motion, during which Mr. Liu indicated he would not agree to stay discovery pending the resolution of Defendants' Motion to Dismiss unless Defendants provided discovery related to his New Jersey workers' compensation claim file.

    A stay is appropriate as Defendants have offered meritorious reasons to dismiss each of the claims in the action.

    Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R. Civ. P. 26(c)(1). District courts have "considerable discretion" to issue an order to stay discovery pursuant to this Rule. *Samuel v. City of New York*, No. 1:22-cv-2404, 2022 WL 1204701, at *1 (S.D.N.Y. Apr. 22, 2022) ("[U]pon a showing of good cause a district court has considerable discretion to stay discovery.") (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).



A pending motion to dismiss may constitute "good cause" for a protective order staying discovery. *O'Sullivan v. Deutsche Bank AG*, No. 17-civ-8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (granting a stay of discovery pending disposition of a motion to dismiss). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (quoting *Alford v. City of New York*, No. cv-2011- 0622, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks v. Macy's, Inc.*, No. 10-civ-5304, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (citation and internal quotation marks omitted). As part of the third prong, "the party seeking a stay must present substantial arguments for dismissal." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (internal quotation marks omitted).

Defendants urge the Court to renew its Order staying discovery for two principal reasons.

*First*, Defendants' Motion to Dismiss has been filed as of January 26, 2024, and the Court now has the ability to make a preliminary assessment of the Motion's strength. If the Court grants Defendants' Motion to Dismiss, then no discovery will be required in this Action. At the December 20, 2023 status conference, Plaintiff requested discovery related to his New Jersey workers' compensation claim file. Plaintiff claims these documents are held by Sedgwick, a nonparty claims management company. Defendants have moved to dismiss each of Plaintiff's claims. With regard to his disability claim in particular, the cause of action is time-barred on account of Plaintiff's failure to bring this claim until more than one year after his 90-day limitations period expired. Plaintiff has also failed to allege any discriminatory conduct based on disability. Therefore, these documents will become irrelevant should Defendants' Motion be granted. It is in neither party's best interest to expend resources on discovery that has a strong chance of being irrelevant. *See Hong Leong*, 297 F.R.D. at 75 (granting defendants' motion to stay discovery pending resolution of motion to dismiss); *Ema Fin.*, 336 F.R.D. at 84 (granting the defendant's motion to stay discovery pending resolution of motion to dismiss and for summary judgment).

*Second*, Plaintiff cannot demonstrate any meaningful prejudice from a brief stay of discovery while the Motion to Dismiss is resolved. *See Negrete v. Citibank, N.A.*, No. 15-civ-7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy."); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (2002) (granting a stay of discovery pending a motion to dismiss because "the Court intend[ed] to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby").

For these reasons, Defendants respectfully request that all discovery be stayed pending resolution of their Motion to Dismiss.



Dated: Chicago, Illinois
       July 16, 2024

Respectfully submitted,

_____
Cardelle Spangler (*admitted pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

Caitlin McCann (*admitted pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

cc:  Plaintiff Frank Liu