1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7

8

9        **IN THE UNITED STATES DISTRICT COURT**

10      **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br><br>    vs.<br><br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Plaintiff's Response to Defendants' Letter Motion to Stay Discovery (ECF 101)** |

12

13

14

15

16

17

18

19

20

1

1

## <u>TABLE OF CONTENTS</u>

2   **I. Plaintiff's Position………………………………………………………....3**

3   **II. Defendants Have Not Shown Good Cause for a Stay in All Discovery…...…..4**

4   **III. Sedgwick Nevada Workers Compensation Files……………………...……6**

5   **IV. Defendants' Burden Shifting…………………………………...……..8**

6   **V. Cardelle Spangler's Wordplay……………………………………………..8**

7   **VI. The Sedgwick NJ Works Compensation Files will Prove Retaliation……....9**

8   **VII. The EEOC………………………………………………………...…..11**

9   **VIII. Defendants Appear to Be Violating NJ State Law……………………..…11**

10  **IX. Conclusion………………………………………………………………13**

11

12

## <u>NJ STATE LAW</u>

13  **N.J.S.A. 34:15-128.4…………………………………………………...…..8, 12, 14**

14

dmlawyer.com/hippa-regulations-workers-compensation/

15

## Claimant Also Entitled to Medical Records

16

17  Although some physicians may try to deny claimants access to their medical records, this may be unlawful. According to N.J.S.A. 34:15-128.4, there are limited instances when a claimant may be denied access to

18  records, regardless of the party who paid the medical bills. The only time this is acceptable is when the physician's records are solely for the purpose of a permanency evaluation.

19  Source: https://dmlawyer.com/hippa-regulations-workers-compensation/

20

21

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. Plaintiff's Position

Plaintiff's position regarding Defendants' request to have a second stay in discovery is that he is willing to agree to the stay in discovery until the Court rules on Defendants' motion to dismiss, if Defendants agree to email Plaintiff the full Sedgwick NJ Workers Compensation files about Liu. Plaintiff suspected Defendants would misrepresent Liu's position, so shortly after the confer call took place, he emailed Cardelle Spangler and Caitlin McCann his position in writing:

> **F L** <frank.liu.96@gmail.com>    Jul 15, 2024, 4:02 PM (2 days ago)   ☆   ☺   ↩   ⋮
> to Caitlin, Cardelle ▾
>
> Ms. McCann,
>
> My position regarding Defendants' request to have a second stay in discovery is that I am willing to agree to the stay in discovery until the Court rules on Defendants' motion to dismiss, if Defendants agree to email me the full Sedgwick NJ Workers Compensation files which I have been trying to get for years.

Despite Liu emailing Cardelle Spangler and Caitlin McCann, Liu's position in writing, Ms. Spangler filed ECF 101 on July 16, and in the filing she appears to misrepresent Plaintiff's position by **1)** <u>inverting</u> Plaintiff's position and **2)** broadening Plaintiff's request to include needing "discovery related to his New Jersey workers' compensation claim file" which could be interpreted as a broader form of discovery than just wanting his Sedgwick NJ Workers Compensation files which have already long been created, and could easily be emailed to Liu.

<blockquote>Plaintiff Frank Liu and counsel for Defendants met and conferred by phone on July 15, 2024, prior to Defendants' filing of this letter motion, during which Mr. Liu indicated he would not agree to stay discovery pending the resolution of Defendants' Motion to Dismiss unless Defendants provided discovery related to his New Jersey workers' compensation claim file.</blockquote>

As shown in the excerpt above, the phrasing Spangler used is ambiguous and more broad than Plaintiff's actual request of just getting the full workers compensation files because the term "discovery" used by Spangler is broad and could mean a variety of things such as depositions and interrogatories with Nielsen employees, etc. as long as it related to the "workers' compensation claim file."

**<u>To be clear</u>**, all Plaintiff wants are the Sedgwick NJ workers compensation files about himself. Plaintiff is not looking for anything beyond that until the Court rules on

1    Plaintiff's Motion to Strike (ECF 66) and Defendants' Motion to Dismiss (ECF 54).

2    Plaintiff is disappointed (but not surprised) Defendants chose to misrepresent Plaintiff's

3    position to the Court by first inverting Liu's position, then wording it in a way which

4    appears to potentially broaden Liu's request.  Plaintiff <u>does not</u> oppose a second stay in

5    discovery, but would like the Court to still compel Defendants' release of the Sedgwick NJ

6    workers' compensation files to Plaintiff as soon as possible (even during the stay).

