UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
| | |
|---|---|
| Frank Liu, | Case No. 1:22-cv-09084-JHR-OTW |
| Plaintiff, | |
| -against- | Judge Ona T. Wang |
| The Nielsen Company (US) LLC, et al., | |
| Defendant. | |

---------------------------------x

**DECLARATION OF CAITLIN W. MCCANN IN SUPPORT OF DEFENDANTS'
LETTER MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)**

I, Caitlin W. McCann, declare as follows:

1. I am an adult over the age of eighteen, make this declaration based upon my own personal knowledge, and am competent to testify to the facts set forth below.

2. I am an attorney admitted to practice law in California. My application to represent Defendants The Nielsen Company US LLC and TNC US Holdings ("Defendants") *pro hac vice* in this matter was granted on April 10, 2023. (Dk. 26.)

3. I submit this declaration in support of Defendants' letter motion for a protective order under Federal Rule of Civil Procedure 26(c).

4. In July 2024, Defendants learned that Plaintiff Frank Liu was again sending mass emails to Defendants' current employees at their Nielsen email addresses with the subject line, "How Nielsen destroyed my life – The story of a former Nielsen Ratings employee's quest for Justice." Plaintiff's emails include allegations related to his case, links

1

to videos and tweets, ask the recipient to "help" him by spreading his email and his videos, and state the recipient is "welcome to reach out to me if you wish."

5. "Nielsenexposedtotheworld@gmail.com", which we believe to be Plaintiff, also emailed the current employer of Anita Pancholi, Nielsen's former General Counsel of Global Labor and Employment. In that email Plaintiff asserted an inflammatory, false and defamatory claim against Ms. Pancholi, and asked her employer for comment.

6. In August 2024, Defendants learned Plaintiff was also sending similar mass emails to Nielsen's current employees at their personal email addresses. Defendants do not know how Plaintiff obtained these personal email addresses, several of which were for senior Nielsen executives with no connection to Plaintiff.

7. On August 29, 2024, Defendants' counsel emailed Plaintiff, advised him it was improper for him to contact certain employees of Defendants, except through counsel of record, and requested that he immediately stop contacting Nielsen employees at their work and personal email addresses. Plaintiff refused. Instead, Plaintiff continues to email countless Nielsen employees at their work and personal email addresses. As of the date of this filing, Defendants have confirmed that between July 27 and September 10, Plaintiff emailed at least 15 Nielsen employees (all but one of whom are current), including the Associate General Counsel of Global Employment, high level officers of the Company, and members of the Field Organization (like Plaintiff), among others. He has emailed Defendants' private equity owners. Defendants also learned that one of the individuals that Plaintiff contacted forwarded his email to Tanner Tate, who is central to many of Plaintiff's allegations in the Complaint. Many Nielsen employees were contacted at their personal

email addresses and expressed concern and frustration regarding how Plaintiff obtained their personal contact information.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 13, 2024

/s/ *Caitlin V. McCann*
Caitlin W. McCann

3