1    Frank Liu

2    304 S. Jones Blvd #3416

3    Las Vegas, NV 89107

4    818-835-0498

5    frank.liu.96@gmail.com

6    Pro Se Plaintiff

7

8

9    **IN THE UNITED STATES DISTRICT COURT**

10    **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
| Plaintiff, | |
| | **Letter to Judge Wang Regarding** |
| vs. | **Defendants' Failure to Respond or Object** |
| | **to ECF 99** |
| The Nielsen Company (US) LLC | |
| and | |
| TNC US HOLDINGS, | |
| Defendants. | |

12

13

14

15

16

17

18

19

1   Dear Judge Wang,

2       Plaintiff submitted ECF 99 near the beginning of July.  Here is the title page caption

3   describing what the filing was:

| Frank Liu | |
|---|---|
| Plaintiff, | Case #1:22-cv-09084-JHR-OTW |
| vs. | |
| and | **Plaintiff's Response to Cardelle** |
| The Nielsen Company (US) LLC | **Spanger's Letter Motion Letter to Seal** |
| | **(ECF 91 and 92) and Plaintiff's MOTION** |
| TNC US HOLDINGS | **to unseal this specific response filing, and** |
| Defendants. | **for Defendants to File a Redacted Version** |
| | **of ECF 91 on Public Docket** |
| | |
| | **\*\*please provisionally file this under seal** |
| | **until if/when the Court approves it's** |
| | **unsealing\*\*\*** |

10       It is clear that the filing asks the brief to be provisionally placed under seal until

11  if/when the Court approves it's unsealing.  Plaintiff requested ECF 99 to be placed under

12  provisional seal because he did not want Defendants filing another motion to seal even

13  though Plaintiff **does not** believe ECF 99 should be placed under seal due to how it was

14  written (eg. without disclosing the identity of Jane Doe).  Plaintiff believed the best way

15  forward was to file it under provisional seal, and in the same brief **motion for its unsealing**

16  (which would give Defendants an opportunity to object should they wish).  In addition,

17  ECF 99 also **motions for a version of Defendants' ECF 91 to be filed on the public**

18  **docket**.

19       As of the date of this filing, Defendants <u>have not</u> filed a response in objection to ECF

20  99.  **Defendants' time to file a response in objection to ECF 99 has elapsed**.  Therefore,

21  ECF 99 which motions for ECF 99 to be unsealed, and for the Court to order Defendants to

22  file a redacted version of ECF 91 on the Public Docket should to be granted due to

23  Defendants' lack of objection.

24

25       **In ECF 99, Plaintiff Motioned for ECF 99 to be Unsealed**

26  On page page 3 of ECF 99, Plaintiff writes:

27  12      However, at the same time as filing this response under seal, Plaintiff also <u>motions</u>

    13  <u>for the Court to unseal this response</u> (if the Court approves) because Plaintiff believes this

28  14  response doesn't need to be sealed due to how it is written (eg. referencing someone by

    15  Jane Doe and someone by Nielsen Executive instead of using real names).

On page 7, Plaintiff writes:

> **REQUEST FOR THE COURT TO UNSEAL THIS RESPONSE**
>
> Plaintiff is not a lawyer. Plaintiff is sorry if this is confusing to file this under seal, but at the same time motioning the Court to unseal this specific filing. Plaintiff does not believe this response needs to be sealed due to how it is written in an attempt not to name Jane Doe or Nielsen Executive. But to err on the safe side, so Defendants don't file further motions to seal and complicate matters, Plaintiff believes this method might be a suitable solution. Plaintiff asks the Court to unseal this response if they believe it should be unsealed.

## In ECF 99, Plaintiff Motioned for a Redacted Version of ECF 91 be filed on Public Docket

On page 34 of ECF 99, Plaintiff writes:

> **Plaintiff Requests Defendants' ECF 91 be Filed on the Public Docket with Redactions**
>
> Plaintiff is OK with Defendants filing a redacted version of ECF 91 so they omit Jane Doe's name and any other redactions Defendants feel is proper. However, Plaintiff does not believe Defendants' motion letter to seal Plaintiff's Sur-Reply (ECF 91) filing itself should be under seal once Defendants make the redactions they want to make because of the following:

The argument plaintiff laid out was this:

