UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANK LIU,

                Plaintiff,                  22-CV-9084 (JHR) (OTW)

      -against-                    **ORDER**

THE NIELSEN COMPANY (US) LLC, et al.,

                Defendants.

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF 107 and 108 in which Defendants seek a conference to request a protective order under Fed. R. Civ. P. 26(c), because Defendants assert that *pro se* Plaintiff Frank Liu has repeatedly sent numerous emails to current and former employees of The Nielsen Company (US), LLC ("Nielsen") and TNC US Holdings regarding the subject matter of this litigation.

In July 2024, Defendants became aware that Plaintiff had been sending numerous emails to Defendants' current employees at their work emails with the subject line, "How Nielsen destroyed my life – The story of a former Nielsen Ratings employee's quest for Justice." (ECF 108 at ¶ 4). These emails were sent from the email address "Nielsenexposedtotheworld@gmail.com."[1] (*Id.* at ¶ 5). Plaintiff then sent similar mass emails to Nielsen's current employees at their personal email addresses; Defendants are unaware of how

---

[1] Defendants assert that this email address belongs to Plaintiff because the emails in question include "allegations related to his case, links to videos and tweets, ask the recipient to 'help' him by spreading his email and his videos, and state the recipient is 'welcome to reach out to me if you wish.'" (ECF 107 at 2). These emails do not reference the email address Plaintiff uses for this litigation.

Plaintiff obtained such email addresses. (*Id.* at ¶ 6). On August 29, 2024, and September 12, 2024, Defendants' counsel emailed Plaintiff to request that he stop contacting Nielsen's employees directly. (ECF 107 at 2). Plaintiff has not responded to Defendants communications. (*Id.* at 1).

Rule 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance [or] embarrassment." Fed. R. Civ. P. 26(c)(1). A party may seek an order to protect the rights of a witness "if it believes its own interest is jeopardized by discovery sought from a third person." *Freydl v. Meringolo*, No. 9-cv-7196 (BSJ) (KNF), 2011 WL 134972, at *4 (S.D.N.Y. Jan. 7, 2011). New York's Rules of Professional Conduct provide that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." N.Y. R. Prof. Conduct 4.2(a). The New York Bar Association's Committee on Professional Ethics has opined that Rule 4.2(a) applies to *pro se* litigants. N.Y. Bar Ass'n Comm. On Prof'l Ethics, Op. 879 (2011).

Plaintiff has emailed numerous Nielsen employees who Plaintiff knows or should know are represented by counsel. Plaintiff has neither the consent of Nielsen's counsel nor a court order authorizing such contact, which appears to concern the substance of this pending litigation.

For these reasons, Defendants' motion for a protective order is **GRANTED.** Plaintiff Frank Liu is **DIRECTED to refrain from contacting or communicating with current or former**

**Nielsen employees in any manner regarding the subject matter of this litigation without the presence or consent of Defendants' counsel**.

Defendants are directed to serve a copy of this Order on Plaintiff, and file proof of service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close ECF 107.

**SO ORDERED.**

Dated: September 16, 2024  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge