1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7

8

9           **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE SOUTHERN DISTRICT OF NEW YORK**

11

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
|     Plaintiff, | |
| | **Letter to Judge Wang Regarding Cardelle** |
|     vs. | **Spangler and Caitlin McCann's Conduct** |
| | |
| The Nielsen Company (US) LLC | |
|     and | |
| TNC US HOLDINGS, | |
|     Defendants. | |

12

13

14

15

16

17

18

19

Dear Judge Wang,

On Sept. 17, 2024, the Court docketed <u>ECF 110</u> (with file date of Sept. 16, 2024) in which the Court Order states:

> Plaintiff obtained such email addresses. (*Id.* at ¶ 6). On August 29, 2024, and September 12, 2024, Defendants' counsel emailed Plaintiff to request that he stop contacting Nielsen's employees directly. (ECF 107 at 2). Plaintiff has not responded to Defendants communications. (*Id.* at 1).

Plaintiff respectfully writes the Court because he believes Defendants' attorneys, Cardelle Spangler and Caitlin McCann, have intentionally misled the Court regarding facts about L.R 37.2's meet and confer requirements in order to get the Court to grant Nielsen's ECF 107 motion.

Please see <u>Exhibit 1</u> for the full chain of emails that includes Spangler's refusal to confer.

Please see <u>Exhibit 2</u> to see Plaintiff's good faith effort get an extension from Defendants to respond to ECF 107.  Furthermore, Exhibit 2 also provides details how Plaintiff tried to confer with Defendants even after they already filed their ECF 107 motion in bad faith. Furthermore, on September 17, 2024, Ms. McCann canceled the confer call set up the day prior, after Defendants already won their protective order motion.

Please see <u>Exhibit 3</u> to see that Plaintiff did email his <u>ECF 111</u> motion to the temp pro se email address for docketing **before** the Court docketed Court Order ECF 110.  The Court's ECF 110 has a file date of Sept. 16, but was docketed on Sept. 17, 2024 at 7:26 AM PST or 10:26 AM EST.

## Regarding Ms. Spangler and Ms. McCann's Email Signatures

**Note to Defendants:** In this filing and for future filings, Plaintiff will no longer redact Ms. Spangler or Ms. McCann's email address and/or work phone numbers in screenshots or exhibits when the info shows up in signature lines of their emails because they are publicly disclosed by Defendants themselves as per ECF 107. Plaintiff believes having to do unnecessary redactions is time-consuming and unnecessary.

Document 107    Filed 09/13/24    Page 1 of 4          Document 107    Filed 09/13/24    Page 4 of 4

Respectfully submitted,

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

/s/ Cardelle Spangler
Cardelle Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

Caitlin McCann (admitted *pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

Although there are numerous emails attached, Plaintiff appreciates the Court taking the time to look over the attached emails, and to come to their own conclusions regarding if Defendants' attorneys misled the court regarding facts about L.R 37.2's meet and confer requirements in order to get the Court to grant Defendants' ECF 107 motion.

Respectfully submitted,

Frank Liu

Dated 9/17/2024          Frank Liu

Pro Se Plaintiff

3

Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>      Plaintiff,<br><br>      vs.<br><br>The Nielsen Company (US) LLC<br><br>          and<br><br>TNC US HOLDINGS,<br><br>      Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Exhibits 1, 2 and 3** |

Exhibit 1



F L <frank.liu.96@gmail.com>

---

# Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                            Wed, Aug 28, 2024 at 11:32 AM
To: "McCann, Caitlin" <CMcCann@winston.com>, "Spangler, Cardelle" <cspangler@winston.com>

Ms. McCann,

On July 24, you wrote, "Please send us a current, signed agreement that includes all the terms you propose, for us to provide to our client to consider."

> **McCann, Caitlin**                                                       Wed, Jul 24, 2:34 PM
> to Cardelle, me ▾
>
> **Confidential Rule 408 Settlement Communication**
>
> Mr. Liu,
>
> Please send us a current, **signed** agreement that includes all the terms you propose, for us to provide to our client to consider. Thank you.

I responded back stating, "Please let me know if Nielsen will settle on the same terms as how my Lyon County or Reno lawsuit settled" which was in reference to a release of all claims and stipulation of dismissal with prejudice in exchange for settlement without confidentiality provisions. I waited for you to reply back, but it appears you may have either ignored my email, or chose not to respond back.

