**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
FRANK LIU,

                Plaintiff,

                -against-

THE NIELSEN COMPANY (US) LLC, et al.,

                Defendants.

---------------------------------------------------------------x

22-CV-9084 (JHR) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

On June 5, 2024, Defendants filed a letter motion to seal Plaintiff Frank Liu's sur-reply in opposition to the Defendants' motion to dismiss, claiming that Plaintiff's sur-reply contained defamatory statements about a former Nielsen employee. (ECF 91). Both Plaintiff's sur-reply and Defendants' letter motion were placed under temporary seal pending this Court's decision on the motion to seal. On June 11, 2024 this Court directed the parties to propose redactions to Plaintiff's sur-reply. (ECF 94). Plaintiff and Defendants filed their proposed redactions on June 13, 2024, and June 21, 2024, respectively. (ECF 96, 97).

The Court rejects both parties' proposed redactions. Plaintiff's proposed redactions go well beyond the scope of this Court's June 11 Order; he rewrote and added entirely new sections and pictures to his sur-reply. The June 11 Order was not a free pass for Plaintiff to amend his sur-reply; it was directed to oppose Defendants' motion to seal. Defendants' filing also goes too far, as Defendants seek to redact publicly available information beyond the allegedly defamatory statement. Defendants' motion to seal does not support redactions as

broad as they seek, but Plaintiff also should not be allowed to use his sur-reply to "baselessly smear a former Nielsen employee who is not here to defend herself." (ECF 91).

Accordingly, Defendants' motion to seal is **GRANTED in part and DENIED in part.** Publicly available information should not be redacted, but the identity of the former Nielsen employee—and only their name—should. Defendants are directed to file a redacted copy of Plaintiff's sur-reply that redacts <u>only the name of the former Nielsen employee in question</u>, and not any information that is publicly available, such as the New York Post article, or information otherwise contained in that article.[1]

Plaintiff has also filed a letter motion asking for an extension of time to respond to Defendant's letter motion requesting a protective order regarding contacting Defendants' employees about the subject of this case. (ECF 111). The Court has already granted the protective order. (*See* ECF 110). Accordingly, Plaintiff's motion at ECF 111 is **DENIED** as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

---

[1] Normally this task could fall to the party who filed the initial document, but in light of Plaintiff's *pro se* status and Defendants' greater access to resources and electronic filing, the Court is directing Defendants to make this filing.

The Clerk of Court is respectfully directed to close ECF 91 and 111.

**SO ORDERED.**

Dated: October 8, 2024
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge