Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>      Plaintiff,<br><br>   vs.<br><br>The Nielsen Company (US) LLC<br>      and<br>TNC US HOLDINGS,<br>      Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Motion for the Court to Order Defendants to Email Plaintiff Courtesy Copies of Anything they File Under Seal and for Disclosure of any Ex Parte Communications Defendants might have had with the Court** |

**I. Introduction**

Plaintiff submits this motion in good faith because he believes that: **1)** the Court should order Defendants to email courtesy copies of anything they file under seal to Plaintiff because Defendants are aware Plaintiff does not have access to download documents filed under seal and **2)** for fairness sake, any ex parte communications with the Court should be disclosed to the other party and/or for general details of the ex parte communication to be documented on the public docket.

**II. Motion Regarding ECF 115 and documents filed under Seal**

Defendants are aware that Plaintiff does not have access to download documents Defendants file under seal and appear to be refusing to provide a courtesy copy to Plaintiff. According to the ECF 115 generated email, Defendants filed ECF 115 and 115-1 on October 9, 2024.



Although Plaintiff received electronic notice of the ECF 115 and 115-1 filing, because the documents are filed under seal, Plaintiff does not have access to download them.

On October 11, 2024, Plaintiff informed Defendants he could not access ECF 115 and asked for a courtesy copy of the filing (see **Exhibit A**). Then on October 15, 2024, after Defendants ignored Plaintiff's previous request, Plaintiff followed-up again (see **Exhibit B**). At the time of submitting this filing, Defendants have still not provided Plaintiff a courtesy copy of their ECF 115 and 115-1 filings. Defendants have not replied back to

Plaintiff's Exhibit A email. Ms. Spangler's response to Plaintiff's Exhibit B email (that includes Liu's follow-up), can be seen in **Exhibit C** in which Ms. Spangler stated, "we are not responding to your inappropriate demands for information."

Plaintiff believes that because Defendants know that Plaintiff does not have access to download documents that are filed under seal, <u>Plaintiff requests the Court to order Defendants to email Plaintiff ECF 115, 115-1, 118, 118-1 and courtesy copies of any future documents that Defendants file under seal</u>.

### III. Regarding Ex Parte Communications with the Court

On a confer call on Sept. 25, 2024, Plaintiff asked Ms. Spangler if she had ex parte communications with the court. Ms. Spangler told Plaintiff they did not have ex parte communications with the court, and she appeared offended that Plaintiff had asked. Plaintiff accepted Spangler's response and was not trying to upset Ms. Spangler with the question. Plaintiff was not accusing Ms. Spangler of having ex parte communications, but was just asking because he wanted to understand why the Court granted Defendants' pre-motion without allowing Plaintiff an opportunity to respond within the three business days as outlined in Judge Rearden's "Individual Rules and Practices in Civil Cases" PDF.

However, on October 15, 2024, the Court Order ECF 116 came out that indicates that earlier that day, Defendants' counsel reached out to the Court Chambers regarding an error, which resulted in ECF 116 being granted ex parte. Below is an excerpt of the ECF 116 Court Order:

> **ONA T. WANG, United States Magistrate Judge:**
>
> Following a call to chambers from Defendants' counsel today, it has come to the Court's attention that Defendants filed in error a redacted copy of Plaintiff's sur-reply, pursuant to my October 8, 2024, Order, (ECF 114), with incorrect redactions.

Because the ECF 116 court order indicates there was ex parte communications between Defendants and the Court, that same day on October 15, 2024, Plaintiff reached out to Cardelle Spangler and Caitlin McCann regarding if there was any ex parte communications that Plaintiff doesn't know about and again requested a courtesy copy of

1  ECF 115 that was filed under seal (See **Exhibit B**). On October 16, 2024 Cardelle Spangler
2  replied back and categorized Plaintiff's requests as "inappropriate" and stated they "will
3  continue to comply with the court procedures." (See **Exhibit C**). Previously, Ms. Spangler
4  indicated that Defendants have not had any ex parte communications with the Court, so in
5  light of ECF 115, it does raises doubt in Plaintiff's mind, so that was why he wanted to
6  double check.

