**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
FRANK LIU,

                Plaintiff,          22-CV-9084 (JHR) (OTW)

                -against-          **ORDER**

THE NIELSEN COMPANY (US) LLC, et al.,

                Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of ECF 119, in which *pro se* Plaintiff Frank Liu ("Plaintiff" or "Liu") seeks courtesy copies of certain filings on the docket (ECF Nos. 115, 118) that were filed under seal and not viewable to him.

### I. Background

On May 24, 2024, Plaintiff filed a sur-reply in opposition to Defendants' motion to dismiss this case. (ECF 89). On June 5, 2024, Defendants filed a letter motion to seal Plaintiff's sur-reply, alleging that Plaintiff's filing included defamatory statements about a former Nielsen employee. (ECF 91). On June 11, 2024, this Court ordered: (1) Plaintiff to file, under seal and visible to the parties only, proposed redactions to his sur-reply; and (2) Defendants to file, also under seal and visible to the parties only, a "reply" with their proposed redactions. (ECF 94). Plaintiff filed his proposed redactions on June 13, 2024, and Defendants filed their proposed redactions on June 21, 2024. (ECF 95, 96). During this briefing, ECF 89 was sealed in its entirety.

On October 8, 2024, this Court granted in part and denied in part Defendants' motion to seal ECF 89: Plaintiff's proposed redactions went well beyond the scope of the Court's June 11

Order by rewriting entire sections of his sur-reply, while Defendants proposed over-redacting even publicly available information. (ECF 114). The October 8 Order thus directed Defendants[1] to file another redacted copy of Plaintiff's sur-reply that redacted only the name of the former Nielsen employee in question. (*Id.* at 2).

Defendants filed a proposed newly redacted version of Plaintiff's sur-reply on October 9, 2024. (ECF 115). Shortly thereafter, on October 10, 2024, by email request to the Clerk of Court from Defendants' counsel, ECF 115 was sealed. On October 15, 2024, Defendants called Chambers to notify the Court that ECF 115 had been <u>filed in error</u>, and thus was sealed at Defendants' request. Counsel made clear that their call was made only to inform the Court of the error so that the Court could properly direct the parties going forward.

On October 15, 2024, in light of the filing error, the Court again ordered Defendants to file under seal a proposed corrected redacted copy of Plaintiffs' sur-reply, and to serve a copy of the Order on Plaintiff. (ECF 116). Defendants then filed their corrected redacted version of Plaintiffs' sur-reply on October 16, 2024. (ECF 118). ECF 115 remains under seal.

## II.  Sealed Documents Should be Available for Viewing by Plaintiff

In light of Plaintiff's filings, it has come to the Court's attention that certain documents filed under seal are not accessible to Plaintiff: "Plaintiff does not have access to download documents Defendants filed under seal…" (ECF 119 at 2). Plaintiff specifically identifies ECF Nos. 115 and 118 as documents that were recently filed and that he cannot access. (*Id.* at 3). Despite

---

[1] Normally, this task would fall to the party who filed the document sought to be sealed, but in light of Plaintiff's *pro se* status, Plaintiff's treatment of the Court's directive at ECF 94 as an opportunity to amend, and Defendants' greater access to resources and electronic filing, the Court is directing Defendants to make this filing. (*See* ECF 114 at 2, FN 1).

the contention between the parties with respect to potentially defamatory statements contained in Plaintiff's sur-reply at ECF 89, Plaintiff is entitled to view documents that are filed on the docket, even when they are sealed from public view.

Accordingly, Plaintiff's motion is **GRANTED in part**. The Clerk of Court is respectfully directed to switch the designation of ECF Nos. 115 and 118 and associated exhibits <u>to be viewable to the Court and parties only</u>.

Defendants are directed to provide copies of ECF 115 and 118, including any exhibits, to Plaintiff by **November 12, 2024**.

### III. Status of ECF 115

The Court understands that the impetus of Plaintiff's current motion is the inability to view the filing at ECF 115. As explained above, ECF 115 was filed in error by Defendants and sealed by application of the Defendants to the Clerk of Court. The Court also notes that ECF 115 did not comply with my October 8 Order.

After Defendants provide a copy of ECF 115 to Plaintiff, Plaintiff is directed to file a <u>1-page</u> letter on the docket by **November 14, 2024,** that informs the Court whether he requests ECF 115 be kept under seal (viewable to the Court and parties only) on the docket, or if he requests the Court strike ECF 115 from the docket completely. If no response is timely filed by Plaintiff, the Court will strike ECF 115.

The Clerk of Court is respectfully directed to close ECF 119.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: November 8, 2024<br>New York, New York | *s/ Ona T. Wang*<br>**Ona T. Wang**<br>United States Magistrate Judge |

4