UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK LIU,<br><br>                           Plaintiff,<br><br>            -v.-<br><br>THE NIELSEN COMNPANY (US) and TNC (US) HOLDINGS,<br><br>                           Defendants. | 22 Civ. 9084 (JHR) (OTW)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Plaintiff Frank Liu, acting *pro se*, brings this action against the Nielsen Company (US) and TNC (US) Holdings (collectively, "Defendants") alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"); disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") and NYSHRL; and, apparently, failure to pay wages under the Fair Labor Standards Act ("FLSA"). Before the Court is the Report and Recommendation of Magistrate Judge Ona T. Wang recommending that Defendants' motion to dismiss be granted in part and denied in part. ECF No. 105. The Report and Recommendation also includes a *sua sponte* recommendation that "pro bono counsel be appointed to assist Plaintiff with discovery." *Id.* at 25. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts the recommendations with respect to Defendants' motion to dismiss. Because Judge Wang has issued a separate order requesting that "pro bono counsel appear for full scope representation before this Court," *see* ECF No. 124, which supersedes the corresponding recommendation in the Report and Recommendation, the Court need not and does not reach the recommendation to appoint *pro bono* counsel in the Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his Complaint on October 22, 2022.  ECF No. 1.  On November 1, 2022, his application to proceed *in forma pauperis* was granted.  ECF No. 7.[1]  Plaintiff amended his Complaint on June 20, 2023.  ECF No. 44.  The Court referred the case to Judge Wang for general pretrial purposes and, subsequently, for a Report and Recommendation on Defendants' motion to dismiss, ECF Nos. 41, 90.

Defendants moved to dismiss the amended Complaint on January 26, 2024.  ECF No. 53.  On March 29, 2024, Plaintiff opposed the motion.  ECF No. 75.  Defendants replied in further support of their motion on April 19, 2024, ECF No. 77, and on May 24, 2024, Plaintiff filed a sur-reply in further support of his opposition, ECF No. 89.  Plaintiff amended his sur-reply on June 13, 2024.

On August 13, 2024, Judge Wang issued a 26-page Report and Recommendation recommending that the motion to dismiss Plaintiff's ADA and FLSA claims (Counts 4 and 5, respectively) be granted and that the motion to dismiss Plaintiff's race and national origin discrimination claims (Counts 1 through 3) be denied.  *See* ECF No. 105.  The Report and Recommendation notified the parties that they had 14 days to file written objections.  ECF No. 25 at 15.  It also cautioned that "**[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review.**"  *Id.* (emphasis in original).  Neither party filed objections or requested an extension of time to do so.

## II. DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

---

[1] The motion was granted by the Honorable Lewis J. Liman, to whom this action was originally assigned.  The case was reassigned to this Court in 2023.

U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With portions of the report to which there has been no timely objection, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985)).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

     Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 105 at 26, neither party filed objections to the Report and Recommendation by the August 27, 2024 deadline (or at any point thereafter).  In light of this "clear notice," both parties have waived the right to "further judicial review."  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

     Nevertheless, the Court has carefully reviewed the Report and Recommendation, unguided by objections, and finds no clear error.  Judge Wang's Report and Recommendation is well reasoned and grounded in fact and law.

### III.   CONCLUSION

Accordingly, the recommendations with respect to Defendants' motion to dismiss in the Report and Recommendation are ADOPTED. For the reasons articulated therein, Defendants' motion to dismiss is GRANTED in part and DENIED in part. In light of Judge Wang's separate order appointing *pro bono* counsel, *see* ECF No. 124, the Court need not and does not reach the corresponding recommendation in the Report and Recommendation.

The Clerk of Court is directed to terminate ECF No. 53 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  January 24, 2025
            New York, New York

_____
JENNIFER H. REARDEN
United States District Judge