1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7               **IN THE UNITED STATES DISTRICT COURT**

8               **FOR SOUTHERN DISTRICT OF NEW YORK**

9

| Frank Liu | |
|---|---|
| Plaintiff, | |
| vs. | **Case #1:22-cv-09084-JHR-OTW** |
| The Nielsen Company (US) LLC | |
| and | **Motion to Lift Stay in Discovery (ECF** |
| TNC US HOLDINGS | **106), and Notice of Defendants' Bad Faith** |
| Defendants. | **Tactics** |

10

11

12

13

14

15

16

17

18

19

## I. INTRODUCTION

On Jan 28, 2025, Plaintiff reached out to Defendants' attorneys to see if Defendants will agree to a stipulation lifting the stay in discovery since the Court already ruled on Defendants' motion to dismiss. Not only did Defendants not agree to the lifting of the stay in discovery, Ms. McCann requested "that further communications between the parties be handled by your pro bono counsel" thus preventing Plaintiff from engaging in discovery or conferring with Defendants about the matter.

Although Judge Wang requested "that pro bono counsel appear for full scope representation before this Court" to represent Plaintiff, Liu is currently still pro se until *if/when* an attorney agrees to represent Plaintiff. Ms. McCann's response to Plaintiff's email (See **Exhibit A**) forces Plaintiff to file this motion, to respectfully request the Court to officially lift the stay of discovery (ECF 106) that was imposed during the pendency of Defendant's Motion to Dismiss (ECF 53).

Since the Court already ruled on Defendants' motion to dismiss on Jan. 24, 2025, Plaintiff believes the stay should have already ended automatically. However, in good faith, Plaintiff reached out to Defendants to check if they will agree to a stipulation lifting the stay in discovery. Based on Caitlin McCann's response, stating, "Nielsen does not agree and asks that further communications between the parties be handed by your pro bono counsel," it is clear that Nielsen intends on preventing Plaintiff from conducting discovery, unless he has an attorney.

**McCann, Caitlin**
to Cardelle, me

12:59 PM (5 hours ago)

Mr. Liu,

Nielsen does not agree and asks that further communications between the parties be handled by your pro bono counsel.

Best,

**Caitlin McCann**
Associate Attorney

Plaintiff should be allowed to conduct discovery now that the Court decided on Defendants Motion to Dismiss (ECF 53). Plaintiff requests the Court take notice of Nielsen Defendants' bad faith tactics, and to order that discovery be allowed to proceed.

## II. BACKGROUND

**1.** On Jan 26, 2024, Defendants filed a Motion to Dismiss (ECF 53) pursuant to Rule 12(b)(6).

**2.** On Jan 26, 2024, Defendants filed a Motion to Stay Discovery (ECF 55) based on their reasoning, "Defendants request a stay of discovery pending resolution of their Motion to Dismiss the Amended Complaint." Furthermore, Defendants asserted, "A stay is appropriate as Defendants have offered meritorious reasons to dismiss each of the claims in the action."

**3.** On April 30, 2024, the Court ordered "Discovery in this case is hereby STAYED until June 28, 2024." (ECF 84)

**4.** On July 16, 2024, Defendants filed ECF 101 which requested the Court "renew" the stay in discovery "pending resolution of their Motion to Dismiss."

**5.** On August 16, 2024, the Court ordered "All other discovery in this case is hereby STAYED pending a decision on the Report & Recommendation at ECF 105." (ECF 106)

**6.** On Jan. 24, 2025, this Court issued ECF 125 allowing three of Plaintiff's claims to proceed.

**7.** Defendants' motion(s) to stay discovery was predicated solely on the pendency of their Motion to Dismiss.  Defendants believed their motion to dismiss would dispose of Liu's lawsuit entirely.  Now that the Court has ruled on the Motion to Dismiss and allowed three of Plaintiff's claims to proceed, Defendants no longer have a valid reason to prevent discovery from proceeding.  Allowing discovery to proceed is necessary to ensure the timely and efficient progression of this case, as discovery is essential to the preparation of Plaintiff's claims and the preservation of evidence.

1  **III. ARGUMENT**

2  **A. The Stay of Discovery Was Conditional and No Longer Applies**

3       Courts routinely stay discovery pending the resolution of a motion to dismiss to

4  avoid unnecessary expense and burden on the parties if the case is dismissed. See, e.g.,

5  *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).  However, once the motion to dismiss is

6  resolved and the case is allowed to proceed, the rationale for the stay no longer exists. *See*

7  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Once a court

8  determines that a case will proceed to trial, discovery should generally be allowed to

9  proceed unimpeded.").

10       Here, the Court's action of allowing three of Plaintiff's claims to proceed after

11  ruling on Defendants' Motion to Dismiss confirms that Plaintiff's claims are legally

12  sufficient to proceed. Accordingly, the Court should allow the parties to conduct

13  discovery.

14       Furthermore, in ECF 106, Judge Wang ordered, "All other discovery in this case is

15  hereby STAYED pending a decision on the Report & Recommendation at ECF 105."

16  Since the Court made its decision in ECF 125, the stay in discovery should have already

17  ended.  Nielsen's refusal to allow discovery to proceed is in bad faith.

