UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-09084-JHR-OTW |
| The Nielsen Company (US) LLC, et al., | ) Judge Jennifer H. Rearden |
|     Defendants. | ) |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT
STAY IN DISCOVERY AND NOTICE OF DEFENDANTS' BAD FAITH TACTICS**

WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Broccoli v. Ashworth*,
   No. 21-cv-6931, 2023 WL 6795253 (S.D.N.Y. Oct. 11, 2023)..................................................4

*Dawkins v. Copeland*,
   No. 17-civ-9926, 2020 WL 4207580 (S.D.N.Y. July 22, 2020).................................................3

*Greenberg v. Bd. of Educ. of City of N.Y.*,
   125 F.R.D. 361 (E.D.N.Y. 1989)................................................................................................4

*McGriff v. Keyser*,
   No. 17-civ-7307, 2024 WL 3639103 (S.D.N.Y. Aug. 2, 2024) ................................................3

*Negrete v. Citibank, N.A.*,
   No. 15-civ-7250, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015).................................................4

*Urena v. Wolfson*,
   No. 09-cv-1107, 2011 WL 7439005 (E.D.N.Y. Aug. 24, 2011) ...............................................3

AMERICASACTIVE:20978554.7

**I.     INTRODUCTION**

Defendants The Nielsen Company (US) LLC and TNC US Holdings (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Frank Liu's ("Plaintiff") Motion to Lift Stay in Discovery and Notice of Defendants' Bad Faith Tactics (ECF No. 127).

The temporary stay of discovery in this matter should not be lifted until Plaintiff has obtained *pro bono* counsel and such counsel has entered an appearance in the matter, in accordance with this Court's Order. Plaintiff's actions to date make clear that – without the Court implementing firm guardrails and the assistance of *pro bono* counsel – he will persist in abusing the litigation process, Defendants' employees and counsel, as well as this Court's and Defendants' resources.

**II.    ARGUMENT**

    **A.    This Court Specifically Recommended and Ordered that Plaintiff be Appointed *Pro Bono* Counsel to Assist with Discovery.**

This Court has recognized the necessity that Plaintiff be appointed *pro bono* counsel not only for purposes of discovery, but for the full scope of Plaintiff's case.

In Magistrate Judge Wang's Report and Recommendation on Defendants' Motion to Dismiss, issued on August 13, 2024, Judge Wang recommended *sua sponte* that *pro bono* counsel be appointed "***to assist Plaintiff with discovery***." (ECF No. 105 at 25 (emphasis added).) Judge Wang reasoned that, among other things: "Discovery on this topic, particularly if Plaintiff continues to pursue a disparate impact theory, is likely to be complex and will benefit from the assistance of counsel." (*Id.*)

On January 24, 2025, Judge Wang issued an Order that *pro bono* counsel appear for the ***full scope*** of representation of Plaintiff for "the reasons described in the [Report and

1

Recommendation], and in light of the issues that have occurred in this case since at least June of 2024." (ECF No. 124 at 2.) Among the "issues" Judge Wang refers to in her January 24, 2025 Order is that the Court and the parties "spent considerable time" on the sealing of a responsive briefing, and points to **18 different filings** relating to this issue, and others – including Defendants' Motion for a Protective Order (which the Court granted). (*See* ECF No. 124 at 2 n.1.)

      **B.**      **Courts in this District Regularly Stay Discovery Pending Appointment of *Pro Bono* Counsel.**

Discovery should remain stayed until Plaintiff has obtained *pro bono* counsel, as ordered by this Court. Plaintiff has demonstrated time and time again his willingness to abuse the litigation process and the Court and the parties' resources, which the Court acknowledged in Judge Wang's January 24 Order. For example, Judge Wang's January 24 Order specifically cites to Defendants' motion for a Rule 26(c) protective order due to Plaintiff's pattern of harassing and abusive behavior. (ECF No. 107.) Specifically, Plaintiff repeatedly sent mass emails to the work and personal email addresses of former and current Nielsen employees—including high-level executives and officers and potential fact witnesses in this matter—without either the consent of Defendants' counsel or the authorization of a court order[1]. (*Id*.) Judge Wang granted Defendants' request for a protective order and directed Plaintiff "to refrain from contacting or communicating with current or former Nielsen employees in any manner regarding the subject matter of this litigation without the presence or consent of Defendants' counsel." (ECF No. 110 at 2–3.) Since then, and despite the unambiguous language of this Order, Plaintiff has sought to find any loophole around it – reaching out repeatedly to Defendants' counsel for consent to communicate

---

[1] Defendants also have been forced to seek protective orders due to Plaintiff's filing of materials that disclosed confidential settlement communications and defamed a former Nielsen employee – which the Court granted. (*See, e.g.,* ECF Nos. 39 and 114.)

2

with a former Nielsen employee and/or requesting Defendants' presence during his communications with said employee (Defendants refused such requests). Staying discovery until Plaintiff is appointed *pro bono* counsel is both necessary and appropriate to limit abuse of the discovery process.

