1   Frank Liu

2   304 S. Jones Blvd #3416

3   Las Vegas, NV 89107

4   818-835-0498

5   frank.liu.96@gmail.com

6   Pro Se Plaintiff

7                 **IN THE UNITED STATES DISTRICT COURT**

8                 **FOR SOUTHERN DISTRICT OF NEW YORK**

9

| Frank Liu | |
|---|---|
| Plaintiff, | |
| vs. | **Case #1:22-cv-09084-JHR-OTW** |
| The Nielsen Company (US) LLC | |
| and | **Motion To Strike Defendants' First, Ninth and Tenth Affirmative Defenses in Defendants' Answer (ECF 130)** |
| TNC US HOLDINGS | |
| Defendants. | |

10

11

12

13

14

15

16

17

18

1

**Introduction**

1
2       Through Rule 12(f), Plaintiff moves to strike Nielsen Defendants' First, Ninth and
3  Tenth Affirmative Defenses with prejudice from their Answer (ECF 130) because he does
4  not believe Defendants should be allowed to re-litigate issues already decided upon by the
5  Court during the motion to dismiss phase by re-introducing the same procedural issues as
6  affirmative defenses in their Answer.  Defendants did not object to Judge Wang's R&R and
7  their time to object has long elapsed.  Nielsen's failure to object means their objections are
8  waived, therefore they should be prevented from bringing up the same issues later on in the
9  lawsuit.

10      Moreover, Plaintiff believes Judge Wang already carefully reviewed Defendants'
11  Motion to Dismiss and their Reply in Support of their Motion to Dismiss.  After considering
12  Defendants' arguments to dismiss based on procedural grounds, not only did Judge Wang
13  grant Plaintiff equitable tolling, she recommended Counts 1-3 "should proceed to be judged
14  on the merits."  Furthermore, Judge Rearden (through de novo review) already carefully
15  reviewed Judge Wang's Report and Recommendation and found no clear error.  Defendants'
16  First, Ninth and Tenth Affirmative Defenses should be stricken because re-litigation would
17  not only be prejudicial to Plaintiff by making Plaintiff spend time on issues already decided
18  on, but also allow Nielsen Defendants the ability to subvert the laws of the case doctrine,
19  and ignore issue preclusion.

20

**Nielsen Defendants' Affirmative Defenses**

21
22      Defendants' Answer (ECF 130) includes their First Affirmative Defense that
23  Plaintiff's "claims set forth in the Complaint are barred, in whole or in part, by any and all
24  applicable statutes of limitation."  However, this Court has already addressed and resolved
25  the statute of limitations issue in its ruling on Defendant's Motion to Dismiss, where the
26  Court granted equitable tolling to Plaintiff, and held that Plaintiff's Count 1-3 claims are not
27  time-barred and should be judged based on the merits.  Allowing Nielsen to reassert their

"statute of limitations" defense in their Answer is redundant, immaterial, and contrary to judicial economy.  In *Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)*, the Supreme Court held filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.  Nielsen's First Affirmative Defense directly conflicts with that ruling because the Court already granted Plaintiff equitable tolling.  Therefore, Plaintiff respectfully moves the Court to **strike** Nielsen's First Affirmative Defense to prevent re-litigation on the matter.

Furthermore, Defendants' Ninth and Tenth Affirmative Defenses should also be **stricken** because Defendants have already raised those same issues in their motion to dismiss, and Judge Wang already carefully reviewed both Defendants' Motion to Dismiss Amended Complaint (ECF 53) and their reply (ECF 77), and on August 13, 2024, Judge Wang recommended that Plaintiff's counts 1-3 "should proceed to be judged on the merits." (ECF 105).

Courts have consistently struck affirmative defenses that are duplicative of issues already resolved in prior rulings. See *Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)* (emphasizing the importance of judicial economy and striking redundant defenses).  Plaintiff believes Defendants should not be allowed to re-litigate the same procedural issues over and over again.

If Defendants had objections to the Court's decision of allowing equitable tolling and for counts 1-3 to proceed to be judged on the merits, then Defendants should have filed a timely objection to Judge Wang's Report and Recommendation before their deadline elapsed.  Since Defendants filed no objections to Judge Wang's R&R, and months later, Judge Rearden affirmed Judge Wang's Report and Recommendation after finding no clear error, Defendants' First, Ninth and Tenth Affirmative Defenses should be **stricken** from their Answer with prejudice through Rule 12(f).

