Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Motion Requesting Settlement Conference** |

## Motion Requesting Settlement Conference

Plaintiff respectfully requests that this Court schedule a settlement conference to try to assist parties to find a resolution to the lawsuit because in ECF 128, Defendants' allege that, they are willing to engage in good faith settlement discussions. Here is an excerpt of what Defendants wrote in ECF 128:

> In truth, Defendants have been and remain willing to engage Plaintiff in good faith, including in settlement discussions. However, such discussions have consistently proven difficult. It is Defendants' view that the prospects of an amicable resolution will be improved considerably by appointment of *pro bono* counsel. Further discussions involving an attorney representing Plaintiff may resolve this matter and render unnecessary any further costs (discovery-related and otherwise) on Defendants and this Court.

If the Court believes Defendants at their own words, then perhaps ordering another settlement conference to take place might be a good idea. After all, federal courts strongly encourage settlement conferences as a means of promoting judicial efficiency and resolving disputes without the need for trial. See *In re Atlantic Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002) (noting that "settlement conferences are a valuable tool for resolving disputes and conserving judicial resources"). Furthermore, Plaintiff believes Rule 16(a)(5) of the Federal Rules of Civil Procedure authorizes courts to direct the parties to participate in settlement conferences.

Plaintiff is willing to settle his lawsuit for an amount that is fair and at least takes into consideration some of the damages Nielsen has caused Plaintiff. Should the amount offered and the terms of the settlement be fair and does not try to silence Plaintiff through the use of confidentiality provisions (eg. perhaps a fair settlement in exchange for Release of All Claims), then Plaintiff believes a resolution can be amicably reached, leading to the termination of the lawsuit, so Liu can try to move on with what's left of his life.

It appears Defendants believe since Liu is pro se and does not have a lawyer, settling the lawsuit is "difficult." There is no law that requires a victim in an employment

discrimination lawsuit to have to give up their First Amendment rights and agree to any of Nielsen's confidentiality provision(s). However, since Liu would like to resolve the lawsuit and it appears Nielsen Defendants are suggesting they want to resolve the lawsuit, too, perhaps a court ordered settlement conference may be beneficial to both Plaintiff and Defendants to see if parties can reach an amiable resolution with the Court's assistance, now that Defendants' Motion to Dismiss Liu's Amended Complaint has been been decided upon.

  Courts have consistently held that settlement conferences are particularly appropriate in cases where the parties have demonstrated a willingness to negotiate but have been unable to reach an agreement. See *Williams v. First Nat'l Bank*, 216 F.3d 1089, 1090 (D.C. Cir. 2000) (affirming the district court's authority to order a settlement conference to encourage resolution of the dispute).

  Although, Liu does not currently have a lawyer, there is no guarantee a volunteer "pro bono" lawyer will agree to represent Liu. As per ECF 129, discovery is stayed in the case until March 7, 2025 and could potentially be extended further. Because the Court is in essence, pausing the lawsuit from moving forward to discovery, Plaintiff believes during the time parties wait to see if a volunteer "pro bono" lawyer will agree to represent Plaintiff, a good use of the time could be to conduct a settlement conference to try to resolve the lawsuit altogether. Furthermore, if the case is indefinitely paused for a long time due to no "pro bono" lawyer deciding to represent Plaintiff, then Liu does reserve the right to decline the idea of "pro bono" representation in the future, and move forward pro se once it is clear that waiting for a "pro bono" lawyer would likely be fruitless. While a corporation (an entity that does not physically age or feel pain), or their lawyers (people who are paid to represent their clients), may think that there is no prejudice when a lawsuit is pending for an indefinite amount of time, they aren't looking at things from a plaintiff's perspective and the emotional pain it causes. If there is a chance conducting another settlement conference could resolve this lawsuit, then perhaps it may be a good idea for the Court to consider it.

This lawsuit has moved forward since the last time settlement conference calls with Judge Wang took place. Since then, Defendants filed their motion to dismiss Liu's Amended Complaint and the motion to dismiss has already been fully decided upon after District Judge Rearden issued her ruling in ECF 125 adopting Judge Wang's Report and Recommendation. Since it has been over a year since the last time the Court ordered and conducted a settlement conference for this lawsuit, then perhaps it may be a good idea to order another one now that the motion to dismiss has been fully decided upon because it appears Defendants are "willing to engage Plaintiff in good faith, including in settlement discussions" according to Defendants' ECF 128 filing.

Parties now have the clarity that Plaintiff's count 1-3 claims have survived the motion to dismiss phase. Since Defendants previously believed they would get the entire lawsuit dismissed, and that hasn't happened, it's possible Nielsen may be willing to resolve the lawsuit more fairly than before. For the reasons provided in this motion, Plaintiff respectfully requests that this Court grant this Motion and schedule a settlement conference at the Court's earliest convenience.

Respectfully submitted,

*[signature: Frank Liu]*

Dated 2/13/2025

Frank Liu

Pro Se Plaintiff