Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br>    Plaintiff,<br>    vs.<br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Exhibit 1**<br><br>**In Support of Plaintiff's**<br>**Letter to Judge Wang Regarding Defendants'**<br>**Misrepresentations in ECF 128** |



F L &lt;frank.liu.96@gmail.com&gt;

## Requesting Your Consent and/or Nielsen's Consent to reach out to Ania Howard

F L &lt;frank.liu.96@gmail.com&gt;                                                                           Fri, Jan 24, 2025 at 7:06 AM
To: "Spangler, Cardelle" &lt;cspangler@winston.com&gt;, "McCann, Caitlin" &lt;CMcCann@winston.com&gt;

Ms. Spangler and Ms. McCann,

ECF 110 states, "Plaintiff Frank Liu is DIRECTED to refrain from contacting or communicating with current or former Nielsen employees in any manner regarding the subject matter of this litigation without the presence or consent of Defendants' counsel."

I am reaching out to you in good faith to inquire if I have your consent and/or Nielsen's consent to communicate with Ania Howard who is a former Nielsen employee who worked for the Nielsen Audio, Inc division. She is currently suing Nielsen Audio, Inc under the case "Howard v. Nielsen Audio, Inc." (Case # 4:24-cv-04545 filed in the US District Court for the Southern District of Texas)

I discovered her lawsuit while searching PacerMonitor.  After discovering her lawsuit, I have been following the lawsuit's progression.  It appears an attorney representing Nielsen filed a motion to dismiss Ania Howard's lawsuit on Jan 17, 2025.  I am reaching out to you in good faith to see if you and/or Nielsen will allow me to communicate with Ania Howard because I think I might be able to provide her some insight that may help her with her lawsuit, or at least provide her moral support.  Ania Howard is also pro se (just like I am pro se), and for pro se parties, litigating lawsuits pro se is difficult.  I'd like to reach out to her so I can hopefully provide her moral support and perhaps give her some insight about my legal journey as a pro se plaintiff which might be helpful for her because she is also pro se.  I am not a lawyer, and if I am allowed to communicate with her, I will let her know I'm not a lawyer.  However, in talking about my lawsuit and giving examples of my experience, I think it may provide her some valuable insight for her pro se journey into fighting for her civil rights.

To be clear, the purpose of communicating with her is not for discovery related reasons for my lawsuit.  Her lawsuit does not relate to my lawsuit because (from reading her amended complaint), it looks like she was terminated by Nielsen sometime in October of 2024.  I don't think she was even an employee at Nielsen back when I worked at Nielsen.  I am guessing she was hired months or years after my termination from Nielsen.  Another difference between me and her, is that I did not recruit homes for the audio side of Nielsen, while she did recruit homes for "Nielsen Audio, Inc."

The reason why I need to reach out to you is because ECF 110 prohibits me from contacting or communicating with Ania Howard regarding the subject matter of my lawsuit without the presence or consent of Defendants' counsel.  If I do communicate with her, I would most likely need to talk about my pro se lawsuit in order to provide her insight from one pro se plaintiff to another.  I'd also like to give her moral support because I understand how hard it is being a pro se plaintiff.

In no way do I mean to offend you by writing this in-depth email about the matter.  The reason why I am reaching out to you is to explain my request about why I want to contact Ania Howard, and to see if I have the "consent of Defendants' counsel" (and/or Nielsen's consent) to communicate with Ms. Howard.

Please get back to me as soon as possible.  It is my understanding she has a limited amount of time to oppose Nielsen's motion to dismiss, and I would like to have your consent and/or Nielsen's consent to allow me to reach out to her before her deadline elapses.

Thank you.

2/19/25, 7:34 PM
Case 1:22-cv-09084-JHR-OTW   Document 134-1   Filed 02/24/25   Page 3 of 6
Gmail - Requesting Your Consent and/or Nielsen's Consent to reach out to Ania Howard

 Gmail  F L <frank.liu.96@gmail.com>

## Requesting Your Consent and/or Nielsen's Consent to reach out to Ania Howard

**McCann, Caitlin** <CMcCann@winston.com>  Fri, Jan 24, 2025 at 10:09 AM
To: F L <frank.liu.96@gmail.com>, "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Liu,

Nielsen does not agree to your request.

Best,

**Caitlin McCann**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1802

[winston.com](winston.com)

*Admitted to practice in California*

[Winston & Strawn LLP logo]

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image003.png**
1K



F L <frank.liu.96@gmail.com>

### Requesting Your Consent and/or Nielsen's Consent to reach out to Ania Howard

F L <frank.liu.96@gmail.com>  
To: "McCann, Caitlin" <CMcCann@winston.com>  
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Fri, Jan 24, 2025 at 11:39 AM

Ms. McCann,

ECF 110 also mentions "presence" of "Defendants' council." As a follow-up, since Nielsen declines to give consent, I am wondering if Nielsen will agree to allow me to call Ms. Howard with either you or Ms. Spangler on the line (thus qualifying under the "presence" part of ECF 110).

Will you or Nielsen agree to this alternative? I would like to give Ms. Howard moral support in her pro se journey to fight for her emoloyment rights.

Please let me know if Nielsen will agree to the "presence" part as soon as possible. If Nielsen agrees to this alternative, what is a good day and time for the call?

I have Ms. Howard's phone number already because it is listed on her Amended Complaint (see https://storage.courtlistener.com/recap/gov.uscourts.txsd.1981477/gov.uscourts.txsd.1981477.4.0.pdf )

Please let me know if Nielsen agrees to this alternative to satisfy the "presence" part of ECF 110.

Thank you.  
[Quoted text hidden]

 F L <frank.liu.96@gmail.com>

# Requesting Your Consent and/or Nielsen's Consent to reach out to Ania Howard

**McCann, Caitlin** <CMcCann@winston.com>  Fri, Jan 24, 2025 at 11:40 AM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Liu,

Nielsen does not agree. We will not respond to further emails on this topic.

[Quoted text hidden]

---

**image003.png**
1K

                                          Exhibit respectfully submitted,

                                          */s/ Frank Liu*

Dated 2/21/2025                      Frank Liu

                                          Pro Se Plaintiff