UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>The Nielsen Company (US) LLC, et al., )<br>)<br>    Defendants. )<br>)<br>) | Case No. 1:22-cv-09084-JHR-OTW<br><br>Judge Jennifer H. Rearden |

**DEFENDANTS THE NIELSEN COMPANY US LLC AND TNC US HOLDINGS'
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' FIRST, NINTH AND TENTH AFFFIRMATIVE DEFENSES IN
DEFENDANTS' ANSWER (ECF 130)**


WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

333 S. Grand Ave., 38th Fl.
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams Book Co. v. Ney*,
  No. 97-CV-4418 (ILG), 2002 WL 31946713 (E.D.N.Y. Dec. 3, 2002) .................................... 6

*Bennett v. Spoor Behrins Campbell & Young*,
  124 F.R.D. 562 (S.D.N.Y.1989) ........................................................................................ 4, 6, 8

*Bernstein v. Mount Ararat Cemetery Inc.*,
  No. 11 CV 68, 2012 WL 3887228 (E.D.N.Y. Sept. 7, 2012) .................................................... 3

*Brooklyn Union Gas Co. v. Exxon Mobil Corp.*,
  478 F. Supp. 3d 417 (E.D.N.Y. 2020) ...................................................................................... 6

*Calabrese v. CSC Holdings, Inc.*,
  No. CV 02-5171(DLI)(JO), 2006 WL 544394 (E.D.N.Y. Mar. 6, 2006) ................................. 8

*Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*,
  205 F.R.D. 148 (S.D.N.Y. 2002) .............................................................................................. 6

*Davis v. Fort Bend Cnty.*,
  893 F.3d 300 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cnty., Texas v. Davis*,
  587 U.S. 541, 139 S. Ct. 1843, 204 L. Ed. ............................................................................... 7

*Fox v. Milosevic*,
  No. 905CV1292LEKGJD, 2007 WL 9773518 (N.D.N.Y. Sept. 10, 2007) ............................. 4

*Kelly v. 21 Grp. Inc.*,
  No. 22-CV-0226 (MKB), 2023 WL 5831131 (E.D.N.Y. Sept. 8, 2023) .................................. 6

*McCaffery v. McCaffery*,
  2012 WL 3260299, No. 11 CV 703 DRH WDW, 2012 WL 3260299
  (E.D.N.Y. Aug. 8, 2012) ........................................................................................................... 2

*Oppel v. Empire Mutual Insurance Co.*,
  92 F.R.D. 494 (S.D.N.Y. 1981) ........................................................................................ 2, 3, 4

*Pettaway v. Nat'l Recovery Sols.*,
  LLC, 955 F.3d 299 (2d Cir. 2020) ............................................................................................ 4

*S.E.C. v. Thrasher*,
  No. 92 CIV. 6987 (JFK), 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995) ..................................... 7

*Salcer v. Envicon Equities Corp.*,
  744 F.2d 935 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) ................. 2, 4

*SEC v. Toomey*,
    866 F.Supp. 719 (S.D.N.Y.1992) ................................................................................7, 8

*State of N.Y. v. Almy Bros.*,
    971 F. Supp. 69 (N.D.N.Y. 1997) ..............................................................................2

*Tardif v. City of New York*,
    302 F.R.D. 31 (S.D.N.Y. 2014) .................................................................................5

*Travellers Int'l, A.G. v. Trans World Airlines, Inc.*,
    41 F.3d 1570 (2d Cir. 1994).......................................................................................2

*Verges v. News Syndicate Co.*,
    11 F.R.D. 587 (S.D.N.Y.1951) .................................................................................5

## Other Authorities

Federal Rules of Civil Procedure Rule 8(c)(1) ................................................................2

Federal Rules of Civil Procedure Rule 12(f) ...............................................................2, 8

Federal Rules of Civil Procedure Rule 12(b)(6) ..............................................................3

## I. INTRODUCTION

Defendants The Nielsen Company (US) LLC and TNC US Holdings (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Frank Liu's ("Plaintiff") Motion to Strike Defendants' First, Ninth and Tenth Affirmative Defenses in Defendants' Answer, ECF 130. Plaintiff's Motion to Strike falls short by failing to address the applicable legal standard in moving to strike affirmative defenses or establish prejudice from inclusion of the challenged defenses. Because Plaintiff has not proved the elements necessary to succeed on a motion to strike, his Motion should be denied.

