Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>The Nielsen Company (US) LLC<br>　　　and<br>TNC US HOLDINGS<br>　　　Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Reply to *Defendants' Response to Plaintiff's Motion Requesting Settlement Conference* (ECF 133)** |

**Reply to Defendants' Response**

In Nielsen's Opposition to Plaintiff's Motion to Lift Stay in Discovery (ECF 128), they were the ones who suggested they "*have been and remain willing to engage Plaintiff in good faith, including in settlement discussions.*" Plaintiff came up with the idea of motioning the Court for another settlement conference because of what Defendants wrote:

> In truth, Defendants have been and remain willing to engage Plaintiff in good faith, including in settlement discussions. However, such discussions have consistently proven difficult. It is Defendants' view that the prospects of an amicable resolution will be improved considerably by appointment of *pro bono* counsel. Further discussions involving an attorney representing Plaintiff may resolve this matter and render unnecessary any further costs (discovery-related and otherwise) on Defendants and this Court.

Plaintiff interpreted the excerpt as a positive signal and thought that perhaps Nielsen would be willing to settle in good faith now that the Court has decided upon the Motion to Dismiss, so Liu took action by motioning the Court for another Settlement Conference. However, on Feb. 21, 2025, Defendants submitted their Response to Plaintiff's Motion Requesting Settlement Conference (ECF 133), in which Defendants oppose conducting another settlement conference unless Liu has a pro bono lawyer representing him.

After reflecting on Defendants' ECF 128 and ECF 133 filings, it would appear Defendants want to have their cake and eat it too. Defendants were the ones who suggested they "*have been and remain willing to engage Plaintiff in good faith, including in settlement discussions*" as a way to show the Court just how reasonable Defendants are in their ECF 128 filing. Plaintiff would not have spent so much time motioning the Court for a settlement conference (and providing case law references in order to try to persuade the Court to schedule another conference), had it not been for what Defendants wrote in ECF 128.

In ECF 133, Defendants oppose Plaintiff's motion requesting a settlement conference because Plaintiff does not have a lawyer. After considering Defendants' ECF 133 response,

if the Court does not want to order another settlement conference, then that is fine. In retrospect, it would appear Defendants' writing about the possibility of settlement discussions in ECF 128 was just a "red herring fallacy" because the willingness or unwillingness of Defendants to engage in good faith settlement discussions with Plaintiff has nothing to do with if a Court should or should not lift a stay in discovery. After all, Plaintiff believes in many circumstances, going through discovery is helpful for parties to understand the strengths and weaknesses of each others' positions and could help facilitate settlement.

In order to support Defendants' position in opposition to Liu's Motion Requesting Settlement Conference, in ECF 133, Cardelle Spangler alleges, "*Plaintiff continues – without any basis – to accuse Defendants of engaging in wrongdoing in connection with settlement communications.*" What does she mean by that? Perhaps a more definite statement is needed on that part so Liu can understand what she is referring to. After Judge Rearden issued ECF 125, adpoting Judge Wang's R&R, Plaintiff has **not** reached out to any of Defendants attorneys to discuss settlement, **nor** have Defendants reached out to Plaintiff regarding settlement. Furthermore, Plaintiff has not sent any emails to Nielsen's lawyers since Jan. 28, 2025, where the last email Liu sent Nielsen's lawyers was when he informed Ms. McCann that he has not been assigned a lawyer and was still pro se, which was in response to Ms. McCann's request "*that further communications between the parties be handled by your pro bono counsel.*" Ms. McCann's email was in response to Plaintiff's original email requesting a stipulation to lift the stay in discovery and had nothing to do with settlement. (The emails are filed under **Exhibit A in ECF 127-1**)

Furthermore, in Defendants' ECF 133, Ms. Spangler wrote, "*He has also filed confidential settlement communications on the public record, imposing unnecessary and additional costs on the Court and Defendants.*" Liu is going to assume Ms. Spangler is referring to ECF 6 and 6-1. ECF 6 and 6-1 were filed back in October of 2022. It is now February of 2025. And Liu is pretty certain the parties engaged in settlement conferences with Judge Wang back in 2023.

Now that the Court has already decided on Defendants' motion to dismiss, if Nielsen doesn't want another settlement conference to take place to try to work out a resolution because Liu does not have a lawyer, then that is fine *for them*. As a corporation, Nielsen does not feel any pain. It didn't hurt Nielsen at all that the EEOC process took over 1.5 years. It didn't hurt Nielsen at all when after a year of litigation, the previous court decided to dismiss the lawsuit for lack of personal jurisdiction, instead of transferring it to SDNY. It doesn't hurt Nielsen at all when this re-filled lawsuit in SDNY has been pending for over 2 years. Delay is not something that hurts a non-biological entity known as a corporation.

In good faith, Liu motioned for another settlement conference to take place because he hoped it could help parties resolve the lawsuit. Liu has a very fair offer in mind to settle the lawsuit. If Nielsen's attorneys don't want to participate in another settlement conference because Liu does not have a lawyer, then so be it. However should Nielsen ever decide to engage in good faith settlement discussions in the future (through a settlement conference or otherwise), they should understand that the longer a resolution is delayed, the less likely Liu will be willing to settle for a mere fraction of what Liu's lawsuit is truly worth (with or without a lawyer representing Liu).

And if Nielsen doesn't want to come to a fair settlement whatsoever, the only option is to continue litigation. Furthermore, at some point in the future, Liu may no longer be willing to wait an indefinite amount of time for a volunteer "pro bono" lawyer to decide to represent him, and if/when that time comes, Liu will inform the Court about his decision, and then submit another motion asking the Court to allow the case to move forward to discovery.

While Liu would prefer to settle right now, it might not be the case in the future. As the lawsuit moves closer to trial, there might even come a time when Liu no longer wants to settle at all (with or without a lawyer representing him). When a majority of the work in a civil case is done, then Liu believes he might as well go to trial and let the jury decide. Furthermore, if a "pro bono" lawyer does decide to represent Liu, another thing to consider is the attorney's time. As an example, if the volunteer attorney spends hundreds of hours

through discovery, settling the lawsuit might not be a good idea because Liu just needs to win at least one of his claims in order for the volunteer "pro bono" lawyer to be able to recover attorney's fees and be compensated for their time representing Liu.

Defendants' ECF 133 makes it pretty clear that Defendants do not want to engage in a settlement conference because Liu does not have a lawyer. If Defendants do not wish to settle with Liu at this time, then that's fine. However, the minimum amount Liu will be willing to settle for should Defendants wish to discuss settlement in the future might be a lot different than it is now.

Dated 2/22/2025

Respectfully submitted,

Frank Liu

Pro Se Plaintiff