

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 (213) 615-1700
F +1 (213) 615-1750

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

**CARDELLE SPANGLER**
Partner
(312) 558-7541
CSpangler@winston.com

March 3, 2025

**VIA CM/ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Frank Liu v. The Nielsen Company (US), LLC, et al.*; Case No. 1:22-cv-09084-JHR-OTW

Dear Judge Wang:

We represent Defendants The Nielsen Company (US), LLC and TNC (US) Holdings Inc. (collectively, "Defendants") in the above-referenced action. We write to move for a temporary stay of this action pending the appointment of *pro bono* counsel for the full scope of Plaintiff Frank Liu's ("Plaintiff") representation. This Court has temporarily stayed discovery until March 7, 2025 "or until *pro bono* counsel is secured and files a notice of appearance in this case", without prejudice to further extensions. (ECF No. 129 at 1.) For the reasons set forth below, it is in the parties' and the Court's best interests to temporarily stay this case as a whole (rather than limited to discovery only) until *pro bono* counsel is secured and files a notice of appearance.

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." *Vista Food Exch., Inc. v. Law*, No. 21-cv-04689, 2023 WL 2760965, at *1 (S.D.N.Y. Mar. 31, 2023) (internal citation omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dimps v. NYS Dept. of Corr. & Cmty. Supervision*, No. 17-civ-8806, 2024 WL 5399495, at *1 (S.D.N.Y. Dec. 17, 2024) (internal citation omitted).

A temporary stay of this case is in the interests of justice and judicial economy, as it will significantly conserve the resources of both the parties and the Court. Despite the stay of discovery on February 6, 2025 and the absence of any court-ordered deadlines relating to motion practice, Plaintiff has continued to file frequent and voluminous motions and letter motions, including a motion to strike affirmative defenses, a motion requesting a settlement conference, a 14-page letter and six pages of exhibits regarding Defendants' "misrepresentations," and a reply to Defendants' one paragraph response to Plaintiff's motion requesting a settlement conference. (ECF Nos. 131, 132, 134, 136). Defendants and this Court have, in turn, expended resources in reviewing and responding to these filings. Further, Plaintiff indicated in a recent filing (ECF No. 134) that he intends to file a "lengthy" motion to dissolve



the Protective Order granted by this Court on September 16, 2024 (ECF No. 110). This would constitute yet another frivolous filing that blatantly ignores the Court's admonition "that any appeal from this [Protective] Order would not be taken in good faith." (ECF No. 134 at 3.) It would also require Defendants and this Court to devote additional and unnecessary resources to a matter that has been long since decided by the Court. As noted in this Court's Orders recommending that Plaintiff be appointed *pro bono* counsel and granting a stay of discovery, discovery in support of Plaintiff's remaining claims "is likely to be complex and will benefit from the assistance of counsel." (ECF Nos. 105, 106, 129.) Similarly, additional motion practice – should it be warranted – is also likely to be complex and will also benefit all parties and the Court from the assistance of *pro bono* counsel appearing for the full scope of Plaintiff's representation. Finally, the prospect of an amicable resolution will be improved considerably by appointment of *pro bono* counsel, and further discussions involving an attorney representing Plaintiff may resolve this matter and render unnecessary any further costs on Defendants and this Court.

      Additionally, Plaintiff will not be prejudiced by a temporary stay in this action, which is still in early stages. *See Lavagear Inc. v. Okamoto USA, Inc.*, No. 12-cv-2317, 2013 WL 145765, at *3 (E.D.N.Y. Jan. 14, 2013) ("[T]he case is at an early stage, further suggesting that a stay is appropriate.") (granting a stay where there had "not been any significant discovery" or "concerted preparation for trial"); *see also Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd.*, No. 19-civ-4297, 2021 WL 195163, at *10 (S.D.N.Y. Jan. 19, 2021) (granting a stay in part because the "case [was] at an early stage of litigation" despite the fact that it had "been pending for over a year and a half," since whether or not a case is in early stages "focuses not on the time that has passed since the suit was commenced but rather on its procedural progress"). Discovery in this action has not yet commenced (with one narrow exception relating to Plaintiff's Sedgwick workers' compensation files, which have been provided), and there is no trial date (or any other deadlines) set. This weighs heavily in favor of granting a stay.

      Courts in this Circuit regularly grant temporary stays pending the appointment of *pro bono* counsel to represent the plaintiff. *See, e.g.*, *Nita v. Conn. Dept. of Env't Prot.*, 16 F.3d 482 (2d Cir. 1994) (noting all further proceedings in the action were stayed for thirty days or until *pro bono* counsel was appointed); *Urena v. Wolfson*, No. 09-cv-1107, 2011 WL 7439005, at *1 (E.D.N.Y. Aug. 24, 2011) (noting the matter was previously stayed while *pro bono* counsel was sought to represent plaintiff); *Daniels v. Loizzo*, 174 F.R.D. 295, 297 (S.D.N.Y. 1997) (noting the case was previously placed on the suspense docket pending the appointment of *pro bono* counsel). Here, too, a stay is warranted. For the foregoing reasons, Defendants respectfully request that the Court grant a temporary stay of this action pending the appointment of *pro bono* counsel for the full scope of Plaintiff's representation.



March 3, 2025
Page 3

Dated: Chicago, Illinois  
　　　　March 3, 2025

Respectfully submitted,

*Cardelle B. Spangler*
_____
Cardelle Spangler (*admitted pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
CSpangler@winston.com

Caitlin McCann (*admitted pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, #3800
Los Angeles, California 90071
(213) 615-1700
CMcCann@winston.com

*Attorneys for Defendants*
*TNC US Holdings*
*The Nielsen Company (US) LLC*

cc:  Plaintiff Frank Liu

AmericasActive:21054387.5