Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Reply in Support of** *Plaintiff's Motion To Strike Defendants' First, Ninth And Tenth Affirmative Defenses In Defendants' Answer* **(ECF 131)** |

## TABLE OF AUTHORITIES

1  
2  GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019)……3, 10, 11, 12, 15  
3  Twombly Standard……………………………………………………………3, 4, 5, 10, 11, 15  
4  F.R.C.P. Rule 15(a)(1) …………………………………………………………………..5  
5  
6  
7  

## Table of Contents

8  
9  Introduction…………………………………………………………………………..…3  
10 Defendants' Timeline and their Request for Leave to Amend……………………………..4  
11 Defendants Already Had Plenty of Time to Make All of Their Procedural Arguments..….5  
12 Defendants Should not be Allowed to Re-Litigate Issues already Decided Upon……..….6  
13 Defendants' Mistaking "Equitable Tolling" with "Equitable Estoppel"…………………7  
14 Defendants' 1st, 9th and 10th Affirmative Defenses Fails under Twombly and Geomc.....10  
15 Defendants' Meritless Discovery Speculation…………………………………………….11  
16 Prejudice……………………………………….…………………………………..…..14  
17 Conclusion……………………………………………………………………………....15  

18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

**Introduction**

Defendants' First, Ninth and Tenth Affirmative Defenses simply fails because the Court has already granted Plaintiff equitable tolling and allowed Plaintiff's Count 1-3 claims to be judged on the merits.  In light of the Court's decision, it is the duty of Defendants to plead specific facts that show their claims are plausible and can overturn the Court's ruling on equitable tolling and the Court's ruling that allows Liu's Count 1-3 claims to be judged on the merits.  Defendants' First, Ninth and Tenth Affirmative Defenses are too ambiguously worded and speculate about legal conclusions while lacking any specific facts and details related to Liu's lawsuit, thus does not meet its burden under the Twombly standard.  In <u>GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019)</u>, the Second Circuit's Opinion clarified that the Twombly standard applies for affirmative defenses in the Second Circuit.

Had Defendants never filed a motion to dismiss, and had the Court never spent a bunch of time deciding on it, then perhaps Plaintiff wouldn't have motioned to strike Defendants' First, Ninth and Tenth affirmative defenses in their Answer.  However, from the time Plaintiff filed his Amended Complaint to the time Defendants filed their Motion to Dismiss Amended Complaint, and finally to the time Defendants finally filed their answer, it has been **over 550 days**!

Nielsen's First Affirmative Defense should be stricken (or be dismissed) with prejudice because equitable tolling was already granted by this Court, and since Defendants did not file any objections to Judge Wang's Report and Recommendation (ECF 105), Judge Rearden adopted Judge Wang's R&R after careful "de novo" review.

Although Nielsen asserts they never brought up their Ninth and Tenth Affirmative defenses before during the motion to dismiss process, Nielsen's Ninth and Tenth Affirmative Defenses are simply too **overbroad** and lack factual details, thus their defenses do not meet Twombly's requirement for affirmative defenses to be pled with enough factual detail to establish a "plausible" claim.  Because Nielsen's First, Ninth and Tenth Affirmative Defenses were so overbroad, Liu speculated Defendants were just trying to re-litigate issues

