Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR SOUTHERN DISTRICT OF NEW YORK**

| Frank Liu　　Plaintiff,　　vs.  The Nielsen Company (US) LLC　　and  TNC US HOLDINGS　　Defendants. | **Case #1:22-cv-09084-JHR-OTW**  **Plaintiff's Response in Opposition to Defendants' Letter Motion to Stay Case (ECF 137)** |
|---|---|

Dear Judge Wang,

Defendants **did not** attempt to confer or even reach out to Plaintiff before filing their Letter Motion to Stay Case. Plaintiff had no idea about their intention to stay the case until he saw the NYSD_ECF_POOL email notifying him of activity in the case.

Discovery has already been stayed since at least April 24, 2024 (ECF 84), and now Defendants want to stay the case completely. Defendants have not met their burden to stay this case. Plaintiff believes the party requesting the stay must demonstrate **1)** a strong reason for pausing the case, usually by showing potential irreparable harm if the case proceeds, **2)** a high likelihood of success on appeal, and **3)** that a stay wouldn't significantly prejudice the opposing party.

Here, Defendants want to stay the case "pending the appointment of pro bono counsel for the full scope of Plaintiff's representation." In ECF 137, Ms. Spangler mentions Plaintiff's ECF 131, 132, 134 and 136 filing. After mentioning those specific filings, Ms. Spangler states, "*Further, Plaintiff indicated in a recent filing (ECF No. 134) that he intends to file a 'lengthy' motion to dissolve the Protective Order granted by this Court on September 16, 2024 (ECF No. 110). This would constitute yet another frivolous filing that blatantly ignores the Court's admonition 'that any appeal from this [Protective] Order would not be taken in good faith.' (ECF No. 134 at 3.)*"

Due to Ms. Spangler's "yet another frivolous filing" wording and the proximity of that passage to Ms. Spangler mentioning of Plaintiff's ECF 131, 132, 134 and 136 filings, it would appear Ms. Spangler may be **suggesting** *Plaintiff's Motion to Strike Defendants' First, Ninth and Tenth Affirmative Defenses* (ECF 131), *Motion Requesting Settlement Conference* (ECF 132), *Plaintiff's Letter to Judge Wang Regarding Defendant's Misrepresentations in ECF 128* (ECF 134), and Plaintiff's *Reply to Defendants' Response to Plaintiff's Motion Requesting Settlement Conference* (ECF 136) **as being frivolous**, too. Due to Ms. Spangler's accusation that Plaintiff's filings are "frivolous," Liu feels obligated to address his ECF 131, 132, 134 and 136 filings in this response, and by doing so, it does

contribute to the overall length of this response. However, Liu writes this response in order to oppose Ms. Spangler's Letter Motion to Stay, so hopefully Defendants will not also consider this response "frivolous" even though it may be lengthy and/or voluminous.

From Plaintiff's understanding he only had a **limited amount of time** to motion to strike Defendants' affirmative defenses as outlined in Rule 12(f). Plaintiff believe he has good faith reasons to strike Defendants' First, Ninth and Tenth Affirmative Defenses, and believes Defendants have not met their burden under Twombly. Had Plaintiff waited for a pro bono attorney to represent him, then he would have missed his opportunity to motion to strike, and Defendants could probably argue any attempts to strike any of their affirmative defenses was time-barred had Liu waited months to file such a motion.

In terms of *Plaintiff's Motion Requesting Settlement Conference*, in Defendants' Opposition to *Plaintiff's Motion to Lift Stay in Discovery* (ECF 128), Cardelle Spangler stated they "have been and remain willing to engage Plaintiff in good faith, including in settlement discussions." Based on what Ms. Spangler wrote, Plaintiff believed it would be a good idea to ask the Court for another settlement conference now that the Court has decided on Defendants' motion to dismiss. Plaintiff had hoped parties could resolve the lawsuit via a settlement conference. After all, there is no specific need for Plaintiff to have a pro bono attorney for a settlement conference because Plaintiff believes the Magistrate Judge acts as mediator and speaks to parties individually to try to facilitate a resolution during a settlement conference. Plaintiff **does not** believe his Motion Requesting Settlement Conference was "frivolous" because the goal was to try to get the case resolved.

Furthermore, since Plaintiff filed a *Motion Requesting Settlement Conference*, and after reading Defendants' Response (ECF 133), Liu believes he had the right to Reply to Defendants' Response, so he did so by filing ECF 136. Liu's Reply went into detail regarding his perspective on why he filed his motion in the first place, and his thought process that led him to come to the conclusion on Page 4 of ECF 136, "If Nielsen's attorneys don't want to participate in another settlement conference because Liu does not

have a lawyer, then so be it." In essence, that statement was to let the Court know that Liu is OK if the Court declines to order another settlement conference after he considered Defendants' response. Letting the Court know about Liu's <u>new position</u> in regards to a settlement conference is **not frivolous**.

