Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| Frank Liu | **Case #1:22-cv-09084-JHR-OTW** |
|---|---|
| Plaintiff, | |
| | **Letter-Motion to Continue Stay of Discovery** |
| vs. | **Until April 23, 2025** |
| | |
| The Nielsen Company (US) LLC | |
| and | |
| TNC US HOLDINGS | |
| Defendants. | |

Dear Judge Wang,

On March 10, 2025, an attorney at Winston & Strawn by the name of Winston Hu reached out to Plaintiff. Plaintiff and Mr. Hu spoke on the phone and Mr. Hu let Plaintiff know that Defendants wanted to continue the stay of discovery until **April 23, 2025** (which is the same date as the pre-settlement conference calls scheduled). Mr. Hu also mentioned he believed Caitlin McCann may have worked on a letter brief that was going to be filed with the Court to continue the stay of discovery until April 23, 2025.

After considering what Mr. Hu had to say on the matter, Plaintiff agreed to having the stay of discovery extended until April 23, 2025. Plaintiff wanted the request for the stay of discovery to be it's own separate filing (not associated with Defendants' letter-motion to stay case) because Liu **does not** believe the mutual agreement between parties to continue the stay of discovery should be potentially included in Defendants' Reply-Letter in support of their letter-motion to stay the entire case.

Although Plaintiff isn't exactly sure if this may be the case here or not, Plaintiff believes a defendant shouldn't be allowed to significantly change the nature of a letter-**motion** from what was originally requested in their initial letter-motion by simply arguing for a different relief in their **reply letter**. Plaintiff estimates he spent over 10 hours on his ECF 139 filing and had worked hard to get it promptly submitted. Plaintiff is disappointed that Defendants did not attempt to confer with him before filing their Letter-Motion to stay the entire case because it seemed like a surprise filing without any prior notice given. Moreover, Plaintiff does not believe Defendants met their burden to prevail on their letter-motion to stay the entire case, so it would be unfair to Plaintiff if they can eat up so much of Plaintiff's time in needing to respond to their letter-motion to stay case (ECF 137), and then potentially be allowed to change the nature of their relief sought in a reply-letter. Although there is an agreement between parties to stay discovery until April 23, 2025, Plaintiff is not entirely sure if Defendants still want a stay on the entire case or not.

On a more positive note, Plaintiff appreciates Mr. Hu reaching out to Plaintiff regarding Defendants' request to stay discovery until April 23, 2025, and after

consideration, Plaintiff did decide to agree to the request as a showing of good faith. Mr. Hu seems like a reasonable person, and even complimented Plaintiff on his pro se filings. Plaintiff strongly believes Mr. Hu's addition to Nielsen's defense team may be a positive asset in trying to find a mutual resolution between parties.

    For these reasons, Plaintiff is moving the Court to continue the stay of discovery until April 23, 2025 in it's own separate letter-motion.

                                                                        Respectfully submitted,

Dated 3/11/2025

                                                                        Frank Liu

                                                                        Pro Se Plaintiff