Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br>    Plaintiff,<br><br>vs.<br><br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Letter-Motion for Clarification Regarding ECF 124, ECF 129 and ECF 144** |

1  Dear Judge Wang,
2      Plaintiff respectfully requests clarification on the Court's order in ECF 124, and/or
3  any order associated with the staying of discovery (eg. ECF 129 and ECF 144) that relates
4  to the subject of the Court's sua sponte decision directing The Office of Pro Se Litigation
5  "to attempt to locate a full scope pro bono attorney to represent Plaintiff in this case."  The
6  reason for asking the Court for clarification regarding the Court's order(s) is because it
7  appears Cardelle Spangler is alleging there is a court order **requiring** Liu to obtain pro
8  bono counsel.  See email below:



14  Ms. Spangler's email was in response to Liu's March 25, 2025 email request to set up a
15  confer call for April 24 or April 25 (regarding lifting the stay of discovery) **after** the current
16  stay of discovery (ECF 144) expires.
17      Due to Ms. Spangler's phrasing and use of
18  the word, "need," it would appear she is alleging
19  that there is a "court order" **requiring** Liu to
20  obtain pro bono counsel.  According to a google
21  search, the word "need" is defined by "require
22  (something)" or "expressing necessity or



23  obligation."  Unless Liu is mistaken, Plaintiff does not believe the Court has ordered Liu to
24  obtain pro bono counsel, especially when Liu believes he has no control if a pro bono
25  lawyer will reach out and agree to represent him or not.
26      Plaintiff emailed Ms. Spangler back seeking clarification on her position by asking
27  her, "is your position that the Court requires me to have a pro bono lawyer in order to
28  litigate the lawsuit further?"  Instead of answering Liu's question, or retracting her previous

2

1 allegation regarding, "there is a court order in place regarding your need to obtain pro bono
2 counsel," Ms. Spangler stated her "broader point is that there is not anything going on in the
3 case that requires conferral" and declined Liu's request to confer even though Liu requested
4 to confer for April 24 or April 25, which is *after* the current stay of discovery expires.
5       Plaintiff respectfully requests the Court clarify **if** Ms. Spangler's statement -- "there
6 is a court order in place regarding your need to obtain pro bono counsel" -- **is accurate or**
7 **not**. Plaintiff does not believe Ms. Spangler's statement is accurate. After Liu asked Ms.
8 Spangler for clarification regarding her statement, Ms. Spangler **did not** retract her
9 statement, but instead spoke of the "broader point" she was trying to make, and denied
10 Liu's request to confer.
11       Although Liu is not exactly sure which court order Ms. Spangler is referring to, **if**
12 Ms. Spangler's representation of a court order is in fact **accurate**, then Liu apologizes for
13 filing this motion for clarification because he has not interpreted any of this Court's orders
14 as stating that he is required to obtain pro bono council. However, **if** Ms. Spangler's
15 interpretation that "there is a court order in place regarding your need to obtain pro bono
16 counsel" is **not accurate**, then perhaps it would be a good idea for Ms. Spangler to try not
17 to misrepresent court orders to opposing parties, especially when they are pro se. It does
18 appear Ms. Spangler believes Liu should be prohibited from litigating this lawsuit pro se,
19 especially given her March 25 email (**see Exhibit 1**) and the fact that she previously filed a
20 motion to stay the entire case (ECF 137) without even attempting to confer with Liu.
21       Plaintiff is unsure how Ms. Spangler came up with her allegation that "there is a
22 court order in place regarding your need to obtain pro bono counsel." The main purpose of
23 Liu's email was to set up a confer call for April 24 or April 25 regarding lifting the stay of
24 discovery because the current stay of discovery (ECF 144) is valid until April 23, 2025, and
25 Plaintiff does not wish to further stay discovery after the current stay of discovery expires.
26 Liu believes the stay of discovery should be lifted **after** April 23, 2025 regardless if Liu has
27 a pro bono lawyer representing him or not after that date because there is no guarantee
28 staying discovery further will result in a pro bono lawyer deciding to represent Liu.

