Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>        Plaintiff,<br><br>    vs.<br><br>The Nielsen Company (US) LLC<br>        and<br>TNC US HOLDINGS<br>        Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**EXHIBIT 1 in Support of Plaintiff's Letter-Motion for Clarification Regarding ECF 124, ECF 129 and ECF 144** |



F L <frank.liu.96@gmail.com>

## Confer Request for April 24 or 25.

F L <frank.liu.96@gmail.com>                                          Tue, Mar 25, 2025 at 2:26 PM
To: "Spangler, Cardelle" <cspangler@winston.com>, "McCann, Caitlin" <CMcCann@winston.com>, "Hu, Winston" <whu@winston.com>

Ms. Spangler,

Firstly, from my understanding, Ms. McCann is on "secondment."  Do you want me to remove her from future email communications, or should we keep her on future email communications in case she will return to representing Nielsen Defendants for this lawsuit after she is done with her temporary work arrangement?

Secondly, I was wondering if we can set up a confer call on April 24 or April 25 regarding motion to lift stay in discovery.  I would like to confer because I would like to better understand Defendants' position on proceeding to discovery.  From my understanding since the Court sua sponte granted me the possibility of pro bono counsel, Defendants are using that as a main reason to stay discovery.

On the confer call we set up, I would like to understand in the event I let the Court know I will refuse pro bono council (after waiting long enough for a pro bono lawyer to reach out), then will Defendants still want to stay discovery even if the possibility of pro bono council is refused?  This would be important to understand because from my perspective right now, it seems like Defendants oppose allowing Discovery to happen if there is a slight possibility of pro bono counsel deciding to reach out to me to represent me.

What I would like to understand is if Defendants require me to first abandon the idea of pro bono council before we can proceed to discovery (after April 23), or is their position no discovery can ever be conducted until I have a pro bono lawyer even if I reject the pro bono council idea?  Ideally, I would like to be able to proceed to discovery (after April 23) and still keep open the possibility of pro bono reaching out to me as the case progresses.  But if need be, if the only way Defendants will allow discovery to proceed is if I first abandon the idea of pro bono representation by letting the Court know I reject it, then so be it.  I'm not entirely sure about Defendants' position, so that is why I want to confer with you on April 24 or 25.

Please let me know if April 24 or 25 works to confer on the motion to lift stay in discovery.  If so, what time can we confer?  If April 24 or 25 doesn't work, please let me know what day/time the week after that would work.

Thank you.

  F L <frank.liu.96@gmail.com>

# Confer Request for April 24 or 25.

**Spangler, Cardelle** <CSpangler@winston.com>    Tue, Mar 25, 2025 at 2:48 PM
To: F L <frank.liu.96@gmail.com>, "Hu, Winston" <WHu@winston.com>

Mr. Liu,

You can remove Ms. McCann from communications in this matter. As to the substance of your question, there is a court order in place regarding your need to obtain pro bono counsel, so I do not believe there is a reason for us to confer on that issue. Thank you.

Sincerely,

Cardelle

**Cardelle Spangler**

Winston & Strawn LLP

D: +1 312-558-7541

M: +1 312-203-0322

winston.com

*Pronouns: She, Her, Hers*



[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image002.png**
1K



F L <frank.liu.96@gmail.com>

## Confer Request for April 24 or 25.

F L <frank.liu.96@gmail.com>  Tue, Mar 25, 2025 at 2:54 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "Hu, Winston" <WHu@winston.com>

Ms. Spangler,

Can you clarify if removing Ms. McCann "from communications in this matter" is just for this topic at hand (setting up a confer request for April 23 and 24), or do you also want me to remove her "from communications" for any other topics for this lawsuit?  Secondly, I disagree that the Court requires me to have a pro bono lawyer. In case I am misunderstanding your phrasing, is your position that the Court requires me to have a pro bono lawyer in order to litigate the lawsuit further?

Please let me know.

Thank you.

[Quoted text hidden]

                                                        F L <frank.liu.96@gmail.com>

## Confer Request for April 24 or 25.

**Spangler, Cardelle** <CSpangler@winston.com>                          Tue, Mar 25, 2025 at 3:47 PM
To: F L <frank.liu.96@gmail.com>
Cc: "Hu, Winston" <WHu@winston.com>

Mr. Liu,

My broader point is that there is not anything going on in the case that requires conferral. Accordingly, we decline the request. Thank you.

Sincerely,

Cardelle

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Tuesday, March 25, 2025 2:55 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** Hu, Winston <WHu@winston.com>
**Subject:** Re: Confer Request for April 24 or 25.

[Quoted text hidden]

                                       Exhibit respectfully submitted,

Dated 3/26/2025                 *[signature: Frank Liu]*

                                       Frank Liu

                                       Pro Se Plaintiff