Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>      Plaintiff,<br><br>vs.<br><br><br>The Nielsen Company (US) LLC<br>      and<br>TNC US HOLDINGS<br>      Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**Letter to Judge Wang Requesting Permission for Plaintiff to Appear Telephonically at the May 14, 2025 Conference, And Request for the Court to clarify whether "equitable estoppel" OR "equitable tolling" was granted** |

Dear Judge Wang,

The Court Order in ECF 146 states, "If Plaintiff is still self-represented by May 14, 2025, he may file a request to appear at the May 14 Conference telephonically." Plaintiff does not currently have a pro bono attorney, and at the time of writing this request, no pro bono attorney has reached out to Plaintiff to represent him for this lawsuit. Therefore, Plaintiff believes there is a good chance that on May 14, 2025, he will continue to be pro se.

Plaintiff is submitting this request to appear at the May 14, 2025 conference telephonically sooner than later because if he waits till May 14, 2025 to email the request to the Court's Temporary_Pro_Se_Filing@nysd.uscourts.gov email address for docketing, there may be a time delay before it is docketed. Furthermore, Plaintiff is not sure if the Court has any instructions for Plaintiff regarding which phone number to call to attend the conference, or if there is a password or code to attend the conference. Due to the uncertainty, Plaintiff believes it is best to submit the request sooner than later.

Plaintiff believes he will likely still be pro se on May 14, 2025. Discovery has been stayed long enough, and Plaintiff is hopeful the Court may allow him to conduct discovery with Nielsen after the May 14, 2025 conference takes place. Plaintiff has been sacrificing years of his life for justice, and Nielsen's actions have taken so much from Plaintiff already.

Moreover, Plaintiff's Motion to Strike Defendants' First, Ninth and Tenth Affirmative Defenses (**ECF 131**) has been fully briefed. Defendants' Opposition is in **ECF 135**, and Plaintiff's Reply is in **ECF 138**. On Page 8 of Defendants' ECF 135, Defendants allege the Court granted Plaintiff "equitable estoppel." See below:

> Further, there are questions of fact and law that might allow the statute of limitations defense to succeed. Information regarding the viability of Plaintiff's claims and Defendants' defenses may be ascertained during discovery, such that it would be inappropriate to strike the challenged defense at this stage of the litigation. In denying Defendants' timeliness argument in their Motion to Dismiss, the Court accepted Plaintiff's allegations as true to apply equitable estoppel. R&R, at 10-15. The Court specifically noted and relied on alleged facts, including that

Because it appears Defendants' believe they can overturn "equitable estoppel" with information obtained through the discovery process, Plaintiff respectfully requests the Court clarify to the parties that the Court **did not** grant "equitable estoppel" to Plaintiff. Although

Liu is not a lawyer, he believes **equitable tolling** is a different concept than equitable estoppel.

Furthermore, in ECF 135, Defendants suggested Liu's EEOC Charge of Discrimination as something that may help them get Liu's claims dismissed.  However, it does appear Defendants already have a copy of the EEOC charge even before Liu filed his Amended Complaint (ECF 44).  After all, Caitlin McCann filed a copy of the EEOC Charge of Discrimination in **ECF 30-1** back on May 23, 2023.



Since Plaintiff believes the Court reviews all filings that are docketed, Plaintiff believes it is likely that the Court may have already considered Liu's EEOC Charge of Discrimination before granting equitable tolling and allowing Liu's counts 1-3 claims to proceed, especially when a copy of the EEOC Charge of Discrimination had already been submitted as an Exhibit by Caitlin McCann back on May 23, 2023 when she was using a different surname.

Due to Plaintiff believing the Court granted equitable tolling, and Defendants falsely asserting "equitable estoppel" was granted, Plaintiff believes it would be important for the Court to clarify what was granted because the differences in opinion may potentially hinder the discovery process and the progression of the lawsuit.  Therefore, Plaintiff respectfully requests the Court address whether "equitable estoppel" or "equitable tolling" was granted at the May 14, 2025 conference.

Dated 4/26/2025

Respectfully submitted,



Frank Liu

Pro Se Plaintiff