Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

[frank.liu.96@gmail.com](mailto:frank.liu.96@gmail.com)

Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>    and<br>TNC US HOLDINGS<br>    Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**<u>Plaintiff's Motion for an Extension of Time to File a Proposed Case Management Plan and Agenda</u>** |

**Motion for an Extension of Time to File a Proposed Case Management Plan & Agenda**

  Due to a recent development (pro bono attorney reaching out to represent Plaintiff), Plaintiff is moving the Court to extend the deadline for the filing of the proposed case management plan and agenda to be due by May 13 (or perhaps a little longer than that), and perhaps a continuance of the status conference to a later date that works for the Court because Plaintiff believes he should confer with the attorney(s) that will represent Plaintiff, and the attorney(s) would likely take over the task in question because they are experienced professionals.

  A pro bono attorney reached out to Plaintiff on May 6, 2025 via email, and Plaintiff is scheduled to speak to attorneys at the law firm on May 8th.  Since the Court ordered a joint or separately filed proposed agendas to be due by May 7, 2025, Plaintiff (who may still be considered pro se for now) believes the best way to satisfy the Court order and the recent development, is to file a placeholder proposed agenda on his own until he is officially represented by attorney(s) and they have filed an appearance in this lawsuit.  This way, Plaintiff believes he would be in compliance of the Court order in ECF 146, and also be able to speak to the pro bono attorney(s) about the matter on May 8.

**Note About Plaintiff's Proposed Case Management Plan and Agenda**

  On Tuesday, May 6, 2025, an associate attorney at a law firm reached out to me via email informing me that she was appointed by the Court to represent me pro bono and requested to speak to me this Thursday or Friday.  I replied back to her, and I am scheduled to speak to attorneys from the law firm on Thursday, May 8, 2025.

  Because the associate attorney and I are scheduled to speak on May 8, and given that ECF 146 directed the parties to either file a joint or separately filed proposed agendas by May 7, Liu submits his proposed agenda in good faith in order to comply with the Court Order.  However, Plaintiff does believe the proposed case management plan and agenda might need to be amended or changed after council have filed an appearance.

    For the purposes of this proposed case management plan and agenda, Plaintiff is submitting it as if he will continue to be pro se because he doesn't believe he should count his chickens before they hatch (so to speak).

    Plaintiff had previously speculated that no pro bono attorneys would reach out to Plaintiff to represent him, so was surprised at the good news.  Prior to receiving the email on May 6 from the pro bono attorney, Plaintiff believed he would need to litigate the lawsuit pro se.  Moreover, prior to May 6, Plaintiff did take good faith steps to try to confer with Nielsen Defendants regarding filing a joint proposed agenda, however Defendants have refused to confer with Plaintiff.  Emails between Liu and Defendants' attorneys are attached under Exhibit 1 to show the Court that Liu made several attempts to confer with Nielsen Defendants prior to a pro bono attorney reaching out to represent Plaintiff.  Even though Defendants were refusing to confer with Plaintiff about the proposed joint agenda, on May 7, Plaintiff informed Nielsen Defendants that there was a recent development and requested to confer.



And in another email, Plaintiff did inform Mr. Hu that Liu was going to speak to attorneys tomorrow.



Had Defendants granted Plaintiff the opportunity to confer with one of them, Liu would have revealed more details to Defendants' attorney and perhaps asked Nielsen's attorney if they would support the idea of asking the Court for an extension.

Plaintiff is attaching emails under **Exhibit 1**, so the Court can see that Plaintiff tried several times to set up a confer call with Defendants regarding a proposed joint agenda.

Plaintiff apologizes that his separately filed proposed agenda is longer than 1 page. For the proposed agenda, he is using the template for Pro Se cases, which is available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/otwProposedCaseManagementPlanForProSeCases.pdf   And due to Defendants' refusal to confer with Plaintiff, Plaintiff feels he needs to inform the Court about the matter.

In conclusion, Liu files his proposed agenda in order to comply with ECF 146. However, Liu believes the discovery portion within Plaintiff's Proposed Case Management Plan and Agenda may need to be amended or altered once he is officially represented by council because attorney(s) would have a better idea about the matter.

<u>Plaintiff's Proposed Agenda should be seen a temporary placeholder only until he is officially represented by attorney(s)</u>.  If Plaintiff does not submit a proposed agenda by the due date, he fears Defendants may somehow hold it against him in some way later on, so feels like the best course of action is to submit a proposed temporary agenda before the deadline elapses.

