Frank Liu

304 S. Jones Blvd #3416

Las Vegas, NV 89107

818-835-0498

frank.liu.96@gmail.com

Pro Se Plaintiff


# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Liu<br><br>    Plaintiff,<br><br>vs.<br><br>The Nielsen Company (US) LLC<br>   and<br>TNC US HOLDINGS<br>   Defendants. | **Case #1:22-cv-09084-JHR-OTW**<br><br>**EXHIBIT 1 in Support of Plaintiff's Motion for an Extension of Time to File a Proposed Case Management Plan and Agenda** |

# EXHIBIT 1

 **Gmail**

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                              Fri, Apr 25, 2025 at 11:21 AM
To: "Spangler, Cardelle" <cspangler@winston.com>, "Hu, Winston" <whu@winston.com>

Ms. Spangler,

What is a good day and time for you to confer with me regarding the joint proposed agenda that is due by May 7?

Please let me know. Thank you.



F L <frank.liu.96@gmail.com>

---

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                          Tue, Apr 29, 2025 at 10:29 AM
To: "Spangler, Cardelle" <cspangler@winston.com>, "Hu, Winston" <whu@winston.com>

Ms. Spangler,

Please get back to me.

Thank you.
[Quoted text hidden]

 **Gmail**

F L <frank.liu.96@gmail.com>

# Confer call for joint proposed agenda

**Spangler, Cardelle** <CSpangler@winston.com>                                Wed, Apr 30, 2025 at 8:00 AM
To: F L <frank.liu.96@gmail.com>, "Hu, Winston" <WHu@winston.com>

Mr. Liu,


Please send us your proposed agenda.  We will review and provide our proposed edits/additions.  We then
can determine if there is need for a call.  Thanks.


Cardelle

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**image001.png**
1K

 Gmail

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                    Wed, Apr 30, 2025 at 8:09 AM
To: "Spangler, Cardelle" <CSpangler@winston.com>
Cc: "Hu, Winston" <WHu@winston.com>

Ms. Spangler,

It is a joint proposed agenda that is due on May 7.  I request to confer to see if we can reach an agreement on the terms that works for the parties. I am not a mind reader and do not know what terms your clients want.

I do not currently have a proposed agenda because it is supposed to be a "joint" proposed agenda, and I believe we need to confer in good faith to see if the parties can reach an agreement for a discovery plan. Should Defendants refuse to confer, I will let the Court know via a letter so perhaps the Court can intervene and compel the parties to confer in good faith.

Please get back to me as soon as possible when we can confer.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**Hu, Winston** <WHu@winston.com>
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mon, May 5, 2025 at 12:04 PM

Good afternoon Frank,

Thanks for your e-mail. The following is our preliminary, proposed agenda for the May 14 conference:

1. Status of settlement discussions
2. Status of pro bono counsel for Plaintiff, including Defendant's position that discovery should be stayed until such appointment.
3. Discovery procedure and schedule after appointment of pro bono counsel for Plaintiff

Please let us know if you have any topics you'd like to propose as well.

Many thanks,

Winston

**Winston Hu**

**Associate Attorney**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1738

M: +1 415-317-5066

F: +1 213-615-1750

winston.com



[Quoted text hidden]

 **Gmail**

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                                                                       Mon, May 5, 2025 at 12:36 PM
To: "Hu, Winston" <WHu@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Hu,

When can we confer?

[Quoted text hidden]

5/7/25, 3:17 PM
Case 1:22-cv-09084-JHR-OTW      Document 149-1      Filed 05/07/25      Page 10 of 40
Gmail - Confer call for joint proposed agenda

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                                Mon, May 5, 2025 at 12:43 PM
To: "Hu, Winston" <WHu@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Ms. Spangler,

Since you are the lead attorney, please let me know when we can confer as soon as possible.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**Spangler, Cardelle** <CSpangler@winston.com>                    Mon, May 5, 2025 at 1:14 PM
To: F L <frank.liu.96@gmail.com>, "Hu, Winston" <WHu@winston.com>

Mr. Liu,

First, Mr. Hu is authorized to discuss this matter with you.  Second, there is not anything to confer about until we receive your draft agenda.  Once we receive it, we will determine if a call is necessary.  Thank you.

Cardelle

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, May 5, 2025 2:43:55 PM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: FW: Confer call for joint proposed agenda

[Quoted text hidden]

 Gmail

F L &lt;frank.liu.96@gmail.com&gt;

## Confer call for joint proposed agenda

**F L** &lt;frank.liu.96@gmail.com&gt; Mon, May 5, 2025 at 2:29 PM
To: "Spangler, Cardelle" &lt;CSpangler@winston.com&gt;
Cc: "Hu, Winston" &lt;WHu@winston.com&gt;

Ms. Spangler and Mr. Hu,

I would like to confer with one of you **as soon as possible** regarding the following:

