*Revised: March 8, 2018*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
Frank Liu :
:
                Plaintiff(s), : No. 22-cv-09084 (JHR)(OTW)
:
      -against- :
:
:
:
:
                Defendant(s). :
:
THE NIELSEN COMPANY (US) LLC and TNC US HOLDINGS
-------------------------------------------------------------x

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on May 21, 2025 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

    1.    **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Title VII Race Discrimination/Retaliation
NYSHRL Race Discrimination/Retaliation

**Defendant:**


    2.    **Basis of Subject Matter Jurisdiction:** Federal Question

1

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>
Employee records, communications

<u>Defendant:</u>
TBD

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on June 27, 2025. In addition, on August 27, 2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on June 27, 2025. In addition, on August 27, 2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by February 20, 2026.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

Revised: March 8, 2018

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i.    <u>Depositions</u>: Depositions shall be completed by 2/20/2026 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before July 28, 2025. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before July 28, 2025.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on July 28, 2025 and responses shall be due on August 27, 2025. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

N/A

7.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? N/A

    b.    Last date to amend the Complaint: July 25, 2025

*Revised: March 8, 2018*

8. **Expert Witness Disclosures**

At this time, the parties (do)/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by April 6, 2026                                                      .

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? Yes

   b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? TBD

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   TBD

10. **Anticipated Motions**

    Summary Judgment - May 4, 2026

11. **Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than April 6, 2026           . The following information is needed before settlement can be discussed:

   As Plaintiff Frank Liu has recently obtained pro bono counsel, the parties have agreed to attempt further settlement discussions and will attempt to informally exchange information and documents that may be helpful in aiding these discussions. If the parties do not settle the matter, they will conduct discovery in accordance with the FRCP and Local Rules.

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by June 2026      .

4

*Revised: March 8, 2018*

      b.      The parties anticipate that the trial of this case will require  5    days.

      c.      The parties do/~~do not~~ (circle one) consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a jury/bench (circle one) trial.

13.    **Other Matters**

All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

Respectfully submitted this  23   day of  May 2025 .

ATTORNEYS FOR PLAINTIFF(S):          ATTORNEYS FOR DEFENDANT(S):

Sokoloff Stern LLP                           Winston & Strawn LLP