7

8              **II. Defendants Have Not Shown Good Cause for a Stay in All Discovery**

9              Because Plaintiff is willing to agree to a second stay in discovery if Defendants agree

10    to provide him the full Sedgwick New Jersey Workers Compensation case files, Defendants

11    motion to stay discovery should be focused on why Defendants <u>can not</u> provide the

12    Sedgwick NJ workers compensation files about Liu to Liu.

13              The party requesting a stay of discovery has the burden of showing good cause and

14    reasonableness.  In Defendants ECF 101, they quote generalities regarding a court having

15    the power to protect a party from "annoyance, embarrassment, oppression, or undue burden

16    and expense."

17              Federal Rule of Civil Procedure 26(c) allows a court, for "<u>good cause</u>" and in favor of "any
       person from whom discovery is sought," to "issue an order to protect a party or person from
18       <u>annoyance, embarrassment, oppression, or undue burden and expense.</u>" Fed. R. Civ. P. 26(c)(1).
       District courts have "considerable discretion" to issue an order to stay discovery pursuant to this Rule.
19       *Samuel v. City of New York*, No. 1:22-cv-2404, 2022 WL 1204701, at *1 (S.D.N.Y. Apr. 22, 2022)
       ("<u>[U]</u>pon a showing of good cause a district court has considerable discretion to stay discovery.")
20       (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at
       *1 (S.D.N.Y. Sept. 1, 2009)).

21              However, the section also mentions "good cause" and "[U]pon a showing of good

22    cause."  Defendants <u>have not</u> demonstrated why providing Liu's Sedgwick NJ Workers

23    Compensation files would be 1) annoying 2) embarassing 3) opressing or 4) cause undue

24    burden and expense to Defendants, especially when the files have already been created,

25    belong to Nielsen, and Nielsen has both access and the ability to release the files to Liu.

26              **Annoyance** – Defendants <u>have not</u>, and <u>can not</u> show how providing the Sedgwick

27    NJ workers compensation files to Liu would be an annoyance.  The files are about Liu and

28    Liu's work injury, and are not about anyone else's workers compensation claim.  There

1  should not be any sensitive information in those files (other than those about Liu) because

2  Liu is only asking for the files about himself.

3      **Embarrassment** – Sedgwick and Nielsen created the files.  If the files are

4  embarrassing to Nielsen, that's certainly not Liu's fault.  Furthermore, Defendants have not

5  shown or demonstrated how Liu's workers compensation files are embarrassing to

6  Defendants, therefore Defendants failed at asserting this point.

7      **Oppression** – It appears the word "oppression" means "the unjust or excessive use of

8  power."  Defendants <u>can not</u> show that providing the Sedgwick NJ workers compensation

9  files to Liu qualifies as such.  Perhaps Nielsen simply does not want Liu to ever have his NJ

10  workers compensation medical record files because having the files would help Liu prove

11  his case of unlawful retaliation leading to Liu's termination at Nielsen because Liu was

12  terminated just hours after providing Nielsen's Vice President of Human Resources, Tracy

13  Staines, his full return to work letter from Concentra Urgent Care (located in West New

14  York, NJ).

15      Nielsen's actions of preventing the release of the Sedgwick NJ workers compensation

16  files hinders Liu's lawsuit from progressing and for Liu to further develop his pleadings.

17  Discovery is not automatically stayed during a motion to dismiss.  Liu has been trying to

18  get his Sedgwick NJ workers compensation files for years even before any litigation began.

19  It appears Liu is powerless to get the files without court intervention. The files would help

20  prove that there was retaliation and Liu was wrongfully terminated because he reached out

21  to Nielsen's HR about discrimination and other unlawful employment practices at Nielsen.

22      Liu has been trying to get the files for several years already, and Sedgwick (claims

23  services management hired by Nielsen to handle Nielsen workers compensation claims) has

24  refused to provide the files because they are the property of Nielsen and Nielsen opposes its

25  release to Liu.  The Sedgwick NJ workers compensation files will show that Nielsen lied to

26  the EEOC in their response submitted to the EEOC.  Nielsen's response submitted to the

27  EEOC is contained in <u>Exhibit A under Dkt. 67-1</u>.  It is clear that Defendants have failed to

28  demonstrate "oppression" as a reason why they can not release the files to Liu.