> Courts within this Circuit have tended to treat a motion to seal as a judicial document that is entitled to a strong presumption of public access. McGill v. Univ. of Rochester, No. 10-CV-6697, 2013 WL 5951930, at (W.D.N.Y. Nov. 6, 2013), aff'd, 600 F. App'x 789 (2d Cir. 2015) (summary order); see also SEC v. Ahmed, No. 3:15-CV-0675, 2020 WL 8812199, at *3-4 (D. Conn. July 10, 2020) (denying request to seal unredacted version of motion to seal); Vineyard Vines LLC v. MacBeth Collection, L.L.C., No. 3:14-CV-1096, 2019 WL 12024583, at n.6 (D. Conn. Apr. 1, 2019) (Merriam, M.J.) ("The motion to seal itself should be filed on the public docket and not under seal.") (emphasis in original); cf. Doe v. Public Citizen, 749 F.3d 246, 272 (4th Cir. 2014) (noting Fourth Circuit's requirement of "provid[ing] public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion"); Allegiant Travel Co. v. Kinzer, No. 2:21-CV-1649, 2022 WL 2819734, at (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information.") (Koppe, M.J.); United States v. Savage, No. 16-CR-0484-34, 2020 WL 7770982, at (D. Md. Dec. 30, 2020) ("By filing the motion to seal itself under seal, Petitioner has prevented [the] public notice function that filing on the public docket normally provides. The motion and exhibits will be unsealed."); Szany v. City of Hammond, No. 2:17-CV-0074, 2019 WL 3812492, at (N.D. Ind. Aug. 14, 2019) ("The motion to seal itself … is presumptively public because it is a motion that the Court considered and ruled upon.").
>
> As stated, Plaintiff is OK with Defendants filing a redacted version of ECF 91 for the public record, and requests there be a public record of Defendants' motion letter to seal.

1            **<u>Defendants Failed to File a TIMELY Objection to ECF 99</u>**

2            Plaintiff emailed the temp pro se email address his brief before the Fourth of July

3 holiday.  Plaintiff believes because of the holiday, it took some time for the Court to docket

4 ECF 99 due to a backlog of work and needing to catch up.

5            ECF 99 was docketed under seal on July 15, 2024.  Also on July 15, Judge Wang

6 made a determination in docket text ECF 100 stating that ECF 99 would be placed under

7 provisional seal to Court and party view only.  Plaintiff believes Judge Wang may have

8 placed ECF 99 under provisional seal because **1)** Plaintiff requested it be placed under

9 provisional seal and **2)** to give Defendants an opportunity to object to the unsealing motion

10 contained in ECF 99 because ECF 99 asks for ECF 99 to be unsealed.

11            Plaintiff believes because ECF 99 was a response and also <u>motion</u>, Defendants might

12 have had 21 days after the date of docketing to file their objection to the motions contained

13 in ECF 99.  Defendants <u>did not</u> file any objection to **1)** the unsealing of ECF 99 and **2)** if

14 they object to having a public version of Defendants' ECF 91 be filed on the public docket.

15 Moreover, **<u>Defendants have not filed any objection to ECF 99 at all</u>**.  Plaintiff believes it

16 is too late now for them to object to anything in ECF 99 due to their lack of response, lack

17 of objection and failure to ask for an extension to respond.

18

19           **Calculating the Deadline and Showing How It Elapsed**

20            Because ECF 99 was part motion (allowing Defendants 21 days) and part response, if

21 we go by the day of docketing of ECF 99 which was on July 15, it would appear

22 Defendants had until August 5, 2024 to respond (making it 21 days after the docketing of

23 ECF 99).

24 ***<u>Note: If Defendants were "pro se" then they would have had 4 weeks to respond to</u>***

25 *<u>motions.  However, Defendants aren't pro se, so did not have 4 weeks to respond.</u>****

26

27            Plaintiff reached out to Defendants in regards to ECF 99 on July 17, just two days

28 after the brief was finally docketed by the Court.

Question if Defendants Oppose Unsealing ECF 99   📨 Inbox ✕

F L <frank.liu.96@gmail.com>                                    Jul 17, 2024, 1:17 PM
to Cardelle, Caitlin ⌄

Ms. Spangler,

Does Defendants oppose ECF 99 be unsealed?

Please let me know.  Thank you.

On July 23, 2024, Caitlin McCann replied back alleged Defendants weren't able to
download ECF 99 until the day before (which would be July, 22, 2024).  Furthermore
McCann stated Defendants "agree" that it should remain under seal.  It was <u>unclear</u> who
McCann and Spangler were agreeing with because in ECF 99, it made it clear Plaintiff
motions for ECF 99 to be **<u>unsealed</u>**.



McCann, Caitlin                                    📎 Jul 23, 2024, 9:54 AM   ☆  ☺  ↩
to Cardelle, me ⌄

Mr. Liu,

We were not able to view or download ECF 99 until yesterday. After reviewing the filing, we agree that it should remain under
seal. Thank you.

Best,

**Caitlin McCann**

**Associate Attorney**

        Plaintiff inquired what McCann meant by not being able to view or download ECF
99 "until yesterday" because it wasn't clear how she worded it.  Plaintiff wanted to know if
it was because they didn't have access to ECF 99 before yesterday, **<u>or</u>** if it was just because
they didn't try to download it before then.  The reason for trying to find out is to calculate
the number of days Defendants had to respond to ECF 99.  If Defendants didn't have access
to ECF 99 until July 22, then Plaintiff believes the time to respond to ECF 99 should go off
the that date.  However, if Defendants had access to download ECF 99 back when it was
docketed on July 15, the time to respond should go off of that because it isn't Plaintiff or the
Court's concern if licensed attorneys just neglect to download an ECF filing which they
have access to.