While I would have settled for $9,500 back before Judge Wang recommended counts 1-3 to proceed in her R&R, Defendants failed to get back to me regarding my request about the no confidentiality terms. It was important for me to know if Defendants would accept no confidentiality to settle because otherwise it would be a waste of my time drafting a settlement proposal because I have made it clear many times that I will not agree to confidentiality to settle.

My case has progressed since the July 24 emailed response, and therefore I will no longer be willing to settle for only $9,500 because of the following:
1) Judge Wang's R&R and equitable tolling recommendation
2) Judge Wang's recommendation of pro bono council be assigned

Although, I am open to sending one more settlement proposal to Defendants, I also want to abide by Spangler's request sent to me on April 30 of this year in which Spangler stated, "My clients will not entertain any further settlement demands from you, outside of the terms set forth in the court's mediator's proposal and under the court's supervision.   My clients further view your continued demands to settle on terms you are well aware they will not accept to be unproductive and wasteful of their resources. Accordingly, we will no longer engage with you on this subject or respond to further demands without court involvement and your agreement to accept the terms set forth in the mediator's proposal."

> **Spangler, Cardelle** <CSpangler@winston.com>                           Tue, Apr 30, 4:48 PM
> to me, Aubrey, Caitlin ▾
>
> Mr. Liu,
>
> My clients decline your offer.  We have informed you of the terms under which they are willing to resolve this case.  My clients will not entertain any further settlement demands from you, outside of the terms set forth in the court's mediator's proposal and under the court's supervision.  My clients further view your continued demands to settle on terms you are well aware they will not accept to be unproductive and wasteful of their resources. Accordingly, we will no longer engage with you on this subject or respond to further demands without court involvement and your agreement to accept the terms set forth in the mediator's proposal.

Furthermore, if Ms. Spangler hadn't sent me such an email cutting off my good faith attempts to settle, I probably may have already proposed the $9500 amount in writing to Defendants a while back before Judge Wang's R&R came out, and if Defendants had agreed to that and without confidentiality provisions, I believe the lawsuit would have been resolved by now. However, Spangler's April 30 email stopped further settlement proposals from happening.

I have abided by Ms. Spangler's request, and have not sent any settlement demands after her April 30 email.  On July 24, you solicited a settlement offer from me, in which I inquired if Nielsen would accept the terms of Release of All Claims to settle, in which you chose not to respond back. Had you responded back to me stating Defendants would agree to a no confidentiality settlement and then asked for me to draft the $9500 offer, and had Defendants accepted the offer BEFORE Judge Wang's R&R came out, then the lawsuit would have been settled for only $9500, and parties could have moved on.

However, since you failed to get back to me, and then Judge Wang's R&R came out, it changed things in terms of settlement amount.

As previously mentioned, you emailed me a request on July 24, 2024 stating: "Please send us a current, signed agreement that includes all the terms you propose, for us to provide to our client to consider."

The request appears to be contradictory to Ms. Spangler's request regarding accepting the mediator's proposal which I interpreted as for me to not send any "settlement demands" because I made it clear about my refusal to accept confidentiality provisions.

The reason for this email is because I am wondering: 1) if Defendants want me to send over one last settlement proposal and 2) Would presenting one last offer be OK with Ms. Spangler 3) if Defendants are willing to settle without confidentiality provisions and 4) if my offer will be presented to Defendants by you and/or Ms. Spangler in its entirety. (This part means the PDF(s) I create and send you will be emailed off and presented to Nielsen's decision maker(s) in its entirety as written. Eg. no summarizing the offer in your own words to present to Nielsen's decision maker(s), or leaving anything out even if you disagree or believe it is irrelevant)

If all 4 answers are "yes," then I am willing to send over one last offer for Defendants to consider.  However, if for example Ms. Spangler still does not want me to send over another settlement demand, I will respect her wishes, therefore I won't send over another offer.  And if for example, Nielsen is unwilling to settle for any amount without confidentiality, then I won't send over another offer because that would be a waste of my time. Or if for example, Nielsen doesn't want to consider any more offers from me, then of course I won't send another offer because that would be a waste of my time. Or if for example, you won't actually present the offer and any other PDF(s) associated with the offer as written to Defendants in it's entirety, then I won't send over another offer because I don't think that would be fruitful and would just be another waste of my time.

However, if the answer to all 4 is "yes," then I will be willing to submit one last settlement offer.  And to be clear, I am no longer willing to settle for $9500 because it appears Defendants have failed to get my entire lawsuit dismissed based on Judge Wang's R&R (which recommended counts 1-3 to proceed).