7  Although Plaintiff does not have access to view what was filed in ECF 115 and 115-1
8  or details about the "error," it appears Defendants reached out ex parte to Judge Chambers
9  with a request to the Judge. Plaintiff believes that Defendants should have filed their
10 request on the public docket instead of contacting the Court directly. Furthermore, by
11 refusing to provide Plaintiff a courtesy copy of ECF 115 and 115-1, Plaintiff believes this
12 raises potential ethical concerns because potentially, Defendants can file anything they want
13 under seal for the Court or Judge to see, and not allow Plaintiff to see what was filed by
14 refusing to provide courtesy copies. Furthermore, Defendants filed ECF 118 and 118-1
15 under seal on October 16, 2024, however, Plaintiff does not have access to download those
16 filings, and Plaintiff has **not** been provided a courtesy copy of ECF 118 and 118-1.

17

18 **VI. Regarding Defendants' Special Privileges**

19 It would appear that Defendants may have more privileges than Plaintiff for this
20 lawsuit. As an example, Defendants filed ECF 107 (pre-motion letter requesting protective
21 order) on Friday, Sept. 13, 2024 at 5:18 PM EDT (which appears to be after the Court
22 already closed for the day).

```
Notice of Electronic Filing

The following transaction was entered by Spangler, Cardelle on 9/13/2024 at 5:18 PM EDT and filed on 9/13/2024
Case Name:        Liu v. The Nielsen Company (US) LLC et al
Case Number:      1:22-cv-09084-JHR-OTW
Filer:            TNC (US) Holdings
                  The Nielsen Company (US) LLC
Document Number:  107
```

25 According to Judge Rearden's "Individual Rules and Practices in Civil Pro Se Cases"
26 PDF, Pro se parties may not contact the Court directly.

27                                          **COMMUNICATIONS**

28    1. ***Pro se*** **parties may not contact the Court directly.** All communications with the
         Court by a *pro se* party (including written, electronic, and telephone communications)
         should be addressed to the *Pro Se* Office.

4

1   Furthermore, in Court Order ECF 94, Judge Wang stated that for pro se parties,
2   "communications with the Court are to be filed on the docket." See screenshot below:

> Parties are reminded that under my Individual Practices, Section I, counseled parties are only permitted to email Chambers in limited circumstances. *Pro se* parties are even more constrained: communications with the Court are to be filed on the docket.

7   Defendants' ECF 107 pre-motion invoked Rule 37.2 and according to Judge
8   Rearden's "Individual Rules and Practices in Civil Cases" PDF, it states that the moving
9   party must first confer in good faith. As evidenced in ECF 111, Cardelle Spangler refused
10  to confer with Liu despite Liu trying to set up a confer call with Spangler back on August
11  29, 2024.
12      Furthermore, according to "Individual Rules and Practices in Civil Cases" PDF, it
13  states, "If the opposing party wishes to respond to the letter-motion, it should promptly send
14  an e-mail to Chambers, copying all counsel of record, to advise that a responsive letter will
15  be forthcoming. Any such responsive filing shall not exceed six double-spaced pages and
16  must be filed on ECF within three business days of the filing of the letter-motion."
17      Both "Individual Rules and Practices in Civil Pro Se Cases" and Court Order ECF 94
18  led Liu to believe that he was not allowed to email Judge Wang's Chambers with
19  Defendants' attorneys on copy (so it does not count as ex parte) in order to let the Court
20  know he did intend to oppose the pre-motion because Plaintiff is Pro Se and shouldn't
21  contact the Court directly even though Defendants invoked Rule 37.2.
22      Furthermore, it appears that the Court granted the protective order the following
23  business day on Monday, Sept. 16, 2024 with the Court order being docketed on the second
24  business day on Tuesday, Sept. 17, 2024. It would appear the "within three business days"
25  rule did not allow Plaintiff 3 business days to file a response before the Court issued the
26  Order contained in ECF 110.
27      Plaintiff even emailed the temp pro se email address his motion for extension to
28  respond (ECF 111) **before** the Court docketed ECF 110. However, there is a delay between

sending the email to the temp pro se office and when the filing is docketed by the pro se clerk's office.  Sometimes the delay is short, but sometimes it may take a while.  As an example, Plaintiff's ECF 99 was emailed to the Temp Pro Se email address <u>before</u> the Fourth of July holiday, but it wasn't until July 15 when the filing was finally docketed by the pro se clerk's office.