18  **B. Lifting the Stay Promotes Judicial Economy and Fairness**

19       Discovery is a critical component of litigation, enabling parties to gather evidence,

20  evaluate claims, and prepare for trial. Delaying discovery unnecessarily prejudices

21  Plaintiff by hindering his ability to develop his case and obtain relevant evidence.

22  Moreover, allowing discovery to proceed will promote judicial economy by ensuring that

23  the case progresses in a timely manner. Any further delay in discovery could result in

24  inefficiencies that could impede the resolution of this matter.

25  **C. No Prejudice to Defendants**

26  Nielsen Defendants will suffer no prejudice if discovery is allowed to proceed. The

1  Court's ruling on the Motion to Dismiss confirms that three of Plaintiff's claims are

2  viable, and Nielsen Defendants have had ample notice of the claims against them.

3  Therefore, Plaintiff respectfully requests the Court allow discovery to proceed.

4  **IV. Defendants' Bad Faith Tactics**

5  Plaintiff reached out to Nielsen's lawyers on Jan 28, 2025 inquiring about a stipulation to

6  lift the stay in discovery.  Below is a screenshot of Plaintiff's email (also see **Exhibit A**):



12  Caitlin McCann replied back informing Plaintiff that "Nielsen does not agree and asks

13  that further communications between the parties be handled by your pro bono counsel."



19  Plaintiff replied back to Ms. McCann informing her that Plaintiff has not been assigned a

20  lawyer, and that he is still pro se.  Here is a screenshot of Plaintiff's response:



1    Defendants' refusal to allow discovery to proceed now that their motion to dismiss
2    has been ruled upon (see ECF 125), appears to be in bad faith and potentially a delay
3    tactic to stall the lawsuit from proceeding.  Furthermore, although Plaintiff appreciates
4    that Judge Wang requested "that pro bono counsel appear for full scope representation
5    before this Court" to represent Plaintiff, from Plaintiff's understanding, he is still pro se
6    until *if/when* an attorney agrees to represent Plaintiff.

7    Moreover, "If an attorney volunteers, the attorney will contact Plaintiff directly.
8    There is no guarantee, however, that a volunteer attorney will decide to take the case, and
9    plaintiff should be prepared to proceed with the case pro se." Quote from *Karupaiyan v.*
10   *CVS Health Corporation et al*, No. 1:2019cv08814 - Document 147 (S.D.N.Y. 2024).

11   Nielsen defendants appear to be using the Court's order -- to have the Office of Pro
12   Se Litigation "attempt to locate a full scope pro bono attorney to represent Plaintiff in this
13   case" (ECF 124) --  against Plaintiff by using the Court's order to prevent or delay
14   Plaintiff from conducting discovery as a pro se litigant after Defendants failed to get all of
15   Liu's claims dismissed.

16   Nielsen Defendants have no legal standing to prevent the lawsuit form proceeding
17   just because Plaintiff is pro se and does not have an attorney to represent him.  Nielsen has
18   no evidence to believe that Liu is currently represented by a pro bono attorney because no
19   attorney has filed a notice of appearance to represent Plaintiff for this lawsuit.  Nielsen's
20   action of refusing to allow discovery to proceed is simply in bad faith.

21   Plaintiff is currently still pro se, and there is no guarantee a volunteer lawyer will
22   decide to represent Plaintiff.  The right to represent oneself in a lawsuit, or appear "pro
23   se," is a legal right that is recognized in both state and federal courts.  Nielsen should be
24   prohibited from preventing Liu from litigating the lawsuit just because Liu does not have

1  a lawyer.  After all, "... the right to file a lawsuit pro se is one of the most important rights

2  under the constitution and laws." See *Elmore v. McCammon (1986) 640 F. Supp. 905.*

3

4  **V. CONCLUSION**

5      For the foregoing reasons contained in this motion, Plaintiff respectfully requests

6  that the Court lift the stay of discovery and allow the parties to proceed with discovery.

7      Furthermore, it appears even though the Court allowed three of Plaintiff's claims to

8  proceed, Nielsen is now refusing to allow Liu to litigate the lawsuit further by requesting

9  that "further communication between the parties be handled by your pro bono council."

10  Nielsen is fully aware Liu is pro se and no lawyer has filed an appearance to represent

11  Plaintiff for this lawsuit.  If a pro bono attorney agreed to take up the case, then the

12  attorney would file a notice of appearance on the lawsuit, thus informing both the Court

13  and Nielsen Defendants that the attorney is representing Plaintiff.  So far, no pro bono

14  attorney has reached out to Plaintiff expressing their desire to represent Plaintiff in this

15  lawsuit.  It is clear Nielsen's attorneys are now trying to delay the case from proceeding to

16  discovery by refusing to allow Plaintiff to communicate with them for litigation purposes.

17      Plaintiff requests the Court take notice of Nielsen's bad faith tactics and for the

18  Court to allow discovery to proceed because Nielsen Defendants' motion to dismiss has

19  already been decided upon.

20                          Respectfully submitted,

21

22

23      Dated 1/28/2025            Frank Liu

24                          Pro Se Plaintiff

25

7