Further, over the course of the last few months, Plaintiff has sent Defendants' counsel a continuous and unprompted stream of often-lengthy emails, completely unrelated to any litigation proceedings, and frequently demanding a response if one is not received immediately. *Pro bono* counsel is necessary to alleviate these issues going forward.

Plaintiff's above-described behavior, and more, occurs well outside the bounds of the discovery process and illustrates that undertaking discovery without the assistance of *pro bono* counsel – in addition to the challenges inherent in discovery itself – would be onerous, contentious, and place an unnecessary strain on both the parties' and the Court's resources. (*See, e.g.*, ECF No. 124 at 2.n1 (noting the "considerable time" spent "on the issue of sealing a responsive briefing").) Therefore, it is in the best interests of both parties, as well as in the interest of judicial economy, that the stay remain in place until Plaintiff has obtained *pro bono* counsel, as Defendants believe Magistrate Judge Wang intended.

There is ample authority where courts in this District have stayed discovery pending the appointment of *pro bono* counsel in similar circumstances. *See, e.g.*, *McGriff v. Keyser*, No. 17-civ-7307, 2024 WL 3639103, at *3 n.4 (S.D.N.Y. Aug. 2, 2024) (noting the Magistrate Judge "granted Defendants' motion to stay discovery to give *pro bono* counsel the opportunity to appear on Plaintiff's behalf") and *Dawkins v. Copeland*, No. 17-civ-9926, 2020 WL 4207580, at *4 (S.D.N.Y. July 22, 2020) ("[D]iscovery is stayed in this case until such time *pro bono* counsel makes an appearance on [Plaintiff's] behalf."); *see also Urena v. Wolfson*, No. 09-cv-1107, 2011

3

WL 7439005, at *1 (E.D.N.Y. Aug. 24, 2011) ("The Court then stayed the action while *pro bono* counsel was sought to represent plaintiff.") and *Greenberg v. Bd. of Educ. of City of N.Y.*, 125 F.R.D. 361, 361 (E.D.N.Y. 1989) ("Disposition of the motion [to dismiss] was stayed pending appointment of *pro bono* counsel."). Here, too, discovery should be temporarily stayed.

**III.  PLAINTIFF WILL NOT BE PREJUDICED BY A TEMPORARY AND CONTINUING STAY TO DISCOVERY**

Plaintiff cannot demonstrate any meaningful prejudice from a brief stay of discovery while *pro bono* counsel is appointed for the full scope of representation. Despite the high level of activity in this matter to date, this case is in its infancy. Defendants have not yet filed a responsive pleading to Plaintiff's surviving claims, the parties have not yet convened before the Court for an initial scheduling conference, and no trial date (or other deadlines) are set. The stay of discovery should therefore remain intact. *See Negrete v. Citibank, N.A.*, No. 15-civ-7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy."); *see also Broccoli v. Ashworth*, No. 21-cv-6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (staying discovery in part because "Plaintiffs point[ed] to no specific reason why a stay would prejudice them").

**IV.  DEFENDANTS HAVE NOT ENGAGED IN ANY BAD FAITH TACTICS**

Plaintiff once again uses his Motion as a vehicle to hurl baseless allegations of bad faith against Defendants in a public forum. But the only evidence Plaintiff includes in his Motion as evidence of Defendants' "bad faith tactics" is Defendants' effort to comply with this Court's recommendation and Order that Plaintiff be appointed *pro bono* counsel for the full scope of his representation, including discovery. Plaintiff's allegations are unfounded and meritless.

In truth, Defendants have been and remain willing to engage Plaintiff in good faith, including in settlement discussions. However, such discussions have consistently proven difficult.

It is Defendants' view that the prospects of an amicable resolution will be improved considerably by appointment of *pro bono* counsel. Further discussions involving an attorney representing Plaintiff may resolve this matter and render unnecessary any further costs (discovery-related and otherwise) on Defendants and this Court.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Lift Stay in Discovery and Notice of Defendants' Bad Faith Tactics, and request that all discovery be stayed pending appointment of *pro bono* counsel for the full scope of Plaintiff's representation in this matter.

Dated: Chicago, Illinois
       February 6, 2025

Respectfully submitted,

By:   /s/ *Cardelle Spangler*
      Cardelle Spangler (admitted *pro hac vice*)
      WINSTON & STRAWN LLP
      35 W. Wacker Drive
      Chicago, Illinois 60601
      (312) 558-5600
      CSpangler@winston.com

      Caitlin McCann (admitted *pro hac vice*)
      WINSTON & STRAWN LLP
      333 S. Grand Avenue, #3800
      Los Angeles, California 90071
      (213) 615-1700
      CMcCann@winston.com

      *Attorneys for Defendants*
      *TNC US Holdings*
      *The Nielsen Company (US) LLC*

5