1    **Legal Standard**

2    **As a matter of law**, when Nielsen Defendants failed to timely object to a Report and

3    Recommendation (such as granting equitable tolling or allowing Plaintiff's Counts 1-3 to

4    proceed to be judged based on the merits), and the R&R is later affirmed by a District

5    Judge, then Defendants have waived their right to appellate review, and should be precluded

6    from re-introducing the same matters already decided upon by the Court as affirmative

7    defenses for re-litigation purposes.  Plaintiff will suffer **prejudice** should Nielsen be

8    allowed to re-litigate issues that have already been resolved by this very Court.  Re-

9    litigation will cause unnecessary delay and may take up a lot of Plaintiff's time to re-argue

10   issues that have already been decided upon.

11   Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an

12   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

13   Affirmative defenses are subject to the same pleading standards as claims under *Ashcroft v.*

14   *Iqbal, 556 U.S. 662 (2009)*, and *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*.

15   Defenses that are legally insufficient, conclusory, or redundant may be stricken. See *Hayne*

16   *v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009)*.

17   Courts routinely strike affirmative defenses that have already been adjudicated or are

18   duplicative of issues resolved in prior rulings. See *FTC v. Think All Publishing, L.L.C., 564*

19   *F. Supp. 2d 663, 671 (E.D. Tex. 2007)* (striking defenses that were duplicative of arguments

20   rejected in a motion to dismiss).

21   Striking Nielsen's First, Ninth and Tenth Affirmative Defenses will promote judicial

22   efficiency and prevent unnecessary litigation on issues that have already been decided upon.

23

24   **Quotes from Judge Wang's Report and Recommendation (ECF 105):**

25   "Because I find that Plaintiff has acted diligently, and that extraordinary circumstances

26   prevented his timely filing, I recommend that equitable tolling be applied."

27

4

1 "Accordingly, equitable tolling should be applied and Plaintiff's suit permitted to proceed,

2 and the merits of the motion to dismiss to be considered, as if it had been timely filed."

3

4 "Accordingly, Defendants' motion to dismiss should be denied as to Plaintiff's NYSHRL

5 race discrimination and retaliation claims in Counts 1-3 of the Amended Complaint, and

6 those claims should proceed to be judged on the merits."

7

8 **Quotes from Judge Rearden's Order (ECF 125):**

9 "Nevertheless, the Court has carefully reviewed the Report and Recommendation, unguided

10 by objections, and finds no clear error. Judge Wang's Report and Recommendation is well

11 reasoned and grounded in fact and law."

12

13 "Accordingly, the recommendations with respect to Defendants' motion to dismiss in the

14 Report and Recommendation are ADOPTED."

15

16 **Prejudice to Plaintiff if Re-litigation is Allowed**

17     **1.** Plaintiff already spent considerable amount of <u>time</u> on his Amended Complaint

18 (ECF 44) and also his Response to Defendants' Motion to Dismiss (ECF 75) regarding

19 equitable tolling and matters related to the EEOC process.  The time Plaintiff spent

20 addressing equitable tolling and the EEOC process was not only extremely time consuming,

21 but took away time that Plaintiff could have spent further strengthened his Count 5 claim

22 regarding Nielsen's wage violations.  As an example, Plaintiff has a bunch of screenshots

23 with timestamps of the times he rolled back his time card, which Liu believes if he had

24 presented the evidence, the Court may have allowed his Count 5 claim to proceed.

25 However when working on ECF 44 and ECF 75, one of Liu's primary focuses was to show

26 the Court how the Court should not dismiss his lawsuit based on procedural grounds.

1    Plaintiff believes he could have filed a request for reconsideration within 14 days of
2    Judge Wang's R&R and explained to the Court he has evidence that was not presented to
3    the Court regarding Nielsen's wage violations, and asked the Court for leave to further
4    amend his complaint to bolster his Count 5 claim, but Liu decided not to do so.  The reason
5    why he didn't do so was because Plaintiff was OK to sacrifice his Count 5 claim if it meant
6    the overall lawsuit would move forward because after all, Judge Wang recommend
7    Plaintiff's Count 1-3 claims (which Liu believes to be the most important claims in his
8    lawsuit) to proceed to be considered based on the merits.

9    Should Defendants be allowed to assert their First, Ninth and Tenth Affirmative
10   Defenses again in the future, even though the Court already decided that Liu's counts 1-3
11   claims should proceed to be judged on the merits, then that would potentially cause Liu to
12   need to spend a lot of time re-defending the same issues the Court already decided upon.