## II. PROCEDURAL HISTORY

The relevant procedural history is as follows:

- June 20, 2023: Plaintiff filed the operative Amended Complaint (ECF No. 44 ["Amended Complaint"]);

- January 26, 2024: Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 54 ["Motion to Dismiss"]);

- August 13, 2024: Magistrate Judge Wang issued a Report and Recommendation on Defendants' Motion to Dismiss, recommending Defendants' Motion to Dismiss be granted in part and denied in part (ECF No. 105 ["R&R"]);

- January 24, 2025: This Court adopted the R&R, ordering Defendants' Motion to Dismiss granted in part and denied in part (ECF. 125 ["Order on Motion to Dismiss"]); and

- February 7, 2025: Defendants filed a timely answer (ECF. 130 ["Answer"]).

In their Answer, Defendants assert, in part, the following affirmative defenses: (1) the claims set forth in the Complaint are barred, in whole or in part, by any and all applicable statutes of limitation; (9) Plaintiff's claims are barred or limited by the validity and scope of the Charge of Discrimination filed by Plaintiff with the EEOC; and (10) Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's Amended Complaint alleges illegal conduct not contained in a charge filed with the Equal Employment Opportunity Commission and/or Plaintiff

1

failed to satisfy all the administrative, procedural, and jurisdictional prerequisites necessary to maintain his purported causes of action under Title VII or any other applicable statute. Answer, at 32, 34.

### III. LEGAL STANDARD

Affirmative defenses must be raised in a responsive pleading; if not, they are considered waived. Fed. R. Civ. P. 8(c)(1) "In responding to a pleading, a party must affirmatively state any . . . affirmative defense, including . . . statute of limitations . . . ."; *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver.")

A motion to strike an affirmative defense tests only the legal sufficiency of the affirmative defense. Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP") provides, in part, that the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Second Circuit generally disfavors motions to strike and has noted: "[a] motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) (internal quotations and citations omitted); *McCaffery v. McCaffery*, 2012 WL 3260299, No. 11 CV 703 DRH WDW, 2012 WL 3260299, at *5 (E.D.N.Y. Aug. 8, 2012); *see also State of N.Y. v. Almy Bros.*, 971 F. Supp. 69, 72 (N.D.N.Y. 1997) ("Courts generally disfavor Rule 12(f) motions and do not routinely grant them."); *Oppel v. Empire Mutual Insurance Co.*, 92 F.R.D. 494, 496

(S.D.N.Y. 1981) ("Motions to strike a defense are not generally favored and will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact.").

To successfully strike an affirmative defense, a plaintiff must establish three elements: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Bernstein v. Mount Ararat Cemetery Inc.*, No. 11 CV 68, 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012) (internal quotations and citations omitted).

Plaintiff has not addressed the legal standard and has indisputably made no such showing. His Motion to Strike must be denied.