1  already argued during the Motion to Dismiss phase.  Since Defendants' First, Ninth and
2  Tenth Affirmative Defenses do not adhere to the Twombly standard for pleading affirmative
3  defenses, they should be stricken or dismissed with prejudice.
4        Although in ECF 135, Defendants requested leave to amend their affirmative
5  defenses, Plaintiff believes the Court should not allow Defendants an opportunity to amend
6  because Defendants have had over 550 days to work on not only their answer, but their
7  affirmative defenses, as well.  Furthermore, Defendants had 21 days after serving their
8  Answer to amend their affirmative defenses as a matter of course.  This goes to show that
9  not only did Nielsen have over a year to work on their Answer, they have had prior
10 opportunity to amend as a matter of course, but they chose to **squander** it.
11        Liu's Motion to Strike was promptly submitted days after Nielsen's Answer was
12 filed.  Defendants had more than enough time to submit an Amended Answer with
13 Amended Affirmative Defenses before their deadline expired on Feburary 28, 2025, but
14 they were not diligent enough to do so.  Furthermore, if Defendants believe conducting
15 discovery could help them with their First, Ninth and Tenth Affirmative Defenses, it is
16 indisputable that it was Defendants who moved to stay discovery in the first place.
17
18 **Defendants' Timeline and their Request for Leave to Amend**
19        In ECF 135, Defendants requested "*the Court deny Plaintiff's Motion to Strike or, in
20 the alternative, grant Defendants leave to amend their affirmative defenses.*"  In the event
21 the Court grant's Plaintiff's motion and strikes (or dismisses) Defendants First, Ninth and
22 Tenth Affirmative Defenses, Plaintiff opposes the Court giving Defendants leave to amend
23 because they already had more than enough time to work on their answer and affirmative
24 defenses.  On the right is a screenshot of
25 Defendant's own procedural history (from
26 pg. 4 of ECF 135) with red annotations
27 from Plaintiff that shows how much time
28 Defendants had to work on their Answer.

II. **PROCEDURAL HISTORY**

The relevant procedural history is as follows:

- June 20, 2023: Plaintiff filed the operative Amended Complaint (ECF No. 44 ["Amended Complaint"]);
- January 26, 2024: Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 54 ["Motion to Dismiss"]);
- August 13, 2024: Magistrate Judge Wang issued a Report and Recommendation on Defendants' Motion to Dismiss, recommending Defendants' Motion to Dismiss be granted in part and denied in part (ECF No. 105 ["R&R"]);
- January 24, 2025: This Court adopted the R&R, ordering Defendants' Motion to Dismiss granted in part and denied in part (ECF. 125 ["Order on Motion to Dismiss"]); and
- February 7, 2025: Defendants filed a timely answer (ECF. 130 ["Answer"]).

[Annotations: 220 days (June 20, 2023 to January 26, 2024); 178 days (August 13, 2024 to February 7, 2025); 598 days (June 20, 2023 to February 7, 2025)]

4

1    Furthermore, under F.R.C.P. Rule 15(a)(1), Defendants could have submitted an
2    Amended Answer <u>within 21 days after serving it as a matter of right</u>. Defendants submitted
3    their Answer on Feb. 7, 2025, and when they docketed it, Liu was electronically served on
4    that day. This means if Defendants wanted to file an Amended Answer (with amended
5    affirmative defenses), they could have done so by their <u>February 28, 2025 deadline</u>.
6    Moreover, since Liu's Motion to Strike (ECF 131) was docketed by the Court on Feb.
7    11, 2025, this means Defendants had plenty of time to take notice about the deficiencies of
8    their affirmative defenses. Had Defendants acted with diligence, they could have filed an
9    Amended Answer before their deadline. By Liu's calculation, Defendants had 17 days to
10   file an Amended Answer *after* considering Liu's Motion to Strike. <u>The Bell Atlantic Corp.
11   v. Twombly</u> case was specifically mentioned on page 4 of Liu's Motion to Strike (ECF 131).
12   This Court should not grant Defendants leave to amend because Defendants have had
13   plenty of time to file an amended answer before their right to amend "as a matter of course"
14   expired. Instead of submitting an Amended answer, which automatically moots Liu's
15   Motion to Strike, Defendants decided to oppose Liu's motion, thus forcing Liu to file this
16   reply, and for this Court to decide on Plaintiff's Motion. Defendants have had prior
17   opportunity to amend their Answer, and their inaction shows their delay to amend is tactical
18   because they want the Court to first decide on the motion before they attempt to amend.
19