While a pro se filing may have more words and more pages to express his or her point, that **should not** be something the Court should hold against a pro se party. See *Haines v. Kerner, 404 U.S. 520 (1971)*, where the US Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. In addition see, *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233*, that held that Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Furthermore, in *Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals*, it was held that, "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

In regards to *Plaintiff's Letter to Judge Wang Regarding Defendant's Misrepresentations in ECF 128* (ECF 134), Defendants misrepresented emails Plaintiff sent Defendants' attorneys, and accused Liu of trying to find a loophole around the protective order. Liu's Letter to Judge Wang includes email exhibits that dispute Ms. Spangler's misrepresentations. The Court can review the letter (ECF 134) and Exhibit (ECF 134-1), to see for themselves that Defendants misrepresented things in their ECF 128 filing. Furthermore, Plaintiff did not have an opportunity to respond to Defendants' ECF 128 before the Court issued their order in ECF 129, just hours later. Since Defendants misrepresented things in ECF 128, Plaintiff believes he has a right to set the record straight.

In ECF 137, Ms. Spangler writes, "*Further, Plaintiff indicated in a recent filing (ECF No. 134) that he intends to file a 'lengthy' motion to dissolve*". Defendants have <u>already known</u> about Liu's intent to dissolve the protective order since September 18, 2024.

**Below is a screenshot** of an email Ms. Spangler sent Liu on September 18, 2024 in response to Liu's request to confer on the matter:

> Spangler, Cardelle <CSpangler@winston.com>   Sep 18, 2024, 3:19 PM
> to me, Caitlin
>
> I understand the purpose of a meet and confer, Mr. Liu, but we are not going to agree to dissolve the protective order our client requested, so there is very little need for this call. Ten minutes will be plenty of time.
>
> Sincerely,
>
> Cardelle

In ECF 137, Spangler argues, "*This would constitute yet another frivolous filing that blatantly ignores the Court's admonition 'that any appeal from this [Protective] Order would not be taken in good faith.' (ECF No. 134 at 3.) It would also require Defendants and this Court to devote additional and unnecessary resources to a matter that has been long since decided by the Court.*" A Motion to Dissolve is not the same as an appeal, especially when the Protective Order was docketed by Defendants on Friday 9/13/2024 (at or around 5:18 PM EST) and appears to have been granted on the following Monday (date stamp of 9/16/2024), without any input from Liu. Moreover, Plaintiff believes a Motion to Dissolve is not the same as an appeal, similar to how a motion to lift stay on discovery is not the same as an appeal.

Defendants use of the protective order goes beyond a Rule 26(c) discovery related protective order because they used the protective order to prevent Liu from reaching out to Ania Howard to provide her moral support after she filed a pro se lawsuit against Nielsen Audio, Inc. for employment discrimination. Liu informed both Cardelle Spangler and Caitlin McCann that the purpose of reaching out to Ms. Howard was not discovery related to Liu's lawsuit. Liu understood how hard it is for a pro se, and wanted to reach out to Ms. Howard to provide her moral support. Ms. McCann denied Liu's request (see ECF 134-1).

Nielsen's use of the protective order is more of a Rule 65 injunction which requires a higher showing of burden by Defendants. Furthermore, back in October of 2024, a former Nielsen employee by the name of Justin Chapman reached out to Liu requesting help, however, Liu was prevented from helping him.



Plaintiff believes Defendants misled the Court in order to get the protective order granted in the first place.  The email titled "How Nielsen destroyed my life – The story of a former Nielsen Ratings employee's quest for Justice" had nothing to do with discovery for Liu's lawsuit against Nielsen.  However because Liu did not have enough time to oppose Nielsen's filing before the Court granted the protective order, Liu believes filing a motion to dissolve would be the proper way to handle things.  Furthermore, Nielsen never attached the email in question in their ECF 107.  Had Defendants attached the email, it would have shown the emails had nothing to do with discovery for Liu's lawsuit against Nielsen.

In ECF 134 and 134-1, Plaintiff has provided enough good faith reasons and specifics why he needs to motion to dissolve the protective order.  For brevity's sake, he will not repeat all of his arguments in this filing, and respectfully requests the Court review ECF 134 and 134-1 on why Plaintiff should be allowed to motion to dissolve the protective order.  In addition, Plaintiff requests the Court review ECF 111, as well.  Furthermore, Plaintiff believes the Motion to Dissolve will be decided by Judge Wang, so does not fit the definition of an appeal.