1  Furthermore, Liu believes there was a reason why Winston Hu reached out to Liu and
2  requested discovery be stayed until April 23, 2025 (which is the date of the pre-settlement
3  conference calls). Liu agreed to Mr. Hu's request back on March 10, 2025. Although
4  Plaintiff hopes there may be a resolution reached between parties on or by April 23, 2025,
5  which may moot the need to confer on discovery related matters, Plaintiff was being pro-
6  active and giving Ms. Spangler ample notice about Liu's request to confer. Liu believes
7  often times it is more ideal to give more notice to schedule something than less notice.
8  Furthermore, the dates Liu requested to confer (April 24 or April 25) was after the current
9  stay of discovery expires.
10  Because Liu wanted to confer on April 24 or April 25, Plaintiff **was not** asking Ms.
11  Spangler to confer before the current stay of discovery expires. In good faith, Plaintiff's
12  email even gave Ms. Spangler heads up of what Liu wanted to discuss on the confer call.
13  By asking Ms. Spangler to set up a day/time to confer (eg. April 24 or April 25) after the
14  current stay of discovery expires, it gives Ms. Spangler advance notice for scheduling
15  reasons. It is disappointing that Ms. Spangler denied Liu's request to confer for April 24 or
16  April 25. Plaintiff believes it isn't unreasonable to ask to confer for April 24 or April 25,
17  which is after the current stay of discovery expires. As an example, back on March 10,
18  2025, Winston Hu reached out to Liu to confer about continuing the stay of discovery, just 3
19  days after the Court's order extending the previous stay of discovery (ECF 129) expired.
20  ECF 129 previously stayed discovery until March 7, 2025. Therefore, Plaintiff believes it
21  would make sense for parties to re-confer after the current stay of discovery expires, which
22  would be after April 23, 2025.
23  Plaintiff respectfully requests the Court review the emails contained in **Exhibit 1** to
24  understand the nature of the email communications in question between Liu and Ms.
25  Spangler. Since Ms. Spangler is alleging "there is a court order in place regarding your
26  need to obtain pro bono counsel," and Plaintiff disagrees with her statement, Plaintiff
27  believes it would be a good idea for the Court to provide clarity on the matter. From
28  Plaintiff's interpretation of the Court's orders, the Court stayed discovery to give time for a

pro bono attorney to reach out and represent Liu should a pro bono attorney decide to do so. However, the stay of discovery in ECF 129 and 144 is not for an unlimited amount of time, and Plaintiff does not believe the Court has required him to obtain pro bono council in any court order.

Plaintiff is open to the idea of pro bono representation, and is willing to wait a reasonable amount of time to see if a pro bono lawyer decides to represent Liu, but Liu isn't willing to wait forever.  Plaintiff has already shown Defendants good faith by filing a letter-motion to continue the stay of discovery until April 23, 2025 (ECF 142) after Winston Hu reached out to Liu on March 10, 2025.  Moreover, since Mr. Hu reached out to Plaintiff to confer regarding Defendants' request to continue the stay of discovery, it just seems a bit unfair if Defendants can refuse to confer with Plaintiff regarding lifting the stay of discovery after the agreed upon date for the current stay (until April 23, 2025) expires.

**Clarification Requested**

**1.** Because of Cardelle Spangler's email stating that "there is a court order in place regarding your need to obtain pro bono counsel," Plaintiff respectfully requests the Court clarify if there is in fact a previous court order that requires Liu to obtain pro bono counsel.

**2.** And if Ms. Spangler's statement is accurate, then Plaintiff respectfully requests the Court further clarify if it is the Court's intention to continue to renew the stay of discovery indefinitely (eg. for months, years, decades, etc.) should no pro bono attorney reach out to represent Plaintiff, thus in essence preventing the case from moving forward to discovery should Liu remain pro se.

Respectfully submitted,

Dated 3/26/2025

*Frank Liu* (signature)

Frank Liu

Pro Se Plaintiff