Lastly, Plaintiff believes the Court might be looking for a proposed agenda with specific dates for discovery deadlines, etc.  Plaintiff is unsure if what Defendants filed in ECF 148 was what the Court was specifically looking for.  Had Defendants conferred with Plaintiff, he likely would have brought the issue up to them.

Respectfully submitted,

Dated 5/7/2025

*Frank Liu*

Frank Liu

Pro Se Plaintiff

Frank Liu
304 S. Jones Blvd #3416
Las Vegas, NV 89107
818-835-0498
frank.liu.96@gmail.com
Pro Se Plaintiff

Revised: March 8, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Frank Liu

                    Plaintiff(s),

-against-

The Nielsen Company (US) LLC
and
TNC US HOLDINGS
                    Defendant(s).

-------------------------------------------------------------x

No. 1:22-cv-09084 (JHR) (OTW)

## Plaintiff's Proposed Case Mangement Plan and Agenda

**PROPOSED CASE MANAGEMENT PLAN FOR *PRO SE* CASE**

1. **Summary of Claims, Defenses, and Relevant Issues.**

   **(Plaintiff)**/Defendant (circle one)
   Plaintiff's employment discrimination and retaliation claims contained in count 1-3 of his Amended Complaint was allowed to proceed by the Court and equitable tolling was granted (see R&R at ECF 105 which was adopted by Judge Rearden in ECF 125). Defendants pleaded thirteen (13) "affirmative and/or other defenses" in their Answer (ECF 130). Plaintiff motioned to strike Defendants' 1st, 9th and 10th affirmative defenses (see ECF 131, opposition at ECF 135 and Liu's Reply at ECF 138).

2. **I understand my obligation to preserve – and am preserving – relevant information.**

   **(Plaintiff)**/Defendant (circle one)

3. **Proposed Schedule.**  (Proposed Schedule may need to be amended after speaking to pro bono attorneys)

   All discovery should be completed by ___Monday, Feb. 9, 2026___

   a. <u>Depositions</u>: Depositions shall be completed by ___December 1, 2025___

   b. Neither party may take more than __10__ depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   c. Initial Requests for Documents must be made by ___July 31, 2025___.

   d. Responses to Requests for Documents must be made by ___Within 30 days after___ the request(s) are received.
   .

  e.  Documents from third-parties (such as doctors) ~~will/will not~~ **MIGHT** (circle one) be required. If required, the following are the third-parties from whom Documents will be requested.

    There are documents such as Sedgwick workers compensation notes that Defendants failed to provide Plaintiff. Those documents belong to Nielsen because they hired Sedgwick. Nielsen was compelled to release my workers compensation files to me, but they refuse to provide me all the files to this very day.

  f.  Subpoenas requesting Documents from third-parties must be served by __August 29, 2025__. Documents obtained from third-parties must be provided to all parties in this matter.

  g.  There ~~will/will not~~ **MIGHT** (circle one) be expert testimony in this case. If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify:

  Plaintiff is unsure if there will be any expert witnesses. Plaintiff doesn't know if Nielsen will hire expert witnesses to testify. Defendants have refused to confer with Plaintiff despite the SDNY court preferring a joint proposed agenda.

4. **Early Settlement or Resolution.**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than __N/A__. The following information is needed before settlement can be discussed:
Prior to the April 23, 2025 pre-settlement conference calls, Plaintiff and Mr. Winston Hu have spoken regarding settlement. After the 4/23/2025 pre-settlement conference call, Plaintiff does not believe an amicable and fair resolution can be reached, thus Plaintiff put "N/A"

5. **Other Matters.**

(Plaintiff(s))/Defendant(s) (circle one) wish to discuss the following additional matters at the Initial Case Management Conference.

1. Defendants allege "equitable estoppel" was granted. Liu believes equitable tolling was granted.
2. Plaintiff requests depositions be conducted virtually via Zoom, Google Hangouts, etc.
3. For discovery, Defendants should email Plaintiff the discovery if they can be easily emailed (eg. PDFs), and for larger files, they can use something like Drop Box, Google Drive, etc.
Defendants can serve Plaintiff via email their requests for documents, admissions and interrogatories, and Plaintiff will submit his responses and documents via email (eg. PDFs), and for larger files, Plaintiff can provide Defendants a link to download the documents off of Google Drive or a different free service.
4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106. (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)

Respectfully submitted this 7th day of May, 2025

*Frank Liu*

_____

Name

    Frank Liu

_____

Address  304 S. Jones Blvd #3416

      Las Vegas, NV 89107

_____

Phone number

    (818)835-0498

_____

Email

   frank.liu.96@gmail.com

_____

Party representing (if applicable)

3