1. Because no pro bono lawyer has reached out to Plaintiff to represent him for this lawsuit so far, Plaintiff proposes discovery to start following the May 14, 2025 Status Conference (even if Plaintiff does not have a lawyer representing him).  Plaintiff believes 270 days to conduct discovery would be ideal, so proposes discovery be allowed to begin following the May 14, 2025 status conference, and for discovery to last until Monday, Feb. 9th, 2026.  Plaintiff requests if depositions are scheduled, they are conducted virtually via Zoom, Google Hangouts, or a similar service.
2. Regarding status of settlement discussions, prior to the April 23, 2025 pre-settlement conference calls, Plaintiff and Mr. Hu have conferred for several hours regarding the topic of settlement.  On April 12, Mr. Hu requested Liu email Mr. Hu an Option A and Option B offer, which Plaintiff did so.  On April 23 the parties attended the pre-settlement conference calls with Judge Wang.  To date, Mr. Hu has not responded back to Liu's emailed Option A and Option B offers.  Due to these circumstances, Plaintiff does not believe an amicable and fair resolution can be reached between the parties, so the lawsuit should progress to discovery because settlement does not seem possible.
3. Because Defendants allege in their ECF 135 filing that equitable estoppel was granted to Plaintiff, and Plaintiff believes equitable tolling was granted, Plaintiff would like the Court to clarify which was granted so there is no confusion between the parties.
4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106.  (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)

Ms. Spangler and/or Mr. Hu, please get back to me **as soon as possible** with a date and time that I can confer with one of you.

Thank you.

[Quoted text hidden]

 Gmail

## Confer call for joint proposed agenda

**Hu, Winston** <WHu@winston.com>                                  Wed, May 7, 2025 at 11:38 AM
To: F L <frank.liu.96@gmail.com>, "Spangler, Cardelle" <CSpangler@winston.com>

Hi Frank,


We've prepared the attached draft joint proposed agenda for your review. Please let us know your
edits/changes and/or if we have you permission to file.


Thanks,

[Quoted text hidden]

---

**2 attachments**

   **image002.png**
   1K

   **Liu - Joint Proposed Agenda for May 14 Conference(21312688.1).docx**
   44K

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Frank Liu | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-09084-JHR-OTW |
| v. | ) | |
| | ) | Judge Jennifer H. Rearden |
| The Nielsen Company (US) LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**JOINT PROPOSED AGENDA FOR MAY 14, 2025 STATUS CONFERENCE**

Pursuant to this Court's order dated April 23, 2025 (ECF No. 146), the undersigned parties jointly submit the below proposed agenda for the upcoming May 14, 2025 status conference.

1. **Status of *Pro Bono* Counsel for Plaintiff and Discovery Procedure**

   a.   Plaintiff's Position. Discovery should begin following the May 14, 2025 status conference, regardless of whether he has obtained *pro bono* counsel by then. Discovery should run for 270 days, beginning on May 14, 2025 and closing on February 9, 2026.

   b.   Defendants' Position. Discovery should be stayed until Plaintiff has secured *pro bono* counsel and such counsel has filed a notice of appearance in this case. Once the stay is lifted, discovery should begin in accordance with the Federal Rules of Civil Procedure.

2. **Status of Settlement Discussions**

   a.   Plaintiff's Position. Plaintiff does not believe a settlement can be reached between the parties at this time.

   b.   Defendants' Position. Defendants are amenable to continuing settlement discussions with Plaintiff after he secures *pro bono* counsel.

1

### 3. Other Matters

a. Defendants' Position. None.

b. Plaintiff's Position. Plaintiff further wishes to discuss questions related to "equitable estoppel" and "equitable tolling" and Defendants' compliance with the Court's Order regarding production of Plaintiff's worker's compensation files.

Dated: Chicago, Illinois
     May 7, 2025

Respectfully submitted,

By: _____

    Frank Liu
    304 S. Jones Blvd #3416
    Las Vegas, NV 89107
    (818) 835-0498
    Frank.liu.96@gmail.com

    *Pro Se* Plaintiff

By: _____

    Cardelle Spangler (admitted *pro hac vice*)
    WINSTON & STRAWN LLP
    35 W. Wacker Drive
    Chicago, Illinois 60601
    (312) 558-5600
    CSpangler@winston.com

    *Attorney for Defendants*
    *TNC US Holdings*
    *The Nielsen Company (US) LLC*

 Gmail

F L <frank.liu.96@gmail.com>

---

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                        Wed, May 7, 2025 at 11:44 AM
To: "Hu, Winston" <WHu@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Hu and/or Ms. Spangler,

Is there a good time later today to confer?

Please let me know.  Thank you

[Quoted text hidden]

---

**2 attachments**


**image001.jpg**
2K

**image003.jpg**
2K

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**Hu, Winston** <WHu@winston.com>                                    Wed, May 7, 2025 at 11:52 AM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Hi Frank,

We've incorporated your suggested agenda items into the attached. To the extent you'd like to make any edits or additions, feel free to do so directly in the document for us to consider. Once the attached is finalized and we have your approval to file, we'll get it on file with the court. We don't see any other issues we'll need to confer about at this time.