1  **Undue burden or expense** - It would probably take less than 15 minutes to retrieve
2  the files and email them to Liu.  Defendants <u>can not</u> show there is undue burden or expense
3  for providing Liu those files.

4  Ironically, Defendants' motion to stay discovery most likely took them more than 15
5  minutes to draft.  Sending email attachments is free.  For both burden and expense,
6  Defendants have failed to show how emailing Liu his Sedgwick NJ workers compensation
7  files will create "undue burden or expense."

8

9  **III. Sedgwick Nevada Workers Compensation Files**

10  Furthermore, to demonstrate how <u>easy</u> it would be to email the Sedgwick <u>New Jersey</u>
11  workers compensation files to Liu, below is an email from Sedgwick showing that they
12  emailed Liu his Sedgwick **Nevada** workers compensation case files back on May 13, 2020.

13  **NOTE:** The files that Sedgwick
14  emailed Liu on May 13, 2020 was based on
15  Liu's workers compensation claims as it
16  relates to <u>Nevada</u>.  The files emailed to Liu
17  **are not** the Sedgwick <u>New Jersey</u> workers
18  compensation files.

19  Nielsen originally filed the sprained
20  ankle work injury under Nevada, and falsely
21  denied Liu's claim. Liu contested why it was
22  filed in Nevada because the injury occurred
23  in Newark, New Jersey. The same claim was
24  then opened in New Jersey.  Liu was fired after he provided a full return to work letter to
25  Tracy Staines.  Sedgwick informed Liu his workers compensation claim was accepted after
26  Nielsen already terminated Liu.  Although Liu was prevented from working due to the work
27  injury, instead of using workers compensation to reimburse Liu for the time he was forced
28  off work up until the unlawful termination, Nielsen used up all of Liu's earned vacation

1  days, personal days and sick days to cover the time Liu was forced off work until Liu was

2  wrongfully terminated.  In addition, Liu was never reimbursed for his purchase of medical

3  supplies (ankle brace and athletic tape to wrap his sprained ankle).  The email below shows

4  that Sedgwick admitted the workers compensation claim was "accepted" after Liu was

5  already terminated at Nielsen.  Furthermore, Sedgwick alleged "There is no lost time found

6  with regards to this injury based on medical records received from your treatment."



13       From the Sedgwick <u>Nevada</u> files, it is clear that Nielsen has access to Liu's workers

14  compensation case files because in one of the documents that was emailed to Liu, the notes

15  show Tania Rosello (Nielsen's Workers Compensation Administrator) requested a CD from

16  Maria Flores of Sedgwick back in October 8, 2019, and the CD was mailed to Nielsen's

17  Oldsmar, Florida office location in November 2019.

18       Based on the Sedgwick notes, it would be

19  safe to assume Nielsen can easily request the

20  Sedgwick NJ workers compensation files be

21  released to Liu if they choose to. Furthermore,

22  it's also possible Nielsen already has a copy of

23  Liu's Sedgwick NJ workers compensation files in

24  CD form at their office in Oldsmar, FL, if Tania

25  Rosello had also requested the NJ files in the past.  Any files in CD format could easily be

26  emailed to Liu as an attachment just like Sedgwick had emailed Liu his Sedgwick <u>Nevada</u>

27  workers compensation files back in 2020.

28

# IV. Defendants' Burden Shifting

In ECF 101, Spangler shifted the burden by stating, "Plaintiff cannot demonstrate any meaningful prejudice from a brief stay of discovery."  Plaintiff is not opposing another stay in discovery.  He is willing to agree to staying discovery, but he just wants his Sedgwick NJ Workers Compensation files in the meantime.  Defendants appear to be manipulating Plaintiff to force him to take a position to be against a stay in discovery.  Plaintiff is OK with the Court staying discovery, but at the same time, Plaintiff asks the Court to order Defendants provide Plaintiff the full Sedgwick NJ workers' compensation files.