F L <frank.liu.96@gmail.com>                                    Jul 23, 2024, 10:05 AM   ☆  ☺  ↩  ⋮
to Caitlin, Cardelle ⌄

Ms. McCann,

You stated, "We were not able to view or download ECF 99 until yesterday."

<u>Can you clarify if it was because Defendants didn't have access to ECF 99, or was it because you/Defendants just didn't try to access it before</u>
<u>yesterday?</u>

<u>Furthermore, I would like to know if Defendants will file a response to ECF 99, and if so, by what date.</u>

Thank you.

•••

1    Furthermore, Plaintiff inquired what McCann meant by "we agree" because Plaintiff

2    does not "agree" that ECF 99 should be filed under seal.  He only requested ECF 99 to be

3    filed provisionally under seal out of courtesy to Defendants and to simplify matters.  **In**

4    **ECF 99, he asked the Court to unseal the filing**.  This was done to simplify the process

5    for the Court and as a courtesy to Defendants, so Defendants wouldn't think about filing a

6    motion to seal because their response to ECF 99 should have argued their position.  It is

7    unclear who Defendants "agree" with.

8    

F L <frank.liu.96@gmail.com>                                              Jul 23, 2024, 10:15AM  ☆  ☺  ↩  ⋮
to Caitlin, Cardelle ▾

9    

Ms. McCann,

10   

You stated, "After reviewing the filing, we agree that it should remain under seal."

11   Who are Defendants' "agreeing" with? ECF 99 asks for ECF 99 to be unsealed.  And what are the reason(s) why Defendants believe ECF 99
     should be under seal?

12   Thank you.

     •••

13   ECF 99 did not name who Jane Doe was.  Plaintiff wrote ECF 99 and redacted things

14   in a way that did not need to be sealed.  Out of courtesy, Plaintiff filed it provisionally under

15   seal in case Defendants had objections to the filing.  But at the same time in ECF 99,

16   Plaintiff asks for the Court to unseal it.

17   As of the date of submitting this letter to the Court, Defendants have not replied back

18   to Liu's email.  Furthermore, on July 23, Caitlin McCann admitted Defendants downloaded

19   ECF 99 the day prior.  Even if we went off of the July 22 date and believe Ms. McCann's

20   claim that Defendants were not able to view or download ECF 99 until July 22, then

21   twenty-one days after July 22 would be <u>Monday August 12, 2024</u>.  Regardless, how the

22   deadline to respond is calculated, Plaintiff believes without a doubt, Defendants' time to

23   respond to ECF 99 has expired by now.

24

25   **Plaintiff Requests Court Consider Defendants' Lack of Response as a Waiver**

26   ECF 99 was submitted to the Court's pro se email address in early July.  It wasn't

27   until July 15 when it was docketed.  <u>ECF 99 makes clear that Plaintiff asks ECF 99 to be</u>

1 <u>unsealed.  Furthermore it also asks for there to be a public version of Defendants' ECF 91</u>

2 <u>on the public docket.</u>

3      It is clear that Defendants have willfully neglected to respond to ECF 99, and they

4 did not raise any objections to ECF 99 to the Court.

5

6 **<u>As a summary:</u>**

7      **1)** Defendants have failed to respond to ECF 99 or let their objections be known to

8 the Court.

9      **2)** Plaintiff even attempted to follow up with Defendants about if/when they will be

10 filing a response to ECF 99, in which Defendants' attorneys refused to answer.

11      **3)** On July 23, Caitlin McCann admitted that they downloaded ECF 91 the day

12 before.

13      **4)** Defendants did not reach out to Plaintiff or the Court to ask for an extension to file

14 their response to ECF 99.

15      **5)** Defendants' time to respond to ECF 99 or object in a timely fashion has <u>elapsed</u>.

16

17 **CONCLUSION**

18      **<u>Now that the deadline has elapsed</u>**, Plaintiff asks the Court to decide on: **1)** the

19 unsealing of <u>ECF 99</u> and **2)** if there should be a version of Defendants' <u>ECF 91</u> that appears

20 on the public docket because Plaintiff believes courts have tended to treat a motion to seal

21 as a judicial document that is entitled to a strong presumption of public access.

22      Although, Plaintiff is not a lawyer, Plaintiff believes The Southern District of New

23 York's local rules allow the Court to consider Liu's ECF 99 as unopposed due to

24 Defendants' failure to file a timely response.

25      The purpose of this letter is to let the Court know that Defendants failed to respond to

26 ECF 99 in a timely manner, so Plaintiff believes the Court can now decide on Plaintiff's

27 ECF 99.  Plaintiff respectfully requests the Court consider ECF 99 and decide accordingly

28 in favor of Plaintiff.

1

2

3  Dated 9/13/2024

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Frank Liu

Frank Liu

Pro Se Plaintiff