I really believe the District Judge will accept Judge Wang's proposal to allow counts 1-3 to proceed.  I've already spent up over 4 years of my life fighting for justice, so I don't think I can give up now unless there is a fairer resolution that at least partially reflects what I have suffered through, the time I have spent on getting justice and that I haven't worked in the US since Nielsen.

And if I were to send over one last settlement demand, then it would be good for a specified amount of time for Defendants to accept (maybe just 2 weeks from the day it is sent to accept or decline), just so Defendants can't try to hold on to a signed offer, and do a wait and see approach, and then invoke it months down the road, or years down the road just before trial because from my perspective, as we get closer to trial, the amount goes up towards the real valuation of my damages.

I believe the lawsuit can settle quickly if Defendants are OK with no confidentiality provisions to settle.  While I have no idea if Defendants actually would like to settle or not, I personally would like to settle and put this lawsuit behind me.

However, in order for me to be willing to send over one more settlement offer to try to reach a resolution, I need to know if 1-4 is agreed to as "yes," because otherwise I'm not going to send another offer because it would likely be a waste of my time, and will continue to think settlement is not possible with Nielsen, and the only way to get a resolution is to continue litigation.

Please let me know.  Thank you.

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                                    Thu, Aug 29, 2024 at 10:18 AM
To: "McCann, Caitlin" <CMcCann@winston.com>, "Spangler, Cardelle" <cspangler@winston.com>

Ms. Spangler and Ms. McCann,

I am open to the possibility of arbitration if it is paid for by Nielsen. If Defendants would like to consider arbitration to see if we can resolve my claims against them via arbitration, please let me know by Friday and also provide some details of how Nielsen would like it conducted.

While my understanding is that Defendants do not want to do arbitration, I am thinking maybe Defendants might be willing to change their mind on arbitration in light of Judge Wang's R&R.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**Spangler, Cardelle** <CSpangler@winston.com>                    Thu, Aug 29, 2024 at 10:27 AM
To: F L <frank.liu.96@gmail.com>, "McCann, Caitlin" <CMcCann@winston.com>

Mr. Liu,

A few issues:

1. With respect to a potential resolution, as you know, Judge Wang has recommended that you be appointed pro bono counsel. I will gladly discuss potential resolution with your pro bono counsel once he or she is appointed. In the meantime, my client and I do not believe that further settlement or related communications will be constructive.

2. It is highly improper for a party to a lawsuit to contact certain employees of the other party, except through counsel of record, which in this case is me. I have been informed that you have nonetheless been looking up the personal email addresses of certain Nielsen employees, and emailing those employees about this case, at both work and their personal email addresses. Please stop that activity immediately. If my client learns of another such incident, we will need to take the issue up with Judge Wang.

3. I will ask my client about your request below regarding arbitration.

Thank you,

**Cardelle Spangler**

**Managing Partner**

Winston & Strawn LLP

D: +1 312-558-7541

winston.com

*Pronouns: She, Her, Hers*

WINSTON
& STRAWN
LLP

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, August 29, 2024 12:18 PM
**To:** McCann, Caitlin <CMcCann@winston.com>; Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Regarding Ms. McCann's July 24 email requesting "signed agreement"

---

Ms. Spangler and Ms. McCann,

I am open to the possibility of arbitration if it is paid for by Nielsen.  If Defendants would like to consider arbitration to see if we can resolve my claims against them via arbitration, please let me know by Friday and also provide some details of how Nielsen would like it conducted.

While my understanding is that Defendants do not want to do arbitration, I am thinking maybe Defendants might be willing to change their mind on arbitration in light of Judge Wang's R&R.

Thank you.

On Wed, Aug 28, 2024, 11:32 AM F L <frank.liu.96@gmail.com> wrote:

> Ms. McCann,
>
> On July 24, you wrote, "Please send us a current, signed agreement that includes all the terms you propose, for us to provide to our client to consider."
>
> | McCann, Caitlin | 🖇 Wed, Jul 24, 2:34 PM |
> | to Cardelle, me ▾ | |
>
> **Confidential Rule 408 Settlement Communication**
>
> Mr. Liu,
>
> Please send us a current, **signed** agreement that includes all the terms you propose, for us to provide to our client to consider. Thank you.
>
> I responded back stating, "Please let me know if Nielsen will settle on the same terms as how my Lyon County or Reno lawsuit settled" which was in reference to a release of all claims and stipulation of dismissal with prejudice in exchange for settlement without confidentiality provisions. I waited for you to reply back, but it appears you may have either ignored my email, or chose not to respond back.
>
> While I would have settled for $9,500 back before Judge Wang recommended counts 1-3 to proceed in her R&R, Defendants failed to get back to me regarding my request about the no confidentiality terms.  It was important for me to know if Defendants would accept no confidentiality to settle because otherwise it would be a waste of my time drafting a settlement proposal because I have made it clear many times that I will not agree to confidentiality to settle.
>
> My case has progressed since the July 24 emailed response, and therefore I will no longer be willing to settle for only $9,500 because of the following:
>
> 1) Judge Wang's R&R and equitable tolling recommendation