      These are just some examples that show that perhaps Defendants have more privileges than Plaintiff.  It would also appear Defendants can game the system to their advantage by refusing to confer with plaintiff before filing their 37.2 motion, and also refusing to provide courtesy copies of ECF 115 to Plaintiff.  It would appear Defendants can also call Judge Chambers that would result in a Court Order (such as when they called the Judge's chambers ex parte on October 15, 2024 which resulted in Court Order ECF 116).

      While Plaintiff is uncertain if Defendants had ex parte communications with the Court other than the settlement calls when Judge Wang was acting as mediator, and the October 15, 2024 ex parte call mentioned in ECF 116, Plaintiff believes that if there have been other ex parte communications between Defendants and the Court that Plaintiff doesn't know about, then it would be more fair if Plaintiff is informed of that.  Plaintiff believes it may also be a good idea for general information of any ex parte communications to be disclosed on the public docket for transparency reasons.

**V. Conclusion**

      In good faith, Plaintiff would like the Court to order Defendants to let Liu know (or file on the public docket), excluding the settlement calls with Judge Wang which happened a while back, and Defendants' call to chambers on October 15, <u>if there were any other times where Defendants had ex parte communications with the Court regarding Liu's lawsuit</u>.  Plaintiff believes if either party has ex parte communications with the Court (eg. any calls to Judge Chambers, or any emails to Judge Chambers without the other party being copied), then that information should be revealed to the other party for fairness sake, and/or for

1  general details of the ex parte communications be filed on the public docket for
2  transparency reasons.
3      Plaintiff <u>does not</u> believe it is "inappropriate" for Liu to ask for a courtesy copy of
4  ECF 115 because Defendants know that Liu does not have access to view or download
5  things Defendants file under seal.  Defendants refusal to provide Liu documents (ECF 115
6  and 115-1) that Defendants filed under seal appear to lack fairness and transparency.
7  Furthermore, let's not forget that Defendants filed ECF 97 and 97-1 and made it appear that
8  their <u>proposed redactions</u> were jointly filed by Defendants and Liu as per the docket text of
9  ECF 97.  **<u>Defendants proposed redactions were not signed off by Liu</u>**.



15     Furthermore, Defendants filed ECF 118 and 118-1 on October 16, 2024.  Plaintiff
16 does not have access to those sealed documents either.



19     I think it is important for the Court to order Defendants to provide Plaintiff a courtesy
20 copy of anything they file under seal (eg. ECF 115 and 115-1).  Plaintiff believes
21 Defendants should **<u>also</u>** provide Liu a courtesy copy of ECF 118 and 118-1, especially
22 because the "Proposed Corrected Redacted Plaintiff's Sur-Reply" that Defendants filed
23 appears to suggest it was jointly filed by Defendants along with "Frank Liu" according to
24 the docket text.

Furthermore, Plaintiff believes it would be unfair if Defendants are allowed to secretly communicate with the court ex parte (eg. by calling Judge chambers regarding requests that lead to court order(s), or emailing Judge chambers without Liu on copy).

Plaintiff requests the Court order Defendants to **1)** provide courtesy copies of anything they file under seal (eg. ECF 115, ECF 115-1, ECF 118 and ECF 118-1), and **2)** for fairness sake, any ex parte communications with the Court should be disclosed to the other party and/or for general details of the ex parte communication to be documented on the public docket.