13   Not only did Defendants already try to dismiss Liu's lawsuit based on procedural
14   grounds (arguments based on time-barred and EEOC procedural rules), they had plenty of
15   time to carefully craft their arguments for their motion to dismiss.  Liu submitted his
16   Amended Complaint (ECF 44) back in June of 2023.  It wasn't until Jan. 26, 2024 that
17   Defendants finally filed their Motion to Dismiss Amended Complaint (ECF 53).

18   **2)** While normally Defendants would only have 21 days to oppose an Amended
19   Complaint, it is undisputed that Nielsen Defendants had more than 6 months to work on
20   their Motion to Dismiss Liu's Amended Complaint.  During those months, Defendants had
21   plenty of time to work on their motion to dismiss to incorporate all of their arguments
22   related to the procedural requirements of the EEOC as it relates to Liu's lawsuit.  Allowing
23   Nielsen to re-present their procedural arguments as outlined in their First, Ninth and Tenth
24   Affirmative Defenses after the Court already carefully reviewed all of Nielsen's arguments
25   contained in their Motion to Dismiss Liu's Amended Complaint, would not only cause great
26   prejudice to Plaintiff, but allow Nielsen to further game the system through re-litigation.

**3.** Nielsen Defendants did not ask for attorney's fees in their motion to dismiss which already tried to dismiss Liu's lawsuit based on procedural grounds. However, in Nielsen's Answer (ECF 130), they have now asked for attorney's fees should they prevail. Nielsen's First, Ninth and Tenth Affirmative Defenses allow them to have a second bite at the apple to get Liu's lawsuit dismissed based on procedural grounds, and now since they have now asked for attorney's fees, not only are they trying to re-litigate issues already decided upon by the Court, Nielsen wants money should they win through re-litigation.

In *CRST Van Expedited, Inc. v. Equal Employment Opportunity Comm'n, 578 U.S. ___ (2016)*, the United States Supreme Court ruled that "a favorable ruling on the merits is not a necessary predicate to find that a defendant is a prevailing party." Therefore, it looks like the CRST ruling allows defendant(s) to collect attorney's fees even if they don't win based on the merits, but through procedural grounds.

If Nielsen had objections to Judge Wang's R&R, procedurally they should have filed an objection within 14 days. If Nielsen wanted to appeal Judge Rearden's Affirmation of the R&R, then they still have time to appeal to the Second Circuit should Nielsen choose to do so. But allowing Nielsen to re-litigate issues within this very Court on issues already decided upon, seems not only prejudicial to Plaintiff, but totally unfair.

**4)** According to the history of this lawsuit, before this lawsuit was assigned to District Judge Rearden, it was assigned to District Judge Liman. Plaintiff believes it is certainly possible for the Court to shift workload around to more evenly distribute cases as new District or Magistrate Judges are appointed. The Court granted Plaintiff equitable tolling and allowed counts 1-3 to proceed to be judged on the merits. Should Defendants be allowed to re-litigate issues already decided upon by the Court, then it is certainly possible through the use of delay tactics, the case might one day be re-assigned to a different Magistrate and/or District Judge.

From Plaintiff's understanding, equitable tolling is a matter of judicial discretion and applied on a case by case basis by the judge(s). Should Nielsen be allowed to re-litigate the

1   issue of statute of limitations and EEOC procedure with new judges (in the event the case

2   gets reassigned to shift workload), then it is possible that one judge's use of judicial

3   discretion for equitable tolling may differ from another's.

4        While Plaintiff believes he will likely prevail at trial based on the merits of the case,

5   if Defendants were allowed unlimited chances to re-litigate the same procedural issues, and

6   perhaps in front of a different judge, then Plaintiff believes perhaps it's possible a different

7   judge might reach a different conclusion on matters that allow for judicial discretion.  After

8   all, for Liu's first lawsuit, Senior District Judge Jeffrey S. White did not transfer Liu's

9   lawsuit to SDNY, but instead dismissed it without prejudice and suggested he refile it in NY

10   or NJ.  Liu believes perhaps a different federal judge might have used judicial discretion to

11   transfer the case to a court with personal jurisdiction instead of dismissing the lawsuit in

12   order to prevent parties from having to waste years on litigating the procedural

13   requirements of employment discrimination lawsuits.  So Plaintiff does believe sometimes

14   it's possible for different judges to reach different conclusions, and re-litigation would

15   subvert justice if parties can just try the same issues over and over again, instead of having

16   to appeal to a higher authority if they object to a court's decision.