**IV.     ARGUMENT**

    **A.     This Court's ruling on Defendants' Motion to Dismiss does not prohibit Defendants from asserting affirmative defenses.**

Plaintiff argues Defendants cannot assert affirmative defenses that were already argued, and decided, on Defendants' Motion to Dismiss. This argument fails because it is based on a fundamentally flawed assumption about the standard governing FRCP 12(b)(6) motions. "[E]ven if the Court has previously decided these issues [on a motion to dismiss], the doctrine of the law of the case does not prevent the Court from reconsidering them." *Oppel*, 92 F.R.D. at 496. Defendants are not prohibited from raising affirmative defenses that were rejected in a motion to dismiss – and, in fact, must do so to avoid waiving such defenses. As noted in the Report & Recommendation, in ruling on Defendants' Motion to Dismiss, the Court must accept Plaintiff's factual allegations as true. R&R at 10. A ruling as to the sufficiency of Plaintiff's operative complaint based on the assumption that the allegations are true is not binding on the merits for the remainder of the action, nor does it conclusively determine that there is no question of fact or law that might allow the defense to succeed. Discovery may yield evidence in support of

3

Defendants' affirmative defenses that Defendants were precluded from raising on a motion to dismiss, and that may be fleshed out on a motion for summary judgment or adjudication, or at trial on the merits.

Courts regularly deny motions to strike affirmative defenses that were unsuccessful at the motion to dismiss stage. *See, e.g., Oppel,* 92 F.R.D. at 498 (denying motion to strike as to defendants' statute of limitations affirmative defense because "an issue of fact exists as to this issue, and plaintiff is not prejudiced by the inclusion of this defense"); *Fox v. Milosevic,* No. 905CV1292LEKGJD, 2007 WL 9773518, at *4 (N.D.N.Y. Sept. 10, 2007) (denying *pro se* plaintiff's motion to strike affirmative defenses that were "redundant" of issues and grounds raised in defendants' motion to dismiss). Here, too, Plaintiff's Motion should be denied.

### B. Plaintiff does not (and cannot) establish there is no question of fact or law which might allow Defendants' statute of limitations affirmative defense (first affirmative defense) to succeed.

Plaintiff does not address the first two elements required to challenge the sufficiency of an affirmative defense and has therefore waived his right to do so. *See Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, n. 2 (2d Cir. 2020) (*citing Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)) ("Issues raised for the first time in a reply brief are generally deemed waived.").

In any event, Plaintiff cannot meet his heavy burden to demonstrate there are no questions of fact or law as to Defendants' statute of limitations defense. Unless it is certain that the plaintiff will prevail despite any possible state of facts, the motion to strike must fail. *See Salcer,* 744 F.2d at 939; *see also Bennett v. Spoor Behrins Campbell & Young,* 124 F.R.D. 562, 564 (S.D.N.Y.1989) ("Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its defense, when the possibility of a meritorious defense exists, the Court must, absent a showing of prejudice or injury to plaintiff, deny the motion to strike the affirmative

4

defense."); *Verges v. News Syndicate Co.,* 11 F.R.D. 587, 589 (S.D.N.Y.1951) (stating that "[i]f the insufficiency of a defense is based upon facts, their interpretation and application, or upon inferences to be drawn therefrom, such inferences are for the triers of the fact").

To start, Plaintiff's Motion should be denied because there can be no question that the parties dispute the statute of limitations defense where Defendants deny Plaintiff's allegations that his claims are timely. Answer, at ¶¶ 2, 63-85, 96, 97, and 99; *Tardif v. City of New York*, 302 F.R.D. 31, 35 (S.D.N.Y. 2014) (denying plaintiff's motion to strike defendants' statute of limitations affirmative defense where defendants' answer denied knowledge or information sufficient to form a belief as to whether plaintiff complied with the statute of limitations).

Further, there are questions of fact and law that might allow the statute of limitations defense to succeed. Information regarding the viability of Plaintiff's claims and Defendants' defenses may be ascertained during discovery, such that it would be inappropriate to strike the challenged defense at this stage of the litigation. In denying Defendants' timeliness argument in their Motion to Dismiss, the Court accepted Plaintiff's allegations as true to apply equitable estoppel. R&R, at 10-15. The Court specifically noted and relied on alleged facts, including that Plaintiff believed California to be the correct forum and that he filed the instant action less than thirty days from the dismissal of his California action during which Plaintiff was engaged in settlement negotiations and considering an appeal to the Ninth Circuit, among other factual allegations. *Id.* Defendants may, for example, establish and offer evidence relating to Plaintiff's conduct after his California lawsuit was dismissed and before he refiled in this Court that goes against the application of equitable estoppel. It is premature at this early stage of litigation to prohibit Defendants from developing facts that may lend themselves to a tenable defense in this

5

matter. Given that Defendants have not conducted any discovery to date, it cannot be definitively stated that there are no facts that could be proven that would provide a viable defense.