20   **Defendants <u>Could Have and Should Have</u> made All of Their Procedural Arguments in**
21   **their Motion to Dismiss Amended Complaint**
22   It is indisputable Defendants had plenty of time to work on their Motion to Dismiss
23   the Amended Complaint to argue *all* the procedural requirements of the EEOC to their
24   hearts' desire. Plaintiff believes the Court should not allow Defendants the opportunity to
25   re-litigate issues already decided upon by the Court. Not only did Defendants choose not to
26   file any objections to Judge Wang's R&R, which granted equitable tolling and allowed three
27   of Plaintiff's claims to be judged on the merits, Defendants did not file any objections to
28   Judge Rearden's ECF 125 ruling adopting the R&R. In essence, Defendants appear to be

objecting to the Court's rulings by way of affirmative defenses in order to attempt re-litigate issues already decided upon by the Court. Plaintiff believes Judge Wang's recommendation that Plaintiff's Count 1-3 claims be "judged on the merits" means those claims can move forward now that equitable tolling has been granted. If claims in a lawsuit is disqualified based on <u>procedural reasons</u>, then they would not be considered being judged on the merits.

Furthermore, it is not in the interest of judicial efficiency if parties can bypass Court decisions without having to appeal by attempting to re-insert things later on. As an example, how would Defendants feel if Liu was allowed to do discovery on his dismissed Count 4 or Cout 5 claims and try to re-insert them at trial? Or what if Defendants decide to continue to minimize the use of a racial slur as a "racial term," even though Judge Wang already stated that the word "chink" was in fact a racial slur and not a "racial term"?

[2] Defendants refer to this statement as the use of a "racial term." (ECF 54 at 2). Lest there be any confusion moving forward in this case, the word "chink" is a racial *slur*, not a racial "term." Furthermore, it is a slur that is still unfortunately used to demean people of Asian descent well into the present day. *See* Cathy Park Hong, "The Slur", *The New York Times* (Apr. 12, 2020) (describing the "resurgence" of the slur during the COVID-19 pandemic).

Plaintiff believes there are certain issues that shouldn't be re-litigated in the interest of judicial economy, after the Court already issued their opinion and ruling.

**Defendants Should not be Allowed to Re-Litigate Issues already Decided Upon**

Defendants' opportunity to get Liu's lawsuit dismissed based on procedural grounds have come and passed, and re-litigation on procedural issues would be prejudicial to Plaintiff because this lawsuit is over 2 years old and enough time has been spent arguing the procedural requirements of the EEOC already. When a lawsuit is delayed, it hinders justice. Some of the key witnesses like Shannon Buggy and Tracy Staines have long left Nielsen. If any of the issues the Court already decided upon were able to be re-litigated, then does that mean Plaintiff should be allowed to re-litigate his estoppel and promissory estoppel arguments even though Judge Wang denied those estoppel arguments, and granted equitable tolling instead?

On the flip side, had the Court declined to grant equitable tolling to Plaintiff and dismissed his lawsuit entirely, would Liu be allowed to re-litigate all of his claims again

within the same Court without having to 1) object to Judge Wang's R&R or 2) without having to file an appeal to the circuit level? Could Liu have just re-filed the same lawsuit in the same Court under the premise that since Defendants denied allowing discovery to proceed, conducting discovery might potentially help Liu show estoppel and promissory estoppel?

On page 8 of ECF 135, defendants wrote:

> Further, there are questions of fact and law that might allow the statute of limitations defense to succeed. Information regarding the viability of Plaintiff's claims and Defendants' defenses may be ascertained during discovery, such that it would be inappropriate to strike the

Then wouldn't that same argument apply to allowing a plaintiff to re-litigate all of his dismissed claims based on a lack of discovery? If Defendants' arguments hold weight, then why do courts frequently stay discovery pending a motion to dismiss?

Moreover, on page 6 and 7 of ECF 135, Cardelle Spangler writes, "*Discovery may yield evidence in support of Defendants' affirmative defenses that Defendants were precluded from raising on a motion to dismiss, and that may be fleshed out on a motion for summary judgment or adjudication, or at trial on the merits.*" Does this mean that perhaps, ultimately, Nielsen wants the jury to decide on the issue of equitable tolling and statute of limitations? Or had the Court dismissed Liu's lawsuit entirely, would Plaintiff be allowed to make the exact argument that because discovery had not happened yet, then his lawsuit should not be dismissed? Plaintiff does not believe Defendants should be able to re-litigate issues already decided upon by the court.