Defendants' Letter Motion to Stay Case appears to be aimed at preventing Plaintiff from filing a Motion to Dissolve Protective Order, and aimed at preventing Liu from showing the Court how Defendants misled the Court on the nature of the emails sent because the emails were not discovery related to Liu's lawsuit against Nielsen.  Nielsen's protective order has prevented Liu from helping Justin Chapman (former Nielsen Membership Representative), who even reached out to Liu for help with filing with the EEOC.  The purpose of a Rule 26(c) protective order is related to discovery and not a valid

substitute for a Rule 65 injunction. Therefore, Liu's intention of filing a Motion to Dissolve is **not frivolous**.

Defendants are using the possibility of a volunteer pro bono lawyer representing Plaintiff as a reason to stay the entire case. While Plaintiff is *currently* open to the idea of having a pro bono lawyer represent him for this lawsuit and is waiting to see if a pro bono attorney reaches out, this openness may **quickly reverse** in the future should Defendants keep using the Court's granting Liu the possibility of "pro bono" representation against Plaintiff as a way to prevent Liu's lawsuit from proceeding further.

While Defendants point to the possibility of a pro bono attorney representing Plaintiff as a reason to stay the entire case, they fail to realize that there is no law requiring a pro se to have to secure an attorney in a civil case before the case is allowed to proceed further. This is not a class action lawsuit and Plaintiff is not representing anyone but himself. Moreover, there is no guarantee that a "full scope pro bono attorney" will agree to volunteer to represent Plaintiff.

Defendants are pretty much using the generosity of the Court allowing Plaintiff the possibility of having a "pro bono" attorney as a wedge issue. The choice appears to be either: **A)** wait an indefinite amount of time to see if a pro bono lawyer decides to represent you, which prolongs finding closure and resolution or **B)** Abandon the idea of pro bono representation, so the case can finally proceed to discovery.

While Plaintiff is willing to wait a period of time to see if a pro bono lawyer will represent Plaintiff, should the case be also stayed, Plaintiff believes that may be a contributing factor in deciding against having pro bono representation altogether because it does appear Defendants are trying to use the Court's decision allowing Plaintiff to have pro bono representation as some type of sanction against Plaintiff. While Plaintiff is willing to wait some time to see if a volunteer lawyer agrees to represent him, he can not wait forever.

Plaintiff is not opposed if the Court wants to extend the stay on discovery for another 30 days, however he strongly opposes the idea of staying this case entirely. Defendants

should not be allowed to pause the case from moving forward just because Liu does not have a lawyer.  The right to self-representation is codified in 28 U.S.C. § 1654.  If Defendants really wanted to minimize their litigation costs, they should have supported Plaintiff's Motion Requesting Settlement Conference, instead of opposing it just because Liu does not have a lawyer.

In ECF 137, Defendants used *Vista Food Exch., Inc. v. Law* to support their request to stay Liu's lawsuit.  However for the *Vista* case, the court stayed the case because the lawsuit was related to a judgment from a previous case to give the defendant more time to "provide Plaintiff with payment in satisfaction of the judgement or a proposed payment plan for satisfaction within 30 days of the entry of judgment."  See *Vista Food Exch. v. Law, 21-CV-04689 (ALC) (S.D.N.Y. Mar. 31, 2023)*.

Defendants also referenced *Dimps v. NYS Dep't of Corr. & Cmty. Supervision Doccs* to support their request to stay the case.  In the *Dimps* case, the "*Court interprets Plaintiff's application for time to seek pro bono counsel as a request to stay this proceeding while she attempts to retain an attorney*" and ended up denying her request to stay the case.  Here, in this lawsuit, Liu **did not** file any motions requesting pro bono council and opposes the Court staying the case.  While Liu appreciates the Court granting the possibility for Liu to have pro bono representation, Liu understands there is no guarantee a volunteer lawyer will decide to represent him and believes he should be able to continue to litigate his lawsuit as if he is unrepresented by an attorney.

In ECF 137, Defendants argue, "*Finally, the prospect of an amicable resolution will be improved considerably by appointment of pro bono counsel, and further discussions involving an attorney representing Plaintiff may resolve this matter and render unnecessary any further costs on Defendants and this Court.*"  From Plaintiff's perspective, if Liu had a lawyer representing him, the minimum amount Liu will accept to settle will increase to more closely reflect his true damages.

Defendants have not shown **1)** a strong reason for pausing the case, usually by showing potential irreparable harm if the case proceeds, **2)** a high likelihood of success on appeal, and **3)** that a stay wouldn't significantly prejudice the opposing party.  Point #2 regarding, "a high likelihood of success on appeal" is in Plaintiff's favor because there is simply no law requiring a pro se to have to have an attorney in order to litigate.  For Point #3, Defendants **can not** show that staying the case for an indefinite period of time won't cause significant prejudice significant to Plaintiff, especially since there is no law that forces a Plaintiff to accept pro bono representation to continue litigating the case.  This lawsuit has already gone on for over 2 years.  Defendants' Letter Motion to Stay Case is actually something that pushes Liu closer to wanting to abandon the idea of having pro bono representation altogether.