[Quoted text hidden]



**2 attachments**

    **image002.png**
    1K

    **Liu - Joint Proposed Agenda for May 14 Conference(21312688.1).docx**
    44K

**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Frank Liu | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-09084-JHR-OTW |
| | ) |
| The Nielsen Company (US) LLC, et al., | ) Judge Jennifer H. Rearden |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**JOINT PROPOSED AGENDA FOR MAY 14, 2025 STATUS CONFERENCE**

Pursuant to this Court's order dated April 23, 2025 (ECF No. 146), the undersigned parties jointly submit the below proposed agenda for the upcoming May 14, 2025 status conference.

1. **Status of *Pro Bono* Counsel for Plaintiff and Discovery Procedure**

   a. Plaintiff's Position. Discovery should begin following the May 14, 2025 status conference, regardless of whether he has obtained *pro bono* counsel by then. Discovery should run for 270 days, beginning on May 14, 2025 and closing on February 9, 2026.

   b. Defendants' Position. Discovery should be stayed until Plaintiff has secured *pro bono* counsel and such counsel has filed a notice of appearance in this case. Once the stay is lifted, discovery should begin in accordance with the Federal Rules of Civil Procedure.

2. **Status of Settlement Discussions**

   a. Plaintiff's Position. Plaintiff does not believe a settlement can be reached between the parties at this time.

   b. Defendants' Position. Defendants are amenable to continuing settlement discussions with Plaintiff after he secures *pro bono* counsel.

1

3.  **Other Matters**

   a.  Defendants' Position. None.

   b.  Plaintiff's Position. Plaintiff further wishes to discuss questions related to "equitable estoppel" and "equitable tolling" and Defendants' compliance with the Court's Order regarding production of Plaintiff's worker's compensation files.

<div style="text-align:right">Respectfully submitted,</div>

Dated: Chicago, Illinois
       May 7, 2025

By:  _____

     Frank Liu
     304 S. Jones Blvd #3416
     Las Vegas, NV 89107
     (818) 835-0498
     Frank.liu.96@gmail.com

     *Pro Se* Plaintiff

By:  _____

     Cardelle Spangler (admitted *pro hac vice*)
     WINSTON & STRAWN LLP
     35 W. Wacker Drive
     Chicago, Illinois 60601
     (312) 558-5600
     CSpangler@winston.com

     *Attorney for Defendants*
     *TNC US Holdings*
     *The Nielsen Company (US) LLC*

5/7/25, 3:20 PM
Case 1:22-cv-09084-JHR-OTW   Document 149-1   Filed 05/07/25   Page 20 of 40
Gmail - Confer call for joint proposed agenda

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                                    Wed, May 7, 2025 at 12:02 PM
To: "Hu, Winston" <WHu@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Hu,

I think you left out the part regarding: "Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106.  (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)"

I hope you and Ms. Spangler can agree that I have tried several times to set up a day and time to confer.  Moreover, I would like to confer with either you or Ms. Spangler regarding a recent development.  Can I please confer with one of you today, if that is OK?

Please let me know as soon as possible today when either you or Ms. Spangler can confer with me.  Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**Hu, Winston** <WHu@winston.com>                                    Wed, May 7, 2025 at 12:57 PM
To: "Spangler, Cardelle" <CSpangler@winston.com>, F L <frank.liu.96@gmail.com>

Hi Frank,

The last item on the agenda ("Other Matters") includes your request to discuss Defendants' compliance with the Court's Order regarding production of your worker's compensation files

      **Other Matters**

        a. Defendants' Position. None.
        b. Plaintiff's Position. Plaintiff further wishes to discuss questions related to "equitable estoppel" and "equitable tolling" and ==Defendants' compliance with the Court's Order regarding production of Plaintiff's worker's compensation files.==

Let me know if that is sufficient for you or if you'd like to make any edits to that language. If your fine with the language, please confirm we have your approval to file.

Regarding your request to further meet and confer, can you give us a brief description of what the "recent development" entails so that we can properly assess whether a meet and confer call is required?

[Quoted text hidden]

---

**image002.png**
1K



F L <frank.liu.96@gmail.com>

---

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                                                    Wed, May 7, 2025 at 2:22 PM
To: "Hu, Winston" <WHu@winston.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Mr. Hu,

Respectfully, I will assume you played a part in drafting the joint proposed agenda document because you emailed it to me. You re-worded and condensed the topic in a way that appears to suggest I had questions about Defendants' compliance. The wording stripped out the details in what I originally wrote, such as Nielsen's refusal to provide Plaintiff the Sedgwick NJ workers' compensation claim notes. There is no question that Defendants are continuing to refuse to fully comply with Court Order ECF 106.

If you can recall, on March 10, 2025, you left me a voice message requesting I speak with you regarding Defendants' pending motion to continue the stay of discovery. After receiving the voice message, I treated you with respect by promptly calling you back that very same day.