Furthermore, even if there wasn't an ongoing lawsuit against Nielsen, wouldn't the ethical thing for an employer to do is to release workers compensation medical files to current or former employees when requested?  The refusal of releasing the Sedgwick NJ workers compensation files to Liu is unethical and is in bad faith especially when NJ has legislation specifically regarding this topic (see N.J.S.A. 34:15-128.4**).**

# V. Cardelle Spangler's Wordplay

In ECF 101, Spangler writes:

> Defendants' Motion to Dismiss, then no discovery will be required in this Action.  At the December 20, 2023 status conference, Plaintiff requested discovery related to his New Jersey workers' compensation claim file. Plaintiff claims these documents are held by Sedgwick, a nonparty claims management company.  Defendants have moved to dismiss each of Plaintiff's claims.  With regard to

Nielsen is a client of Sedgwick Claims Management and pays Sedgwick to handle Nielsen's workers compensation claims.  Sedgwick has informed Liu that that Liu's Sedgwick workers' compensation files belong to Nielsen, and that without a court order, Sedgwick will not be releasing the files to Liu.



I'm totally not sure why Spangler says I claim the files are "held by Sedgwick" without elaborating on the circumstances that Nielsen has the power to access the files, and

Nielsen has the power to release the files to Liu.  The files belong to Nielsen and are probably stored on Sedgwick servers electronically.  It's possible Nielsen might even have the files in CD format at Nielsen's office location in Oldsmar, FL.  If Nielsen wanted to, they can easily retrieve the files and email them to Liu.

Spangler's phrasing appears to suggest to the Court that Nielsen does not have access to the files when Nielsen clearly control the files. Furthermore, on the December 20, 2023, Mr. Brian Aubrey Smith claimed he wasn't sure if Defendants have the files.

```
 5    MR. SMITH:  It's something I would like to talk with
 6 my client about, your Honor.  I am not sure if they have any
 7 concerns around providing those documents.  Frankly, I am not
 8 sure that they have them, just because I had not.  Regarding a
 9 request for workers comp, I think, as a general matter, they
10 would prefer to stay discovery until there is a ruling on the
11 motion to dismiss because I think that it may significantly
12 affect what the scope of appropriate discovery is in this case.
```

It would appear Mr. Smith and Nielsen's other lawyers have failed to get back to the Court if they have access to the files, so Spangler can keep on suggesting that the files are with a "non-party," so Nielsen can continue to prevent Liu from obtaining his Sedgwick NJ workers compensation files that Nielsen owns, has access to, and controls.

As mentioned, Liu got his Sedgwick Nevada workers compensation files back in 2020, and one of the documents show Nielsen does have access to Liu's Sedgwick files because Rosello requested a CD from Sedgwick which was mailed to Nielsen's Oldsmar, FL office back in November 2019.

```
Event/Clmnt/Claim  Date        Tp Sb Examiner
9781001988-0001-01 11/01/2019 CM   CMOPRINO
                               DCN: 9320191009000015
                               Subject: MARIA FLORES requested CD ?
                               CD20191008083: was sent to: TANIA ROSELLO, HR
                               DEPARTMENT = Nielsen,
                               OLDSMAR, FL, ████. The CD password is
                               Notes: MARIA FLORES requested CD ?
                               CD20191008083: was sent to: TANIA ROSELLO, HR
                               DEPARTMENT = Nielsen,
                               OLDSMAR, FL, ████. The CD password is
                               Created By: Maria Flores
                               **** NOTE CREATED BY: SYS ****
                               [Time Note Created : 5:19 PM ]
9781001988-0001-01 10/08/2019 CN   MFLORES6
                               Request CD for
                               Nielsen
                               Attention: Tania Rosello, HR Department
                               Oldsmar, FL
                               Phone number: ████
                               Request Claim: CD20191008083
                               [Time Note Created : 2:57 PM ]
```

To be clear, Defendants 100% have access to the Sedgwick NJ files about Liu and can easily provide them to Liu.  Defendants should stop pretending they don't have access to the files just because they may be electronically stored on Sedgwick's servers on behalf of Nielsen who is Sedgwick's client.

## VI. The Sedgwick NJ Works Compensation Files will Prove Retaliation

Defendants want to misrepresent the purpose of obtaining the Sedgwick NJ workers' compensation files, and misrepresent the primary reason for wanting the files.