2) Judge Wang's recommendation of pro bono council be assigned


Although, I am open to sending one more settlement proposal to Defendants, I also want to abide by Spangler's request sent to me on April 30 of this year in which Spangler stated, "My clients will not entertain any further settlement demands from you, outside of the terms set forth in the court's mediator's proposal and under the court's supervision.  My clients further view your continued demands to settle on terms you are well aware they will not accept to be unproductive and wasteful of their resources. Accordingly, we will no longer engage with you on this subject or respond to further demands without court involvement and your agreement to accept the terms set forth in the mediator's proposal."

---

**Spangler, Cardelle** <CSpangler@winston.com>
to me, Aubrey, Caitlin ⌄

          Tue, Apr 30, 4:48 PM  ☆  ☺  ↩  ⋮

Mr. Liu,

My clients decline your offer.  We have informed you of the terms under which they are willing to resolve this case.  My clients will not entertain any further settlement demands from you, outside of the terms set forth in the court's mediator's proposal and under the court's supervision.  My clients further view your continued demands to settle on terms you are well aware they will not accept to be unproductive and wasteful of their resources. Accordingly, we will no longer engage with you on this subject or respond to further demands without court involvement and your agreement to accept the terms set forth in the mediator's proposal.

---

Furthermore, if Ms. Spangler hadn't sent me such an email cutting off my good faith attempts to settle, I probably may have already proposed the $9500 amount in writing to Defendants a while back before Judge Wang's R&R came out, and if Defendants had agreed to that and without confidentiality provisions, I believe the lawsuit would have been resolved by now. However, Spangler's April 30 email stopped further settlement proposals from happening.


I have abided by Ms. Spangler's request, and have not sent any settlement demands after her April 30 email.  On July 24, you solicited a settlement offer from me, in which I inquired if Nielsen would accept the terms of Release of All Claims to settle, in which you chose not to respond back. Had you responded back to me stating Defendants would agree to a no confidentiality settlement and then asked for me to draft the $9500 offer, and had Defendants accepted the offer BEFORE Judge Wang's R&R came out, then the lawsuit would have been settled for only $9500, and parties could have moved on.


However, since you failed to get back to me, and then Judge Wang's R&R came out, it changed things in terms of settlement amount.


As previously mentioned, you emailed me a request on July 24, 2024 stating: "Please send us a current, signed agreement that includes all the terms you propose, for us to provide to our client to consider."


The request appears to be contradictory to Ms. Spangler's request regarding accepting the mediator's proposal which I interpreted as for me to not send any "settlement demands" because I made it clear about my refusal to accept confidentiality provisions.


The reason for this email is because I am wondering: 1) if Defendants want me to send over one last settlement proposal and 2) Would presenting one last offer be OK with Ms. Spangler 3) if Defendants are willing to settle without confidentiality provisions and 4) if my offer will be presented to Defendants by you and/or Ms. Spangler in its entirety. (This part means the PDF(s) I create and send you will be emailed off and presented to Nielsen's decision maker(s) in its entirety as written. Eg. no summarizing the offer in your own words to present to Nielsen's decision maker(s), or leaving anything out even if you disagree or believe it is irrelevant)


If all 4 answers are "yes," then I am willing to send over one last offer for Defendants to consider.  However, if for example Ms. Spangler still does not want me to send over another settlement demand, I will respect her wishes, therefore I won't send over another offer.  And if for example, Nielsen is unwilling to settle for any amount without confidentiality, then I won't send over another offer because that would be a waste of my time. Or if for example, Nielsen doesn't want to consider any more offers from me, then of course I won't send another offer because that would be a waste of my time. Or if for example, you won't actually present the offer and any other PDF(s) associated with the offer

as written to Defendants in it's entirety, then I won't send over another offer because I don't think that would be fruitful and would just be another waste of my time.