Respectfully submitted,

*Frank Liu*

Dated 10/16/2024            Frank Liu

Pro Se Plaintiff

Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| Frank Liu | Case #1:22-cv-09084-JHR-OTW |
|---|---|
| Plaintiff, | |
| | **EXHIBITS IN SUPPORT** |
| vs. | **Of Plaintiff's Motion for the Court to Order Defendants to Email Plaintiff** |
| The Nielsen Company (US) LLC | **Courtesy Copies of Anything they File** |
| and | **Under Seal and for Disclosure of any** |
| TNC US HOLDINGS | **Ex Parte Communications Defendants** |
| Defendants. | **might have had with the Court** |

# EXHIBIT A

**Plaintiff's email to Cardelle Spangler and Caitlin McCann dated Oct. 11, 2024 requesting a courtesy copy of ECF 115 because Plaintiff does not have access to download it.**

**\*\*\* Note, for the email, Plaintiff accidently addressed Ms. McCann by her maiden name, so that was why the email is addressed to Ms. Spangler and Ms. Tran \*\*\***

    F L &lt;frank.liu.96@gmail.com&gt;

## Document ECF 115 Not Available

**F L** &lt;frank.liu.96@gmail.com&gt;      Fri, Oct 11, 2024 at 4:37 PM
To: "Spangler, Cardelle" &lt;cspangler@winston.com&gt;, "McCann, Caitlin" &lt;CMcCann@winston.com&gt;

Ms. Spangler and Ms. Tran,

It would appear the document ECF 115 Defendants filed is "not available."



Did Defendants file it under seal?  If possible, please provide me a courtesy copy because it is "not available" when I try downloading it.

Thank you.

# EXHIBIT B

**Plaintiff's email to Cardelle Spangler and Caitlin McCann dated Oct. 15, 2024 inquiring if there had been ex parte communications with the Court, and follow-up on Plaintiff's request for a courtesy copy of ECF 115.**



F L <frank.liu.96@gmail.com>

## Regarding Ex-Parte Communications with the Court

**F L** <frank.liu.96@gmail.com>	Tue, Oct 15, 2024 at 2:36 PM
To: "Spangler, Cardelle" <cspangler@winston.com>, "McCann, Caitlin" <CMcCann@winston.com>

Ms. Spangler,

When we met and conferred back on Sept. 25, 2024 regarding motion to dissolve or modify protective order you indicated you never had ex-parte communications with the court when I inquired if there had been any.

In ECF 116, the Court order stated, "Following a call to chambers from Defendants' counsel today, it has come to the Court's attention that Defendants filed in error a redacted copy of Plaintiff's sur-reply, pursuant to my October 8, 2024, Order, (ECF 114), with incorrect redactions."

Excluding the settlement calls with Judge Wang a while back when she was acting as mediator, please verify if the call to chambers today was the only time you or Ms. McCann had ex-parte communications with the Court.

Furthermore, on Friday, October 11, 2024 I emailed you letting you know that it appears the document ECF 115 Defendants filed is "not available" when I tried to access it. I asked if Defendants filed it under seal and requested Defendants to please provide me a courtesy copy because it is "not available" when I try downloading it.

To date, you have not responded to my email about ECF 115 or provided me a courtesy copy.

Please get back to me.

Thank you.

# EXHIBIT C

**Cardelle Spangler's reply email in response to Liu's Exhibit B email**

  F L <frank.liu.96@gmail.com>

## Regarding Ex-Parte Communications with the Court

**Spangler, Cardelle** <CSpangler@winston.com>  Wed, Oct 16, 2024 at 3:49 AM
To: F L <frank.liu.96@gmail.com>, "McCann, Caitlin" <CMcCann@winston.com>

Mr. Liu,

As I told you previously, we are not responding to your inappropriate demands for information. We will continue to comply with court procedures.

Cardelle

**Cardelle Spangler**

**Managing Partner**

Winston & Strawn LLP

D: +1 312-558-7541

winston.com

*Pronouns: She, Her, Hers*



[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image002.png**
1K

                                       Exhibits respectfully submitted,

*/s/ Frank Liu*

Dated 10/16/2024                Frank Liu

                                       Pro Se Plaintiff