17

18   **Nielsen's Attempt to Subvert The Laws of the Case & Ignore Rule of Issue Preclusion**

19        The Court granted equitable tolling and for Counts 1-3 to proceed to be judged on the

20   merits.  Defendants' argument of statute of limitations and the EEOC process attempts to

21   subvert the Laws of the Case doctrine.  If Defendants had any objections to Judge Wang's

22   R&R, they should have filed an objection within 14 days.

23        In _United States v. Smith (6th Cir. 2003)_, the Sixth Circuit held that a ruling on a

24   motion to dismiss based on a legal issue becomes the law of the case and cannot be

25   relitigated unless there is a clear error or a change in the law.  In Judge Rearden's order

26   (ECF 125), she specifically stated that despite there being no objections to Judge Wang's

1   Report and Recommendation, the Court carefully reviewed the Report and

2   Recommendation "de novo" and found no clear error.

3        From Plaintiff's perspective, Defendants should not be allowed to re-litigate the same

4   issues that have already been decided upon because that would be bad faith.  Defendants

5   have already waived their opportunity to object to Judge Wang's R&R.  Plaintiff believes if

6   Defendants disagree with ECF 125, then they need to appeal it to the Second Circuit instead

7   of being allowed to re-litigate the same procedural issues already litigated during the

8   motion to dismiss stage.

9        While Defendants failed to object to ECF 105 within the 14 days permitted, they still

10  have time to object to ECF 125 should they choose to, by filing an appeal in the Second

11  Circuit within 30 days after the date ECF 125 came out. By Liu's calculation, the deadline

12  for Nielsen to appeal ECF 125 at the circuit level would be by Monday, Feb. 24, 2025.

13  Although, Plaintiff does not believe such an appeal will be successful, the point Plaintiff is

14  trying to make by bring up Nielsen Defendants' appeal rights is that Defendants ought to

15  follow court procedure in a timely way.  Nielsen should not be allowed to object to an R&R

16  by trying to re-litigate the same issues later on during the lawsuit, when their time to object

17  to the R&R has long passed and the issues have already been decided upon by the Court.

18       If Nielsen believes the court erred by allowing equitable tolling and for Liu's Count

19  1-3 claims to proceed, then Nielsen should be appealing things the proper way instead of

20  attempting to subvert justice through re-litigating the same issues in the same court.

21  Although Liu does not believe Nielsen will succeed on an appeal, in good faith, Liu got this

22  motion to strike submitted promptly, so Nielsen still has time to meet their 30 day deadline

23  to appeal ECF 125 to the Second Circuit Court should they somehow believe they can win

24  an appeal to overturn ECF 125.

25  **Conclusion**

26       Plaintiff does not believe Defendants should be allowed to re-litigate the same

27  procedural issues within the same court after they failed to timely file an objection in order

to preserve their right for appellate review.  Plaintiff believes Judge Wang spend a
considerable amount of time going over the briefs for Defendant's motion to dismiss and
there was even careful de novo review conducted by Judge Rearden.  At this stage of the
lawsuit (which is already more than 2 years old), Defendants should be barred from
attempting to re-litigate the validity of the lawsuit based on procedural grounds within the
same trial court.

Defendants already had their opportunity to disqualify Liu's lawsuit based on
procedural grounds.  The Court allowed Liu's Counts 1-3 claims to proceed to be judged on
the merits.  The District Judge affirmed Judge Wang's R&R.  Liu has already spent a
significant amount of time opposing Nielsen's procedural arguments during the motion to
dismiss phase.  If Nielsen is allowed to argue statute of limitations or other procedural
arguments over and over again, then that undermines judicial efficiency.  If Nielsen wanted
to contest the Court's decision in ECF 105 and 125, then the correct way was to file timely
objections and/or file an appeal in the Second Circuit.

It is indisputable, Nielsen did not object to Judge Wang's report and
recommendation, and after careful de novo review, Judge Rearden affirmed the report and
recommendation.  Nielsen should be prevented form re-presenting affirmative defenses that
have already been addressed by this Court.  Therefore, Plaintiff respectfully requests the
Court **strike** Defendants' <u>First, Ninth and Tenth Affirmative Defenses</u> <u>with prejudice</u> from
Defendants' Answer as a matter of law in order to minimize prejudice to Plaintiff.

Respectfully submitted,

*Frank Liu*

Dated 2/10/2025                    Frank Liu

Pro Se Plaintiff