*Adams Book Co. v. Ney,* No. 97-CV-4418 (ILG), 2002 WL 31946713, at *4 (E.D.N.Y. Dec. 3, 2002) is instructive. In deciding defendant's motion to dismiss, the Court held that the doctrine of equitable estoppel saved the plaintiff's claims from dismissal. *Id.* The Court noted:

> A prerequisite to successful invocation of the doctrine of equitable estoppel is that the plaintiff demonstrate that it was diligent in bringing the action when it became, or should have become, aware of the wrongdoing. . . . [Plaintiff's ] allegations [of diligence], accepted as true as they had to be for purposes of a 12(b)(6) motion, were sufficient to invoke the doctrine of equitable estoppel. However, the issue may be revisited on a motion for summary judgment, where the allegations are no longer presumed to be true.

*Id.* (internal quotations and citations omitted). Plaintiff has failed to demonstrate (or even argue) that the statute of limitations defense cannot succeed under any circumstances, and his Motion to Strike should be denied. *See Kelly v. 21 Grp. Inc.,* No. 22-CV-0226 (MKB), 2023 WL 5831131, at *8 (E.D.N.Y. Sept. 8, 2023) (denying plaintiff's motion to strike defendant's statute of limitations affirmative defense); *Brooklyn Union Gas Co. v. Exxon Mobil Corp.,* 478 F. Supp. 3d 417, 433 (E.D.N.Y. 2020) (same); *Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.,* 205 F.R.D. 148, 156 (S.D.N.Y. 2002) (same); *Bennett*, 124 F.R.D. at 564 (same).

### C. Plaintiff does not establish, or even attempt to establish, any basis to strike Defendants' affirmative defenses relating to the validity and scope of his EEOC Charge, or Plaintiff's failure to satisfy the administrative prerequisites to maintain a claim under Title VII (ninth and tenth affirmative defenses).

Plaintiff's Motion is devoid of any argument specifically addressing Defendants' ninth and tenth affirmative defenses and fails to address or establish that there is no question of fact or law which might allow the defenses to succeed. Contrary to Plaintiff's conclusory assertion, Defendants did not assert their ninth and tenth affirmative defenses, nor did this Court consider them, in Defendants' Motion to Dismiss. Plaintiff also cannot demonstrate there are no questions

6

of fact or law as to these affirmative defenses. In fact, Plaintiff's operative complaint itself raises a question of fact as to whether the scope of the EEOC Charge is limited to conduct beginning on April 23, 2019 by stating: "I had previously informed someone at the EEOC Tampa Field office that I disagreed with the date range of the violations as the initial EEOC charge listed 4-23-2019 as the start date." Amended Complaint, ¶ 83.

Defendants must preserve their right to argue these challenged defenses. A lawsuit may be dismissed where a plaintiff has not adequately exhausted his administrative remedies with the EEOC and met the prerequisites to file suit. *Davis v. Fort Bend Cnty.*, 893 F.3d 300 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 139 S. Ct. 1843, 204 L. Ed. And employers who fail to assert these arguments as affirmative defenses may waive them later in litigation. *Id.*, at 307 ("Failure to exhaust is an affirmative defense that should be pleaded.") To the extent Plaintiff's allegations fall outside the factual and temporal scope of his EEOC Charge, Defendants ninth and tenth affirmative defenses preserve their right to challenge the validity and scope of Plaintiff's EEOC Charge and his failure to satisfy the administrative prerequisites to maintain a claim under Title VII.