**Defendants' Mistaking "Equitable Tolling" with "Equitable Estoppel"**

On page 8 of ECF 135, Ms. Spangler writes, "*Defendants may, for example, establish and offer evidence relating to Plaintiff's conduct after his California lawsuit was dismissed and before he refiled in this Court that goes against the application of equitable estoppel.*" From Plaintiff's understanding, the Court **denied** Plaintiff's estoppel and promissory

estoppel arguments, and **granted** equitable tolling which is something different than "equitable estoppel." According to Google, this is what "equitable estoppel" means:

> ◆ AI Overview
>
> Equitable estoppel is a legal doctrine that prevents a party from asserting a legal right if their previous actions or statements misled another party into reasonably relying on them, causing that party to suffer harm, essentially stopping them from taking advantage of their own inconsistent behavior to gain an unfair advantage; it's based on the principle of fairness and aims to avoid injustice.

Perhaps it would be a good idea for Defendants to go back and re-read Judge Wang's R&R because Judge Wang **did not** grant "equitable estoppel." While Plaintiff did make estoppel and promissory estoppel arguments to oppose Defendants' motion to dismiss, those arguments were denied in Judge Wang's R&R.

On page 9 of ECF 135, Ms. Spangler even referenced case law regarding "equitable estoppel" even though the Court ruled in Defendants favor by denying Liu's estoppel and promissory estoppel arguments.

*Adams Book Co. v. Ney*, No. 97-CV-4418 (ILG), 2002 WL 31946713, at *4 (E.D.N.Y. Dec. 3, 2002) is instructive. In deciding defendant's motion to dismiss, the Court held that the doctrine of equitable estoppel saved the plaintiff's claims from dismissal. *Id.* The Court noted:

> A prerequisite to successful invocation of the doctrine of equitable estoppel is that the plaintiff demonstrate that it was diligent in bringing the action when it became, or should have become, aware of the wrongdoing. . . . [Plaintiff's] allegations [of diligence], accepted as true as they had to be for purposes of a 12(b)(6) motion, were sufficient to invoke the doctrine of equitable estoppel. However, the issue may be revisited on a motion for summary judgment, where the allegations are no longer presumed to be true.

Furthermore, on Page 8 of ECF 135, Defendants wrote, "*In denying Defendants' timeliness argument in their Motion to Dismiss, the Court accepted Plaintiff's allegations as true to apply equitable estoppel.*" Plaintiff is unsure where Defendants are getting the idea that the Court granted "equitable estoppel." Plaintiff is assuming Ms. Spangler is in fact aware of the difference between "equitable estoppel" and "equitable tolling."

In the footnote on page 13 of ECF 105, Judge Wang decided that "*Defendants' conduct in carrying out settlement negotiations was not fraudulent or deceptive*" so Plaintiff fails to see why Defendants assert the Court granted "equitable estoppel." Judge Wang's reasoning for granting equitable tolling is summed up in her footnote:

> [6] Plaintiff's failure to pursue an appeal of the court's dismissal to the Ninth Circuit does not support a finding that he was not diligent. As already mentioned, Plaintiff was homeless and living out of his car at the time. The expense of filing an appeal, had Plaintiff not been granted IFP status, was not negligible. Moreover, although Defendants' conduct in carrying out settlement negotiations was not fraudulent or deceptive, their conduct had the effect of giving Plaintiff the reasonable impression that an appeal would not be necessary. This is especially true given the California district court's opinion that Plaintiff could re-file in a different forum if negotiations failed.
>   The Court also notes that Plaintiff refiled in the Southern District of New York within the time he had to appeal the N.D. Cal. Ruling, see Fed. R. App. P. 4, and during the time he was in settlement discussions with the Defendants. It would not be in the interests of justice or equity to impute "lack of diligence" in a *pro se* Plaintiff when an appeal to the Ninth Circuit seeking transfer of his case, on the date he *actually filed* in this Court, would have been found to be timely.