Defendants allege Liu's filings are frivolous so the case should be stayed.  If Defendants believe Liu's filings are frivolous, then they are welcome to motion for sanctions, so the issue can be argued in full by both parties.  Other than alleging Liu's filings are frivolous, <u>Defendants failed to show how they are frivolous</u>.  To allege a filing is frivolous under Rule 11, the moving party must show that:

    **1.** The filing has no reasonable basis in law or fact.

    **2.** The filing was presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

    **3.** The claims or arguments are not supported by existing law or a non-frivolous argument for extending, modifying, or reversing existing law.

The Court can see for themselves if Liu's ECF 131, 132, 134 and 136 filings are frivolous or not.  Liu has spent considerable amount of time in his Motion to Strike Defendants' First, Ninth and Tenth Affirmative Defenses and his Reply in Support of his Motion.  And Liu does not believe asking the Court for another settlement conference now that the motion to dismiss is decided upon is "frivolous," especially when Liu would like to find a resolution so he can move on.

1    In ECF 128, Defendants alleged, "*Since then, and despite the unambiguous language of this Order, Plaintiff has sought to find any loophole around it – reaching out repeatedly to Defendants' counsel for consent to communicate with a former Nielsen employee and/or requesting Defendants' presence during his communications with said employee (Defendants refused such requests). Staying discovery until Plaintiff is appointed pro bono counsel is both necessary and appropriate to limit abuse of the discovery process.*"  Since Defendants falsely accused Plaintiff of trying to find a loophole around the protective order in their ECF 128 filing, Liu submitted his *Letter to Judge Wang* (ECF 134) in order to clear up facts.  Furthermore, the emails Liu included in ECF 134-1 show that Defendants falsely accused Liu of trying to find a loophole around the protective order.

    Although Liu's ECF 134 was lengthy, just because a filing is lengthy, it does not automatically mean it is frivolous.  Perhaps Defendants should consider the possibility that a Pro Se, non-lawyer, might not be as concise as a real lawyer.  Or perhaps Defendants should consider that perhaps a Pro Se may want to get all his points across for the Court to consider because if a Pro Se doesn't try to get all his points across, then what if some of the points he left out were actually important points to make that could have helped him?

    In ECF 128, Defendants argued discovery should be stayed because Liu does not yet have a pro bono attorney.  In ECF 134, Defendants made it clear they do not want to attend a settlement conference because Liu does not have a pro bono attorney.  And now in ECF 137, Defendants want to stay the entire case because Liu doesn't have a pro bono attorney.  It would appear Defendants require Liu to have a lawyer to continue suing them.  So what happens if Liu declines pro bono representation?  Does the lawsuit just end?

    Liu **did not** object to the Court's Order which extended the stay on discovery until March 7, 2025.  Furthermore, Liu **does not** object if the Court wants to extend the stay on discovery for another 30 days, or perhaps even a bit longer than that.  However, Liu **does object** to the idea of staying the case until pro bono council is assigned.  If forced into this corner, Liu believes he will no longer be open to pro bono representation and may end up

requesting the Court to allow the case to proceed to discovery without a lawyer because there will no longer be a purpose of waiting for "pro bono" council should Plaintiff assert his rights to proceed pro se without representation.

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis v. North Am. Co., 299 U.S. 248, 255 (1936) (the movant "must make out a clear case of hardship or inequity")). Nielsen was valued at about 16 billion dollars in 2022. See https://www.nielsen.com/news-center/2022/nielsen-announces-closing-of-transaction-with-evergreen-and-brookfield-led-consortium/ It would certainly be an absurd argument for a multi-billion dollar company to argue hardship or inequity.

When determining whether a stay is appropriate, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." Ali v. Trump, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (alteration in original)). Defendants are using the possibility of a pro bono attorney agreeing to represent Liu as a reason to stay the case. However their request to stay the case pushes Liu away from wanting to continue to wait for a pro bono attorney. Staying the case will have a detrimental effect to to Liu because with no other option to proceed, Liu may either need to wait an indefinite period of time, hoping a pro bono attorney will agree to represent him, **or decline** the idea of "pro bono" representation altogether.

Defendants **have not** met their burden to stay proceedings in this case. so Plaintiff respectfully requests the Court **deny** their request to stay the case. Should the Court wish to extend the stay on discovery until April 7, 2025, then that is fine with Plaintiff.

Respectfully submitted,

*Frank Liu*

Dated 3/5/2025    Frank Liu

Pro Se Plaintiff