If you recall, I did agree to your request to continue the stay of discovery until April 23, 2025. Moreover, on the call, I brought up the subject that Defendants have not fully complied with the court order granting my motion to compel. You asked me to email you about it. On March 12, I forwarded you an email that was previously sent to Ms. McCann and Ms. Spangler regarding the subject. Here is a screenshot of the email:

---

**F L** <frank.liu.96@gmail.com>                                          Wed, Mar 12, 3:48 PM     ☆     ☺     ↩     ⋮
to whu ▾

Hi Winston,

I got your voice message. I tried to forward this email on March 10 during our call. Hopefully this email works now.

Thank you.

⋯

――――― Forwarded message ―――――
From: **F L** <frank.liu.96@gmail.com>
Date: Fri, Sep 6, 2024, 4:39 PM
Subject: Re: Regarding ECF 105, and if Defendants will provide me my Sedgwick NJ Workers Compensation Files now
To: McCann, Caitlin <CMcCann@winston.com>
Cc: Spangler, Cardelle <CSpangler@winston.com>

Ms. McCann,

I believe there are documents in Defendants' possession regarding my workers compensation claims that were not included in the PDF that Ms. Ann Newman emailed to me on August 23, 2024.

As a reminder, the Court Order (ECF 106) states, "Defendants are directed to produce to Plaintiff his worker's compensation files in their possession by August 23, 2024."

---

Mr. Hu, I believe you left out important details in the joint proposed agenda compared to what I had written on May 5, 2025:

4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106. (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)

Despite my numerous attempts to confer in good faith, it has become clear that perhaps you and/or Ms. Spangler never intended to confer with me at all. This is unfortunate, especially when I reached out on April 25, 2025 to set up a day and time to confer. It is now May 7, 2025.

Perhaps Nielsen's attorneys believe they alone have the power to decide when conferral is needed or not.



**Spangler, Cardelle**       Apr 30, 2025, 8:00 AM (7 days ago)
to me, Winston ⌄

Mr. Liu,

Please send us your proposed agenda. We will review and provide our proposed edits/additions.
We then can determine if there is need for a call. Thanks.

Cardelle

•••

**Spangler, Cardelle**       May 5, 2025, 1:14 PM (2 days ago)
to me, Winston ⌄

Mr. Liu,

First, Mr. Hu is authorized to discuss this matter with you. Second, there is not anything to confer about until we
receive your draft agenda. Once we receive it, we will determine if a call is necessary. Thank you.

Cardelle

**Hu, Winston**       11:52 AM (2 hours ago)
to me, Cardelle ⌄

Hi Frank,

We've incorporated your suggested agenda items into the attached. To the extent you'd like to make
any edits or additions, feel free to do so directly in the document for us to consider. Once the
attached is finalized and we have your approval to file, we'll get it on file with the court. We don't see
any other issues we'll need to confer about at this time.

•••

Respectfully, I do not appreciate the way you and Ms. Spangler are treating me. It does appear you are running out the
time (due date is today), and never had any intention to confer with me.

Your last email requested I tell you what the recent development is so that you and Ms. Spangler can properly access
whether a meet and confer call is required. Here is a screenshot:

Regarding your request to further meet and confer, can you give us a brief description of what the
"recent development" entails so that we can properly assess whether a meet and confer call is
required?

Mr. Hu, I wanted to confer with either you or Ms. Spangler in good faith. I do not agree to your proposed joint agenda. It is
clear that Defendants aren't treating me with the same respect I treat you. I am going to speak to attorneys tomorrow.
Feel free to file whatever you want to file as a separate proposed agenda because you do not have my consent to file what
you have drafted.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

## Confer call for joint proposed agenda

**Hu, Winston** <WHu@winston.com>                                    Wed, May 7, 2025 at 2:37 PM
To: F L <frank.liu.96@gmail.com>
Cc: "Spangler, Cardelle" <CSpangler@winston.com>

Hi Frank,

Thanks for you e-mail. However, it's unclear from your message what issue(s) you're requesting to meet and confer about, if any. To the extent there are any issues, please let us know what they are so that we can properly assess them and be prepared for a meet and confer call, if one is necessary.

Separately, we provided you the draft proposed agenda in word format such that you can edit and revise the language under your position as you see fit. While we disagree with your contention that Defendants have not complied with the court's orders, we do not object to your proposal to add this topic to the agenda for the May 14 hearing. In any case, from your email below, we understand now that you prefer to file your own agenda instead of providing edits/revisions to the draft proposal we previously forwarded to you. We will go ahead and file a separate proposed agenda in accordance with the court's order.

Thanks again,

Winston

**Winston Hu**

**Associate Attorney**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1738

M: +1 415-317-5066

F: +1 213-615-1750

winston.com



**From:** F L <frank.liu.96@gmail.com>
**Sent:** Wednesday, May 7, 2025 2:23 PM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Confer call for joint proposed agenda

Mr. Hu,

Respectfully, I will assume you played a part in drafting the joint proposed agenda document because you emailed it to me. You re-worded and condensed the topic in a way that appears to suggest I had questions about Defendants' compliance. The wording stripped out the details in what I originally wrote, such as Nielsen's refusal to provide Plaintiff the Sedgwick NJ workers' compensation claim notes. There is no question that Defendants are continuing to refuse to fully comply with Court Order ECF 106.