1    management company.  Defendants have moved to dismiss each of Plaintiff's claims.  With regard to
     his disability claim in particular, the cause of action is time-barred on account of Plaintiff's failure to
2    bring this claim until more than one year after his 90-day limitations period expired.  Plaintiff has also
     failed to allege any discriminatory conduct based on disability.  Therefore, these documents will
3    become irrelevant should Defendants' Motion be granted.  It is in neither party's best interest to

4         The primary reason why Liu

5    wants the files is because the files

6    will help prove unlawful retaliation.

7    Liu was terminated about 2 and a half

8    hours after he texted Tracy Staines his

9    full return to work letter.



10        Nielsen told the EEOC the

11   reason why Liu was terminated was

12   because he refused to cooperate in a

13   professional manner with routine requests for additional medical information to return back

14   to work.  Nielsen's response submitted to the EEOC is filed under Exhibit A in ECF 67-1.

15   See excerpt of Nielsen's response Nielsen submitted to the EEOC below:

16        Liu refused to provide updated medical information or documentation to return to work,
     although he continued to request to do so.  Ultimately, Liu was terminated for his repeated
17   refusal to cooperate in a professional manner with routine requests for additional medical
     information.

18

19        Spangler attempts to mislead the Court on the real purpose of why Liu wants his

20   Sedgwick NJ workers compensation files.  Spangler argues "disability" and "disability

21   claim" when the fact is **1)** Nielsen prevented Liu from working after a work-injury because

22   Liu wanted to report racism, discrimination and other unlawful employment practices to

23   Nielsen's Chief Human Resources Officer Nancy Philips **2)** Liu provided a full return to

24   work letter to Nielsen's VP of HR (Tracy Staines) on April 23, 2019.  **3)** Within hours of

25   receiving Liu's full return to work letter, Nielsen terminated Liu **4)** Liu was informed his

26   workers compensation claim was approved after Nielsen fired Liu. **5)** Nielsen lied to the

27   EEOC about why they terminated Liu.

Spangler can keep misleading the Court all she wants, but hopefully the Court will see through Spangler's misrepresentations, straw man fallacies, false narratives and wordplay.  The Sedgwick NJ workers compensation files can help prove Nielsen's unlawful retaliation against Liu because Liu contacted Nielsen's Chief Human Resources Officer (Nancy Phillips) to report racism, discrimination and retaliation at Nielsen.  After Liu emailed Nielsen's CEO David Kenny and CHRO Nancy Philips, Nielsen did all they can to get rid of Liu by first preventing him from working, then terminating Liu after he provided Tracy Staines the full return to work letter.  During the EEOC investigation, Nielsen lied to the EEOC claiming "Liu refused to provide updated medical information or documentation to return to work."

## VII. The EEOC

It's clear Defendants refuse to release the Sedgwick NJ workers' compensation claims to Liu.  Plaintiff asks the Court to grant Defendants' request for a stay, but at the same time order Defendants to email the Sedgwick NJ workers compensation files to Liu as soon as possible.  Defendants have not shown good cause why they can't release Liu's medical records and the Sedgwick files about Liu to Liu himself.  Defendants have lied to the EEOC, and the Sedgwick NJ workers compensation files will prove Nielsen lied.

Furthermore, Liu would like to email the Sedgwick NJ workers compensation files to the EEOC office that investigated the claim, to show the EEOC how Nielsen lied to them, so the EEOC can have the opportunity to respond or take appropriate action against Nielsen after seeing the proof.  Liu believes that Nielsen should face consequences with the EEOC for lying to them.

## VIII. Defendants Appear to Be Violating NJ State Law

Plaintiff has requested his Sedgwick NJ workers compensation numerous times, and Defendants have denied or ignored all of Liu's requests.  Defendants' actions appears to be violating New Jersey state law.

11

1
2    **Claimant Also Entitled to Medical Records**
3    Although some physicians may try to deny claimants access to their medical records, this may be unlawful.
     According to N.J.S.A. 34:15-128.4, there are limited instances when a claimant may be denied access to
     records, regardless of the party who paid the medical bills. The only time this is acceptable is when the
4    physician's records are solely for the purpose of a permanency evaluation.