However, if the answer to all 4 is "yes," then I will be willing to submit one last settlement offer.  And to be clear, I am no longer willing to settle for $9500 because it appears Defendants have failed to get my entire lawsuit dismissed based on Judge Wang's R&R (which recommended counts 1-3 to proceed).

I really believe the District Judge will accept Judge Wang's proposal to allow counts 1-3 to proceed.  I've already spent up over 4 years of my life fighting for justice, so I don't think I can give up now unless there is a fairer resolution that at least partially reflects what I have suffered through, the time I have spent on getting justice and that I haven't worked in the US since Nielsen.

And if I were to send over one last settlement demand, then it would be good for a specified amount of time for Defendants to accept (maybe just 2 weeks from the day it is sent to accept or decline), just so Defendants can't try to hold on to a signed offer, and do a wait and see approach, and then invoke it months down the road, or years down the road just before trial because from my perspective, as we get closer to trial, the amount goes up towards the real valuation of my damages.

I believe the lawsuit can settle quickly if Defendants are OK with no confidentiality provisions to settle.  While I have no idea if Defendants actually would like to settle or not, I personally would like to settle and put this lawsuit behind me.

However, in order for me to be willing to send over one more settlement offer to try to reach a resolution, I need to know if 1-4 is agreed to as "yes," because otherwise I'm not going to send another offer because it would likely be a waste of my time, and will continue to think settlement is not possible with Nielsen, and the only way to get a resolution is to continue litigation.

Please let me know.  Thank you.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image003.png**
1K

 Gmail

**F L <frank.liu.96@gmail.com>**

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L <frank.liu.96@gmail.com>**                                                    Thu, Aug 29, 2024 at 10:39 AM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. McCann,

Please elaborate on #2.  Who are these "certain employees" that you and Ms. Spangler represent?  Furthermore, you are welcome to bring up anything you feel has merit with Judge Wang.

Thank you.
[Quoted text hidden]

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L <frank.liu.96@gmail.com>**            Thu, Aug 29, 2024 at 12:52 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

It appears your point #2 is tied to the possibility of filing a motion letter with the Court and addressed to Judge Wang.

I'd like to hear more details about #2 to get a better understanding of your legal argument(s) and for more specifics of the issue since you appear to be accusing me of "highly improper" conduct.

I'd like to know when we can confer on the matter you raised, so I can get a better understanding of both your request and the merits of your request.

Please let me know.  Thank you.


[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

Spangler, Cardelle <CSpangler@winston.com>                      Thu, Aug 29, 2024 at 12:53 PM
To: F L <frank.liu.96@gmail.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Mr. Liu,

I have not said we are going to file anything yet so there is no need to confer.  Thank you.

**Cardelle Spangler**

**Managing Partner**

Winston & Strawn LLP

D: +1 312-558-7541

winston.com

*Pronouns: She, Her, Hers*

WINSTON
& STRAWN
LLP

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, August 29, 2024 2:52 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** McCann, Caitlin <CMcCann@winston.com>
**Subject:** Re: Regarding Ms. McCann's July 24 email requesting "signed agreement"

[Quoted text hidden]

**image002.png**
1K

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                    Thu, Aug 29, 2024 at 1:06 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

It appears you have threatened to "take the issue up with Judge Wang."

I would like to confer with you to better understand your demand.  My request to confer is in good faith in light of you accusing me of "highly improper" conduct and your threat to take the issue up with Judge Wang.

Here is what you wrote:

"It is highly improper for a party to a lawsuit to contact certain employees of the other party, except through counsel of record, which in this case is me. I have been informed that you have nonetheless been looking up the personal email addresses of certain Nielsen employees, and emailing those employees about this case, at both work and their personal email addresses. Please stop that activity immediately. If my client learns of another such incident, we will need to take the issue up with Judge Wang."

I think more details and clarification is needed, so that is why I am requesting to confer with you in good faith.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

---

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

---

**Spangler, Cardelle** <CSpangler@winston.com>          Thu, Aug 29, 2024 at 1:08 PM
To: F L <frank.liu.96@gmail.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Mr. Liu,


There is nothing to confer on at this time.  I do not intend to engage on this topic further.  Thank you.


Sincerely,



**Cardelle Spangler**

**Managing Partner**

Winston & Strawn LLP

D: +1 312-558-7541

winston.com


*Pronouns: She, Her, Hers*

WINSTON
& STRAWN
LLP

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, August 29, 2024 3:06 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** McCann, Caitlin <CMcCann@winston.com>
**Subject:** Re: Regarding Ms. McCann's July 24 email requesting "signed agreement"

---

[Quoted text hidden]

---

**image002.png**
1K

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                        Thu, Aug 29, 2024 at 1:22 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

"There is nothing to confer on at this time.  I do not intend to engage on this topic further.  Thank you."