Because Plaintiff has made virtually no argument relating to Defendants' ninth and tenth affirmative defenses, his Motion to Strike these defenses should be denied.

### D.     Plaintiff fails to establish prejudice.

Plaintiff's vague, conclusory, and hypothetical arguments are not persuasive and do not establish any prejudice. An increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike. *See SEC v. Toomey,* 866 F.Supp. 719, 722 (S.D.N.Y.1992); *S.E.C. v. Thrasher,* No. 92 CIV. 6987 (JFK), 1995 WL 456402, at *5 (S.D.N.Y. Aug. 2, 1995). However, in evaluating such motions, the Court construes the pleadings liberally to give the defendant a full opportunity to support its claims at

trial, after full discovery has been made. *Bennett v. Spoor Behrins Campbell & Young, Inc.,* 124 F.R.D. 562, 564 (S.D.N.Y.1989). Plaintiff argues only that he will be prejudiced by the inclusion of the challenged defenses because he addressed the statute of limitations in his opposition to Defendants' Motion to Dismiss, the inclusion "will cause unnecessary delay" (but he does not specify how) and "may take up a lot of Plaintiff's time to re-argue issues that have already been decided upon", and because the case may be reassigned to a different judge who differently exercise judicial discretion in determining whether equitable tolling applies. Motion to Strike, 4:8-10, 5:17-8:16. In short, Plaintiff alleges only that the affirmative defenses are redundant, but that is not sufficient to establish undue prejudice in allowing the affirmative defenses to stand. *See Toomey,* 866 F.Supp. at 723 (a redundant claim does not cause prejudice and need not be stricken).

There is no evidence or argument as to how the statute of limitations defense (or any other defense) would require Plaintiff to expend any additional resources to conduct discovery or prepare for trial, cause delay, or impact any deadlines – indeed, a trial date has not been set. In fact, if Defendants successfully assert any of the challenged defenses, that will *limit* the scope of the issues and claims at trial, potentially decreasing the time and expense. Further, Plaintiff's speculation that the inclusion of an affirmative defense *may* take up a lot of his time to oppose or *may* result in equitable tolling going a different direction under a different assigned judge cannot be sufficient to establish prejudice. *See Calabrese v. CSC Holdings, Inc.*, No. CV 02-5171(DLI)(JO), 2006 WL 544394, at *4 (E.D.N.Y. Mar. 6, 2006) (conclusory assertions by the moving party that he is prejudiced are insufficient). Plaintiff has not established any element required to succeed on a motion to strike a defense under FRCP 12(f) and his Motion should be denied.

## V.    CONCLUSION

Defendants respectfully request the Court deny Plaintiff's Motion to Strike or, in the alternative, grant Defendants leave to amend their affirmative defenses.

Dated: Chicago, Illinois  
       February 25, 2025

Respectfully submitted,

By:   /s/ *Cardelle Spangler*  
Cardelle Spangler (admitted *pro hac vice*)  
WINSTON & STRAWN LLP  
35 W. Wacker Drive  
Chicago, Illinois 60601  
(312) 558-5600  
CSpangler@winston.com

Caitlin McCann (admitted *pro hac vice*)  
WINSTON & STRAWN LLP  
333 S. Grand Avenue, #3800  
Los Angeles, California 90071  
(213) 615-1700  
CMcCann@winston.com

*Attorneys for Defendants*  
*TNC US Holdings*  
*The Nielsen Company (US) LLC*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that Defendants' Opposition to Plaintiff's Motion to Strike Defendants' First, Ninth and Tenth Affirmative Defenses in Defendants' Answer, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, contains 2,672 words as measured by the word-processing program used to prepare this brief and complies with the word-count limitations.

*/s/ Cardelle Spangler*
Cardelle Spangler (admitted *pro hac vice*)

Dated: February 25, 2025