Based on Judge Wang's reasoning established in her footnote, what exactly is Defendants trying to do discovery on?  Does Nielsen reject Plaintiff was homeless and living out of his car during the 30 days he had to appeal to the Ninth Circuit?  Is that what Defendants want to do discovery on?  If so, Defendants have been aware of Liu's "TV Ratings Guy" YouTube channel for quite some time.  **Below are some videos from Liu's "TV Ratings Guy" YouTube channel:**

1. "*How I live while #homeless! #invisiblepeople #carlifes #vanlife #unhoused #homelessawareness*" (posted on September 20, 2022)  https://www.youtube.com/watch?v=o80dosjf8b0

2. "*#Discrimination led me here… (#homeless and living in car) #carlife #vanlife #nielsen #tvratings*" (posted on September 20, 2022)  https://www.youtube.com/watch?v=mi1OIKSKnhM

3. "*#Homeless Plaintiff after Judge dismisses #discrimination PRO SE lawsuit... #shorts*" (posted October 5, 2022)  https://www.youtube.com/shorts/N046hir_7BI

4. "*Homeless at Walmart #homelessinamerica #homelessawareness #walmart #shorts*" (posted on October 19, 2022)  https://www.youtube.com/shorts/kgSxAHrFnzs

5. "How to shower when homeless.. #protips #tipsandtricks #homelessawareness #homelessinamerica" (posted on October 19, 2022)  https://www.youtube.com/shorts/pF6ln7FmKgY

6. "*Why don't homeless people stay at homeless shelters? #homelessinamerica #homelessawareness #bedbugs*" (posted on November 2, 2022)  https://www.youtube.com/shorts/vklCDFVnjWk

7. "*When it's too cold to pee outside... #homelessawareness #homelessinamerica #shorts*" (posted on November 2, 2022)  https://www.youtube.com/shorts/8pzcdJRN-zA

8. "*Drive-in movie: Homeless Edition.. #homelessawareness #homelessinamerica #tipsandtricks*" (posted on November 3, 2022)  https://www.youtube.com/shorts/kyxwJxALHpA

9. "*Where can homeless people with cars sleep? #homelessinamerica #homelessawareness #tipsandtricks*" (posted on November 4, 2022)  https://www.youtube.com/shorts/sfwSDOUx9zY

10. "*Worst company I ever worked for.. #nielsen #tvratings #employment #work #companies #jobs #shorts*" (posted on November 27, 2022)  https://www.youtube.com/shorts/LSFQPXY7GD0

Liu's original lawsuit was dismissed without prejudice on Friday, September 23, 2022. By calculating 30 days after the date of dismissal (and not including weekends if the last day falls on one), it looks like Monday, October 24, 2022 was the last day Liu could have appealed the dismissal (instead of transfer) to the Ninth Circuit. Plaintiff's YouTube videos show that Liu was in fact homeless and living in his car during the period he could have filed an appeal. It is unclear what Defendants want to do discovery on in order to overturn the Court granting Liu equitable tolling.

**Defendants' 1st, 9th and 10th Affirmative Defenses Fails under Twombly and Geomc**

On page 9 of ECF 135, Ms. Spangler argues, "*Defendants did not assert their ninth and tenth affirmative defenses, nor did this Court consider them, in Defendants' Motion to Dismiss.*" Defendants' First, Ninth and Tenth Affirmative Defenses are quite simply too overbroad and only state legal conclusions without providing specific details to back up their defenses. Plaintiff just assumed Defendants were trying to re-litigate issues that were already brought up during the Motion to Dismiss phase.

Below are Defendants' First, Ninth and Tenth Affirmative Defenses, and they shows the affirmative defenses are overbroad, vague and lacking specifics:

**First Defense**

The claims set forth in the Complaint are barred, in whole or in part, by any and all applicable statutes of limitation.