If you can recall, on March 10, 2025, you left me a voice message requesting I speak with you regarding Defendants' pending motion to continue the stay of discovery. After receiving the voice message, I treated you with respect by promptly calling you back that very same day.

If you recall, I did agree to your request to continue the stay of discovery until April 23, 2025. Moreover, on the call, I brought up the subject that Defendants have not fully complied with the court order granting my motion to compel. You asked me to email you about it. On March 12, I forwarded you an email that was previously sent to Ms. McCann and Ms. Spangler regarding the subject. Here is a screenshot of the email:



Mr. Hu, I believe you left out important details in the joint proposed agenda compared to what I had written on May 5, 2025:

4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106. (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)

Despite my numerous attempts to confer in good faith, it has become clear that perhaps you and/or Ms. Spangler never intended to confer with me at all. This is unfortunate, especially when I reached out on April 25, 2025 to set up a day and time to confer. It is now May 7, 2025.

Perhaps Nielsen's attorneys believe they alone have the power to decide when conferral is needed or not.



**Spangler, Cardelle**    Apr 30, 2025, 8:00 AM (7 days ago)
to me, Winston

Mr. Liu,

Please send us your proposed agenda. We will review and provide our proposed edits/additions. We then can determine if there is need for a call. Thanks.

Cardelle

···

**Spangler, Cardelle**    May 5, 2025, 1:14 PM (2 days ago)
to me, Winston

Mr. Liu,

First, Mr. Hu is authorized to discuss this matter with you. Second, there is not anything to confer about until we receive your draft agenda. Once we receive it, we will determine if a call is necessary. Thank you.

Cardelle

**Hu, Winston**    11:52 AM (2 hours ago)
to me, Cardelle

Hi Frank,

We've incorporated your suggested agenda items into the attached. To the extent you'd like to make any edits or additions, feel free to do so directly in the document for us to consider. Once the attached is finalized and we have your approval to file, we'll get it on file with the court. We don't see any other issues we'll need to confer about at this time.

···

Respectfully, I do not appreciate the way you and Ms. Spangler are treating me. It does appear you are running out the time (due date is today), and never had any intention to confer with me.

Your last email requested I tell you what the recent development is so that you and Ms. Spangler can properly access whether a meet and confer call is required. Here is a screenshot:

Regarding your request to further meet and confer, can you give us a brief description of what the "recent development" entails so that we can properly assess whether a meet and confer call is required?

[Quoted text hidden]
[Quoted text hidden]

5/7/25, 3:21 PM
Case 1:22-cv-09084-JHR-OTW        Document 140-1        Filed 05/07/25        Page 27 of 40
Gmail - Conferral of joint proposed agenda

**image002.png**
1K

 Gmail

<div align="right">F L &lt;frank.liu.96@gmail.com&gt;</div>

---

## Confer call for joint proposed agenda

**F L** &lt;frank.liu.96@gmail.com&gt;                                      Wed, May 7, 2025 at 3:07 PM
To: "Hu, Winston" &lt;WHu@winston.com&gt;

Mr. Hu,

Back on April 25, I reached out to Ms. Spangler requesting to confer about the joint proposed agenda.  You were included in the email.

> ### Confer call for joint proposed agenda  ⤷  [Inbox ×]        ↕  🖶  ⤢
>
> **F L** &lt;frank.liu.96@gmail.com&gt;          Fri, Apr 25, 11:21 AM (12 days ago)    ☆  ☺  ↰  ⋮
> to Cardelle, Winston  ▾
>
> Ms. Spangler,
>
> What is a good day and time for you to confer with me regarding the joint proposed agenda that is due by May 7?
>
> Please let me know. Thank you.

Despite my numerous attempts to confer, no confer has taken place.  It just seems like Defendants intentionally ran out the clock for me.  I guess I might request the Court to see if they will grant me an extension to file a separate proposed agenda.

The recent development is that I'm going to speak to attorneys tomorrow.  This case is important to me and has been for a long time.  I would have appreciated conferring with one of you, instead of all this pushback.

Thank you.

[Quoted text hidden]

 Gmail

F L <frank.liu.96@gmail.com>

---

## Confer call for joint proposed agenda

**F L** <frank.liu.96@gmail.com>                                              Wed, May 7, 2025 at 3:11 PM
To: "Spangler, Cardelle" <cspangler@winston.com>

---------- Forwarded message ---------
From: **F L** <frank.liu.96@gmail.com>
Date: Wed, May 7, 2025 at 3:07 PM
Subject: Re: Confer call for joint proposed agenda
To: Hu, Winston <WHu@winston.com>


Mr. Hu,

Back on April 25, I reached out to Ms. Spangler requesting to confer about the joint proposed agenda.  You were included
in the email.