5    Under N.J.S.A. 34:15-128.4, it appears "there are limited instances when a claimant

6    may be denied access to records, regardless of the party who paid the medical bills. The

7    only time this is acceptable is when the physician's records are solely for the purpose of a

8    permanency evaluation." Source: https://dmlawyer.com/hippa-regulations-workers-

9    compensation/

10    Furthermore, "**N.J.S.A. 34:15-128.4** provides that it is unlawful for an employer, the

11    carrier or the treating physician, or a third party in the case or their agents 'to withhold from

12    the individual any medical information they have regarding that individual which is

13    requested by the individual, and if an individual requests the medical information, the

14    individual shall not be charged fees in excess of the cost of providing copies of the

15    information.' In other words, a claimant has a right to medical information from any party

16    to a workers' compensation case. That includes the treating medical provider." (source

17    https://njworkerscompblog.com/access-medical-records-new-jersey-division-workers-

18    compensation/ )

19    Liu contacted Sedgwick several years ago to get his NJ workers compensation files.

20    Plaintiff does not believe any of the files Nielsen and Sedgwick NJ has about Liu qualifies

21    as a "permanency evaluation," or "solely for the purpose of a permanency evaluation."

22    Sedgwick refused to release the files to Liu "without a court order."

23    Reeder, William ███████@sedgwick.com>                May 13, 2020, 6:43 AM
      to me, Rosemarie, Racquel, Diane ▾
      Mr. Liu,
24    As I noted this is an accepted NJ file and we will not be providing any part of our claims file without a court order.
      Thank you.
25    Chuck Reeder | Claims Team Lead, AIC
      Sedgwick Claims Management Services, Inc.

26    Nielsen owns and has access to the Sedgwick NJ workers compensation files about

27    Liu's work injury. Without Nielsen's permission, Sedgwick will not release the files to Liu

1   unless there is a court order.  If Nielsen wanted to, Nielsen can easily email the files to Liu,

2   or direct Sedgwick to email the files to Liu.

3

4                                 **IX. Conclusion**

5          The files in question belong to Nielsen and they have control over its release.

6   Defendants have failed to demonstrate why providing Liu his Sedgwick NJ Workers

7   Compensation files would cause Defendants annoyance, embarrassment, oppression, or

8   undue burden and expense.  Plaintiff does not have an issue with a second stay in discovery

9   until the Court rules on Defendants' motion to dismiss, however <u>Plaintiff respectfully asks</u>

10  <u>the Court to compel the release of the Sedgwick NJ workers compensation files in the</u>

11  <u>meantime</u>.

12         While Defendants believe they will be successful in their motion to dismiss, Plaintiff

13  believes his claims are not time-barred due to equitable tolling, estoppel, promissory

14  estoppel and other arguments laid out in his Amended Complaint (ECF 44), Response to

15  Defendants' Motion to Dismiss (ECF 75) and Plaintiff's Amended and Redacted Sur-reply

16  (ECF 96) and Exhibits (ECF 96-1).  There is also a pending motion to strike Defendants'

17  Motion to Dismiss (ECF 66).

18         Furthermore, Plaintiff did file his first lawsuit against Nielsen within 90 days of the

19  EEOC right to sue letter.  Liu's first lawsuit was dismissed without prejudice and Judge

20  White even suggested that the lawsuit could be re-filed in the Southern District of New

21  York. Below is an excerpt of Judge White's "ORDER GRANTING MOTION TO

22  DISMISS."

23         23  Court finds that it lacks jurisdiction over the Defendant.  Accordingly, the Court must dismiss this
            24  action.  However, the Court DISMISSES this action without prejudice to Plaintiff filing suit in
24          25  another venue.  The Court suggests that the Southern District of New York or the District of New
            26  Jersey may be the proper venue for Plaintiff's claims regarding his termination of employment.
25

26         Plaintiff does not believe Defendants' motion to dismiss will dispose of Liu's lawsuit

27  filed in the Southern District of New York.  However, Liu is OK with a second stay in

28  discovery, <u>but respectfully requests the Court order Defendants to release the Sedgwick NJ</u>

1  <u>workers compensation files to Liu</u> as soon as possible (even during the second stay in

2  discovery) because Defendants have failed to demonstrate why providing Liu his Sedgwick

3  NJ Workers Compensation files would be 1) annoying 2) embarassing 3) opressing and/or

4  4) cause undue burden and expense to Defendants.  Furthermore, Plaintiff believes

5  Defendants should have provided the Sedgwick NJ workers compensation files to Liu a

6  long time ago because of **N.J.S.A. 34:15-128.4**.

7

8                                         Respectfully submitted,

9

10

11

12         Dated 8/6/2024                   Frank Liu

13                                         Pro Se Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         14