I respect your wishes about you refusing to confer on the topic you brought up.  However, since you refuse to confer and provide more details and clarity of your accusation of "highly inproper" conduct and demand to "stop that activity immediately" (which is backed up by a threat to contact the Judge), I will just have to disregard whatever it is you are demanding in point #2 because you refuse to confer about it to provide a non-lawyer (me) some clarity regarding your demand.

Thank you.

[Quoted text hidden]



F L <frank.liu.96@gmail.com>

---

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                          Sat, Aug 31, 2024 at 4:51 AM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

For point #1, you wrote, "I will gladly discuss potential resolution with your pro bono counsel once he or she is appointed. In the meantime, my client and I do not believe that further settlement or related communications will be constructive."

For clarification, I will NEVER accept confidentiality provisions to settle. If I get assigned pro bono council, that position remains the same.

It appears odd that Ms. McCann solicited a settlement offer from me on July 24, even though your client "do not believe that further settlement or related communications will be constructive."

As for point #3, the request has now expired since you failed to get back to me by Friday.

Furthermore, it has become clear to me Defendants do not want to reach an amiable resolution. This lawsuit will just need to be litigated in full and one side will win at trial, and one side will lose at trial. Or one side may win at summary judgement.

Have a good Labor Day Weekend.

Thank you.

On Thu, Aug 29, 2024, 10:27 AM Spangler, Cardelle <CSpangler@winston.com> wrote:
[Quoted text hidden]

---

**6 attachments**

image004.png
24K

image005.png
69K

image001.jpg
2K

image004.png
24K

image005.png
69K

image001.jpg
2K

 Gmail

F L <frank.liu.96@gmail.com>

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L** <frank.liu.96@gmail.com>                                      Sun, Sep 1, 2024 at 12:03 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

If you or Ms. McCann can please clarify why Ms. McCann solicited a settlement offer from me on July 24 even though Defendants do not appear to want to negotiate or settle, that would be appreciated. I don't understand why she did so unless it was to waste my time responding to her.

I have not had a job in the US since Nielsen. I wanted to settle all of my lawsuits several months ago because I hoped to be able go back to China to teach for this school year. Two lawsuits were settled but not Nielsen. I'm still in the US and unable to rebuild what is left of my life.

I settled with Lyon County for only $2600 because Ms. Katherline Parks (lawyer who represented Lyon County) treated me with respect and decency. Her clients did not require confidentiality to settle. Furthermore, I think it absolutely matters how a lawyer treats a pro se. If the lawyer is mean-spirited or rude to a pro se, it significantly lowers the chance of amiable resolution.

Please let me know why Ms. McCann emailed me on July 24 when it appears you and your client "not believe that further settlement or related communications will be constructive."

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

---

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**McCann, Caitlin** <CMcCann@winston.com>                    Thu, Sep 12, 2024 at 12:42 PM
To: F L <frank.liu.96@gmail.com>, "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Liu,

Despite Ms. Spangler's email request on August 29 that you cease contacting Nielsen's employees directly at their work and personal email addresses, you have disregarded this request and continue to engage in this activity. Please confirm you will stop this activity.

If you will not stop this activity, please let us know your availability for a call tomorrow to discuss Defendants' anticipated motion for a protective order.

Best,


**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*



---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Thursday, August 29, 2024 1:23 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** McCann, Caitlin <CMcCann@winston.com>
**Subject:** Re: Regarding Ms. McCann's July 24 email requesting "signed agreement"

[Quoted text hidden]



**F L <frank.liu.96@gmail.com>**

---

## Regarding Ms. McCann's July 24 email requesting "signed agreement"

**F L <frank.liu.96@gmail.com>**                                    Fri, Sep 13, 2024 at 3:45 PM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Ms. McCann,

I was going to respond to you today to set up a time to confer next week and request you provide me more details and documentation about you and Ms. Spangler's accusations and demand before the confer call took place. However, it appears Ms. Spangler filed a protective order motion today before I could respond to your email sent to me yesterday.  The email reply I was working on was a bit long and I needed more time to send the reply back to you because I am not a lawyer and wanted time to do some research.

I think both you and Ms. Spangler are aware I wanted to confer with Ms. Spangler about her accusations and demand. Here is a screenshot of an email I sent where I requested to confer with Ms. Spanlger.  The email was sent back on August 29, 2024.