**Ninth Defense**

Plaintiff's claims are barred or limited by the validity and scope of the Charge of Discrimination filed by Plaintiff with the EEOC.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's Amended Complaint alleges illegal conduct not contained in a charge filed with the Equal Employment Opportunity Commission and/or Plaintiff failed to satisfy all the administrative, procedural, and jurisdictional prerequisites necessary to maintain his purported causes of action under Title VII or any other applicable statute.

1     In *Geomc Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019)*, the Second
2  Circuit's Opinion ruled that defendants must satisfy **Twombly's plausibility standard** in
3  order to adequately plead affirmative defenses.  The Second Circuit clarified that Twombly
4  governs, but with the caveat that the standard is "context-specific," and may be relaxed
5  based on considerations such as (i) the relatively short period of time defendants typically
6  have to gather evidence in support of an answer, and (ii) the limited availability of evidence
7  relating to certain affirmative defenses. The Second Circuit also held that an untimely
8  affirmative defense may properly be dismissed where it would prejudice the plaintiff.
9     The short period of time defendants typically have to gather evidence in support of
10 an answer **does not** apply for Liu's lawsuit because Nielsen has had over 550 days to gather
11 evidence in support of their Answer to Liu's Amended Complaint.  As for the part about the
12 limited availability of evidence relating to certain affirmative defenses, that too **does not**
13 apply because Defendants are the ones who advocated in favor of staying discovery and
14 renewing the stay.  If Defendants were prejudiced in the stay in discovery, it was because of
15 their own unwillingness to conduct discovery.
16     Furthermore, the EEOC **did** provide Nielsen the charge of discrimination years ago.
17 And Nielsen could have done a Freedom of Information Act request (FOIA), after the
18 EEOC issued the Notice of Right to Sue Letter because Liu had given Nielsen notice that he
19 was going to sue them even before filing suit.  In fact, on July 1, 2021, Liu sent an email to
20 Cathy Beveridge (attorney at Buchanan Ingersoll & Rooney PC who represented Nielsen
21 during the EEOC process), and suggested she file a FOIA request with the EEOC to get
22 documents.

> F L <frank.liu.96@gmail.com>     Thu, Jul 1, 2021, 11:40 AM
> to Cathy
>
> Please do a freedom of information act or whatever it is and get my things submitted to eeoc to see how I went through your position statement response you sent and pointed out all the inaccurate things.  I have about maybe 80 or so days to file my lawsuit.  You might as well get the documents you need from the eeoc so you can see how inaccurate your response was.

26 Cathy Beveridge even replied back acknowledging Liu's intent of filing a lawsuit against
27 Nielsen as seen below:

> Beveridge, Cathy <Cathy.Beveridge@bipc.com>    Jul 2, 2021, 8:44 AM
> to me
>
> Mr. Liu,
>
> My client respects your right to file a lawsuit in Court and will comply with all appropriate legal processes and requirements, including the legal discovery process.
>
> Regards,
> Cathy Beveridge

1      It is indisputable that Nielsen had years to gather evidence about Liu's EEOC filing.
2 Therefore, the part in the Second Circuit's Opinion in *Geomc Co. v. Calmare Therapeutics*
3 *Inc., 918 F.3d 92* regarding the limited availability of evidence relating to certain
4 affirmative defenses **does not and should not** apply for this lawsuit, especially when
5 Nielsen could have gathered whatever evidence they wanted related to Liu's EEOC case.
6      The lack of discovery for this lawsuit is because of Defendants' unwillingness to
7 conduct discovery.  Had Defendants wanted to contest what dates were listed on the EEOC
8 charge, they could have done so in their Motion to Dismiss Amended Complaint because
9 they already had a copy of Liu's EEOC charge of discrimination.
10
11 **Defendants' Meritless Discovery Speculation**
12      On page 10 of Defendants' ECF 135, Defendants attempt to bolster their arguments
13 by stating, "*In fact, Plaintiff's operative complaint itself raises a question of fact as to*
14 *whether the scope of the EEOC Charge is limited to conduct beginning on April 23, 2019*"
15 and then quoted Plaintiff's Amended Complaint.
16      After the charge of discrimination was filed on Sept. 25, 2019, the EEOC **did** send a
17 copy of it to Nielsen.  Defendants even responded to Liu's charge of discrimination by
18 submitting their own Position Statement to the EEOC.  See **Exhibit A in ECF 67-1** to view
19 Nielsen's Position Statement they submitted to the EEOC.  And since Defendants quoted
20 Plaintiff's Amended Complaint in their Opposition to Plaintiff's Motion to strike, there is
21 no question that Defendants could have brought up any arguments about the April 23, 2019
22 date in their Motion to Dismiss (ECF 53 and 54), and referenced the charge of
23 discrimination the EEOC had previously sent them.
24      Although the EEOC put Liu's date of termination which was April 23, 2019 as the
25 "Earliest" date, Liu already brought up and addressed that issue pro-actively in his
26 Amended Complaint.  Are Defendants are suggesting the Court did not consider Liu's
27 Amended Complaint carefully?  Furthermore, Liu did file his rebuttal to Nielsen's EEOC
28 Position Statement under **Exhibit A in ECF 89-1**.  Liu's EEOC rebuttal goes in-depth