### Confer call for joint proposed agenda  📄  Inbox ×

**F L** <frank.liu.96@gmail.com>                    Fri, Apr 25, 11:21 AM (12 days ago)    ☆    ☺    ↩    ⋮
to Cardelle, Winston ▾

Ms. Spangler,

What is a good day and time for you to confer with me regarding the joint proposed agenda that is due by May 7?

Please let me know. Thank you.


Despite my numerous attempts to confer, no confer has taken place.  It just seems like Defendants intentionally ran out the
clock for me.  I guess I might request the Court to see if they will grant me an extension to file a separate proposed
agenda.

The recent development is that I'm going to speak to attorneys tomorrow.  This case is important to me and has been for a
long time.  I would have appreciated conferring with one of you, instead of all this pushback.

Thank you.


On Wed, May 7, 2025 at 2:37 PM Hu, Winston <WHu@winston.com> wrote:

> Hi Frank,
>
>
> Thanks for you e-mail. However, it's unclear from your message what issue(s) you're requesting to meet
> and confer about, if any. To the extent there are any issues, please let us know what they are so that we
> can properly assess them and be prepared for a meet and confer call, if one is necessary.
>
>
> Separately, we provided you the draft proposed agenda in word format such that you can edit and revise
> the language under your position as you see fit. While we disagree with your contention that Defendants
> have not complied with the court's orders, we do not object to your proposal to add this topic to the agenda
> for the May 14 hearing. In any case, from your email below, we understand now that you prefer to file your
> own agenda instead of providing edits/revisions to the draft proposal we previously forwarded to you. We
> will go ahead and file a separate proposed agenda in accordance with the court's order.

Thanks again,

Winston



**Winston Hu**

**Associate Attorney**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1738

M: +1 415-317-5066

F: +1 213-615-1750

<span style="color:red">winston.com</span>



---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Wednesday, May 7, 2025 2:23 PM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Confer call for joint proposed agenda


Mr. Hu,


Respectfully, I will assume you played a part in drafting the joint proposed agenda document because you emailed it to me. You re-worded and condensed the topic in a way that appears to suggest I had questions about Defendants' compliance. The wording stripped out the details in what I originally wrote, such as Nielsen's refusal to provide Plaintiff the Sedgwick NJ workers' compensation claim notes. There is no question that Defendants are continuing to refuse to fully comply with Court Order ECF 106.


If you can recall, on March 10, 2025, you left me a voice message requesting I speak with you regarding Defendants' pending motion to continue the stay of discovery. After receiving the voice message, I treated you with respect by promptly calling you back that very same day.

If you recall, I did agree to your request to continue the stay of discovery until April 23, 2025. Moreover, on the call, I brought up the subject that Defendants have not fully complied with the court order granting my motion to compel. You asked me to email you about it. On March 12, I forwarded you an email that was previously sent to Ms. McCann and Ms. Spangler regarding the subject. Here is a screenshot of the email:

---

**F L** <frank.liu.96@gmail.com>            Wed, Mar 12, 3:48 PM   ☆   ☺   ↩   ⋮
to whu ▾

Hi Winston,

I got back your voice message. I tried to forward this email on March 10 during our call. Hopefully this email works now.

Thank you.

⋯

--------- Forwarded message ---------
From **F L** <frank.liu.96@gmail.com>
Date: Fri, Sep 6, 2024, 4:39 PM
Subject: Re: Regarding ECF 105, and if Defendants will provide me my Sedgwick NJ Workers Compensation Files now
To: McCann, Caitlin <CMcCann@winston.com>
Cc: Spangler, Cardelle <CSpangler@winston.com>

Ms. McCann,

I believe there are documents in Defendants' possession regarding my workers compensation claims that were not included in the PDF that Ms. Ann Newman emailed to me on August 23, 2024.

As a reminder, the Court Order (ECF 106) states, "Defendants are directed to produce to Plaintiff his worker's compensation files in their possession by August 23, 2024."

---

Mr. Hu, I believe you left out important details in the joint proposed agenda compared to what I had written on May 5, 2025:

4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106. (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)

Despite my numerous attempts to confer in good faith, it has become clear that perhaps you and/or Ms. Spangler never intended to confer with me at all. This is unfortunate, especially when I reached out on April 25, 2025 to set up a day and time to confer. It is now May 7, 2025.

Perhaps Nielsen's attorneys believe they alone have the power to decide when conferral is needed or not.

---

**Spangler, Cardelle**        📎 Apr 30, 2025, 8:00 AM (7 days ago)   ☆   ☺   ↩   ⋮
to me, Winston ▾

Mr. Liu,

Please send us your proposed agenda. We will review and provide our proposed edits/additions. We then can determine if there is need for a call. Thanks.

Cardelle

⋯

**Spangler, Cardelle**        May 5, 2025, 1:14 PM (2 days ago)   ☆   😊   ↩   ⋮
to me, Winston ▾

Mr. Liu,

First, Mr. Hu is authorized to discuss this matter with you. Second, there is not anything to confer about until we receive your draft agenda. Once we receive it, we will determine if a call is necessary. Thank you.