> **F L** <frank.liu.96@gmail.com>                         Aug 29, 2024, 1:06 PM   ☆   ☺   ↩   ⋮
> to Cardelle, Caitlin  ▾
>
> Ms. Spangler,
>
> It appears you have threatened to "take the issue up with Judge Wang."
>
> I would like to confer with you to better understand your demand.  My request to confer is in good faith in light of you accusing me of "highly improper" conduct and your threat to take the issue up with Judge Wang.
>
> Here is what you wrote:
>
> "It is highly improper for a party to a lawsuit to contact certain employees of the other party, except through counsel of record, which in this case is me. I have been informed that you have nonetheless been looking up the personal email addresses of certain Nielsen employees, and emailing those employees about this case, at both work and their personal email addresses. Please stop that activity immediately. If my client learns of another such incident, we will need to take the issue up with Judge Wang."
>
> I think more details and clarification is needed, so that is why I am requesting to confer with you in good faith.
>
> Thank you.

If you recall, Ms. Spangler responded back by refusing to confer with me.  She also stated she does "not intend to engage on this topic further."  Here is a screenshot of her email:

> **Spangler, Cardelle**                                          👁  Thu, Aug 29, 2024, 1:08 PM
> to me, Caitlin  ▾
>
> Mr. Liu,
>
> There is nothing to confer on at this time.  I do not intend to engage on this topic further.  Thank you.
>
> Sincerely,
>
> **Cardelle Spangler**
> Managing Partner

I am disappointed Defendants chose to motion for a protective order before conferring.  Your email was only sent yesterday at 12:43 PM PST.  Even though Ms. Spangler filed her protective order motion already today, I would still like to confer. Does next Wednesday or Thursday at 2:30 PM PST work for you or Ms. Spangler?

Please let me know.

Thank you.

[Quoted text hidden]

Exhibit 2

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Extension Request

---

**F L <frank.liu.96@gmail.com>**                                      Mon, Sep 16, 2024 at 5:49 AM
To: "Spangler, Cardelle" <cspangler@winston.com>, "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler and Ms. McCann,

I'd like to file a response to ECF 107, and need some time to work on it. Will Defendants agree to allow me to file my response by Monday Sept. 30, 2024?

Please let me know.

Thank you.

 Gmail

**F L <frank.liu.96@gmail.com>**

## Extension Request

Spangler, Cardelle <CSpangler@winston.com>                Mon, Sep 16, 2024 at 12:37 PM
To: F L <frank.liu.96@gmail.com>, "McCann, Caitlin" <CMcCann@winston.com>

Mr. Liu,

We will discuss today and get back to you.  Thank you.

Cardelle

**Cardelle Spangler**

**Managing Partner**

Winston & Strawn LLP

D: +1 312-558-7541

winston.com

*Pronouns: She, Her, Hers*



**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, September 16, 2024 7:49 AM
**To:** Spangler, Cardelle <CSpangler@winston.com>; McCann, Caitlin <CMcCann@winston.com>
**Subject:** Extension Request

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image002.png**
1K

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Extension Request

---

**F L <frank.liu.96@gmail.com>**
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "McCann, Caitlin" <CMcCann@winston.com>

Mon, Sep 16, 2024 at 12:45 PM

Ms. Spangler,

Thanks for the reply. I assuming by "we" you are referring to your client (Nielsen) and yourself and perhaps Ms. McCann too.

Please get back to me.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

---

## Extension Request

McCann, Caitlin <CMcCann@winston.com>                    Mon, Sep 16, 2024 at 3:59 PM
To: F L <frank.liu.96@gmail.com>, "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Liu,

You will need to seek an extension from the Court.  We do not oppose such an extension through Friday, September 20, which we believe is appropriate given the urgency of Defendants' request.


Best,


**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

winston.com

*Admitted to practice in California*



---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, September 16, 2024 12:45 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** McCann, Caitlin <CMcCann@winston.com>
**Subject:** Re: Extension Request


---

[Quoted text hidden]

---

**image003.png**
1K

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Extension Request

**F L <frank.liu.96@gmail.com>**                                     Mon, Sep 16, 2024 at 4:19 PM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Ms. McCann,

My original request sent this morning was if Defendants agree to allow me to file my response by Monday Sept. 30, 2024. I guess Defendants are denying the extension request.  Defendants did not even try to confer with me in good faith before Defendants filed their motion-letter in ECF 107.  As a reminder, on August 29, 2024, Ms. Spangler denied my request to confer.