1  regarding Liu's claims.  Moreover, if Defendants can refer to their own copy of Liu's charge
2  of discrimination, they will clearly see that "RACE" and "RETALIATION" and
3  "DISABILITY" are checked.  In case Defendants are too busy to do so, then they can refer
4  to the image below:

| DISCRIMINATION BASED ON (Check appropriate box(es).) | | | | | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|---|---|---|---|
| | | | | | Earliest | Latest |
| [X] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | 04-23-2019 | 04-26-2019 |
| [X] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] GENETIC INFORMATION | | | |
| [ ] OTHER (Specify) | | | | | [ ] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

8   Defendants fail to state what discovery they need to do regarding Liu's EEOC
9  Charge of Discrimination.  Are they alleging they suggesting they received the charge of
10 discrimination from the EEOC?  Because that would be impossible, especially when they
11 responded to it.  If Defendants had issues with the date the EEOC put down as the earliest
12 date, then they could have argued about that in their motion to dismiss, a long time ago.
13     Regardless, 4/23/2019 was when Shannon Buggy terminated Liu over the phone.  On
14 the termination call Liu inquired about the "Formal complaint against Tanner Tate" email he
15 sent them.  Since Liu was terminated in retaliation for his protected activity by wanting to
16 report discrimination to Nielsen, the continuing violation doctrine applies.  If Nielsen wants
17 to argue that an EEOC administrative mistake should disqualify Liu's claims, then they
18 could have done so a long time ago without any need for discovery.  Liu believes the EEOC
19 probably sent the charge of discrimination to Nielsen within ten days after the charge was
20 officially filed.

21-23  > Within 10 days of the filing date of your charge, we will send a notice of the charge to the employer. In some cases, we will ask both you and the employer to take part in our mediation program.  If the laws the EEOC enforces do not apply to your claims or if your charge is untimely, or we decide that we probably will not be able to determine if the law was violated, we will close the investigation of your charge and notify you.

24 Source: https://www.eeoc.gov/what-you-can-expect-after-you-file-charge#:~:text=Within
25 %2010%20days%20of%20the,your%20charge%20and%20notify%20you.
26     Furthermore, Liu's Charge of Discrimination was filed on Sept. 25, 2019.  Liu had
27 300 days to file with the EEOC.  Tanner Tate told Liu, "Don't be a chink" on Feburary 20,

13

2019. According to Google, there are 217 days between those two dates, so it definitely falls under the 300 day period Liu had to file with the EEOC.

> **217 days**
> February 20 – September 25, 2019

Not only does Nielsen have a copy of the charge of discrimination, the potential issue of the date the EEOC put on the charge document was proactively mentioned and addressed by Liu in his Amended Complaint. Furthermore, Liu believes Judge Wang reviewed the Amended Complaint during the motion to dismiss process before issuing her Report and Recommendation which granted both equitable tolling and allowed Liu's count 1-3 claims to proceed to be judged on the merits.