Cardelle

---

**Hu, Winston**        11:52 AM (2 hours ago)   ☆   😊   ↩   ⋮
to me, Cardelle ▾

Hi Frank,

We've incorporated your suggested agenda items into the attached. To the extent you'd like to make any edits or additions, feel free to do so directly in the document for us to consider. Once the attached is finalized and we have your approval to file, we'll get it on file with the court. We don't see any other issues we'll need to confer about at this time.

•••

Respectfully, I do not appreciate the way you and Ms. Spangler are treating me. It does appear you are running out the time (due date is today), and never had any intention to confer with me.

Your last email requested I tell you what the recent development is so that you and Ms. Spangler can properly access whether a meet and confer call is required. Here is a screenshot:

Regarding your request to further meet and confer, can you give us a brief description of what the "recent development" entails so that we can properly assess whether a meet and confer call is required?

Mr. Hu, I wanted to confer with either you or Ms. Spangler in good faith. I do not agree to your proposed joint agenda. It is clear that Defendants aren't treating me with the same respect I treat you. I am going to speak to attorneys tomorrow. Feel free to file whatever you want to file as a separate proposed agenda because you do not have my consent to file what you have drafted.

Thank you.

On Wed, May 7, 2025 at 12:57 PM Hu, Winston <WHu@winston.com> wrote:

Hi Frank,

The last item on the agenda ("Other Matters") includes your request to discuss Defendants' compliance with the Court's Order regarding production of your worker's compensation files

**Other Matters**

     a. Defendants' Position. None.

b. Plaintiff's Position. Plaintiff further wishes to discuss questions related to "equitable estoppel" and "equitable tolling" and <mark>Defendants' compliance with the Court's Order regarding production of Plaintiff's worker's compensation files.</mark>

Let me know if that is sufficient for you or if you'd like to make any edits to that language. If your fine with the language, please confirm we have your approval to file.

Regarding your request to further meet and confer, can you give us a brief description of what the "recent development" entails so that we can properly assess whether a meet and confer call is required?

Many thanks,

Winston

**Winston Hu**

**Associate Attorney**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1738

M: +1 415-317-5066

F: +1 213-615-1750

winston.com



---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Wednesday, May 7, 2025 12:02 PM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Confer call for joint proposed agenda

Mr. Hu,

I think you left out the part regarding: "Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106. (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)"

I hope you and Ms. Spangler can agree that I have tried several times to set up a day and time to confer.  Moreover, I would like to confer with either you or Ms. Spangler regarding a recent development.  Can I please confer with one of you today, if that is OK?

Please let me know as soon as possible today when either you or Ms. Spangler can confer with me.  Thank you.

On Wed, May 7, 2025, 11:52 AM Hu, Winston <WHu@winston.com> wrote:

> Hi Frank,
>
> We've incorporated your suggested agenda items into the attached. To the extent you'd like to make any edits or additions, feel free to do so directly in the document for us to consider. Once the attached is finalized and we have your approval to file, we'll get it on file with the court. We don't see any other issues we'll need to confer about at this time.
>
> Many thanks,
>
> Winston
>
>
> **Winston Hu**
>
> **Associate Attorney**
>
> Winston & Strawn LLP
>
> T: +1 213-615-1700
>
> D: +1 213-615-1738
>
> M: +1 415-317-5066
>
> F: +1 213-615-1750
>
> winston.com



**From:** F L <frank.liu.96@gmail.com>
**Sent:** Wednesday, May 7, 2025 11:44 AM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: Confer call for joint proposed agenda

Mr. Hu and/or Ms. Spangler,

Is there a good time later today to confer?

Please let me know.  Thank you

On Wed, May 7, 2025, 11:39 AM Hu, Winston <WHu@winston.com> wrote:

> Hi Frank,
>
> We've prepared the attached draft joint proposed agenda for your review. Please let us know your edits/changes and/or if we have you permission to file.
>
> Thanks,
>
> Winston
>
> **Winston Hu**
>
> **Associate Attorney**
>
> Winston & Strawn LLP
>
> T: +1 213-615-1700
>
> D: +1 213-615-1738
>
> M: +1 415-317-5066
>
> F: +1 213-615-1750

winston.com



---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, May 5, 2025 2:29 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** Hu, Winston <WHu@winston.com>
**Subject:** Re: Confer call for joint proposed agenda


Ms. Spangler and Mr. Hu,


I would like to confer with one of you **as soon as possible** regarding the following:


1. Because no pro bono lawyer has reached out to Plaintiff to represent him for this lawsuit so far, Plaintiff proposes discovery to start following the May 14, 2025 Status Conference (even if Plaintiff does not have a lawyer representing him).  Plaintiff believes 270 days to conduct discovery would be ideal, so proposes discovery be allowed to begin following the May 14, 2025 status conference, and for discovery to last until Monday, Feb. 9th, 2026.  Plaintiff requests if depositions are scheduled, they are conducted virtually via Zoom, Google Hangouts, or a similar service.