I sent you and Ms. Spangler an email last Friday about a request to confer for this week because Defendants failed to confer in good faith before filing ECF 107, but it appears both you and Ms. Spangler are choosing to ignore that email.  The email sent on Sept. 13, 2024 asked, "Even though Ms. Spangler filed her protective order motion already today, I would still like to confer.  Does next Wednesday or Thursday at 2:30 PM PST work for you or Ms. Spangler?"  Would it be correct that neither you nor Ms. Spangler want to confer with me since there has not been an email response back?

Thank you.

[Quoted text hidden]

 **Gmail**

**F L <frank.liu.96@gmail.com>**

## Extension Request

**McCann, Caitlin** <CMcCann@winston.com>                                            Mon, Sep 16, 2024 at 4:33 PM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Good afternoon,

I'm available Wednesday from 2:30 to 3 pm PT.

Best,
Caitlin

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, September 16, 2024 4:19:08 PM
**To:** McCann, Caitlin <CMcCann@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Extension Request

[Quoted text hidden]

 Gmail

**F L <frank.liu.96@gmail.com>**

---

## Extension Request

---

**F L <frank.liu.96@gmail.com>**                                    Mon, Sep 16, 2024 at 4:49 PM
To: "McCann, Caitlin" <CMcCann@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Ms. McCann,

In that case, can you agree to give me the extension to file the response by September 30, 2024?  Or withdraw your motion until we have properly conferred first?  Your ECF 107 motion was filed in bad faith.

Thank you.

[Quoted text hidden]

 Gmail                                                                 **F L <frank.liu.96@gmail.com>**

---

## Extension Request

**McCann, Caitlin** <CMcCann@winston.com>                              Tue, Sep 17, 2024 at 9:47 AM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Liu,

In light of the court's order this morning granting Defendants' request for a protective order, there is no need for a call
tomorrow.

Best,
Caitlin

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, September 16, 2024 4:49:16 PM
[Quoted text hidden]

[Quoted text hidden]

Exhibit 3

9/17/24, 12:07 PM    Gmail - Case 1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), ...

Case 1:22-cv-09084-JHR-OTW    Document 113    Filed 09/17/24    Page 36 of 39

 Gmail

F L <frank.liu.96@gmail.com>

---

## Case #1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Quash ECF 107

---

**F L** <frank.liu.96@gmail.com>
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

Mon, Sep 16, 2024 at 8:51 PM

Case #1:22-cv-09084-JHR-OTW

See attached: "Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Quash ECF 107"

Today's date is 9-16-24

Thank you.

---

 **Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Quash ECF 107.pdf**
3112K

9/17/24, 12:08 PM        Gmail - Case #1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), …

Case 1:22-cv-09084-JHR-OTW    Document 113     Filed 09/17/24     Page 37 of 39

 **Gmail**

**F L <frank.liu.96@gmail.com>**

---

## Case #1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Quash ECF 107

---

**F L <frank.liu.96@gmail.com>**            Tue, Sep 17, 2024 at 2:25 AM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

Hello,

I needed to fix a few things, so please use the attached version for docketing instead of the one sent about 5 and a half hours ago.

Case Number 1:22-cv-09084-JHR-OTW

Attached is "Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Strike ECF 107"

Today's date is now 9-17-2024

Thank you.

[Quoted text hidden]

---

📕 **Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Strike ECF 107.pdf**
3105K

9/17/24, 12:08 PM Gmail - Case #1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), ...

Case 1:22-cv-09084-JHR-OTW Document 113 Filed 09/17/24 Page 38 of 39



F L <frank.liu.96@gmail.com>

---

## Case #1:22-cv-09084-JHR-OTW - Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Quash ECF 107

---

**F L** <frank.liu.96@gmail.com>                                                          Tue, Sep 17, 2024 at 2:50 AM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

Case Number 1:22-cv-09084-JHR-OTW

Please use the attached (fixed version) for "Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Strike ECF 107"

Please use this attached version instead of the two prior versions sent.

I'm really sorry for needing to send this third (fixed version).

Thank you.
[Quoted text hidden]

---

 **Plaintiff's Motion for an Extension to Respond to Defendants' Motion-Letter (ECF 107), or in the alternative, Motion for the Court to Strike ECF 107 (fixed version).pdf**
3111K

Exhibits respectfully submitted,

Dated 9/17/2024

Frank Liu

Pro Se Plaintiff