Although the EEOC charge of discrimination mistakenly lists 4-23-2019 as the earliest date of discrimination, Tanner Tate called Liu a "chink" on Feb. 20, 2019, so it was well within the EEOC's 300 day to file period. Moreover, Liu believes the continuing violation doctrine applies.

**Prejudice**

While re-litigating issues might not prejudice a corporation nor their attorneys who are paid hundreds or even thousands an hour to litigate, it prolongs a lawsuit and does affect a plaintiff, especially when the plaintiff is a victim in an employment lawsuit. After experiencing employment discrimination and retaliation, the reality that one needs to give up years and years of their life to litigation, so they can get some sense of justice and closure just doesn't seem fair. And in the event the person does win after all the years in litigation, there is a possibility there might not even be much of a life to salvage anymore.

So when a company and their lawyers unnecessary delays a lawsuit from proceeding or want to re-litigate issues already decided upon by the Court, there is always the possibility the person gives up on the lawsuit. So it's possible delay could be a sound strategy for a multi-billion dollar market research company with almost unlimited resources to throw at litigation.

And even if the company caused the former employee to be homeless for over a year, so what? That person no longer works for that company, so the pain that person feels matters not. Like an ant, the former employee is insignificant and provides no value to the company at all, and perhaps little to no value to society because he's hasn't had a job in years. Doesn't matter he was one of the top performers and was once dedicated to the company and would even frequently roll back his time card (which helps the company from having to pay more overtime and for managers to look good on their metrics). The person may now be a shadow of his self and may believe there is absolutely prejudice felt by him when a lawsuit is unnecessary delayed, and strongly opposes re-litigation on issues already decided upon by the court. And perhaps there might even be a level of prejudice felt that is difficult to express with words on a page, so a giant filter is needed in order to even begin to talk about the pain he feels.

And perhaps fate will have it so this lawsuit will proceed for several more years if necessary, or perhaps, Defendants will make it so intolerable and long-lasting that perhaps he will just give up. The company founded in 1923 will surely outlast him. He may give his all to try to win this litigation, but perhaps he will ultimately fail, and all these years trying to find closure for wrongs done to him would have been for <u>nothing.</u>

**Conclusion**

This Court has the power to stop re-litigation of issues it has already decided upon. It is without question that Defendants have had over 6 months to draft their motion to dismiss to incorporate all of their procedural arguments. Now that the Court has decided on Defendants' motion to dismiss, Plaintiff's count #1-3 claims should proceed to be judged on the merits. In *Geomc Co. v. Calmare Therapeutics Inc., 918 F.3d 92*, the Second Circuit ruled that defendants must satisfy Twombly's plausibility standard in order to adequately plead affirmative defenses. Plaintiff believes Defendants failed to meet their burden.

Based on all the reasons provided in Plaintiff's Motion to Strike (ECF 131) and this Reply in Support of Plaintiff's Motion, Liu respectfully requests this Court to **strike** (or

1  dismiss) Defendants' First, Ninth and Tenth affirmative defenses <u>with prejudice</u>.

2      Furthermore, Plaintiff asks the Court to **deny** Defendants' request for leave to amend
3  their affirmative defenses because Defendants already had plenty of time to work on their
4  answer, and they could have amended their answer and defenses on their own without the
5  Court's leave before their deadline to amend "as a matter of course" elapsed.  Defendants'
6  lack of diligence should not be this Plaintiff's or the Court's concern..

7      Plaintiff appreciates the Court taking the time to read this reply brief.  Plaintiff
8  understands this reply brief is long.  However, because Defendants included a meritless
9  request for leave to amend their Answer in their ECF 135 filing, Plaintiff needed to oppose
10 their request.  And because Defendants misrepresented that Judge Wang granting Plaintiff
11 "equitable estoppel" instead of "equitable tolling" in the R&R, Plaintiff had to address that
12 misrepresentation, which too contributed to the total length of this reply.

13
14                                 Respectfully submitted,
15     Dated 3/04/2025                 *Frank Liu*
16                                 Frank Liu
17                                 Pro Se Plaintiff

18
19
20
21
22
23
24
25
26
27
28