2. Regarding status of settlement discussions, prior to the April 23, 2025 pre-settlement conference calls, Plaintiff and Mr. Hu have conferred for several hours regarding the topic of settlement.  On April 12, Mr. Hu requested Liu email Mr. Hu an Option A and Option B offer, which Plaintiff did so.  On April 23 the parties attended the pre-settlement conference calls with Judge Wang.  To date, Mr. Hu has not responded back to Liu's emailed Option A and Option B offers.  Due to these circumstances, Plaintiff does not believe an amicable and fair resolution can be reached between the parties, so the lawsuit should progress to discovery because settlement does not seem possible.

3. Because Defendants allege in their ECF 135 filing that equitable estoppel was granted to Plaintiff, and Plaintiff believes equitable tolling was granted, Plaintiff would like the Court to clarify which was granted so there is no confusion between the parties.

4. Plaintiff is still waiting for Nielsen to fully comply with Court Order ECF 106.  (Eg. Nielsen continues to refuse to provide Plaintiff the Sedgwick NJ workers' compensation claim notes, which are notes that Sedgwick employee(s) made in Liu's workers compensation case in their system, which can be exported to PDF format and emailed to Plaintiff.)


Ms. Spangler and/or Mr. Hu, please get back to me **as soon as possible** with a date and time that I can confer with one of you.


Thank you.


On Mon, May 5, 2025 at 1:14 PM Spangler, Cardelle <CSpangler@winston.com> wrote:

Mr. Liu,

First, Mr. Hu is authorized to discuss this matter with you.  Second, there is not anything to confer about until
we receive your draft agenda.  Once we receive it, we will determine if a call is necessary.  Thank you.

Cardelle

---

**From:** F L <frank.liu.96@gmail.com>
**Sent:** Monday, May 5, 2025 2:43:55 PM
**To:** Hu, Winston <WHu@winston.com>
**Cc:** Spangler, Cardelle <CSpangler@winston.com>
**Subject:** Re: FW: Confer call for joint proposed agenda

Ms. Spangler,

Since you are the lead attorney, please let me know when we can confer as soon as possible.

Thank you.

On Mon, May 5, 2025, 12:36 PM F L <frank.liu.96@gmail.com> wrote:

> Mr. Hu,

> When can we confer?

> On Mon, May 5, 2025 at 12:04 PM Hu, Winston <WHu@winston.com> wrote:

>> Good afternoon Frank,

>> Thanks for your e-mail. The following is our preliminary, proposed agenda for the May 14
>> conference:

>>     1. Status of settlement discussions
>>     2. Status of pro bono counsel for Plaintiff, including Defendant's position that discovery
>>        should be stayed until such appointment.
>>     3. Discovery procedure and schedule after appointment of pro bono counsel for Plaintiff

>> Please let us know if you have any topics you'd like to propose as well.

>> Many thanks,

Winston

**Winston Hu**

**Associate Attorney**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1738

M: +1 415-317-5066

F: +1 213-615-1750

winston.com



**From:** F L <frank.liu.96@gmail.com>
**Sent:** Wednesday, April 30, 2025 8:09 AM
**To:** Spangler, Cardelle <CSpangler@winston.com>
**Cc:** Hu, Winston <WHu@winston.com>
**Subject:** Re: Confer call for joint proposed agenda

Ms. Spangler,

It is a joint proposed agenda that is due on May 7. I request to confer to see if we can reach an agreement on the terms that works for the parties. I am not a mind reader and do not know what terms your clients want.

I do not currently have a proposed agenda because it is supposed to be a "joint" proposed agenda, and I believe we need to confer in good faith to see if the parties can reach an agreement for a discovery plan. Should Defendants refuse to confer, I will let the Court know via a letter so perhaps the Court can intervene and compel the parties to confer in good faith.

Please get back to me as soon as possible when we can confer.

5/7/25, 3:21 PM
Case 1:22-cv-09084-JHR-OTW    Document 149-1    Filed 05/07/25    Page 39 of 40
Gmail - Confer call for joint proposed agenda

Thank you.


On Wed, Apr 30, 2025, 8:00 AM Spangler, Cardelle <CSpangler@winston.com> wrote:

Mr. Liu,


Please send us your proposed agenda.  We will review and provide our proposed edits/additions.  We then can determine if there is need for a call.  Thanks.


Cardelle


**From:** F L <frank.liu.96@gmail.com>
**Sent:** Tuesday, April 29, 2025 12:29 PM
**To:** Spangler, Cardelle <CSpangler@winston.com>; Hu, Winston <WHu@winston.com>
**Subject:** Re: Confer call for joint proposed agenda


Ms. Spangler,


Please get back to me.


Thank you.


On Fri, Apr 25, 2025, 11:21 AM F L <frank.liu.96@gmail.com> wrote:

Ms. Spangler,


What is a good day and time for you to confer with me regarding the joint proposed agenda that is due by May 7?


Please let me know. Thank you.

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

Exhibit respectfully submitted,

Dated 5/7/2025

Frank Liu

Pro Se Plaintiff